

**U.S. Department of Justice**
Tax Division

*Northern Criminal Enforcement Section*

| | |
|---|---|
| *150 M Street N.E.* | *202-514-5150* |
| *Washington, D.C.  20002* | *202-514-8455* |

SG:JNK:EKS
DJ 5-16-5295
CMN 2024201076

September 9, 2024

George Clarke, Esq,
Scott Frewing, Esq.
Sonya Bishop, Esq.
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006

Re:   United States v. Douglas Edelman, et ux. (1:24-cr-239)

Dear Counsel:

Pursuant to the Government's discovery obligations, and the Protective Order submitted to the Court on September 4, 2024, and which you agreed to be bound by pending its entry by the Court, enclosed please find a hard drive that contains the Government's first production of discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.[1] Per your instructions, the hard drive is being sent to your colleague Leonid Gurevich at Baker McKenzie's Chicago office. The password to the encrypted container on the hard drive containing the production will be provided to you by email. In compliance with Rule 16(c), the Government will supplement this production as noted below and if and when other additional discoverable material becomes available.

### I.   Rule 16(a) Disclosures

In compliance with Federal Rule of Criminal Procedure 16(a), the Government also makes the following disclosures:

---

[1] The Government may be providing, as a courtesy, material that is not discoverable under Rule 16, the Jencks Act, Giglio, or Brady. The fact that certain non-discoverable materials are provided in no way obligates the Government to provide all non-discoverable materials.

- 2 -

    a. <u>Rule 16(a)(1)(A) – Defendant's Oral Statements</u>

The Government is not currently aware of any oral statements made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent.

    b. <u>Rule 16(a)(1)(B) – Defendant's Written or Recorded Statements</u>

This production includes many of the defendant's emails across multiple sources. In addition, the Government is in possession of some recorded statements of the defendant, as well as a written declaration signed by the defendant, and will be producing them shortly in a subsequent production ("Production 2").

    c. <u>Rule 16(a)(1)(D) – Defendant's Prior Record</u>

The Government is not aware of any prior criminal record.

    d. <u>Rule 16(a)(1)(E) – Documents and Objects</u>

As noted above, the enclosed password-protected drive contains Bates stamped materials in a load-ready format. The load-ready materials include document metadata.

Two metadata fields require additional explanation. First, there are two sets of Bates ranges. One is a "production" Bates range with the USPROD- prefix. The Government will refer to this Bates range moving forward. This production contains USPROD-00000001 to USPROD-03533885. There is also a field named "Doc ID Beg" which is a historical Bates range – this information is provided for your convenience, as these Bates numbers are referenced in various interview reports.

Second, the "Production – Relativity Folder Path" metadata field can be used to identify the source of the materials. For example, if for a particular record this field's value is "Edelman, Douglas/~Case Team/_Records/Wells Fargo Bank, NA" then that record comes from Wells Fargo Bank. This metadata field is provided to aid your review and use of the materials, but should not substitute for your own evaluation of the discovery.

Materials with Bates USPROD-00000001 to USPROD-02323768 include foreign evidence obtained from numerous countries. The remaining documents, USPROD-02323769 to USPROD-03533885, come from over 90 different sources, which are denoted in the "Production – Relativity Folder Path" field.

    e. <u>Rule 16(a)(1)(F) – Reports of Examinations or Tests</u>

The Government did not conduct any physical or mental examinations or any scientific tests or experiments in this case.

  f. <u>Other Matters</u>

  To expedite the voluminous discovery in this case, we are initially designating all of the discovery provided as "Sensitive" under the Protective Order submitted to the Court on September 4, 2024, and which you agreed to be bound by pending its entry by the Court. As the case progresses and need arises, we will work with defense to review and update this designation.

  The Government possesses some additional materials—notably, recordings and documents provided by an individual, as well as various interview reports and related documents—that are not included in this production but which will be produced as soon as feasible in Production 2. The Government will also make a follow-up production of materials designated potentially privileged that were maintained by a filter team in a segment of the database not accessible to the prosecution team ("Production 3"). The Government will propose a privilege protocol to address materials in Production 3 that may relate to a privilege holder other than Mr. Edelman. The current production is being provided to you in advance of Productions 2 and 3, in order to provide the majority of discovery without delay.

  During the execution of a search warrants in the United Kingdom, authorities imaged various electronic devices. This discovery production includes many documents from these devices. In addition, the Government has in its possession around 75 gigabytes of system files, plain text/XML files, log file entries, and unknown binary files. Most of these records consist of a wide range of information such as web browser history or cache records, location points, and rows from various databases. The Government has not loaded these database and system files in its database and does not intend to produce them unless requested by the defendant.

  Similarly, the Government possesses backup files from an Apple device. The Government was unable to meaningfully process these files, so they are effectively "junk" with unintelligible text. The government does not intend to produce these documents unless requested by the defendant.

  The Government also investigated other related individuals for their own individual tax crimes. Records related to these investigations are not being disclosed at this time, absent a request by the defendant. Regardless, any potential *Giglio* material for Government witnesses will be disclosed at an appropriate time.

  The indictment identifies other unnamed co-conspirators, individuals, and attorneys. The Government will identify these individuals in a separate correspondence.

  **II.** <u>**Federal Rule of Criminal Procedure 12(b)(4)**</u>

  At this time, the Government reserves the right to offer at trial any evidence that it produces to you in discovery or that it receives from you in discovery. The Government will provide an exhibit list that specifies which documents the Government will offer in its case-in-chief on or before any deadline set by the Court.

- 4 -

### III.   Brady/Giglio

The Government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the Government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

### IV.   Jencks Act / Federal Rule of Criminal Procedure 26.2

The Government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. The Government will agree to produce all Jencks Act material two weeks before trial if the defendant agrees to the same.

### V.   Federal Rule of Evidence 404(b)

The Government will provide the defendant with reasonable notice in advance of trial of the material it intends to offer as evidence under Fed. R. Evid. 404(b).

### VI.   Request for Reciprocal Discovery

The Government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The Government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose, pursuant to Rule 16(b)(1)(C), in writing, the information required for any testimony that the defendant intends to use under Federal Rules of Evidence 702, 703, or 705.

Pursuant to Fed. R. Crim. P. 12.3, the Government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

- 5 -

## VII.   Other Matters

Please be advised that, pursuant to the policy of the Tax Division concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Tax Division cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Please do not hesitate to contact us if you have any questions regarding further discovery or a disposition of this matter.

Sincerely yours,

*/s/ Nanette Davis*

NANETTE DAVIS
Senior Litigation Counsel
SARAH RANNEY
Assistant Chief
EZRA SPIRO
Trial Attorney
Department of Justice, Tax Division

JOSH GOLD
Assistant U.S. Attorney
U.S. Attorney for the District of Columbia