IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOUGLAS EDELMAN<br><br>and<br><br>DELPHINE LE DAIN,<br><br>　Defendants. | Case No. 24-cr-239 (CKK) |

## JOINT STATUS REPORT

Pursuant to this Court's September 13, 2024, order, Defendant Douglas Edelman and the United States jointly inform the Court as follows:

1. On September 27, 2024, the United States filed a notice of discovery with the Court. (ECF no. 30). That same day, counsel for Mr. Edelman received the materials described in the September 27 notice, which included more than 400,000 documents.

2. The documents provided on September 27, 2024, were in addition to the more than 1.2 million documents the Government produced and which Mr. Edelman's attorneys received on September 10, 2024. The United States filed a notice of discovery for those documents on September 9, 2024. (ECF no. 22).

3. On September 27, 2024, counsel for Mr. Edelman and the United States met to discuss (a) discovery, (b) a privilege protocol, (c) the conflict of interest the United States believes may exist with respect to George Clarke and Sonya Bishop's representation of Mr. Edelman, and (d) the Federal Rule of Criminal Procedure 15 deposition of Graham Collett.

   a. **DISCOVERY:** The Government stated that it intends to produce another

set of materials within the next two weeks.

      b.    **PRIVILEGE PROTOCOL:** Mr. Edelman agrees to entry of the privilege protocol, but other potential privilege holders have not yet agreed to it. The Government anticipates that the process will take a few more weeks.

      c.    **ALLEGED CONFLICT:** The parties have agreed that the Government will interview Mr. Clarke and/or Ms. Bishop with the goal of developing a stipulation of facts regarding Mr. Clarke's and Ms. Bishop's roles in the filing of Mr. Edelman's 2020 tax returns such that neither of them would be required to testify at trial. On October 11, 2024, the Government sent a list of questions it would like Mr. Clarke and/or Ms. Bishop to address as part of this process. On Friday, October 18, 2024, the parties discussed those questions and came to an agreement on how to prepare for them. The interview dates have not yet been scheduled. The Government still anticipates asking the Court to review the potential conflict and/or need for Mr. Edelman to waive a reliance defense with respect to certain conduct charged in the indictment.

      d.    **RULE 15 DEPOSITION OF MR. COLLETT:**

4.    As the Government stated at the September 13, 2024, status hearing, it would like to take the deposition of Mr. Collett, who cannot travel due to health reasons. The parties agree that Mr. Collett is an important witness and that he is in poor health making it impossible for him to travel to the United States.

5.    The Government is concerned that Mr. Edelman's traveling to the United Kingdom makes him a flight risk as he could not be monitored by Pretrial Services or the United States Marshal and his co-defendant wife is currently a fugitive. For his part, Mr. Edelman asserts that he intends to face the charges against him and accordingly has no plan to flee when he is abroad or at any other time or for any other reason. He also notes the obvious; he is not his wife.

6. The Government proposed that Mr. Edelman could participate in the Rule 15 deposition remotely, under the following circumstances: a Magistrate Judge preside over the videotaped deposition, counsel for defense and the Government would be present in both the United States and the United Kingdom with Mr. Edelman and Mr. Collett, and there would be two-way cameras on Mr. Edelman and Mr. Collett. For his part, Mr. Edelman does not believe the government's proposal vindicates his Sixth Amendment confrontation right to a face-to-face meeting with witnesses appearing before the trier of fact. Mr. Edelman would agree to a Rule 15 deposition without his physically being present with Mr. Collett if the Court personally presided over Mr. Collett's Rule 15 deposition and then, later, personally conducted his bench trial.

7. The Government will file a Rule 15 motion and the parties will address the disputed issue of Mr. Edelman's remote attendance in that briefing.

8. The Government and Mr. Edelman's counsel have identified the weeks of January 27 or February 5, 2025 as potential dates for the Rule 15 deposition. On October 17, 2024, the United States provided Mr. Edelman a list of 359 documents it believes are relevant to Mr. Collett's testimony.

WHEREFORE, the parties respectfully request a status hearing to be scheduled in the week of January 13, 2025.

Respectfully submitted,

STUART M. GOLDBERG
Acting Deputy Assistant Attorney General

_____        By:_____
GEORGE M. CLARKE III                                SARAH C. RANNEY
D.D.C. Bar No. 480073                                    NY Bar No. 5050919
George.clarke@bakermckenzie.com           Assistant Chief
BAKER & McKENZIE LLP                          Department of Justice Tax Division
815 Connecticut Ave., N.W.                        150 M Street, N.E., Room 1.109
Washington, D.C. 20006                              Washington, DC 20002
(202) 835-6184                                              Sarah.C.Ranney@usdoj.gov

*Counsel for Douglas Edelman.*

Dated: October 28, 2024