IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOUGLAS EDELMAN<br>and<br>DELPHINE LE DAIN,<br><br>                       Defendants. | 1:24-CR-00239 (CKK) |

**UNOPPOSED MOTION FOR ENTRY OF AN
ORDER ADOPTING A PRIVILEGE PROTOCOL**

The United States of America, by and through undersigned counsel, hereby respectfully moves the Court for the entry of an order incorporating the terms of a Privilege Protocol relating to potentially privileged materials to be produced in discovery and used in this criminal case. A Proposed Order Adopting a Privilege Protocol is attached. The Privilege Protocol will streamline discovery of voluminous materials while protecting the privilege interests of the defendants and third parties. In support of this motion, the undersigned counsel states as follows:

1. In the course of investigating and prosecuting Defendant Douglas Edelman and related individuals, the Government executed search warrants and seized hardcopy records and electronically stored information ("ESI") from several email accounts and premises.

2. Post-seizure, the Government took steps to identify potentially privileged materials ("PPM") seized in the searches and withheld the PPM from the investigators and prosecutors assigned to the case (the "Prosecution Team"). The withheld materials were uploaded to a

database (the "Filter Materials")—which the Prosecution Team cannot access. The Filter Materials include materials that may have a privilege holder other than Defendant Edelman (for example, in emails seized from account holders belonging to other than Defendant Edelman).

3. In order to fulfill its discovery obligations, particularly Federal Rule of Criminal Procedure 16 requirements, the Government intends to produce the Filter Materials to Defendant Edelman.[1] In general terms, the Privilege Protocol provides that when attorneys for Defendant Edelman identify an item within the Filter Materials that is potentially subject to an evidentiary privilege held by a privilege holder other than Defendant Edelman, they must take steps to allow the Potential Privilege Holder ("PPH") the opportunity to review the item and, if applicable, assert privilege, waive privilege, or confirm that the item is not privileged. Any disputes over the applicability of privilege must be litigated by application to the Court before Defendant may continue to review or use the item.

4. The Government has approached counsel for the individuals and entities known to the Government as being potential privilege holders of documents within the Filter Materials and obtained their consent and agreement to a Privilege Protocol (attached hereto as Exhibit A) governing the use of PPM in the litigation of this criminal case. Among other things, the Privilege Protocol includes a mechanism for Defendant to use PPM after identifying the privilege holder and giving him/her notice and a reasonable opportunity to assert privilege, and litigate any disputed assertion of privilege.

5. Defendant Edelman does not oppose this motion, consents to the entry of the attached Order Adopting Privilege Protocol, and has signed on to the Privilege Protocol.

---

[1] When Defendant Le Dain appears in this case, the Government will request that the Privilege Protocol govern her as well.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the Court grant this motion and enter the Order Adopting a Privilege Protocol.

                                          Respectfully submitted,

                                          STUART M. GOLDBERG
                                          Acting Deputy Assistant Attorney General



By: _____
      Sarah C. Ranney
      NY Bar No. 5050919
      Trial Attorney
      Department of Justice Tax Division
      150 M Street, N.E., Room 1.104
      Washington, DC 20002
      Sarah.C.Ranney@usdoj.gov

      Nanette L. Davis
      D.C. Bar No. 442136
      Senior Litigation Counsel
      Department of Justice Tax Division
      150 M Street, N.E., Room 1.107
      Washington, D.C. 20002

      Ezra Spiro
      NY Bar No. 5291838
      Department of Justice Tax Division
      150 M Street, N.E., Room 1.108
      Washington, DC 20002
      Ezra.K.Spiro@usdoj.gov

      MATTHEW M. GRAVES
      UNITED STATES ATTORNEY
      D.C. Bar No. 481052

By: _____
Joshua A. Gold
TX Bar No. 24103101
Assistant United States Attorney
U.S. Attorney's Office
601 D St NW
Washington, D.C. 20530
Office: 202-815-8965
Joshua.Gold@usdoj.gov