IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOUGLAS EDELMAN<br>and<br>DELPHINE LE DAIN,<br><br>             Defendants. | 1:24-CR-00239 (CKK) |

**UNITED STATES' UNOPPOSED MOTION TO PERFORM CONFLICTS INQUIRY**

During the government's investigation, it identified Defendant Edelman's attorneys—George Clarke and Sonya Bishop—as material witnesses to charged conduct by Defendant Edelman in this case. Specifically, Mr. Clarke and Ms. Bishop served as the conduits of information between Defendant Edelman and the tax preparer of his 2020 tax return. That tax return—and specifically that it made no mention of the sale of a 50% interest in Mina/Red Star for more than $40 million—serves as an overt act in furtherance of Count 1 of the indictment (Conspiracy) and a basis for Count 18 (2020 Tax Evasion).

In accordance with the Sixth Amendment, an individual charged with a criminal offense must be afforded a "fair opportunity to secure counsel of his own choice." *Powell v. State of Alabama*, 287 U.S. 45, 53 (1932). However, pursuant to D.C. Rule of Professional Conduct 3.7(a), lawyers may generally not advocate at a trial in which they are material witnesses. Rule 3.7(a) provides an exception if the lawyer's testimony "relates to an uncontested issue." D.C. R. Prof'l Conduct 3.7(a)(1). To that end, the parties have conferred and reached a stipulation that covers the anticipated testimony of Mr. Clarke and Ms. Bishop were they to testify at trial, which is attached

as Exhibit 1. Additionally, the Government understands that Defendant Edelman has advised that he has engaged independent counsel on the issue of the conflict and agreed to waive any advice-of-counsel defense as to Mr. Clarke and Ms. Bishop with respect to the 2020 tax return. Defendant Edelman necessarily should be required to waive any advice-of-counsel defense on the record—including by admission of evidence or by argument—about the involvement of Mr. Clarke and Ms. Bishop with respect to the preparation and filing of the 2020 tax return. This is necessary since, if they remain as Defendant Edelman's counsel, but then become fact witnesses due to the assertion or an advice-of-counsel defense, a conflict would be created under Rule 3.7(a). Having such a conflict arise mid-trial would create an untenable situation.

With the stipulation and the waiver, the Government is not seeking to disqualify Mr. Clarke and Ms. Bishop as counsel. However, the Government is requesting that the Court perform a colloquy with Defendant Edelman to confirm that he understands the potential conflict, the scope of his waiver, and the proposed stipulation; to place on the record his knowing and voluntary waiver of an advice-of-counsel defense related to Mr. Clarke and Ms. Bishop's role in the preparation and filing of Defendant Edelman's 2020 tax return; and to affirm on the record that it is his desire in light of both to proceed to trial with Mr. Clarke and Ms. Bishop as counsel.

The Government reached out to counsel for Mr. Edelman, who indicated that he does not oppose the motion.

Respectfully submitted,

STUART M. GOLDBERG
Acting Deputy Assistant Attorney General



By: _____
Sarah C. Ranney
NY Bar No. 5050919
Trial Attorney
Department of Justice Tax Division
150 M Street, N.E., Room 1.104
Washington, DC 20002
Sarah.C.Ranney@usdoj.gov

Nanette L. Davis
D.C. Bar No. 442136
Senior Litigation Counsel
Department of Justice Tax Division
150 M Street, N.E., Room 1.107
Washington, D.C. 20002

Ezra Spiro
NY Bar No. 5291838
Department of Justice Tax Division
150 M Street, N.E., Room 1.108
Washington, DC 20002
Ezra.K.Spiro@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
Joshua A. Gold
TX Bar No. 24103101 Assistant
United States Attorney U.S.
Attorney's Office
601 D St NW
Washington, D.C. 20530
Office: 202-815-8965
Joshua.Gold@usdoj.gov