# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. 24-CR-239-1 (CKK) |
| v. | : |
| | : |
| DOUGLAS EDELMAN | : |
| | : |
| Defendant. | : |

## ORDER ADOPTING PRIVILEGE PROTOCOL

To expedite the flow of discovery material between the parties and adequately protect Potentially Privileged Materials and with the consent of the parties, it is ORDERED that the Privilege Protocol attached hereto and consented to by the Government and Douglas Edelman be ENTERED and that it govern the discovery and use of Potentially Privileged Materials in this criminal case.

SO ORDERED this 11th day of December, 2024.

_____
THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

**PRIVILEGE PROTOCOL**

Defendant Douglas Edelman and the United States of America hereby agree to the following Privilege Protocol:

1.  This Protocol relates to hard copy records and electronically stored information ("ESI") obtained via search warrants and from other sources in connection with the investigation and prosecution of Defendants Douglas Edelman, Delphine Le Dain, and others in the matter of *United States v. Douglas Edelman et al.*, 24-CR-239 (CKK), and related cases.

2.  This Protocol is entered based on the following understanding, based on representations by the Government:

    a. As part of the execution of the search warrants, the Government seized hardcopy records and ESI from various locations, including email accounts, determined to be within the scope of the warrants. The Government took steps to identify potentially privileged materials in the items seized, then segregated the potentially privileged materials in a database (the "Filter Database") separate from the rest of the case materials. The Government took similar steps to identify and segregate potentially privileged materials within items obtained by other means during the investigation. The law enforcement investigators and prosecutors investigating and prosecuting the case (collectively, the "Prosecution Team") do not have access to the Filter Database. The Filter Database is administered by a team of attorneys and litigation support personnel (the "Filter Team") who are not members of the Prosecution Team.[2]

---

[2] The Filter Database also contains materials determined to be outside the scope of the search warrants. These out-of-scope materials are not part of the Filter Materials, are not being produced in discovery, and are not subject to this

1

b. The Filter Team has not yet gone through the entirety of the records in the Filter Database. Given the volume of unfiltered materials, a complete review of these materials by the Filter Team prior to production would unduly delay trial.

c. In order to comply with its discovery obligations, the Government, through the Filter Team, will produce the Filter Materials to Defendant.

d. The Government has notified the counsel of the known individual and entities that may have privileged materials within the Filter Materials ("Potential Privilege Holders") of this Privilege Protocol. The names and contact information of counsel for known Potential Privilege Holders will be provided to Defendant's counsel contemporaneous to entry of the Privilege Protocol.

3. Production of the Filter Materials to Defendant does not constitute a waiver of any evidentiary privilege that may attach to any of the materials or information.

4. Given that the Filter Materials may contain privileged information, attorneys for Defendant agree to carefully consider whether any of the Filter Materials they or their client reviews are subject to any evidentiary privilege, including but not limited to attorney-client privilege, held by a privilege holder other than Defendant. Upon discovering any item in the Filter Materials that may be subject to an evidentiary privilege held by a privilege holder other than Defendant, Defendant and his attorneys agree to take the following steps:

a. Cease reviewing the item; and

---

Protocol.

  b. If Defendant or his attorneys wish to review the potentially privileged item further or use the potentially privileged item in any way, they agree to take reasonable steps to:

   i. Identify the Potential Privilege Holder;

   ii. Provide the PPH with notice and a reasonable opportunity (defined as 14 days, unless otherwise agreed upon, or a shorter period is necessary for identifiable reasons) to make a privilege assertion, waive privilege, or confirm that the item is not privileged;

   iii. If the PPH makes a privilege assertion, Defendant must either:

    1. Agree to redact the item pursuant to the PPH's directions or cease review and use of the item; or

    2. Make an application to the Court to litigate the assertion of privilege by the PPH. Any potentially privileged materials must be filed under seal unless and until privilege is determined not to apply.

5. Although Defendant will be receiving the Filter Materials in discovery, the Prosecution Team will not. Defendant agrees to provide the Government with any Filter Material deemed not privileged—including through PPH determination or litigation—or over which privilege is waived. Defendant also agrees to provide the Government with any Filter Material he intends to introduce into evidence at trial, in accordance with any deadlines set by the Court for production of trial exhibits.

6. Defendant agrees not to review or use PPM outside of the procedures set forth in this Privilege Protocol.

7. The procedures set forth in this Privilege Protocol govern the use of PPM by Defendant in relation to any privilege holder identified in the materials he receives in discovery, regardless of whether the privilege holder has been identified at the time of entry of this Protocol, or whether the privilege holder has signed onto this Protocol.

8. This Privilege Protocol does not govern the efforts of the Filter Team, which will continue to review the Filter Materials and promote non-privileged materials to the Prosecution Team.

The undersigned consent to this Protocol and entry of an Order by the Court to incorporate its terms:

By: _____
Sarah C. Ranney
NY Bar No. 5050919
Trial Attorney
Department of Justice Tax Division
150 M Street, N.E., Room 1.104
Washington, DC 20002
Sarah.C.Ranney@usdoj.gov

Nanette L. Davis
D.C. Bar No. 442136
Senior Litigation Counsel
Department of Justice Tax Division
150 M Street, N.E., Room 1.107
Washington, D.C. 20002

Ezra Spiro

        NY Bar No. 5291838
        Department of Justice Tax Division
        150 M Street, N.E., Room 1.108
        Washington, DC 20002
        Ezra.K.Spiro@usdoj.gov

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By: _____
        Joshua A. Gold
        TX Bar No. 24103101
        Assistant United States Attorney
        U.S. Attorney's Office
        601 D St NW
        Washington, D.C. 20530
        Office: 202-815-8965
        Joshua.Gold@usdoj.gov

        ATTORNEYS FOR THE GOVERNMENT

Dated: December 2, 2024    By: _____
        George M. Clarke III (Bar No. 480073)
        Sonya C. Bishop (Bar No. NY0568)
        Scott H. Frewing (pro hac vice)
        Marion A. Rocker Tuohy (Bar No. 90000736)

        BAKER & McKENZIE LLP
        815 Connecticut Ave., N.W.
        Washington, D.C. 20006
        Phone: 202-835-6184
        George.Clarke@bakermckenzie.com

        ATTORNEYS FOR DEFENDANT
        DOUGLAS EDELMAN