APPEAL,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:24−cr−00239−CKK</u>−1

Case title: USA v. EDELMAN et al                    Date Filed: 05/16/2024

Assigned to: Judge Colleen
Kollar−Kotelly

**Defendant (1)**

| | | |
|---|---|---|
| **DOUGLAS EDELMAN** | represented by | **George M. Clarke , III** |

BAKER & MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006−4078
(202) 835−6184
Fax: (202) 416−7184
Email: george.clarke@bakermckenzie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Marion Rocker Tuohy**
BAKER MCKENZIE
815 Connecticut Ave, NW
Washington, DC
Washington, DC 20001
303−906−9558
Email: allison.rocker@bakermckenzie.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Scott Frewing**
BAKER & MCKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304−1044
650−251−5924
Email: jessica.davis@bakermckenzie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Sonya C. Bishop**
BAKER MCKENZIE
New York
452 Fifth Avenue
New York, NY 10018
332−215−5812
Fax: 212−310−1748

1

Email: sonya.bishop@bakermckenzie.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|

18:371; CONSPIRACY TO
DEFRAUD THE UNITED
STATES; Conspiracy to Defraud
the United States.
(1)

18:1001, 2; STATEMENTS OR
ENTRIES GENERALLY; False
Statements to the Executive
Branch, Internal Revenue
Service.
(2−3)

26:7201, 18:2; ATTEMPT TO
EVADE OR DEFEAT TAX; Tax
Evasion − 2006.
(4)

26:7201; ATTEMPT TO EVADE
OR DEFEAT TAX; Tax Evasion
2007−2020.
(5−18)

31:5314 and 5322(b), C.F.R. 31
C.F.R. 1010.350,
1010.306(c)−(d), and
1010.840(b); RECORDS AND
REPORTS ON FOREIGN
FINANCIAL AGENCY
TRANSACTIONS −
DEFINITION; Willfully Filing
False FBARs for 2007−2012.
(19−24)

31:5314, and 5322(b), C.F.R. 31,
C.F.R. 1010.350,
1010.306(c)−(d), and
1010.840(b), 18:2; RECORDS
AND REPORTS ON FOREIGN
FINANCIAL AGENCY
TRANSACTIONS −
DEFINITION; Willful Failure to
file FBARs for 2015−2020.
(25−30)

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

None

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

None

---

**Plaintiff**

| **USA** | represented by | **Ezra Spiro** |
|---|---|---|

DOJ–TAX
150 M Street NE
Washington, DC 20002
202–514–5614
Email: ezra.k.spiro@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Joshua Adam Gold**
USAO
601 D Street NW
Washington, DC 20001
(202) 815–8965
Email: joshua.gold@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Nanette Davis**
DOJ–TAX
Tax Division
P.O. Box 972
Washington, DC 20044
202–514–8030
Email: nanette.l.davis@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Sarah Caitlyn White Ranney**
DEPARTMENT OF JUSTICE
Tax Division, Northern Criminial
Enforcement Section
601 D Street NW

Room 7814
Washington, DC 20579
(202) 514–5616
Email: sarah.c.ranney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/16/2024 | 1 | SEALED INDICTMENT as to DOUGLAS EDELMAN (1) count(s) 1, 2–3, 4, 5–18, 19–24, 25–30, DELPHINE LE DAIN (2) count(s) 1, 4, 5–18. (zhsj) (Entered: 05/17/2024) |
| 05/16/2024 | 3 | MOTION to Seal and Delay Entry on the Public Docket of the Indictment Documents by USA as to DOUGLAS EDELMAN (1), DELPHINE LE DAIN (2). (Attachments: # 1 Text of Proposed Order) (zhsj) (Entered: 05/17/2024) |
| 05/16/2024 | 4 | ORDER granting 3 Motion to Seal and Delay Entry on the Public Docket of the Indictment Documents as to DOUGLAS EDELMAN (1), DELPHINE LE DAIN (2). Signed by Magistrate Judge Moxila A. Upadhyaya on 5/16/2024. (zhsj) (Entered: 05/17/2024) |
| 07/03/2024 | 5 | MOTION to Unseal Case by USA as to DOUGLAS EDELMAN (1), DELPHINE LE DAIN (2). (Attachments: # 1 Text of Proposed Order)(zstd) (Entered: 07/03/2024) |
| 07/03/2024 | 6 | ORDER granting 5 Motion to Unseal Case as to DOUGLAS EDELMAN (1), DELPHINE LE DAIN (2). Signed by Judge Colleen Kollar–Kotelly on 7/3/24. (zdot) (Entered: 07/03/2024) |
| 07/03/2024 | | Case unsealed as to DOUGLAS EDELMAN (1), DELPHINE LE DAIN (2) (zstd) (Entered: 07/03/2024) |
| 07/03/2024 | 7 | NOTICE OF ATTORNEY APPEARANCE Ezra Spiro appearing for USA. (Spiro, Ezra) (Entered: 07/03/2024) |
| 07/03/2024 | 8 | NOTICE OF ATTORNEY APPEARANCE Sarah Caitlyn White Ranney appearing for USA. (Ranney, Sarah) (Entered: 07/03/2024) |
| 07/10/2024 | 9 | NOTICE OF ATTORNEY APPEARANCE Nanette Davis appearing for USA. (Davis, Nanette) (Entered: 07/10/2024) |
| 08/29/2024 | 10 | Case as to DOUGLAS EDELMAN (1), DELPHINE LE DAIN (2) directly reassigned to Calendar Committee as the defendants are fugitives. Judge Colleen Kollar–Kotelly is no longer assigned to the case. (rj) (Entered: 08/29/2024) |
| 09/03/2024 | 11 | NOTICE OF ATTORNEY APPEARANCE: George M. Clarke, III appearing for DOUGLAS EDELMAN (Clarke, George) (Entered: 09/03/2024) |
| 09/03/2024 | 12 | NOTICE OF ATTORNEY APPEARANCE: Sonya C. Bishop appearing for DOUGLAS EDELMAN (Bishop, Sonya) (Entered: 09/03/2024) |
| 09/03/2024 | 13 | Arrest Warrant Returned Executed on 9/3/2024 as to DOUGLAS EDELMAN. (zltp) (Entered: 09/03/2024) |
| 09/03/2024 | | Arrest of DOUGLAS EDELMAN (zltp) (Entered: 09/03/2024) |

| 09/03/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN (1): As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge Moxila A. Upadhyaya on 9/3/2024. (zltp) (Entered: 09/03/2024) |
|---|---|---|
| 09/03/2024 | 15 | NOTICE *pursuant to 18 U.S.C. 3505* by USA as to DOUGLAS EDELMAN (Ranney, Sarah) (Entered: 09/03/2024) |
| 09/03/2024 | | ORAL MOTION for Speedy Trial by USA as to DOUGLAS EDELMAN (1). (zltp) (Entered: 09/04/2024) |
| 09/03/2024 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Return on Arrest Warrant/Initial Appearance/Arraignment as to DOUGLAS EDELMAN (1) as to Counts 1,2–3,4,5–18,19–24,25–30 held on 9/3/2024. Plea of Not Guilty entered as to all counts. The Court advised the Government of its Due Process Obligations under Rule 5(f). Government did not seek detention. Oral Motion by the Government for Speedy Trial as to DOUGLAS EDELMAN (1); heard and granted. Speedy Trial Excluded from 9/3/2024 to 9/13/2024 in the Interest of Justice (XT). Status Conference set for 9/13/2024 at 11:00 AM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Defendant Released/Release Issued; Court Reporter: FTR–GOLD; FTR Time Frame: CTRM 5: [2:12:27 – 2:47:40]; Defense Attorney: George Clarke and Sonya Bishop; US Attorney: Ezra Spiro, Joshua Gold, Nanette Davis and Sarah Ranney; Pretrial Officer: Da'Shanta Valentine–Lewis. (zltp) (Entered: 09/04/2024) |
| 09/03/2024 | 16 | ORDER Setting Conditions of Release as to DOUGLAS EDELMAN (1) Personal Recognizance/High Intensity Supervision Program Signed by Magistrate Judge Moxila A. Upadhyaya on 9/3/2024. (Attachments: # 1 Appearance Bond) (zltp) (Main Document 16 replaced on 9/4/2024) (zltp). (Entered: 09/04/2024) |
| 09/04/2024 | 17 | Unopposed MOTION for Protective Order by USA as to DOUGLAS EDELMAN. (Gold, Joshua) (Entered: 09/04/2024) |
| 09/04/2024 | 18 | Unopposed MOTION for Disclosure *of Material Protected by Rule 6(e)* by USA as to DOUGLAS EDELMAN. (Gold, Joshua) (Entered: 09/04/2024) |
| 09/05/2024 | 19 | MOTION for Leave to Appear Pro Hac Vice Sonya C. Bishop *moves the court to admit Scott H. Frewing moves the court to admit Scott H. Frewing* Filing fee $ 100, receipt number ADCDC–11137873. Fee Status: Fee Paid. by DOUGLAS EDELMAN. (Attachments: # 1 Exhibit Exhibit A – Declaration of S. Frewing, # 2 Exhibit Exhibit B – Cert. of Good Standing)(Bishop, Sonya) (Entered: 09/05/2024) |
| 09/05/2024 | 20 | Case as to DOUGLAS EDELMAN (1) directly reassigned to Judge Colleen Kollar–Kotelly as defendant is no longer a fugitive. Calendar Committee is no longer assigned to the case. (ztnr) (Entered: 09/06/2024) |
| 09/09/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN: the Status Conference set for 9/13/2024 will begin at 12:00 PM, in Courtroom 28A, before Judge Colleen Kollar–Kotelly. PLEASE NOTE THE TIME CHANGE. Signed by Judge Colleen Kollar–Kotelly on 09/09/24. (DM) (Entered: 09/09/2024) |
| 09/09/2024 | 22 | NOTICE *of Filing – Discovery Letter* by USA as to DOUGLAS EDELMAN (Spiro, Ezra) (Entered: 09/09/2024) |

| 09/09/2024 | 23 | Protective Order. Signed by Judge Colleen Kollar–Kotelly on 9/9/2024. (lcckk3) (Entered: 09/09/2024) |
|---|---|---|
| 09/09/2024 | 24 | ORDER granting 18 Motion for Disclosure as to DOUGLAS EDELMAN (1). Signed by Judge Colleen Kollar–Kotelly on 9/9/2024. (lcckk3) (Entered: 09/09/2024) |
| 09/09/2024 | 25 | ORDER as to DOUGLAS EDELMAN (1) confirming disclosure obligation under *Brady v. Maryland*. Signed by Judge Colleen Kollar–Kotelly on 9/9/2024. (lcckk3) (Entered: 09/09/2024) |
| 09/09/2024 | | ORDER granting 19 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** Click for instructions as to DOUGLAS EDELMAN (1). Signed by Judge Colleen Kollar–Kotelly on 9/9/2024. (lcckk3) (Entered: 09/09/2024) |
| 09/10/2024 | 26 | MOTION for Leave to Appear Pro Hac Vice Sonya C. Bishop *moves the court to admit Marion Allison Rocker–Tuohy moves the court to admit Marion Allison Rocker–Tuohy* Filing fee $ 100, receipt number ADCDC–11148083. Fee Status: Fee Paid. by DOUGLAS EDELMAN. (Attachments: # 1 Exhibit Declaration of Rocker–Tuohy, # 2 Exhibit CO Cert. of Good Standing, # 3 Exhibit DC Cert. of Good Standing)(Bishop, Sonya) (Entered: 09/10/2024) |
| 09/11/2024 | | MINUTE ORDER denying 26 Motion for Leave to Appear Pro Hac Vice: Counsel for DOUGLAS EDELMAN (1) Ms. Rocker–Tuohy is a member of the D.C. Bar and will be sworn into this Court's Bar at 10:30 AM ET on SEPTEMBER 12, 2024 via Zoom. Counsel may then enter her appearance for Defendant Edelman before the Status Hearing on September 13. Signed by Judge Colleen Kollar–Kotelly on 9/11/2024. (lcckk3) (Entered: 09/11/2024) |
| 09/12/2024 | 27 | NOTICE OF ATTORNEY APPEARANCE: Marion Rocker Tuohy appearing for DOUGLAS EDELMAN (Tuohy, Marion) (Entered: 09/12/2024) |
| 09/13/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN (1): The Court held a status hearing in this matter on September 13, 2024. Defendant DOUGLAS EDELMAN, Defense Counsel, the Government, and a court reporter were present in person.

The Court began by inquiring as to the status of discovery. Consistent with the Government's 22 Notice, the Government reported that it had completed its first production to Defendant and that this production constituted the bulk of discovery. The Government reported that a second, smaller production is forthcoming. The Government also anticipates making a third production involving potentially privileged materials. The Government reported that it is in the process of establishing a privilege protocol with Defendant and any privilege holders. Defense Counsel reported that they had received and begun reviewing the Government's first production.

Next, the Government raised its concerns about a potential conflict of interest for Defense Counsel. Defense Counsel reported that they had provided Defendant with independent counsel, Thomas Zehnle, to review the issue and that Mr. Zehnle had concluded there was no conflict. The Government is reviewing Mr. Zehnle's response but reported that it anticipates making a motion at a later date.

The Government also reported that it anticipates moving under Rule 15 to take the deposition of a potential witness who may be unavailable for trial. That deposition would take place in the United Kingdom. Defense Counsel recognized the need for the |

deposition. But the parties dispute whether Defendant's conditions of pretrial release prevent his attendance in the U.K. The Government further reported that U.K. law might independently prevent Defendant's attendance and that the Government is coordinating with the relevant British officials to determine whether that is the case. The Court discussed with the parties the possibility of using videoconferencing to resolve these issues.

Defense Counsel reported that Defendant intends to file a Rule 26.1 notice to request a determination of foreign law. And the Government reported that it had engaged in discussions with counsel for Defendant DELPHINE LE DAIN (2), who is currently at–large and abroad.

The Court ORDERS the parties to appear for a Status Hearing on **NOVEMBER 1, 2024 at 4:00 PM ET** in Courtroom 28A. The Court further ORDERS the parties to file a joint status report on or before OCTOBER 28, 2024 informing the Court of any new matters for discussion at that hearing.

Finally, the Court discussed with Defendant DOUGLAS EDELMAN (1) his Speedy Trial rights. Defendant consented to the exclusion of time between September 13, 2024 and November 1, 2024, the date of his next status hearing. Because a continuance will allow Defendant to obtain and review voluminous discovery and determine how he intends to proceed with this matter, the Court finds that a continuance serves the ends of justice and outweighs the interests of Defendant and the public in a speedy trial. The Court calculates Defendant's new 70–day deadline is January 10, 2025. Signed by Judge Colleen Kollar–Kotelly on 9/13/2024. (lcckk3) (Entered: 09/13/2024)

| 09/13/2024 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Status Conference as to DOUGLAS EDELMAN held on 9/13/2024. Excludable started as to DOUGLAS EDELMAN. Speedy Trial (XT) is tolled in the Interest of Justice from 9/13/2024 to 11/1/2024. Joint Status Report due by 10/28/2024. Status Conference set for 11/1/2024 at 4:00 PM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Personal Recognizance; Court Reporter: Sonja Reeves; Defense Attorney: Sonya C. Bishop and Marion A. Rocker–Tuohy; US Attorney: Ezra Spiro, Joshua A. Gold, Nanette Davis, and Sarah C. White Ranney. (dot) (Entered: 09/16/2024) |
|---|---|---|
| 09/17/2024 | 28 | TRANSCRIPT OF PROCEEDINGS in case as to DOUGLAS EDELMAN before Judge Colleen Kollar–Kotelly held on September 13, 2024; Page Numbers: 1–17. Date of Issuance:September 17, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at |

| | | |
|---|---|---|
| | | www.dcd.uscourts.gov.<br><br>Redaction Request due 10/8/2024. Redacted Transcript Deadline set for 10/18/2024. Release of Transcript Restriction set for 12/16/2024.(Reeves, Sonja) (Entered: 09/17/2024) |
| 09/20/2024 | 29 | TRANSCRIPT OF PROCEEDINGS in case as to DOUGLAS EDELMAN before Magistrate Judge Moxila A. Upadhyaya held on September 3, 2024; Page Numbers: 1–26. Date of Issuance:September 19, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/11/2024. Redacted Transcript Deadline set for 10/21/2024. Release of Transcript Restriction set for 12/19/2024.(Reeves, Sonja) (Entered: 09/20/2024) |
| 09/27/2024 | 30 | NOTICE *of Filing – Discovery Letter* by USA as to DOUGLAS EDELMAN (Spiro, Ezra) (Entered: 09/27/2024) |
| 10/09/2024 | 31 | NOTICE OF ATTORNEY APPEARANCE: Scott Frewing appearing for DOUGLAS EDELMAN (Frewing, Scott) (Entered: 10/09/2024) |
| 10/28/2024 | 33 | Joint STATUS REPORT by USA as to DOUGLAS EDELMAN (Ranney, Sarah) (Entered: 10/28/2024) |
| 11/01/2024 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Status Conference as to DOUGLAS EDELMAN (1) held on 11/1/2024. Excludable started as to DOUGLAS EDELMAN. Speedy Trial (XT) is tolled in the Interest of Justice from 11/1/2024 to 12/20/2024. Pretrial Template due by 11/20/2024. Status Conference set for 12/20/2024 at 1:00 PM before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Personal Recognizance; Court Reporter: Sonya Reeves; Defense Attorney: Sonya C. Bishop and George M. Clarke, IIII; US Attorney: Sarah C. White Ranney and Ezra Spiro. (dot) (Entered: 11/01/2024) |
| 11/04/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN (1): The Court held a status hearing in this matter on November 1, 2024. Defendant Edelman, Defense Counsel, the Government, and a court reporter were present in person.<br><br>Discovery productions are ongoing. The Government reported that it has reached an agreement on a privilege protocol with nearly all privilege holders. Finalizing that protocol will take an additional three to four weeks. Defense Counsel represented that the defense would prefer to receive all privileged materials in one batch after the |

protocol has been finalized.

Next, the Court inquired about the potential conflict of interest identified at the last status hearing. The parties represented that they are engaged in ongoing discussions about this matter. The Government reported that it anticipates making a motion at a later date.

The Court then discussed the potential Rule 15 deposition of a witness located in the United Kingdom. The parties agree about the need for the deposition but disagree about how that deposition should proceed. The Court ordered the parties to prepare for briefing on this matter.

Defense Counsel reported that they intend to file a Rule 26.1 notice to request a determination of foreign law at a later date.

Given the volume of pending issues, the Court provided the parties with a blank trial template. The Court ORDERS the parties to confer regarding potential dates and to jointly file a proposed scheduling order using the trial template on or before NOVEMBER 20, 2024. The Court further ORDERS the parties to appear for a status conference on DECEMBER 20, 2024 at 1:00 PM ET in Courtroom 28A.

Finally, the Court discussed with Defendant Edelman his Speedy Trial rights. Defendant consented to the exclusion of time between November 1, 2024 and December 20, 2024, the date of his next status hearing. Because a continuance will allow the parties time to coordinate pretrial briefing and further allow Defendant to obtain and review voluminous discovery and determine how he intends to proceed with this matter, the Court finds that a continuance serves the ends of justice and outweighs the interests of Defendant and the public in a speedy trial. The Court calculates Defendant's new 70–day deadline is February 28, 2025. Signed by Judge Colleen Kollar–Kotelly on 11/4/2024. (lcckk3) (Entered: 11/04/2024)

| | | |
|---|---|---|
| 11/06/2024 | 35 | TRANSCRIPT OF STATUS HEARING in case as to DOUGLAS EDELMAN (1) before Judge Colleen Kollar–Kotelly held on November 1, 2024; Page Numbers: 1–33. Date of Issuance:November 6, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 11/27/2024. Redacted Transcript Deadline set for 12/7/2024. Release of Transcript Restriction set for 2/4/2025.(Reeves, Sonja) Modified on 11/6/2024 to remove linkage to defendant 2. (ztnr). (Entered: 11/06/2024) |

| 11/12/2024 |  | MINUTE ORDER as to DOUGLAS EDELMAN (1) rescheduling the status conference currently set for 1:00 PM on December 20, 2024. The parties are ORDERED to appear for a status conference at **10:00 AM ET on DECEMBER 20, 2024 in Courtroom 28A**. Signed by Judge Colleen Kollar–Kotelly on 11/12/2024. (lcckk3) (Entered: 11/12/2024) |
|---|---|---|
| 11/12/2024 |  | Set/Reset Hearings as to DOUGLAS EDELMAN (1): Status Conference set for 12/20/2024 at 10:00 AM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. (dot) (Entered: 11/12/2024) |
| 11/12/2024 | [36](#) | NOTICE *of Filing – Discovery Letter* by USA as to DOUGLAS EDELMAN (Spiro, Ezra) (Entered: 11/12/2024) |
| 11/18/2024 | [37](#) | Joint PROPOSED BRIEFING SCHEDULE*for Pretrial Scheduling* by DOUGLAS EDELMAN (Ranney, Sarah) (Entered: 11/18/2024) |
| 11/19/2024 | [38](#) | PRETRIAL SCHEDULING ORDER as to DOUGLAS EDELMAN (1). Signed by Judge Colleen Kollar–Kotelly on 11/19/2024. (lcckk3) (Entered: 11/19/2024) |
| 11/21/2024 |  | MINUTE ORDER as to DOUGLAS EDELMAN (1): The Court is in receipt of a [39](#) Pretrial Violation Report recommending action and has reviewed the underlying violation with Pretrial Services. The parties are ORDERED to appear for a hearing on the violation at **9:00 AM ET on NOVEMBER 26, 2024 in Courtroom 28A**. The Court can make available further information about the nature of the violation on request by the parties in advance of the hearing. Signed by Judge Colleen Kollar–Kotelly on 11/21/2024. (lcckk3) (Entered: 11/21/2024) |
| 11/22/2024 |  | MINUTE ORDER as to DOUGLAS EDELMAN (1): The hearing scheduled for November 26, 2024 is CONTINUED to **2:00 PM ET on NOVEMBER 27, 2024 in Courtroom 28A**. Signed by Judge Colleen Kollar–Kotelly on 11/22/2024. (lcckk3) (Entered: 11/22/2024) |
| 11/22/2024 | [40](#) | MOTION to Take Deposition by USA as to DOUGLAS EDELMAN, DELPHINE LE DAIN. (Attachments: # [1](#) Text of Proposed Order Proposed Order)(Davis, Nanette) (Entered: 11/22/2024) |
| 11/22/2024 |  | Set/Reset Hearings as to DOUGLAS EDELMAN: Bond Revocation Hearing set for 11/27/2024 at 2:00 PM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. (dot) (Entered: 11/25/2024) |
| 11/27/2024 |  | MINUTE ORDER as to DOUGLAS EDELMAN (1): The Court held a hearing in this matter on November 27, 2024. The Government orally moved for revocation of release as a sanction for violation of a release condition under 18 U.S.C. § 3148(b). Defendant concedes that he violated a condition of his release but opposes the motion for revocation. The Court ORDERS that the Government file a memorandum in support of the motion (including affidavits as needed) on or before **DECEMBER 3, 2024**, that Defendant respond on or before **DECEMBER 6, 2024**, and that the parties appear for a hearing on the motion at **9:00 AM ET on DECEMBER 11, 2024 in Courtroom 28A**. In the interim, the parties are coordinating with Pretrial Services to ensure Defendant removes any encrypted messaging applications from his devices. Signed by Judge Colleen Kollar–Kotelly on 11/27/2024. (lcckk3) (Entered: 11/27/2024) |
| 11/27/2024 |  | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Hearing on Revocation of Release as to DOUGLAS EDELMAN (1) held on 11/27/2024. Hearing on Revocation of Release set for 12/11/2024 at 9:00 AM in Courtroom 28A– In Person |

| | | |
|---|---|---|
| | | before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Personal Recognizance; Court Reporter: Sonja Reeves; Defense Attorney: George M. Clarke, III; US Attorney: Sarah C. White Ranney and Nanette Davis; Pretrial Officer: LaKeisha Forbes. (dot) (Entered: 11/27/2024) |
| 11/27/2024 | | Set/Reset Deadlines as to DOUGLAS EDELMAN: Government file a memorandum in support of the motion by 12/3/2024. Defendant's Response due by 12/6/2024. (dot) (Entered: 11/27/2024) |
| 12/02/2024 | 42 | Unopposed MOTION for Order entering privilege protocol by USA as to DOUGLAS EDELMAN. (Attachments: # 1 Exhibit A––privilege protocol, # 2 Text of Proposed Order)(Ranney, Sarah) (Entered: 12/02/2024) |
| 12/03/2024 | 44 | TRANSCRIPT OF PROCEEDINGS in case as to DOUGLAS EDELMAN before Judge Colleen Kollar–Kotelly held on November 27, 2024; Page Numbers: 1–30. Date of Issuance:December 3, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/24/2024. Redacted Transcript Deadline set for 1/3/2025. Release of Transcript Restriction set for 3/3/2025.(Reeves, Sonja) (Entered: 12/03/2024) |
| 12/03/2024 | 45 | MOTION to Revoke *Order of Pretrial Release* by USA as to DOUGLAS EDELMAN. (Attachments: # 1 Declaration of IRS Special Agent Adam Soline, # 2 Exhibit 1 to Soline Declaration, # 3 Exhibit 2 to Soline Declaration, # 4 Exhibit 3 to Soline Declaration)(Ranney, Sarah) (Entered: 12/03/2024) |
| 12/09/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN (1): For good cause shown, the Court granted Defendant Edelman leave to file under seal his Response and Objection to the Government's 45 Motion to Revoke Order of Pretrial Release. That 45–page response is accompanied by 445 pages of exhibits. The Court ORDERS that the Government shall reply in support of its Motion by 9:00 AM ET on DECEMBER 10, 2024. The Government may respond generally to Defendant's arguments but should focus specifically on its argument for detention under 18 U.S.C. 3148(b)(2)(B), the viability of Defendant's proposed changes to his conditions of release, and Parts II.B and II.C of Defendant's "Analysis" section. Signed by Judge Colleen Kollar–Kotelly on 12/9/24. (lcckk3) (Entered: 12/09/2024) |
| 12/09/2024 | 47 | Unopposed MOTION for Hearing *to Perform Conflicts Inquiry* by USA as to DOUGLAS EDELMAN. (Attachments: # 1 Exhibit 1)(Spiro, Ezra) (Entered: 12/09/2024) |

| 12/10/2024 | | MINUTE ORDER granting <u>47</u> Motion for Hearing as to DOUGLAS EDELMAN (1): For the reasons stated in the Government's <u>47</u> Unopposed Motion for Hearing, the Court GRANTS that Motion and ORDERS that the parties be prepared to conduct the inquiry at the outset of the hearing beginning at 9:00 AM ET on DECEMBER 11, 2024. Signed by Judge Colleen Kollar–Kotelly on 12/10/2024. (lcckk3) (Entered: 12/10/2024) |
|---|---|---|
| 12/10/2024 | <u>50</u> | RESPONSE by DOUGLAS EDELMAN re <u>40</u> MOTION to Take Deposition *Pursuant to Rule 15* (Bishop, Sonya) (Entered: 12/10/2024) |
| 12/10/2024 | | Set/Reset Hearings as to DOUGLAS EDELMAN (1): Status Conference set for 12/11/2024 at 9:00 AM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. (dot) (Entered: 12/10/2024) |
| 12/11/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN (1): The Court held a hearing in this matter on December 11, 2024. Defendant Edelman, Defense Counsel, the Government, a representative from Pretrial Services and a court reporter were present in person. The Court addressed four matters with the parties.<br><br>First, the Court discussed the Government's <u>42</u> Unopposed Motion for an Order Entering a Privilege Protocol. Any objections to the proposed privilege protocol were due on December 9, 2024. No objections have been filed, and the parties reported that they were unaware of any objections. The Court related that it would grant the Government's Unopposed Motion and enter the privilege protocol by separate order.<br><br>Next, the Court discussed the upcoming status hearing with the parties, which had been scheduled prior to the November 27, 2024 hearing on the <u>39</u> Pretrial Violation Report. The Court ORDERS that the status hearing is rescheduled to **9:00 AM ET on DECEMBER 20, 2024 in Courtroom 28A**. Mr. Edelman previously consented to the exclusion of Speedy Trial time until that date, so his deadline under the Speedy Trial Act is unaffected by this change. Min. Order (Nov. 4, 2024).<br><br>Next, the Court discussed with Mr. Edelman the potential conflict of interest identified in the Government's <u>47</u> Unopposed Motion for Hearing, which the Court granted by Minute Order on December 10, 2024. The Court described the potential conflict to Mr. Edelman. Mr. Edelman reported that he had discussed the potential conflict with independent counsel and received that independent counsel's advice on the issue. On inquiry from the Court, Mr. Edelman represented that he understood the conflict, orally waived the relevant advice–of–counsel defense, and reported that this waiver was voluntary. Mr. Edelman also reviewed the Government's proposed joint stipulation and reported he had no questions. Because the Government reported that Mr. Edelman had not yet received certain exhibits relevant to that stipulation, the Court did not conclude the inquiry or accept Mr. Edelman's waiver. The Court ORDERS that Mr. Edelman be provided those exhibits, that he review them, and that he be prepared to conclude the inquiry at the upcoming status hearing.<br><br>Finally, the Court held a hearing on the Government's <u>45</u> Motion to Revoke Order of Pretrial Release. After hearing from the parties and Pretrial Services, and having considered the parties' submissions and the present record, the Court orally ordered under 18 U.S.C. § 3148(b) that the <u>16</u> Order Setting Conditions of Release be revoked and that Mr. Edelman be detained pretrial. The Court will issue a Memorandum Opinion explaining that order more fully. Signed by Judge Colleen Kollar–Kotelly on 12/11/2024. (lcckk3) (Entered: 12/11/2024) |

| 12/11/2024 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Motion Hearing as to DOUGLAS EDELMAN (1) held on 12/11/2024, re 45 MOTION to Revoke *Order of Pretrial Release* filed by USA. Motion granted, Conditions of Release Revoked. Bond set as to DOUGLAS EDELMAN (1), Custody. Status Conference set for 12/20/2024 at 9:00 AM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: COMMITTED/COMMITMENT ISSUED; Court Reporter: Sherry Lindsay; Defense Attorney: George M. Clarke, III and Sonya C. Bishop; US Attorney: Joshua A. Gold and Nanette Davis; Pretrial Officer: Jaynice Harden. (dot) (Entered: 12/11/2024) |
|---|---|---|
| 12/12/2024 | 51 | ORDER granting 42 Motion for Entry of Privilege Protocol as to DOUGLAS EDELMAN (1). Signed by Judge Colleen Kollar–Kotelly on 12/11/2024. (lcckk3) (Entered: 12/12/2024) |
| 12/12/2024 | 52 | TRANSCRIPT OF PROCEEDINGS in case as to DOUGLAS EDELMAN (1) before Judge Colleen Kollar–Kotelly held on 12/11/24; Page Numbers: 1–27. Date of Issuance:12/12/24. Court Reporter Sherry Lindsay, Telephone number 202–354–3053, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/2/2025. Redacted Transcript Deadline set for 1/12/2025. Release of Transcript Restriction set for 3/12/2025.(stl) Modified on 12/12/2024 to unlink defendant #2. (ztnr) (Entered: 12/12/2024) |
| 12/12/2024 | 53 | MEMORANDUM OPINION as to DOUGLAS EDELMAN accompanying the Court's oral order granting the 45 Motion to Revoke Order of Pretrial Release. Signed by Judge Colleen Kollar–Kotelly on 12/11/2024. (lcckk3) (Entered: 12/12/2024) |
| 12/12/2024 | | Bond Set/Reset as to DOUGLAS EDELMAN (1) HELD WITHOUT BOND. (znbn) (Entered: 12/13/2024) |
| 12/17/2024 | 54 | REPLY in Support by USA as to DOUGLAS EDELMAN, DELPHINE LE DAIN re 40 MOTION to Take Deposition *of Co–Conspirator 1* (Ranney, Sarah) (Entered: 12/17/2024) |
| 12/20/2024 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Status Conference as to DOUGLAS EDELMAN (1) held on 12/20/2024. Excludable started as to DOUGLAS EDELMAN. Speedy Trial (XT) is tolled in the Interest of Justice from 12/20/2024 to 1/9/2025. Status Conference set for 1/9/2025 at 3:30 PM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: COMMITTED/COMMITMENT ISSUED; Court Reporter: Jeff Hook; Defense Attorney: George M. Clarke, III and Sonya C. Bishop; US Attorney: Ezra Spiro, Joshua A. Gold, Nanette Davis. (dot) (Entered: 12/20/2024) |

| 12/21/2024 | 55 | NOTICE OF APPEAL – Final Judgment by DOUGLAS EDELMAN re 53 Memorandum Opinion, Motion Hearing,,, Bond Set/Reset,,, Set Hearings,,. Filing fee $ 605, receipt number ADCDC–11373776. Fee Status: Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit Dec 11 2024 Minute Order, # 2 Exhibit Dec 12 2024 Memorandum Opinion)(Bishop, Sonya) (Entered: 12/21/2024) |
|---|---|---|
| 12/23/2024 | | MINUTE ORDER as to DOUGLAS EDELMAN (1): The Court held a status hearing in this matter on December 20, 2024. Defendant DOUGLAS EDELMAN, his counsel, the Government, and a court reporter were present in person. |

The Court began by inquiring as to the joint stipulation regarding a potential conflict discussed at the last hearing. *See* Min. Order (Dec. 11, 2024). The parties represented that Mr. Edelman is aware of the contents of the exhibits referenced in the joint stipulation. The Court ORDERS that the Government compile those exhibits with the joint stipulation, which Mr. Edelman has already signed, and submit the complete package of documents to the Court forthwith.

Next, the Court discussed the Government's 40 Motion to Take Deposition. For the reasons stated on the record, the Court found that preserving the testimony of the individual identified in the Indictment as Co–Conspirator 1 is in the interest of justice due to exceptional circumstances. Fed. R. Crim P. 15(a)(1); *United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994). For the reasons stated on the record, the Court further made case–specific findings as to each of Fed. R. Crim. P. 15(c)(3)(A), (B), (C), (D)(ii), and (E) by a preponderance of the evidence. The Court recognized Mr. Edelman's arguments about the Confrontation Clause, which are preserved for the record. Because his objections are to the admissibility of deposition testimony at trial, rather than to the taking of the deposition itself, the Court will address them at a later date. Accordingly, the Court orally GRANTED the Government's 40 Motion to Take Deposition and its request to do so without Mr. Edelman's physical presence. Fed. R. Crim P. 15(a)(1), (c)(1), (c)(3). The deposition will be conducted via two–way live video link, a magistrate judge will open the deposition and be available to resolve disputes as needed, and Mr. Edelman will attend the deposition virtually from the Courthouse. The Court will issue a separate order setting forth the precise procedures for the deposition when arrangements have been finalized.

The Court did not address Mr. Edelman's request for a bench trial, which is premature. The Court discussed with the parties Mr. Edelman's access to the Government's ongoing discovery productions.

The Court ORDERS the parties to appear for a status hearing on **JANUARY 9, 2025 at 3:30 PM ET in Courtroom 28A**. In the event the parties identify any disputes about the scope of the anticipated deposition testimony requiring resolution before the deposition, the Court further ORDERS the parties to file a notice identifying those disputes on or before JANUARY 8, 2025.

Finally, the Court discussed with Mr. Edelman his Speedy Trial rights. Mr. Edelman consented to the exclusion of time between December 20, 2024 and January 9, 2025, the date of his next status hearing. Because a continuance will allow Mr. Edelman to obtain and review voluminous discovery and determine how he intends to proceed with this matter, the Court finds that a continuance serves the ends of justice and outweighs the interests of Mr. Edelman and the public in a speedy trial. The Court calculates that Mr. Edelman's new 70–day deadline is March 20, 2025 and that his new 90–day

| | | deadline is April 9, 2025. Signed by Judge Colleen Kollar–Kotelly on 12/23/2024. (lcckk3) (Entered: 12/23/2024) |
|---|---|---|

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **DOUGLAS EDELMAN,** | Criminal No. 24-cr-239 (CKK) |
| *Defendant.* | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that, pursuant to 18 U.S.C. § 3145(c), Defendant Douglas Edelman hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from this Court's order in the above-captioned proceeding, entered as a minute order on December 11, 2024 (filed as a Memorandum Opinion on December 12, 2024 at Dkt. No. 53), granting the government's Motion to Revoke Order of Pretrial Release (Dkt. No. 45), and from all rulings and orders merged therein, and all other underlying or related orders, rulings, and findings.

Respectfully submitted,

/s/ Sonya C. Bishop
SONYA C. BISHOP
D.D.C. Bar No. NY0568
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812

Dated: December 21, 2024

*Attorney for Defendant Douglas Edelman*

1

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2024, I electronically filed the foregoing Notice of Appeal with the Clerk of the Court using the Court's CM/ECF system, which will send notice of this filing to all parties.

/s/ Sonya C. Bishop
SONYA C. BISHOP

2

CALCOM,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:24-cr-00239-CKK All Defendants

Case title: USA v. EDELMAN et al                          Date Filed: 05/16/2024

Assigned to: Judge Colleen Kollar-Kotelly

**Defendant (1)**

**DOUGLAS EDELMAN**                    represented by   **George M. Clarke , III**
BAKER & MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006-4078
(202) 835-6184
Fax: (202) 416-7184
Email: george.clarke@bakermckenzie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Marion Rocker Tuohy**
BAKER MCKENZIE
815 Connecticut Ave, NW
Washington, DC
Washington, DC 20001
303-906-9558
Email: allison.rocker@bakermckenzie.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Scott Frewing**
BAKER & MCKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304-1044
650-251-5924
Email: jessica.davis@bakermckenzie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Sonya C. Bishop**
BAKER MCKENZIE
New York
452 Fifth Avenue
New York, NY 10018
332-215-5812
Fax: 212-310-1748
Email: sonya.bishop@bakermckenzie.com

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |

18:371; CONSPIRACY TO DEFRAUD
THE UNITED STATES; Conspiracy to
Defraud the United States.
(1)

18:1001, 2; STATEMENTS OR ENTRIES
GENERALLY; False Statements to the
Executive Branch, Internal Revenue
Service.
(2-3)

26:7201, 18:2; ATTEMPT TO EVADE OR
DEFEAT TAX; Tax Evasion - 2006.
(4)

26:7201; ATTEMPT TO EVADE OR
DEFEAT TAX; Tax Evasion 2007-2020.
(5-18)

31:5314 and 5322(b), C.F.R. 31 C.F.R.
1010.350, 1010.306(c)-(d), and
1010.840(b); RECORDS AND REPORTS
ON FOREIGN FINANCIAL AGENCY
TRANSACTIONS - DEFINITION;
Willfully Filing False FBARs for 2007-
2012.
(19-24)

31:5314, and 5322(b), C.F.R. 31, C.F.R.
1010.350, 1010.306(c)-(d), and
1010.840(b), 18:2; RECORDS AND
REPORTS ON FOREIGN FINANCIAL
AGENCY TRANSACTIONS -
DEFINITION; Willful Failure to file
FBARs for 2015-2020.
(25-30)

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |

None

**Highest Offense Level (Terminated)**
None

| **Complaints** | **Disposition** |

None

| | | |
|---|---|---|
| | | Redaction Request due 1/2/2025. Redacted Transcript Deadline set for 1/12/2025. Release of Transcript Restriction set for 3/12/2025.(stl) Modified on 12/12/2024 to unlink defendant #2. (ztnr) (Entered: 12/12/2024) |
| 12/12/2024 | 51 | ORDER granting 42 Motion for Entry of Privilege Protocol as to DOUGLAS EDELMAN (1). Signed by Judge Colleen Kollar-Kotelly on 12/11/2024. (lcckk3) (Entered: 12/12/2024) |
| 12/11/2024 | | Minute Entry for proceedings held before Judge Colleen Kollar-Kotelly: Motion Hearing as to DOUGLAS EDELMAN (1) held on 12/11/2024, re 45 MOTION to Revoke *Order of Pretrial Release* filed by USA. Motion granted, Conditions of Release Revoked. Bond set as to DOUGLAS EDELMAN (1), Custody. Status Conference set for 12/20/2024 at 9:00 AM in Courtroom 28A- In Person before Judge Colleen Kollar-Kotelly. Bond Status of Defendant: COMMITTED/COMMITMENT ISSUED; Court Reporter: Sherry Lindsay; Defense Attorney: George M. Clarke, III and Sonya C. Bishop; US Attorney: Joshua A. Gold and Nanette Davis; Pretrial Officer: Jaynice Harden. (dot) (Entered: 12/11/2024) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

DOUGLAS EDELMAN,

    Defendant.

Criminal Action No. 24-239-1 (CKK)

## MEMORANDUM OPINION
(December 11, 2024)

Defendant Douglas Edelman is alleged to have orchestrated one of the largest tax-evasion schemes in American history. Following his arrest in Spain, Edelman was transferred to the United States and released to the supervision of the Pretrial Services Agency. Later, the Government moved for revocation of Edelman's release on the basis of pretrial violations. After a hearing, and upon consideration of the parties' submissions, the relevant legal authority, and the entire record before it,[1] the Court orally ordered that Edelman's release be revoked and that Edelman be detained pending trial. *See* Min. Order (Dec. 11, 2024). The Court summarized on the record the factual findings and legal conclusions underlying that order. This Memorandum Opinion relates those findings and conclusions in further detail.

---

[1] The Court's consideration focused on:
- The Indictment, ECF No. 1;
- The Pretrial Violation Report, ECF No. 39;
- The Government's Motion to Revoke Order of Pretrial Release, ECF No. 45 ("Gov't's Mot.");
- The Declaration in Support of the Government's Motion by Adam Soline, ECF No. 45-1 ("Soline Decl.");
- Copies of Edelman's messages, redacted versions of which are attached to the Government's Motion, ECF Nos. 45-2, 45-3, and full versions of which the Court has reviewed in Chambers;
- The parties' representations at a hearing on November 27, 2024, ECF No. 44 ("Nov. 27 Tr.");
- Edelman's Response and Objection to the Government's Motion, ECF No. 46-1 ("Def.'s Opp'n"), which the Court granted Edelman leave to file under seal;
- The Government's Reply in Support of its Motion, ECF No. 49 ("Gov't's Reply"), which the Court granted the Government leave to file under seal; and
- The representations of the parties and the Pretrial Services Agency at a hearing on the Government's Motion on December 11, 2024.

1

# I. BACKGROUND

## A. Edelman's Alleged Criminal Conduct

In May 2024, a grand jury returned a thirty-count indictment charging Edelman with one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; two counts of False Statements to the Internal Revenue Service (IRS), in violation of 18 U.S.C. § 1001; fifteen counts of Tax Evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and twelve counts of Willful Violation of Foreign Bank Account Reporting Requirements, in violation of 31 U.S.C. §§ 5314, 5322(b), 18 U.S.C. § 2, and associated regulations.  The factual allegations supporting those charges are extensive.  In short, the Government alleges that Edelman perpetrated a decades-long scheme to defraud the United States of tax revenues by concealing his earnings in an intricate web of financial entities across the globe and by lying to regulators along the way.

Together, Mina Corporation and Red Star Enterprises ("Mina/Red Star") form the nucleus of Edelman's alleged scheme.  *See* Indictment ¶ 2.  The Government alleges that Edelman, leveraging connections in Kyrgyzstan and Russia, formed Mina/Red Star as a defense contracting enterprise that would support U.S. military operations in Afghanistan and the Middle East.  *Id.* ¶¶ 20–23.  Edelman allegedly owned 50% of Mina/Red Star and profited handsomely from the more than $7 billion in government contracts the firm won providing jet fuel to the U.S. Department of Defense.  *Id.* ¶¶ 2, 20–22.  From the start, Edelman is alleged to have routed his income from Mina/Red Star through nominee entities and foreign banks to avoid detection by the IRS.  *Id.* ¶ 36.  Then, to defuse a 2010 Congressional investigation into Mina/Red Star, Edelman allegedly concocted the false story that his wife and Co-Defendant Delphine Le Dain—a French national— owned the firm.  *Id.* ¶ 36.  For the next decade, Edelman allegedly maintained that lie through false statements and filings to U.S. authorities and foreign banks before finally selling his stake in

2

Mina/Red Star in 2020. *Id.* ¶¶ 51, 55–56. All told, the Government alleges that Edelman evaded taxes on more than $350 million of income from Mina/Red Star and its related entities. *Id.* ¶ 52.

**B. Edelman's Arrest and Release**

On July 3, 2024, Spanish authorities arrested Edelman in Ibiza, Spain at the United States's request. ECF No. 5 at 2. After a period of detention in Spain, Edelman was surrendered to the custody of the U.S. Marshals Service and transported to the United States. Gov't Mot. at 3. On September 3, 2024, Edelman appeared in the U.S. District Court for the District of Columbia for arraignment by Magistrate Judge Moxila A. Upadhyaya. Min. Entry (Sept. 3, 2024). Having negotiated conditions of release with Edelman's counsel, Gov't Mot. at 3–4, the Government did not request that Edelman be detained pretrial, Min. Entry (Sept. 3, 2024). Instead, Magistrate Judge Upadhyaya entered an order releasing Edelman to the supervision of the Pretrial Services Agency subject to monitoring under the High Intensity Supervision Program. *See* Order Setting Conditions of Release, ECF No. 16 ("Release Order").

Magistrate Judge Upadhyaya's Release Order also set a series of conditions that Edelman acknowledged on the record. Release Order at 1–4. Among other things, Edelman was required to surrender his passport, submit to GPS monitoring, restrict his movements to within one mile of his residence, and post an unsecured bond of $12.9 million. *Id.* at 1–3.[2] Most relevantly, Magistrate Judge Upadhyaya ordered that "[e]xcept for his wife, Delphine Le Dain, Defendant shall have no direct contact (other than contact through legal counsel) with the co-conspirators named or identified in the Indictment." *Id.* at 2.

On September 26, 2024, the Government sent Edelman's counsel a letter identifying all alleged co-conspirators described in the Indictment. Gov't Mot. at 4.

---

[2] Edelman also acknowledged on the record that failure to comply with his conditions of release may result in the forfeiture of his bond. ECF No. 16-1 at 1–2. The Court does not address that issue here.

**C. Alleged Violations and Procedural History**

On November 21, 2024, the Pretrial Services Agency notified the Court that, in its view, Edelman had violated a condition of his release. Pretrial Violation Report, ECF No. 39. Specifically, Pretrial Services reported that Edelman had contacted the individual identified in the Indictment as Co-Conspirator 3 via text message on October 12, 2024. *Id.* at 3. In light of that alleged violation, Pretrial Services recommended that the Court issue a judicial directive that Edelman comply with his conditions of release. *Id.* at 4.

At the Court's request, Pretrial Services furnished a copy of the offending text message in the form of a screenshot of Co-Conspirator 3's cellphone opened to a WhatsApp conversation between Co-Conspirator 3 and an unsaved number. *See* ECF No. 45-2. That screenshot showed a message to Co-Conspirator 3 from the unsaved number dated October 12, 2024. *Id.* at 2. Pretrial Services represented that the unsaved number belongs to Edelman. After reviewing the message, the Court scheduled a hearing on the alleged violation. Min. Order (Nov. 21, 2024).[3]

Less than an hour later, the Court received an email from the Government, with defense counsel copied, advising the Court of another potential violation of Edelman's release conditions. The Government represented that Edelman had also engaged in text message conversations with Robert Dooner, the individual identified in the Indictment as Co-Conspirator 4. Attached to the Government's email were a series of screenshots from Dooner's cellphone opened to a conversation on the messaging app Signal between Dooner and a user saved in Dooner's phone as "de." *See* ECF No. 45-3. The messages between Dooner and "de" begin on September 7, 2024 and end on October 22, 2024 when "de set disappearing message time to 1 day," indicating that the application would automatically delete each message 24 hours after it was sent. *Id.* at 2–13.

---

[3] The Court initially scheduled the hearing for November 26, 2024. Min. Order (Nov. 21, 2024). Due to defense counsel's unavailability, the Court then continued the hearing to November 27, 2024. *See* Min. Order (Nov. 22, 2024).

The Government informed the Court that Pretrial Services received a copy of the messages, which Pretrial Services later confirmed.  On inquiry from the Court, Pretrial Services reported via email that it would not submit a second violation report and that it had "no stance on whether to support detention or not due to the intricacy of the violations and the case."

The parties appeared for a hearing on November 27, 2024.  Min. Order (Nov. 27, 2024). The Court began by reminding Edelman that a condition of his release was that he "shall have no direct contact" with co-conspirators identified in the Indictment.  Nov. 27 Tr. 2:12–16.  Edelman apologized to the Court for his conduct and admitted he "was wrong."  *Id.* 2:21–22.  His counsel further responded that Edelman "accepts that this is a violation," "accepts that it's serious," and had "deleted all the contacts off of his phone" as a show of good faith.  *Id.* 6:13–15.  On inquiry from the Court, Defense counsel suggested that replacing Edelman's smartphone with a flip phone would be an appropriate remedial measure.  *Id.* 8:7–24.  The Court then recessed to allow the parties to discuss potential changes to Edelman's conditions of release.  *See id.* 8:25–11:2.

The parties could not reach an agreement.  The Government explained that Pretrial Services "is not able to monitor [Edelman's] communications on devices," which Pretrial Services confirmed.  Nov. 27 Tr. 12:7–8, 23:18–19.  The Government also took the position that restricting Edelman's access to devices while on release would be impracticable.  *See id.* at 12:7–15.  In sum, the Government argued "[t]here is just no feasible way to monitor him given the ability to access the internet and all sorts of devices in this day and age."  *Id.* at 12:15–18.  The Government then orally moved for revocation of release, and Edelman orally opposed that motion.  *Id.* at 13:2–7.

The Court set a briefing schedule on the Government's oral motion.  Min. Order (Nov. 27, 2024).  The Government filed a written motion for revocation of release, a supporting affidavit, and exhibits.  *See generally* Gov't's Mot.  Edelman filed a written opposition with supporting

5

exhibits of his own spanning nearly 500 pages.  *See generally* Def.'s Opp'n.  And the Government replied.  *See generally* Gov't's Reply.

The parties then appeared for a hearing on the Government's motion on December 11, 2024.  At the hearing, the Government represented that it would rely on its written submissions. Edelman's counsel offered to discuss certain cases cited in the Government's Reply.  The Court had reviewed those cases and required no further information because those cases were generally irrelevant to the Court's analysis.  After hearing from Pretrial Services, the Court orally granted the Government's motion, ordered that Edelman be detained, and explained in summary form the factual and legal bases for its ruling.

## II. LEGAL STANDARD

"In our society[,] liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, authorizes one such exception:  A person released pending trial who has violated a condition of his release is "subject to a revocation of release" and "an order of detention."  18 U.S.C. § 3148(a).  Under that statute, and on the Government's motion, the Court "shall enter an order of revocation and detention" if, after a hearing, it:

(1) finds that there is—

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

    (A) based on the factors set forth in section 3142(g) of [Title 18], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

> (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.* § 3148(b).  Where, as here, the Government submits substantial new evidence to support its motion for detention, the Court conducts its review *de novo* and without deference to the initial order of release.  *See United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021); *United States v. Maucha*, No. 21-cr-322, 2023 WL 4131016, at *2 (D.D.C. June 22, 2023) (CJN).

As to the first of the two sets of alternative findings necessary to support revocation of release (18 U.S.C. § 3148(b)(1)), the Government does not argue Edelman committed a crime while on release.  *See* Gov't Mot. at 11.  As such, the Court assesses only whether there is clear and convincing evidence that Edelman violated a condition of release.  18 U.S.C. § 3148(b)(1)(B).

As to the second set (18 U.S.C. § 3148(b)(2)), the Government argues that both alternative findings are satisfied.  Gov't Mot. at 13, 20.  Because the Court granted the Government's motion under Section 3148(b)(2)(B) only, the Court need not address the standard under Section 3148(b)(2)(A).  *See United States v. Manafort*, 897 F.3d 340, 345 (D.C. Cir. 2018) ("Either finding provides an independent basis for detention . . . .").

Section 3148(b)(2)(B) requires the Court to assess whether Edelman "is unlikely to abide by any condition or combination of conditions of release."  The D.C. Circuit has not established the evidentiary standard applicable to that assessment.  *See Manafort*, 897 F.3d at 344 n.1, 346 n.2.  And neither party addresses the issue.  Both the Second and Fifth Circuits have adopted a preponderance-of-the evidence standard.  *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990) ("[A] district court's finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence."); *United States v. Gotti*, 794 F.2d 773, 778 (2d

Cir. 1986) (similar).[4]  For the reasons explained by those courts, the Court assesses whether a preponderance of the evidence establishes that Edelman is unlikely to abide by any condition or combination of conditions of his release.

### III. FINDINGS & ANALYSIS

After considering the parties' written and oral submissions, the present record before it, the representations of Pretrial Services, and the relevant law, the Court granted the Government's motion for revocation of release and ordered that Edelman be detained.  Below, the Court sets forth its findings and analysis in detail.

### A.  Edelman Violated His Release Conditions

First, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is "clear and convincing evidence that [Edelman] has violated [his] condition[s] of release."  Specifically, the Court finds that Edelman violated the condition that, "[e]xcept for his wife, Delphine Le Dain, Defendant shall have no direct contact (other than contact through legal counsel) with the co-conspirators named or identified in the Indictment."  Release Order at 2.

*Contact with Co-Conspirator 3.*  As explained, the first violation brought to this Court's attention was memorialized in a screenshot of a WhatsApp conversation between Co-Conspirator 3 and a WhatsApp user with an unsaved number.  *See* ECF No. 45-2.  Consistent with the representations of Pretrial Services and the Government, Edelman concedes that he was the WhatsApp user who sent the messages from the unsaved number.  Def.'s Opp'n. at 17.  Further, the Court finds that Edelman knew the identity of the person described pseudonymously in the

---

[4] District courts from other circuits have followed suit.  *See, e.g.*, *United States v. Jittaphol*, 598 F. Supp. 3d 22, 27 (D. Mass. 2022); *United States v. Richardson*, No. 17-cr-24, 2022 WL 2442299, at *5 (W.D. Pa. June 21, 2022); *United States v. Slade*, No. 04-cr-1492, 2013 WL 2455926, at *5 (D. Ariz. June 5, 2013); *United States v. Carr*, No. 11-cr-112, 2012 WL 3262821, at *9 (N.D. Ill. Aug. 9, 2011); *United States v. Holden*, 04-cr-80112, 2004 WL 7331459, at *9 (S.D. Fla. Oct. 4, 2004).

Indictment as Co-Conspirator 3—and thus knew he was prohibited from contacting that person. The Government and Edelman agree that he and Co-Conspirator 3 have shared a close personal and professional relationship for years.  *Id.* at 18; Soline Decl. ¶¶ 5–8.  Edelman's messages to Co-Conspirator 3 predating the Release Order show that he understood that Co-Conspirator 3 was involved in the case against him.  *See* ECF No. 45-2 at 1 ("Shame we are banned from being friends and talking even.").  And the violative message from Edelman to Co-Conspirator 3 was sent on October 12, 2024, *id.* at 2—weeks after the Government furnished Edelman's counsel with a letter identifying all alleged co-conspirators, Gov't's Mot. at 4, and more than a month after Edelman was ordered not to contact such persons, Release Order at 2 (issued Sept. 3, 2024). Accordingly, the Court finds by clear and convincing evidence that Edelman knowingly and willfully violated his conditions of release by contacting Co-Conspirator 3 on October 12, 2024.

That said, the offending message itself is relatively anodyne.  In the message, Edelman wishes Co-Conspirator 3 well and mentions that he is watching a baseball game in which Co-Conspirator 3 would have an interest.  ECF No. 45-2 at 2.  Co-Conspirator 3 does not respond.  *Id.*

**Contact with Co-Conspirator 4.**  Edelman's other violations—contacting Robert Dooner, the person identified as Co-Conspirator 4 in the Indictment—are significantly more serious.

These violations are documented in a series of screenshots from Dooner's cellphone opened to a weeks-long conversation in the encrypted messaging application Signal.  *See* ECF No. 45-3.  Dooner's correspondence is with a Signal user saved as "de."  *Id.*  Those are Douglas Edelman's initials, and Edelman admits that he is the user identified as "de."  Def.'s Opp'n at 8.

The conversation between the two begins on September 7, 2024, *see* ECF No. 45-3 at 2, weeks before the Government formally informed Edelman that Dooner is Co-Conspirator 4, *see* Gov't's Mot. at 4.  But the Court finds by clear and convincing evidence that Edelman knew at all

relevant times that Dooner was Co-Conspirator 4 and that he had been ordered not to contact Dooner for that reason.  The parties agree that Dooner and Edelman have shared a long personal and professional relationship, Def.'s Opp'n at 18; Soline Decl. ¶¶ 13–14, and this relationship would have allowed Edelman to identify Dooner as Co-Conspirator 4 from the information included in the Indictment, *see* Indictment ¶ 8(d).  Dooner also entered into a public cooperation agreement with the Government in 2023.  *See* Plea Agreement (ECF No. 14), *United States v. Dooner*, 23-cr-314 (CKK).  And Edelman's messages to Dooner reveal that Edelman knew Dooner was among the persons he was barred from contacting.  *See, e.g.*, ECF No. 45-3 at 5 ("Seems we should not communicate at all.").  For these reasons, the Court finds by clear and convincing evidence that Edelman knowingly and willfully violated his conditions of release when he contacted Dooner on September 7, 2024, and that he continued knowingly and willfully violating those conditions by contacting Dooner repeatedly over the ensuing weeks.

This string of violations is particularly serious because of the content of Edelman and Dooner's conversation.  After some initial pleasantries and personal news, Edelman begins discussing financial matters.  ECF No. 45-3 at 2–3.  He explains to Dooner that one benefit of his pretrial release is that "I can finally work from here on all the trust and biz matters."  *Id.* at 3.  Edelman relates that the individuals managing the "[t]rust are being horrible frankly" and that their behavior creates "a serious issue" that he is "trying to help get . . . sorted out."  *Id.*

The Court finds, based on the evidence in the present record, that the trust to which Edelman refers is Galactea Trust, an entity that holds the assets at the heart of this litigation. Galactea is currently organized as a discretionary, irrevocable trust for the benefit of Delphine Le Dain—Edelman's wife and Co-Defendant.  The Government asserts that Edelman structured the trust in this way to mask his ownership and control of the assets Galactea holds on paper.

Edelman disputes that characterization.  The Court does not now resolve that dispute—which will be a question for the ultimate factfinder.  But the parties agree, and the record supports the conclusion, that Galactea's new trustee, Joanne Morse of Summit Trust International, has hampered Edelman and Le Dain's access to Galactea assets.  The Court finds that this limit on access to trust assets was the "serious issue" Edelman told Dooner he was trying to sort out.

Two days after Edelman told Dooner he was working on trust matters, Dooner reached out to Edelman with a request:

> Hey. I know you have a lot of irons in the fire, but do you think you might be able to help me with [P]alantir?  It's stuck at CBH Bahamas and their compliance department doesn't want to send to me (presumably because my name is toxic). . . . So may need to go back to Jo[anne Morse]/trust to insist that CBH do the right thing since CBH will only listen to the trust.

> I'm literally on fumes and [P]al[antir] is all I have.  Not to mention my family [is] about to kill me for their shares.

ECF No. 45-3 at 5.

Palantir is a software company, and the record shows that Dooner and his family own Palantir shares worth millions of dollars.  Those shares were held in an account at CBH Bahamas (the Bahamian branch of a Swiss bank) belonging to Satellite Support Services Limited (SSSL)—a British Virgin Islands entity formed by Edelman and Dooner which is itself owned by Galactea Trust.  Dooner tried to convince CBH to release his shares in Palantir for some time, but CBH refused to do so because Galactea effectively controlled the shares (through SSSL) and because Dooner has been convicted of tax evasion.  With this context, the purpose and substance of Dooner's request becomes clear:  Edelman told Dooner he was working to resolve the issue of the trust's recalcitrance; Dooner also had an interest in resolving that issue; so Dooner asked Edelman to help solve his problem too and emphasized the importance of the Palantir shares to his finances and personal life.

In his Opposition, Edelman stresses that Dooner—not Edelman—first broached the subject of releasing the Palantir shares. *See* Def.'s Opp'n at 21–22, 40–45. That fact is irrelevant to the question whether Edelman violated his release conditions. Any message Edelman sent to Dooner was a violation, regardless of its context. But Edelman's characterization, if accurate, might diminish the severity of the violation. After all, Edelman's initial messages to Dooner had largely concerned personal matters. Dooner's request was an inflection point: Edelman was faced with a request for financial assistance from an alleged co-conspirator he knew would likely be a witness against him at trial. Edelman could have told Dooner that talking to him was a mistake and that he could not help procure a multi-million windfall for Dooner.

Instead, Edelman acknowledged that "we should not communicate at all" and promised that he "[w]ill however check with [D]ermot [Shortt and F]irdavs [Shakhidi]," two advisors to Galactea Trust who might convince the trust and CBH to release Dooner's shares. ECF No. 45-3 at 5. Then, after three days without a response from Dooner, Edelman—unprompted—reached out again to tell Dooner he was "[t]rying to see what can be done re [P]al[antir]." *Id.* at 6. Dooner expressed his gratitude. *Id.* ("\*[A]ny\* help with [P]al[antir] would be awesome."). And Edelman assured Dooner that he was "[w]aiting [for] [D]ermot to get back" to him. *Id.*

About a month later, and after discussing Edelman's problems with the trust's management of his own investments, Edelman again raised the subject of Dooner's Palantir shares unprompted: "Hopefully [P]alantir gets sorted. . . . Hopefully some changes soon as trust is just horrible overall!" ECF No. 45-3 at 11. When Dooner told Edelman the problem was with CBH rather than the trust, Edelman responded: "As for cbh let's see… maybe there is a way." *Id.* Two weeks later, on October 17, 2024, when Dooner told Edelman he was having problems with the trustee,

Edelman responded that the trustee "needs to be replaced" and that he "[w]ill keep you [Dooner] posted" on an effort to effect that replacement.  *Id.* at 13.

On October 22, Edelman changed the settings in Signal so that messages in the conversation would disappear one day after being sent.  ECF No. 45-3 at 11.  No further messages are visible, but Dooner has reported that Edelman continued to text him after October 22.  Soline Decl. ¶ 27.  Then, in November 2024, CBH released the Palantir shares to Dooner.

Edelman characterizes his correspondence with Dooner as a misguided but innocuous conversation among old friends.  *See* Def.'s Opp'n at 18–22.  He admits—as he must—that he discussed the Palantir shares with Dooner.  *Id.*[5]  But he minimizes the import of that discussion by arguing he had no actual influence over the trust or CBH.  *Id.* at 40–42.  And he stresses that the Government has not come forward with documentary evidence showing that he actually caused CBH or the trust to release the Palantir shares to Dooner.  *Id.* at 42 ("Correlation is not causation.").  In short, Edelman contends that he foolishly reached out to a friend because he was lonely, sympathetically expressed hope that his friend's financial problem would be resolved, and, in the spirit of friendship, politely offered assistance that he could not give.

The Court reads the messages differently.  Although Dooner first raised the Palantir shares, Edelman opened the door to that subject by discussing his work on the trust—an entity central to this litigation.  Edelman knew that Dooner had a significant financial interest in the trust.  And he knew that he should not have discussed the trust with Dooner.  Nonetheless, Edelman repeatedly promised an alleged co-conspirator and cooperating witness that he would help secure him millions of dollars by coordinating with advisors to the trust.  Edelman's contention that he actually lacked

---

[5] This admission is grudging, though.  Edelman claims that he only "brought [Palantir] up once."  Def.'s Opp'n at 40–41.  That is trivially true:  A keyword search of the messages for the word "Palantir" would show that Edelman used the term once.  But Edelman discussed "Pal" (an abbreviation referring to Palantir) repeatedly and raised the subject of the shares twice without prompting from Dooner after lapses in the conversation.

any influence over the trust (a contention belied by Dooner's repeated requests that Edelman exert such influence), does nothing to reduce the problematic sting of those messages. Even assuming Edelman could not actually deliver, his promise to resolve Dooner's financial woes standing alone could have influenced Dooner, who made clear that securing the Palantir shares was critical to his financial stability. ECF No. 45-3 at 5 ("I'm literally on fumes and [Palantir] is all I have.") And Edelman's messages appear to have affected Dooner, who responded jubilantly when Edelman indicated he would help. *Id.* at 7 ("*[A]ny* help with [Palantir] would be awesome.").

In sum, the Court finds that Edelman's conversation with Dooner was a grave violation of his release conditions because—at minimum—Edelman told a cooperating witness that he would help secure him a financial windfall and curried favor with that witness in the process.

### B. Edelman Is Unlikely to Abide by Any Condition or Combination of Conditions of Release

Next, having reviewed the present record and the parties' submissions, the Court finds by a preponderance of the evidence that Edelman "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). Specifically, the Court finds that Edelman is unlikely to refrain from contacting his alleged co-conspirators. Four considerations compel that conclusion.

*First*, the timing and context of Edelman's violations suggest he will not stop contacting his alleged co-conspirators under any combination of release conditions. Edelman was ordered not to contact individuals identified in the Indictment as co-conspirators on September 3, 2024. *See* Release Order at 3–4. He broke his promise to abide by that order and contacted Dooner just four days later. ECF No. 45-3 at 2. Nor was that initial violation an isolated incident. Edelman contacted Co-Conspirator 3 about a month later. ECF No. 45-2 at 2. And in total, Edelman violated the condition that he not contact alleged co-conspirators at least 29 times in just the first

46 days of his pretrial release. *See id.* (one message to Co-Conspirator 3); ECF No. 45-3 (28 preserved messages to Dooner). Worse still, Edelman committed these violations while subject to one of the most restrictive possible forms of pretrial release: High Intensity Supervision with home detention. *See* Release Order at 2. Edelman's nearly immediate, repeated, and consistent disregard for the Release Order in the face of close supervision by Pretrial Services leaves the Court with a firm conviction that he is unlikely to be deterred from further violations moving forward. *See United States v. Mattocks*, No. 22-cr-226, 2022 WL 16635245, at *4 (D.D.C. Nov. 2, 2022) (RDM) (finding defendant's 6 violations over a 4-day period while on High Intensity Supervision made it unlikely he would follow conditions of release).

*Second*, the nature and circumstances of Edelman's violations further support the conclusion that he is unlikely to abide by his release conditions. To the Court's knowledge, Edelman has not violated any condition of release other than the condition that he not contact his alleged co-conspirators. But that is no an ancillary provision of the Release Order. Rather, Edelman violated a central condition of his release tailored specifically to the unique circumstances of his case. *See* Release Order at 2 (writing in the condition rather than simply checking a box). Although his contact with Co-Conspirator 3 was relatively innocuous, the Court concluded above that Edelman's conversation with Dooner was a particularly serious violation. That is because his actions—discussing subjects integral to the case and promising Dooner financial assistance— strike at the core purpose of his release condition: avoiding any possibility that he could influence potential witnesses against him.

Nor is there any doubt that Edelman knew he was prohibited from contacting his alleged co-conspirators. The Release Order is unequivocal in its prohibition. In the Court's estimation, Edelman is an intelligent man with sophisticated counsel. And Edelman demonstrated openly and

15

repeatedly in his conversation with Dooner that he understood they were not supposed to communicate except through counsel. *E.g.*, ECF No. 45-3 at 3 ("I know we can't talk [about] the 'case' . . . ."); *id.* at 5 ("Seems we should not communicate at all."). Edelman's decision to contact Dooner and Co-Conspirator 3 anyway reveals a flagrant disregard for his Release Order.

Edelman's use of the messaging application Signal to contact Dooner further aggravates the severity of his violations. Signal is an end-to-end encrypted messaging platform, meaning that only the sender and recipient can access and read messages sent through the app. Soline Decl. ¶ 25. And it also allows users to cause their messages to disappear even from the recipient's device after a certain period of time. *Id.* ¶ 26. Edelman suggests that he used Signal to contact Dooner because it is cheaper than texting rather than because of its potential usefulness for clandestine communication. *See* Def.'s Opp'n at 17 & n.3. But the Court does not credit that explanation. Edelman could have used WhatsApp—which is also free, *see id.*—to converse with Dooner. (Indeed, Edelman used WhatsApp to send his less problematic message to Co-Conspirator 3.) Instead, Edelman used Signal and affirmatively availed himself of the app's automatic deletion feature, which ensured that no record of his communications with Dooner after October 22 were preserved. Had Dooner and Co-Conspirator 3 not revealed the conversations to their attorneys, none of Edelman's violations would have come to light.

In sum, Edelman knowingly and willfully violated a core condition of release and did so in a manner that suggests a deliberate effort to avoid detection. Those circumstances leave the Court with serious doubts about Edelman's willingness to comply with any combination of release conditions moving forward.

*Third*, Edelman's demeanor and lack of credibility undermine the likelihood that he would comply with any conditions of release. Edelman has admitted to violating the Release Order and

apologized to the Court for doing so.  *See* Nov. 27 Tr. 2:21–22, 6:13–15.  But the Court assigns limited weight to this confession of error, which came only after Edelman's interlocutors told their attorneys about his violative conduct and after this matter was brought to the Court's attention. Indeed, Edelman's messages reveal that he intended to continue violating the Release Order before he was caught.  *See* ECF No. 45-3 at 13 ("Will keep you posted[.]").

Likewise, the Court is not convinced that Edelman appreciates the severity of his violation—notwithstanding his counsel's assurance that he "takes it very seriously."  Nov. 27 Tr. 6:21–22.  Edelman has attempted to minimize the gravity of his violation and shift the blame to others through semantic games and obfuscation.  *See, e.g.*, Def.'s Opp'n at 40–41 (contending inaccurately that Edelman only "brought [Palantir] up once" and "promised nothing").  His messages show disrespect for the Release Order.  *E.g.*, ECF No. 45-3 at 4 (bragging to Dooner that his legal team "pushed back and won" favorable release conditions); *id.* at 6 (violating his release condition by telling Dooner that the condition "[m]akes no sense to me").  And his demeanor in court, shaking his head and audibly scoffing at the Government, evince a sense of contempt for these proceedings as a whole.  *Cf.* Tr. of Oral Ruling (ECF No. 37) 6:21–24, 8:20–22, *United States v. Fellows*, 21-cr-83 (TNM) (noting "the defendant was smirking and rolling his eyes throughout the hearing"), *aff'd*, 2023 WL 3645549 (D.C. Cir. 2023).

At bottom, Edelman asks the Court to trust that he will reform.  But Edelman has proven himself untrustworthy on this issue.  The Court trusted Edelman to comply with the Release Order; he then violated that order within days and continued doing so for weeks until others reported him. The Government has proffered that there is substantial evidence that Edelman has a pattern of lying to and concealing information from authorities.  And, again, Edelman's own messages reveal an intent to circumvent and undermine his conditions of release.  *See* ECF No. 45-3 at 6

17

(suggesting to Dooner that they could discuss any topic over the phone as long as "George [Edelman's attorney] or someone [is] on the calls . . . just listening etc").

All told, the present record leaves the Court with the impression that Edelman is unlikely to respect this Court's orders. And given Edelman's demonstrated untrustworthiness on this issue, the Court does not credit his promise to comply with any combination of conditions of release moving forward.

*Finally*, the present record shows that Edelman's initial release conditions and his proposed additional conditions cannot ensure his future compliance. Edelman was subject to monitoring under the High Intensity Supervision Program. But even that was insufficient to detect his violations. Dooner and Co-Conspirator 3—not Pretrial Services or Edelman—brought those violations to the Government's and the Court's attention. To be clear, this is no indictment of the efforts or diligence of Pretrial Services. Rather, as Pretrial Services explained at the hearing on the Government's motion, Pretrial Services lacks the capacity to monitor defendants' phones and online activity. Even if Pretrial Services could inspect Edelman's phone, his use of encrypted messaging applications would likely frustrate their supervision.

Moreover, merely seeing the messages is not enough to assess the extent of the violation or make recommendations to the Court. It took two hearings and hundreds of pages of submissions from the parties for this Court to evaluate the context and import of Edelman's messages to Dooner. And Pretrial Services has reported that the complexity of Edelman's violations and this case have inhibited their supervisory efforts.

Edelman proposes that the Court adopt four additional conditions in lieu of detention: (1) that he delete all encrypted messaging apps from his phone and computer; (2) that he delete the contact information of all alleged co-conspirators; (3) that he receive random screenings of his

phone by Pretrial Services; and (4) that he meet with Pretrial Services weekly to ensure his compliance. Def.'s Opp'n at 23. But those conditions would also be insufficient to ensure that Edelman does not contact his alleged co-conspirators.

As explained, Pretrial Services lacks the capacity to monitor Edelman's electronic devices and thus cannot determine whether he is using encrypted messaging applications or with whom he is texting. At the December 11 hearing, Edelman's counsel conceded that Pretrial Services could not remotely monitor Edelman's online activity but suggested that physical inspections of Edelman's devices during his supervisory visits would be a sufficient alternative. The Court disagrees. Edelman could delete any prohibited application or contact to avoid detection during his visits and reinstall them later. And even if Edelman presented Pretrial Services with compliant devices, it would be impossible to determine whether Edelman was violating his release condition on some other device. Pretrial Services lacks the capacity to conduct home visits, monitor who enters Edelman's residence, or determine what devices are available to him. For that reason, even confining Edelman to his residence at all hours of every day could not guarantee that Edelman does not receive a different device with the prohibited applications and contacts. Further, Edelman met with Pretrial Services weekly under his initial release conditions, and those meetings proved insufficient to detect and deter Edelman's violations. *See* Def.'s Opp'n at 23.

Given the constraints on Pretrial Services' resources and capacity, Edelman's proposed conditions boil down to a request that the Court trust him to comply. But Edelman has already abused this Court's trust. Therefore, and for all the reasons stated, the Court finds that Edelman "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). On the present record, the Court concludes that nothing short of detention can ensure that Edelman will not contact his alleged co-conspirators.

## IV. CONCLUSION

The Court concludes that there is clear and convincing evidence that Edelman violated his conditions of release.  *See* 18 U.S.C. § 3148(b)(1)(B).  His violations were knowing, willful, and severe.  And the Court further finds by a preponderance of the evidence that Edelman is unlikely to abide by any condition or combination of conditions of release moving forward.  *Id.* § 3148(b)(2)(B).  His monitoring under the High Intensity Supervision program proved insufficient, and after careful consideration, the Court concludes that Edelman's proposed additional conditions would fare similarly.  As a result, the Court was required to, and did, order that the Magistrate Judge's order of release be revoked and that Edelman be detained pending trial. *See id.* § 3148(b) ("The judicial officer shall enter" such orders.).

**Dated:** December 11, 2024

            /s/                          
            COLLEEN KOLLAR-KOTELLY
            United States District Judge

20