UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA,        .
                                 .
           Plaintiff,            .   CR No. 24-0239 (CKK)
                                 .
      v.                         .
                                 .
DOUGLAS EDELMAN,                 .   Washington, D.C.
                                 .   Friday, January 10, 2025
           Defendant.            .   4:33 p.m.
. . . . . . . . . . . . . . .
```

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

<u>APPEARANCES</u>:

| | |
|---|---|
| For the Government: | SARAH RANNEY, ESQ.<br>JOSHUA A. GOLD, ESQ.<br>U.S. Department of Justice<br>U.S. Attorney's Office<br>601 D Street NW<br>Washington, DC 20530 |
| | EZRA SPIRO, ESQ.<br>U.S. Department of Justice<br>150 M Street NE<br>Washington, DC 20002 |
| For Defendant: | GEORGE M. CLARKE III, ESQ.<br>Baker & McKenzie LLP<br>815 Connecticut Avenue NW<br>Washington, DC 20006 |
| | SONYA C. BISHOP, ESQ.<br>Baker & McKenzie<br>452 Fifth Avenue<br>New York, NY 10018 |
| Court Reporter: | BRYAN A. WAYNE, RPR, CRR<br>U.S. Courthouse, Room 4704-A<br>333 Constitution Avenue NW<br>Washington, DC 20001 |

P R O C E E D I N G S

THE COURT:  Good afternoon, everyone.

THE DEPUTY CLERK:  Criminal case 24-239, the United

States versus Douglas Edelman.  Counsel, would you please

identify yourself for the record starting with the government.

MS. RANNEY:  Good afternoon, Your Honor.  Sarah Ranney

and Ezra Spiro from the Tax Division and AUSA Josh Gold.

THE COURT:  All right.  Good afternoon.

MR. CLARKE:  Good afternoon, Your Honor.  George Clarke

and Sonya Bishop for Mr. Edelman, and Mr. Edelman is present.

THE COURT:  Good afternoon.  And good afternoon,

Mr. Edelman.

All right.  We were last in court on December 19.  We had

set this up with the idea of waiting to see if there was a

particular legal issue that needed to be resolved prior to the

deposition.  Nothing got filed, so I'm assuming there isn't

anything in particular that the court needs to resolve prior

to going into the deposition.

In terms of template regarding the trial, one was proposed

with the idea of doing it in November.  I sent one out,

emailed it, which has the dates starting on October 22 in

order, based on the length of the trial, to make sure we

avoided Thanksgiving, or at least potentially could avoid it,

which meant that some other dates needed to be moved back a

little bit because they were a little too close to the 22nd.

1    But that gives us at least a six-week, if not longer than
2    that, period in terms of the 22nd.  It's one whole week at the
3    end September, and then the next one moves into part of
4    October.  So it would be one, two, three, four, five -- five
5    -- I'm sorry.  October 20, the two weeks, and then two, three,
6    four, five -- so five weeks or five and a half weeks before
7    Thanksgiving, which creates problems when you're trying to
8    choose jurors and then moving into December.
9    So does anyone have a conflict with that trial date?
10    MS. RANNEY:  Your Honor, the government is fine with
11    those dates, and Mr. Clarke can correct me if I'm wrong, but I
12    understand those dates to be fine for the defendant as well.
13    THE COURT:  All right.  We'll go with that.  We emailed
14    you dates in connection with that, motions in limine.  Motions
15    in limine were affected and the *Giglio*, Jencks, etc., in terms
16    of when we would be -- so if it's fine with you, then, we'll
17    go ahead and adopt it and I'll put it on the docket.
18    The next thing we need to see is when the deposition is
19    and to set up the procedures for it.  So get that coordinated,
20    so if someone would file at some point in terms of how we're
21    going to go about it.  I have somebody who I believe will be
22    able to monitor it.  And I'll be around.  I'm not going
23    anywhere.  I'll be in trial, but I certainly will be here.
24    MS. RANNEY:  Yes, Your Honor.  And we had a couple of
25    points we wanted to raise.  We have tentatively found a

1    service to provide the videography, both on the United States

2    and on the UK end.

3            THE COURT:  Okay.

4        MS. RANNEY:  And so we're to the point of needing to

5    set up coordination between that entity and then some court

6    tech folks and then tech folks on the UK end as well so they

7    can figure out the logistics of how to make this work.  We

8    understood that magistrate judge you identified --

9            THE COURT:  Yes, and she's done this before.  She's

10   in the courthouse.  I will be in the courthouse at the time.

11   But when do you think you'll need to get back to court to

12   coordinate things?

13       MS. RANNEY:  Yes.  So the timing of the question is

14   something we were actually hoping to raise with you as well.

15   Because of the time difference with the United Kingdom, we

16   were hoping to start as early in the day as feasible given

17   that it's five hours later London time.  We were hoping to

18   start at 8 a.m.

19           THE COURT:  I'm sorry, what?

20       MS. RANNEY:  We were hoping to start at 8 a.m. D.C.

21   time, which is then 1 p.m. in London.  That hopefully would

22   provide us with a decent chunk of time before it would get too

23   late into the evening hours in the UK.  But that does require

24   from the Marshals Service having Mr. Edelman presented and

25   getting everything set up to go earlier than proceedings

1   usually start in the courtroom.

2          THE COURT:  Okay.  I can talk to them.  They get them

3   in earlier, believe me.  I mean, the fact that we start at

4   9:00 or 9:30, they're definitely in quite a bit earlier than

5   that in most circumstances.  But I will talk to them.

6      Do you have the specific dates?

7          MS. RANNEY:  We do.  We are planning to begin the

8   morning of February 3, which is a Monday, and run for the

9   five days of that week.

10         THE COURT:  Okay.

11         MS. RANNEY:  Perhaps it would be easiest if we put in a

12  proposed order with these details.

13         THE COURT:  I think that would be helpful, and share

14  it, obviously, with defense counsel, and then we have

15  something in writing you're proposing as to how -- since

16  you'll know what things need to be done and what's going to

17  need to be coordinated.

18         MS. RANNEY:  Yes, Your Honor.  We will see if we can

19  solidify the videographer services and then put that into the

20  proposed order as well so that that could be used on the D.C.

21  side to coordinate details.

22         THE COURT:  Okay.  All right.  Anything else besides

23  setting another status date and speedy trial?  Anything else

24  that we need to talk about from your end?

25         MS. RANNEY:  No, Your Honor, except that I would add a

1    quick addendum to the discussion about trial-date scheduling

2    and just flag that our length estimate is based on a jury

3    trial, and we know that defendant had previously raised a

4    request potentially for a bench trial, and we think that there

5    would be, you know, several days less needed if that were the

6    case.  We wanted to flag that it could potentially shorten a

7    little bit if that's important for your calendar.

8         THE COURT:  I'd rather too many than not enough.  I

9    don't want to put another case in during this time, and I will

10   hold off into part of December.  A lot of things are moving

11   around in terms of pleas and other kinds of stuff; and so what

12   I'll do is I'll go ahead and carve this time out, and then

13   we'll see if we need more time or whatever.  But this works

14   at this point.

15        MS. RANNEY:  Yes, Your Honor.  Thank you.  That's all

16   from the government.

17        THE COURT:  All right.  Anything else from you, sir?

18        MR. CLARKE:  I guess I didn't need to walk all the way

19   up here to say "nothing," Your Honor.

20        THE COURT:  All right.  Well, okay.  Do we need another

21   date?  Do you want to set it up before the 3rd or after the 3rd?

22        MR. CLARKE:  I don't think we need a date before the

23   3rd for a status, so I think as long as everything works

24   smoothly, which it has been, I think we should be fine for

25   setting something after.  I think the dates you indicated

1    previously may have been the 5th or 6th of March.  Those

2    worked fine when I checked before, and I think they work

3    fine for the government.

4         THE COURT:  I'm not sure, but let me -- all right.

5    Let me ask the government: Do you think you need one before

6    the 3rd, or can we set it afterwards?

7         MS. RANNEY:  Your Honor, as of right now, the government

8    doesn't see the need to do anything before we begin on the 3rd.

9         THE COURT:  All right.  How about March 6, Thursday?

10   I can do it later in the morning or anytime in the afternoon.

11   Anybody have a preference?

12        MR. CLARKE:  I'm sorry.  I didn't hear what you said,

13   Your Honor.

14        THE COURT:  It's March 6.  It's a Thursday.

15        MR. CLARKE:  All those dates worked for me before.

16        THE COURT:  So the question is whether you want to do

17   it at 11:30 or like 1:30 or later.  Do you have a preference?

18        MS. RANNEY:  11:30 works for the government, Your Honor.

19        THE COURT:  All right.  Why don't we do 11:30.  So the

20   status will be March 6, which is within the speedy trial

21   dates.  All right.

22       Mr. Edelman, do you remember your speedy trial rights?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE COURT:  And are you willing to not count from

25   today's date until the next date, March 6, when we come back?

1       THE DEFENDANT:  Yes.

2       THE COURT:  I'll find it's in the interest of justice,

3   the community, and the defendant, Mr. Edelman, to continue his

4   speedy trial rights between January 10 and March 6.

5       All right.  If there's nothing else, let me excuse you.

6   Everybody take care, be well, and if I don't hear from you in

7   between, I'll see you in March.  Parties are excused.

8       (Proceedings adjourned at 4:45 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

* * * * * *

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.


/s/ Bryan A. Wayne
Bryan A. Wayne