IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOUGLAS EDELMAN<br><br>and<br><br>DELPHINE LE DAIN,<br><br>    Defendants. | Case No. 24-cr-239 (CKK) |

## JOINT STATUS REPORT

Pursuant to this Court's March 21, 2025, order, Defendant Douglas Edelman and the United States jointly inform the Court as follows:

1.    The Court held a status hearing on March 13, 2025 at which Defendant Edelman's counsel raised concerns regarding the Defendant's competency. In response, the Court issued an Order referring Defendant Edelman for psychiatric or psychological evaluation to be conducted by Dr. Grant, a psychologist for the District of Columbia Department of Behavior Health, Pretrial and Assessment Branch. ECF No. 66.

2.    At this hearing, counsel for Defendant Edelman reported that she believed Mr. Edelman was competent to understand and waive his Speedy Trial rights. The Court set another status hearing for March 26, 2025.

3.    On March 19, 2025, Defendant Edelman submitted a motion asking the Court for an additional psychological and psychiatric evaluation. ECF No. 70. Defendant Edelman identified two doctors and requested that they be given 16 hours to perform testing and conduct an interview. The motion requests that the Court order: 1) various logistics related to the doctors' proposed

1

evaluation, 2) that the D.C. Department of Corrections provide copies of Defendant Edelman's medical records to the doctors, and 3) that the next status update be continued to April 3, 2025. *Id.*

4. Dr. Grant reported she evaluated Mr. Edelman via WebEx on March 19, 2025, and that her evaluation took 55 minutes. Grant Report, at 1.

5. Dr. Grant submitted her report on March 21, 2025. She wrote that:

> While a competency examination is considered a moment in time with an evaluator, this writer was not able to elicit any overt irrational or delusional ideations as it related to the defendant's understanding of his case, the ability to relate pertinent information to his attorneys, understand the potential consequences of his pending proceedings, make reasoned choices of legal strategies and options, the adversarial nature of his proceedings, the ability to testify, and demonstrate appropriate courtroom behavior. While the defendant and his attorney disagree about his ownership and/or level of involvement in the businesses, the admission of guilt[] on specific facts, the gravity and interpretation of emails, there does not appear to be any psychiatric or cognitive evidence to support that his refusal to acknowledge various aspects of his case is associated with psychotic processes or neurocognitive issues.

Grant Report, at 5.

6. Dr. Grant appears to have considered the requested medical records. She wrote: "Records from the detention center have not diagnosed nor have staff observed any overt psychiatric symptomatology." Grant Report, at 5.

7. On March 21, 2025, the Court, noting Dr. Grant's report had opined that there is no basis to question Defendant Edelman's competency at this time, ordered the parties to confer and file a Joint Status Report on or before March 24, 2025.

8. On Saturday and Sunday March 22 and 23, Dr. Jeremy Blank, PsyD and Dr. Charles Saldanha, MD evaluated Mr. Edelman to determine whether he is competent to enter a plea agreement. Dr. Blank spent approximately four hours performing neurocognitive and emotional testing on Mr. Edelman, and Dr. Saldanha spent just over four hours interviewing Mr. Edelman. Both Drs. Blank and Saldanha evaluated Mr. Edelman in person at the D.C. Correctional

Treatment Facility.

9. Drs. Blank and Saldanha's written report will not be ready until April 1, 2025, but they have informed defense counsel that their preliminary conclusion is that Mr. Edelman is presently competent.

10. Drs. Blank and Saldanha have determined that Mr. Edelman displays certain mental health factors that will inform his engagement in this proceeding. As a consequence of those factors, which will be addressed more fully in their report, Drs. Blank and Saldanha believe Mr. Edelman may benefit from additional time to consider certain significant decisions, including whether to enter into a specific plea agreement.

11. Mr. Edelman maintains his requests for medical records.

12. Despite Drs. Blank and Saldanha's preliminary determination, Mr. Edelman asks the Court to consider the report of Drs. Blank and Saldanha before proceeding further in this case. Mr. Edelman requests that this Court allow Mr. Edelman to file that report by April 3, 2025, and continue the status hearing to April 4, 2025, during which hearing the Court may also wish to determine Mr. Edelman's competency to proceed.

13. The Government does not believe that further evaluation is necessary given Dr. Grant's report. To the extent the additional evaluation does not impact the current trial and motions schedule, the government takes no position on the defense motion and defers to the Court. Were the defense proposed evaluation to impact the current schedule in the case, the Government objects.

Respectfully submitted,

|  |  |
|---|---|
|  | KAREN E. KELLY<br>Acting Deputy Assistant Attorney General |
| /s/ Sonya Bishop<br>SONYA C. BISHOP<br>D.D.C. Bar No. NY0568<br>Sonya.bishop@bakermckenzie.com<br>BAKER & McKENZIE LLP<br>452 Fifth Ave.<br>New York, N.Y. 10018<br>(332) 215-5812 | By: _____<br>EZRA K. SPIRO<br>NY Bar No. 5921838<br>Trial Attorney<br>Department of Justice Tax Division<br>150 M Street, N.E.<br>Washington, DC 20002<br>Ezra.K.Spiro@usdoj.gov |

*Counsel for Douglas Edelman.*

Dated: March 24, 2025