IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOUGLAS EDELMAN<br>and<br>DELPHINE LE DAIN,<br><br>            Defendants. | 1:24-CR-00239 (CKK) |

**JOINT NOTICE OF AUTHORITY REGARDING RELEVANT CONDUCT**

As requested by the Court at the May 16, 2025, hearing, counsel for Defendant Douglas Edelman and the United States jointly submit this notice of authority responding to the Court's questions at the May 16, 2025, hearing.

**I.   Advisory Guidelines' Offense Conduct**

Mr. Edelman intends to plead guilty to ten counts from the May 16, 2024 Indictment: (1) Count 1 (18 U.S.C. § 371 – conspiracy to defraud the United States); (2) Count 2 (18 U.S.C. § 1001 – making materially false statements to the IRS in 2016); (3) Count 3 (18 U.S.C. § 1001 – making materially false statements to the Department of Justice in 2018); and (4) Counts 4-10 (26 U.S.C. § 7201 – attempt to willfully evade or defeat tax for the 2006 to 2012 tax years). He does not intend to change his current not guilty plea with respect to the remaining counts of the Indictment.

1

The parties agree that under the advisory U.S. Sentencing Guidelines, § 2T1.1 is the correct offense conduct for the charges to which Mr. Edelman intends to plead guilty.[1] Under § 2T1.1, the base offense level is determined by the tax loss, as provided by the Tax Table in § 2T4.1. Tax loss is "the total amount of loss that was the object of the offense." U.S.S.G. § 2T1.1(c). The amount of tax loss is a question that is decided by judges, not juries, during the sentencing phase of a criminal proceeding.

## II.     Relevant Conduct

Note 2 to the Commentary on § 2T1.1 explains that: "In determining the total tax loss attributable to the offense (*see* §1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated."

U.S. Sentencing Guideline § 1B1.3(a)(1)(A) directs that a Court consider all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant. The conduct that is "part of the same course of conduct or common scheme" is sometimes referred to as "relevant conduct," which (like the tax loss) is used to determine the base offense level. *See, e.g.*, § 1B1.3(a)(2) (defining "relevant conduct" to include, for certain offenses "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction").

---

[1] Because all ten counts are "determined largely on the basis of the total amount of harm or loss," U.S.S.G. § 3D1.2, the Guidelines dictate that the counts be "grouped" and treated as one count. *See* §§ 3D1.1,3D1.2. Section 1001 has its own offense conduct and loss table, § 2B1.1 and § 2B1.1(b)(1), but because here the false statement charges relate to the tax evasion charges, § 2B1.1(c)(3) dictates that the base offense level be dictated by § 2T1.1.

"Relevant conduct" includes "[c]onduct that is not formally charged or is not an element of the offense of conviction [but that] may enter into the determination of the applicable guideline sentencing range." § 1B1.3, cmt. (background); *accord* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). As the Supreme Court has explained: "'very roughly speaking, [relevant conduct] corresponds to those actions and circumstances that courts typically took into account when sentencing prior to the Guidelines' enactment.'" *United States v. Watts*, 519 U.S. 148, 152 (1997) (per curiam) (quoting *Witte v. United States*, 515 U.S. 389, 402 (1995)). Indeed, "by authorizing the consideration of offender-specific information at sentencing without the procedural protections attendant at a criminal trial, our cases necessarily imply that such consideration does not result in 'punishment' for such conduct." *Witte*, 515 U.S. at 400-01.

In *Witte*, the defendant was convicted of a federal marijuana charge and the court found that the total quantity of drugs involved included uncharged criminal conduct in which he had engaged with several co-conspirators. 515 U.S. at 389. He was subsequently indicted for the conspiracy which constituted relevant conduct. *Id.* The Supreme Court explained that "consideration of relevant conduct in determining a defendant's sentence . . . does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause" and that there was no bar to prosecuting the subsequent indictment. 515 U.S. at 390. Here too, the Court can consider whether Mr. Edelman's 2013-2020 conduct constituted relevant conduct without impacting the government's ability to prosecute him for that conduct.

That relevant conduct can include facts relating to uncharged conduct is well established.[2] *See Watts*, 519 U.S. at 154 (sentencing courts have the power to consider uncharged conduct); *United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) ("[L]ong-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence."); *United States v. Bove*, 155 F.3d 44, 47-48 (2d Cir. 1998) (relevant conduct "clearly encompasses both charged and non-charged conduct"); *United States v. Georges*, 146 F.3d 561, 562 (8th Cir. 1998) (court included as relevant conduct deposit of loan repayment to a personal account and deduction of loan as these acts were tied to pattern of conduct to conceal income); *United States v. Valenti*, 121 F.3d 327, 334 (7th Cir. 1997) ("It is well established that in determining a defendant's sentence a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted."); *United States v. Fine*, 975 F.2d 596, 603 (9th Cir. 1992) (en banc) ("Our conclusion, that use of the dismissed counts to determine the offense level was proper, is in accord with the conclusions of all the other circuits which have considered this issue.").

These matters may be considered by the sentencing judge where the government proves them by a preponderance of the evidence. *Id.* Consistent with this guidance, in determining tax loss, courts routinely accept as relevant conduct facts, proven by a preponderance of the evidence, relating to uncharged counts. *See, e.g.*, *United States v. Daulton*, 266 F. App'x 381, 387-88 (6th

---

[2] The Supreme Court has ruled that the Constitution permits sentencing courts to consider acquitted conduct. *See Witte v. United States*, 515 U.S. 389 (1995); *see also United States v. Donelson*, 695 F.2d 583, 590 (D.C. Cir. 1982). However, a 2024 amendment to the Sentencing Guidelines added Note 10 to Section 1B1.3, stating that relevant conduct does not include conduct for which the defendant was acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction.

Cir. 2008) (uncharged conduct); *United States v. Lynch*, 735 F. App'x 780, 792 (3d Cir. 2018) (uncharged and acquitted conduct).

Relevant conduct could also encompass dismissed conduct as well as pending charges. *See United States v. Pinnick*, 47 F.3d 434, 437 (D.C. Cir. 1995) ("In order to treat the dismissed counts as relevant conduct, the district court had to find that the government proved by a preponderance of the evidence that [the defendant] committed those acts."); *United States v. Bridgewater*, 950 F.3d 928, 938-39 (7th Cir. 2020) (district court could consider dismissed conduct); *United States v. Brown*, No. 22-CR-114 (TJK), 2024 WL 291741 (D.D.C. Jan. 24, 2024) (courts "routinely consider pending charges against a defendant").

In tax cases, courts routinely account for both charged and uncharged conduct in calculating the tax loss for sentencing. *See, e.g.*, *United States v. Hendrickson*, 822 F.3d 812, 829-30 (6th Cir. 2016) (court properly included tax loss from fraudulent refunds in failure to file case); *United States v. Bove*, 155 F.3d 44, 47-48 (2d Cir. 1998) (court properly included unreported W-2 income as relevant conduct); *United States v. Noske*, 117 F.3d 1053, 1060 (8th Cir. 1997) (no error in court's including amounts of tax evaded by clients using the defendants' business trust scheme); *United States v. Meek*, 998 F.2d 776, 781 (10th Cir. 1993) (court properly included tax loss from uncharged tax evasion in prior years). The mens rea for the relevant conduct loss is the same as that of the offense and must be proven by a preponderance of the evidence. *Ibid.*; *see also United States v. Pierce*, 17 F.3d 146, 150 (6th Cir. 1994); *United States v. Harvey*, 996 F.2d 919, 922 (7th Cir. 1993) ("civil tax liability is not an adequate substitute for 'tax loss' under the Guidelines, which is limited to criminal understatements").

### III.   Application

For these reasons, the determination of a sentence involving relevant or related conduct is not the determination of criminal guilt or innocence. This is because "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted" or pled guilty. *Witte*, 515 U.S. at 400-01.

Moreover, the proposed fact finding would not have an impact on the statutory maximum sentence. Each of the counts Mr. Edelman intends to plead to have a five-year statutory maximum, meaning the combined statutory maximum for the proposed counts is fifty years. The relevant conduct consideration by the Court will determine his base offense level for the purpose of the U.S. Sentencing Guidelines but will not impact his statutory maximum penalty.

The Court making factual findings about relevant conduct for pending counts is not out of the ordinary. The Court may consider pending charges as relevant conduct, and determining by a preponderance whether Mr. Edelman acted willfully is not substantively different from any other tax sentencing. This is confirmed by three hypothetical situations:

1. If the government had not charged 2013-2020 at all, Mr. Edelman would be pleading to the entire indictment, and the government could argue that his conduct in 2013-2020 was relevant conduct. *Watts*, 519 U.S. at 152; *Daulton*, 266 F. App'x at 388; *Lynch*, 735 F. App'x at 792; *Valenti*, 121 F.3d at 334.

2. If the government were to dismiss the counts related to 2013-2020 immediately after Mr. Edelman pleads guilty to the 10 counts listed above, the government could still argue that the dismissed counts were relevant conduct. *Fine*, 975 F.2d at 603; *Valenti*, 121 F.3d at 334.

3. If Mr. Edelman had been charged with tax crimes in D.C. and another district and was convicted first in D.C., the government could argue that the conduct underlying the pending charges were relevant conduct. *Brown*, No. 22-CR-114. Even if the Court found by a preponderance that Mr. Edelman committed the acts in the

pending charges as relevant conduct, he could still be prosecuted for the remaining counts. *Witte*, 515 U.S. at 390.

So too here. The parties dispute whether Mr. Edelman's conduct in 2013-2020 is related to the charges to which he is intending to plead guilty. The Court will be faced with making factual and legal determinations based on that dispute. But that will not be a finding that Mr. Edelman, beyond a reasonable doubt, is guilty of the charges for those years, and the proposed fact finding will not impact a jury's ability to find Mr. Edelman guilty at a subsequent trial. It will merely be a determination of facts and law supporting a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a). *See Rita*, 551 U.S. at 350-53.

## IV. Factual and Legal Determinations the Court May Be Expected to Make

The Court also inquired about which facts and legal determinations might be required to be made during sentencing proceedings. In short, the parties will dispute whether the income derived from Mina/Red Star in 2013-2020 was Edelman's and whether this constituted relevant conduct. A non-exclusive list based on the parties' current expectations include:

1. Whether the income derived from Mina/Red Star in 2013-2020 was Edelman's.
2. What law (foreign, U.S., or both) governs the above determination.
3. Whether assets were contributed to the trust and when.
4. Whether such contribution was a completed gift by Mr. Edelman to his wife and or to the trust.
5. If there was a contribution, the value of the contributed assets.

Respectfully submitted,

KAREN E. KELLY
Acting Deputy Assistant Attorney General for Criminal Matters



By: _____
Sarah C. Ranney
NY Bar No. 5050919
Assistant Chief
Department of Justice Tax Division
150 M Street, N.E., Room 1.104
Washington, DC 20002
Sarah.C.Ranney@usdoj.gov

Ezra Spiro
NY Bar No. 5291838
Trial Attorney
Department of Justice Tax Division
150 M Street, N.E., Room 1.108
Washington, DC 20002
Ezra.K.Spiro@usdoj.gov

JEANINE FERRIS PIRRO
United States Attorney
N.Y. Bar No. 1387455

By: _____
Joshua A. Gold
TX Bar No. 24103101
Assistant United States Attorney
U.S. Attorney's Office
601 D Street, N.W.
Washington, DC 20530
Joshua.Gold@usdoj.gov

By: _____
George M. Clarke
Bar No. 480073
George.clarke@bakermckenzie.com
BAKER & McKENZIE LLP
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 835-6184

Sonya C. Bishop
DDC Bar No. NY0568
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812

Attorneys for Defendant Douglas Edelman