IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| DOUGLAS EDELMAN, | 1:24-CR-00239 (CKK) |
| Defendant. | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT DOUGLAS EDELMAN'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through undersigned counsel, hereby respectfully opposes Defendant Douglas Edelman's motion to modify conditions of release pending sentencing, which was filed under seal on December 24, 2025. Edelman moved the court for two modifications: 1) that he be allowed to spend two hours per day in his apartment building's common areas, including the gym, and 2) that he spend two hours per day outside of his apartment. The Government only opposes the second proposed modification.

### Background

Edelman was arrested in Ibiza, Spain in July 2024. He was detained pending extradition, and released under a High Intensity Supervision Program in September 2024. He violated his conditions of release four days later, and violated at least 29 times in the first seven weeks of his release. The Court found that he violated his conditions of release and was unlikely to abide by any condition or combination of conditions of release moving forward. Based on this finding, the Court revoked Edelman's release and ordered him detained pending trial.

He pleaded guilty on May 21, 2025, to the first ten counts of the indictment. In doing so, Edelman pleaded guilty to one of the largest tax crimes in American history. He now awaits a pre-sentencing evidentiary hearing while many of the charges remain pending. In June, the Court concluded that Edelman could be released, "subject to restrictive conditions." ECF 84 at 5. In setting its conditions of release, the Court "tailored Edelman's conditions of release to accommodate for any increase in Edelman's incentive to flee as a result of his guilty plea" which included him being "subject to home incarceration, GPS monitoring under the supervision of Pretrial Services, and a prohibition on his entering, or even approaching, any airport, marina, embassy or consulate." *Id.* at 6. These additional restrictions also included not allowing Edelman to own a smartphone, laptop, or other device with internet access.

## Argument

The government opposes a modification allowing Edelman outside for two hours per day for three reasons. First, there remains a risk that Edelman flees pending sentencing. The Court decided in June that "Edelman will be subject to even more restrictive conditions than those the Government once agreed were sufficient to deter his flight pending trial." *Id.* Nothing has vitiated the Court and Government's concerns about flight, and the same "even more restrictive" conditions are still necessary. While there is no indication that Edelman has violated, there was similarly no indication that he had previously violated until the Government learned by chance that he had violated his conditions 29 times in seven weeks.

Second, the proffered medical documents do not explain why Edelman needs to be outside for fourteen hours per week. The doctor recommended exercise, but nothing in the record explains why this exercise would need to involve walking outdoors. The government's proposal – that

2

Edelman be allowed to move within his apartment building for two hours per day, including to the building's gym facility – satisfies his medical need to exercise while still maintaining the restrictive conditions necessary to ensure his appearance at sentencing and keep him from interfering with the ongoing case.

Finally, to allow Edelman outside two hours per day would effectively eliminate the requirement that he not use internet-connected devices, because there is no way for the Probation Office to monitor what he does outside his apartment. If Edelman chose to procure and keep an internet-connected device outside of his apartment it would be very hard for Probation to detect and monitor that activity. For example, his restrictions would allow him to walk to a store and purchase an iPhone, or to visit a library and use a computer. The Defendant writes that his history of complying with the Court's pre-sentencing conditions of release shows that he can be trusted. Defendant's Motion, at 13. Yet his history actually shows the opposite: as soon as he was given the opportunity to violate, he did. He should not be given the same opportunity to contact others in violation of the Court's orders.

The Court previously granted – and the Government did not oppose – two temporary modifications of Edelman's conditions that allowed him to travel outside with family members. But the circumstances of those visits were different from what is being requested here. If Edelman had violated or fled, he would have risked making his children accomplices to a felony, or at least witnesses in a violation hearing. Without a similar custodian, Edelman should not be allowed to go outside for almost 14 hours per week unescorted.

For these reasons, the Government respectfully requests that the Court deny in part Edelman's motion for modifying his conditions of release.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By         /s/
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-7051

Ezra Spiro (NY Bar No. 5921838)
Trial Attorney
Criminal Division, Tax Section
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 718-7308