Government Exhibit
25-12

Execution Version

---
## PURCHASER AND SELLER MUTUAL GUARANTY
---

dated

**OCTOBER 12, 2020**

by

**DOUGLAS PHILLIP EDELMAN**
Seller Guarantor

and

**ERKIN AZATOVICH BEK**
Purchaser Guarantor

and

**ROSBELT INTERNATIONAL LIMITED**
Seller

and

**TNF INVESTMENTS LIMITED**
Purchaser

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000453

USPROD-03361627

## PURCHASER AND SELLER MUTUAL GUARANTY

This Purchaser and Seller Mutual Guaranty (this "**Guaranty**") is dated October 12, 2020 between (i) **Douglas Phillip Edelman** ("**Seller Guarantor**"); (ii) **Erkin Azatovich Bek** ("**Purchaser Guarantor**"); (iii) **Rosbelt International Limited**, a limited liability company incorporated and existing under the laws of the British Virgin Islands ("**Seller**") and (iv) **TNF Investments Limited**, a company incorporated and registered in the Dubai International Financial Centre (DIFC), under Registration Number 3465 whose registered office is at Emirates Financial Towers, Unit S704-A, Level 7, Dubai, 122792, United Arab Emirates ("**Purchaser**").

### RECITALS

A.  Seller and Purchaser each respectively own 50% of the issued and outstanding limited partnership interests of Global Resources Worldwide LP, a limited partnership organized and existing under the laws of the British Virgin Islands (the "**Partnership**");

B.  Seller and Purchaser have entered into a certain limited partnership purchase agreement dated as of the date hereof pursuant to which the Seller agreed to sell and transfer to Purchaser, and Purchaser agreed to purchase from the Seller, all of the issued and outstanding limited partnership interest of the Partnership held by the Seller pursuant to the terms and conditions of such limited partnership purchase agreement (the "**Purchase Agreement**") attached hereto as Annex A. Capitalized terms used herein but not otherwise defined in this Guaranty shall have the meanings given to them in the Purchase Agreement.

C.  As an inducement to Purchaser's agreement to the terms of the Purchase Agreement, Seller Guarantor has agreed to guaranty and satisfy all Seller Guaranteed Obligations (defined below) to the Purchaser, and Seller Guarantor desires to guaranty the Seller Guaranteed Obligations on the basis of the terms and conditions set forth herein.

D.  As an inducement to Seller's agreement to the terms of the Purchase Agreement, Purchaser Guarantor has agreed to guaranty and satisfy all Purchaser Guaranteed Obligations (defined below) to the Seller, and Purchaser Guarantor desires to guaranty the Purchaser Guaranteed Obligations on the basis of the terms and conditions set forth herein.

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual provisions set forth in this Guaranty and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### ARTICLE 1
### GUARANTEES

**1.1  Seller Guarantor Guaranty.**

Seller Guarantor, acting in his individual capacity, hereby irrevocably and unconditionally guarantees to Purchaser payment of each of Seller's payment obligations under the Purchase Agreement, if any, and the full and timely performance and observance of Seller's obligations under the Purchase Agreement ("**Guaranteed Seller Obligations**"). Seller Guarantor undertakes to Purchaser that, whenever Seller does not perform any of the Guaranteed Seller Obligations in all respects when due, Seller Guarantor shall, at Purchaser's request, immediately perform the relevant Guaranteed Seller Obligations as if Seller Guarantor were the principal obligor. Furthermore, the Seller Guarantor undertakes to the Purchaser that immediately following receipt by it of a demand for payment due hereunder substantially in the form set out in Annex B (a "**Demand**"), it will pay to the Purchaser the amount demanded in that Demand.

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000454

USPROD-03361628

Seller Guarantor acknowledges and agrees that this guaranty is full and unconditional, and no release or extinguishment of the Guaranteed Seller Obligations (other than in accordance with the terms of the Purchase Agreement and this Guaranty), whether by decree in any bankruptcy proceeding or otherwise, will affect the continuing validity and enforceability of this Guaranty. Seller Guarantor hereby waives, for the benefit of Purchaser, (i) any right to require Purchaser as a condition of payment or performance of Seller Guarantor to proceed against Seller or pursue any other remedies whatsoever and (ii) to the fullest extent permitted by Law, any defenses or benefits that may be derived from or afforded by Law that limit the liability of or exonerate guarantors or sureties, except to the extent that any such defense is available to Seller.

Seller Guarantor understands that Purchaser is relying on this Guaranty in entering into the Purchase Agreement.

**1.2  Purchaser Guarantor Guaranty**

Purchaser Guarantor, acting in his individual capacity, hereby irrevocably and unconditionally guarantees to Seller payment of each of Purchaser's payment obligations under the Purchase Agreement, including without limitation the payment of the Purchase Price (including without limitation the Closing Consideration, the Earn-out Payments, the Petra Energy Consideration Amount and the Mina Petroleum Consideration Amount), and the full and timely performance and observance of Purchaser's obligations under the Purchase Agreement ("**Guaranteed Purchaser Obligations**"). Purchaser Guarantor undertakes to Seller that, whenever Purchaser does not perform any of the Guaranteed Purchaser Obligations in all respects when due, Purchaser Guarantor shall, at Seller's request, immediately perform the relevant Guaranteed Purchaser Obligations as if Purchaser Guarantor were the principal obligor. Furthermore, the Purchaser Guarantor undertakes to the Seller that immediately following receipt by it of a Demand it will pay to the Seller the amount demanded in that Demand.

Purchaser Guarantor acknowledges and agrees that this guaranty is full and unconditional, and no release or extinguishment of the Guaranteed Purchaser Obligations (other than in accordance with the terms of the Purchaser Agreement and this Guaranty), whether by decree in any bankruptcy proceeding or otherwise, will affect the continuing validity and enforceability of this Guaranty. Purchaser Guarantor hereby waives, for the benefit of Seller, (i) any right to require Seller as a condition of payment or performance of Purchaser Guarantor to proceed against Purchaser or pursue any other remedies whatsoever and (ii) to the fullest extent permitted by Law, any defenses or benefits that may be derived from or afforded by Law that limit the liability of or exonerate guarantors or sureties, except to the extent that any such defense is available to Purchaser.

Purchaser Guarantor understands that Seller is relying on this Guaranty in entering into the Purchase Agreement.

**1.3  Continuing Guarantees**

The undertakings contained in this ARTICLE 1 are continuing guarantees and, notwithstanding the closing of the Purchase Agreement, shall remain in full force and effect until all obligations under Purchase Agreement of the Seller and the Purchaser, as the case may be, have been discharged in full.

**1.4  Nature of Guarantees**

Each of the Seller Guarantor and the Purchaser Guarantor herewith acknowledges that it guarantees under this Guaranty strictly in accordance with article 111 of the Swiss Code of Obligations (CO) and the terms and conditions of this Guaranty on first demand by the Purchaser and Seller, respectively, as a primary obligor and not as a surety (*Bürge*).

2

**Confidential - FOIA Exempt**
**Produced Pursuant to Fed. R. Crim. P. 6(e)**

TNF-0000455

USPROD-03361629

Each of Seller Guarantor and Purchaser Guarantor acknowledges that its obligations under this Guaranty shall be of a non-accessory (*nicht akzessorisch*) nature within the meaning of article 111 CO, independent of the obligations of the Seller or the Purchaser, as the case may be, under the Purchase Agreement.

**1.5   Representations and Warranties; Limitations**

The representations and warranties of Seller in Articles 3.2, 3.3, 3.5 and 3.9 of the Purchase Agreement and of Purchaser in Articles 4.2, 4.3, 4.6 and 4.10 of the Purchase Agreement and the provisions of Article 6 of the Purchase Agreement shall each apply *mutatis mutandis* to the Seller Guarantor and the Purchaser Guarantor, respectively, as if the Seller Guarantor and the Purchaser Guarantor were each a party to the Purchase Agreement making such representations and warranties as principal (and not merely as Guarantors) ; provided, however that in no event shall any party to this Guaranty be permitted to recover the same damage compensation under both this Guaranty and under the Purchase Agreement based on substantially the same facts, events or circumstances. Accordingly, and for the avoidance of doubt, in Articles 3.2, 3.3, 3.5 and 3.9 and Articles 4.2, 4.3, 4.6 and 4.10 of the Purchase Agreement the words "Seller" and "Purchaser" in each representation and warranty provided under such Articles shall be respectively deemed to mean "each Seller and Seller Guarantor" and each "Purchaser and Purchaser Guarantor". The parties agree that the making of the representations and warranties by each of the Seller Guarantor and the Purchaser Guarantor as principal are an essential part of the transactions contemplated by the Purchase Agreement without which the Purchase Agreement would not have been signed.

## ARTICLE 2
## GENERAL PROVISIONS

**2.1   Notices.**

The terms of Section 7.1 (Notices) of the Purchase Agreement shall apply to this Guaranty, provided that the following addresses and information shall apply for each of the Purchaser Guarantor and the Seller Guarantor:

If to the Seller Guarantor:

    Address  ▬▬▬▬▬▬▬▬
    London W8 6TP, UK

    For the attention of: Douglas Edelman
    Email: de@ledain.ch

with a copy (which will not constitute notice) to:

    Address:   Baker McKenzie LLP
               815 Connecticut Avenue, N.W.
               Washington, DC 20006-4078, USA

    For the attention of:  Marc R. Paul
    Email:  marc.paul@bakermckenzie.com

If to the Purchaser Guarantor:

    Address  ▬▬▬▬▬▬▬▬

3

**Confidential - FOIA Exempt**
**Produced Pursuant to Fed. R. Crim. P. 6(e)**

TNF-0000456

USPROD-03361630

Vandoeuvres, Switzerland

For the attention of: Erkin Azatovich Bek
Email: erkin.bek@tnfcapital.com

with a copy (which will not constitute notice) to:

Address: BianchiSchwald LLC
Rue Jacques-Balmat 5
1208 Geneva, Switzerland

For the attention of: Thomas Goossens
Email: thomas.goossens@bianchischwald.ch

**2.2 Amendment.**

This Guaranty may not be amended, terminated, supplemented or otherwise modified except in a written document signed by each party to this Guaranty to be bound by the amendment and that identifies itself as an amendment to this Guaranty.

**2.3 Assignment; No Third Party Rights.**

This Guaranty binds and inures to the benefit of the parties and their respective heirs, executors, administrators, successors and permitted assigns, and no party, including the Seller Guarantor and the Purchaser Guarantor, may assign or delegate any rights, obligations or interests under this Guaranty, whether by operation of law or otherwise, without the prior written consent of all the other parties and any such purported assignment or delegation without such prior written consent shall be null and void. In the event that Purchaser assigns or delegates its rights and obligations under the Purchase Agreement to a bona fide third party in accordance with the terms of Section 7.5 of the Purchase Agreement, Purchaser Guarantor shall remain fully liable for all of its obligations under this Guaranty. Nothing expressed or referred to in this Guaranty will be construed to give any Person, other than the parties to this Guaranty, any legal or equitable right, remedy or claim under or with respect to this Guaranty or any provision of this Guaranty except such rights as may inure to a successor or permitted assignee under this Section.

**2.4 Waiver and Remedies.**

No extension or waiver will apply to any time for performance, inaccuracy in any representation or warranty, or noncompliance with any covenant, agreement or condition, as the case may be, other than that which is specified in the written extension or waiver. No failure or delay by any party in exercising any right or remedy under this Guaranty or any of the documents delivered pursuant to this Guaranty, and no course of dealing between the parties, operates as a waiver of such right or remedy, and no single or partial exercise of any such right or remedy precludes any other or further exercise of such right or remedy or the exercise of any other right or remedy. Any enumeration of a party's rights and remedies in this Guaranty is not intended to be exclusive, and a party's rights and remedies are intended to be cumulative to the extent permitted by law and include any rights and remedies authorized in law or in equity.

**2.5 Entire Agreement.**

This Guaranty and any agreement, document or instrument referred to herein integrate all the terms and conditions mentioned herein or incidental hereto and supersede all oral negotiations and prior writings in respect of the subject matter hereof.

4

**Confidential - FOIA Exempt**
**Produced Pursuant to Fed. R. Crim. P. 6(e)**

TNF-0000457

USPROD-03361631

2.6   **Severability.**

If any provision of this Guaranty is held by a court of competent jurisdiction or other authority to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Guaranty are not affected or impaired in any way and the parties agree to negotiate in good faith to replace such invalid, illegal and unenforceable provision with a valid, legal and enforceable provision that achieves in a reasonably acceptable manner, the economic, business and other purposes of such invalid, illegal or unenforceable provision to the greatest lawful extent under this Guaranty.

2.7   **Interpretation.**

In the negotiation of this Guaranty, each party has received advice from its own attorney. The language used in this Guaranty is the language chosen by the parties to express their mutual intent, and no provision of this Guaranty will be interpreted for or against any party because that party or its attorney drafted the provision.

2.8   **Governing Law.**

This Guaranty and any dispute or claim arising out of or in connection with it or its subject matter or formation shall be governed by and construed in accordance with the substantive laws of Switzerland, to the exclusion of the Swiss conflict of law rules as well as international treaties.

2.9   **Specific Performance.**

The parties agree that irreparable damage would occur in the event that any of the provisions of this Guaranty were not performed in accordance with their specific terms or were otherwise breached. The parties accordingly agree that, in addition to any other remedy to which they are entitled at law or in equity, the parties are entitled to injunctive relief to prevent breaches of this Guaranty and otherwise to enforce specifically the provisions of this Guaranty. Each party expressly waives any requirement that any other party obtain any bond or provide any indemnity in connection with any action seeking injunctive relief or specific enforcement of the provisions of this Guaranty.

2.10   **Dispute Resolution.**

Any dispute, controversy or claim arising out of, or in relation to, this Guaranty, including the validity, invalidity, breach, or termination thereof, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution in force on the date on which the Notice of Arbitration is submitted in accordance with these Rules (the "**Rules**"), which Rules are deemed to be incorporated by reference into this clause. In the event of any conflict between the Rules and this Guaranty, the provisions of this Guaranty shall prevail. The number of arbitrators shall be three. The seat, or legal place, of arbitration shall be Zurich, Switzerland. The language to be used in the arbitration shall be English.

2.11   **Expenses.**

Except as otherwise provided in this Guaranty, the Seller and the Seller Guarantor, on the one hand, and the Purchaser and the Purchaser Guarantor, on the other hand, will each pay all of their own expenses (including, but not limited to, all compensation and expenses of counsel, financial advisors, consultants, actuaries and independent accountants) incurred in connection with the preparation and negotiation of this Guaranty and the consummation of the transactions contemplated by this Guaranty.

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000458

USPROD-03361632

2.12  **Counterparts.**

The parties may execute this Guaranty in multiple counterparts, each of which constitutes an original as against the party that signed it, and all of which together constitute one agreement. This Guaranty is effective upon delivery of one executed counterpart from each party to the other parties. The signatures of all parties need not appear on the same counterpart. The delivery of signed counterparts by facsimile or email transmission that includes a copy of the sending party's signature(s) is as effective as signing and delivering the counterpart in person.

6

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000459

USPROD-03361633

## EXECUTION

The parties have executed and delivered this Guaranty as of the date indicated in the first sentence of this Guaranty.

Purchaser:

**TNF INVESTMENTS LIMITED**

By: _____
Gilles Thieffry as
Chairman of the Board of directors of
TNF Investments Limited

By: _____
Samir Khosla as
Director of
TNF Investments Limited

Purchaser Guarantor:

By: _____
Erkin Azatovich Bek,
in his individual capacity

Seller:

**ROSBELT INTERNATIONAL LIMITED**

By: _____
Name: Leonard O'Brien as Director of
Salamander Management Limited
Title: Sole Corporate Director

7

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000460

USPROD-03361634

**Seller Guarantor:**

By: _____
Douglas Phillip Edelman,
in his individual capacity

8

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000461

USPROD-03361635

## Execution

The parties have executed and delivered this Guaranty as of the date indicated in the first sentence of this Guaranty.

Purchaser:

**TNF INVESTMENTS LIMITED**

By: _____

Name:

Title:

Purchaser Guarantor:

By: _____
Erkin Azatovich Bek,
in his individual capacity

Seller:

**ROSBELT INTERNATIONAL LIMITED**

By: _____
Name: Leonard O'Brien as Director of Salamander Management Limited
Title: Sole Corporate Director

Seller Guarantor:

By: _/s/ Douglas Phillip Edelman_
Douglas Phillip Edelman,
in his individual capacity

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000462

USPROD-03361636

## Execution

The parties have executed and delivered this Guaranty as of the date indicated in the first sentence of this Guaranty.

**Purchaser:**

**TNF INVESTMENTS LIMITED**

By: _____

Name:

Title:

**Purchaser Guarantor:**

By: _____
    Erkin Azatovich Bek,
    in his individual capacity

**Seller:**

**ROSBELT INTERNATIONAL LIMITED**

By: _____
Name: Leonard O'Brien as Director of Salamander Management Limited
Title: Sole Corporate Director

**Seller Guarantor:**

By: _____
    Douglas Phillip Edelman,
    in his individual capacity

Confidential - FOIA Exempt
Produced Pursuant to Fed. R. Crim. P. 6(e)

TNF-0000463

USPROD-03361637

ANNEX A

[ATTACH PURCHASE AGREEMENT]

9

**Confidential - FOIA Exempt**
**Produced Pursuant to Fed. R. Crim. P. 6(e)**

TNF-0000464

USPROD-03361638

**ANNEX B**

**FORM OF DEMAND**

To:    [Seller Guarantor/Purchaser Guarantor] as guarantor
From:  [Purchaser/Seller] as secured party
Date:  [●]

Dear Sirs

**Purchaser and Seller Mutual Guaranty dated [●] (the "Guaranty") – demand for payment**

1. We refer to the Guaranty. This is a Demand. Terms defined in the Guaranty have the same meaning in this Demand unless given a different meaning in this Demand.

2. We hereby inform you that the following amount is due and payable but unpaid by [Seller/Purchaser] under the Purchase Agreement:

   USD [●], [description]

   USD [●], [description]

   **Total (the "Total Amount"):**    USD [●]

3. We ask you to pay the Total Amount to the following account immediately upon receipt of this Demand:

   Bank:                 [●]
   Address:            [●]
   Account number:  [●]
   Bank reference:   [●]

Yours faithfully

[Name of Purchaser/Seller]

Name:                                           Name:

Title:                                              Title:

10

**Confidential - FOIA Exempt**
**Produced Pursuant to Fed. R. Crim. P. 6(e)**

TNF-0000465

USPROD-03361639