# Appendix 1
# Part 2

**Rosbelt International Limited,**

- 50% Holding in Global Resources Worldwide LP  (Attached Signed Purchase Agreement - Dated 12 October 2020) Total sales consideration $40,950,000

**Oil Distribution and Trading Company**

☐ **Other** (If sale of other assets such as Property or Investments, please provide brief details. If a Gift, please indicate donor & how their wealth was originally generated)

and are beneficially owned by me and are capable of free transfer by me and do not derive from any illegal activity.

1. I do not have any creditors whose claims I cannot satisfy from my free assets and have never been an adjudged bankrupt.

2. I have not been the subject of any audits or special tax investigations by any tax authority other than routine inquiries.

3. I have never been convicted of a serious criminal offence (i.e. offences other than those related to motoring).

4. I undertake to notify you without delay of any change to the warranties, undertakings & representations made above.

341

342



Signature: _____    Date: 04/04/2023

## SECTION D:

## TELEPHONE, FAX & ELECTRONIC COMMUNICATIONS INDEMNITY

### In relation to the Fiduciary Structure

I hereby confirm that I may wish to communicate with you by means of telephone, facsimile, electronic mail ("e-mail") from time to time and I am therefore authorizing you to accept such means of communication. I would require you to exercise reasonable care in determining whether a purported communication from me is genuine and complete and free from corruption or interference and if you are in doubt I require you to take such steps as you see fit in order to verify the same before acting upon it. Provided that you have acted with reasonable care and have not acted with gross negligence I hereby agree to indemnify you from and against all losses, claims, actions, proceedings, demands, costs and expenses incurred or sustained by you whatsoever in connection with such communications.

Signature: _____     Date: ___04/04/2023___

343

## SECTION E:

## THIRD PARTY DISCLOSURE AUTHORITY

### In relation to the Fiduciary Structure

1    I wish to be able to communicate with you through

**HERVÉ BENZAKEIN , DERMOT SHORTT**                    ("the Agent")

with whom I have enjoyed a long standing relationship.  I hereby authorize you to release such information about the Fiduciary Structure to the Agent as he/she may request from time to time

2    In addition, I authorize you to rely upon and act in accordance with any requests made by me or purportedly given or made by me from time to time in connection with the Fiduciary Structure which may be transmitted by telephone, facsimile or e-mail to you by the Agent on my behalf. You will have no further duty to inquire as to the authority or identity of the person passing on any such request provided he/she has identified himself/herself by name and supplied the name of the Fiduciary Structure. You shall be entitled to treat any such request passed to you by the Agent as if made by me and as fully authorized and binding on me and my estate or heirs.  Should you require written confirmation of any request made under this authority, I undertake to provide this to you as soon as practicable thereafter.

3    In consideration for your acting in accordance with the terms of this letter, I, my personal representatives, heirs and assigns undertake to indemnify you and keep you indemnified against all losses, claims, actions, proceedings, damages, costs and expenses (including legal costs) incurred or sustained by you of whatever nature and howsoever arising out of your acting upon any requests made by, or purportedly made by, the Agent.

4    The terms of this letter shall remain in force until such time as you receive notice in writing of termination from me save that any such termination will not release me, my personal representatives, heirs and assigns from any liability under this authority and indemnity in respect of any act performed by you in accordance with the terms of this letter prior to receipt of notice of termination.

Signature: _____    Date: ___04/04/2023___

344

## SECTION F: DATA PRIVACY STATEMENT

STI, like other financial services businesses, is subject to Swiss laws on the protection of personal data. Where STI deals with persons resident in European Union Member States, the General Data Protection Regulation is also relevant. This document provides a summary of the rights that you have as a data subject by STI as a data controller and the policies STI has adopted to control the processing of personal data in accordance with the law.

### Reasons for Collecting Data

STI only collects personal data in order to administer trusts, companies, foundations, partnerships and other fiduciary structures ("fiduciary relationships") that it administers for its client families. Personal data is not sold for marketing purposes to third parties.

### Personal Data

The personal data that we collect includes name; date of birth; address; taxpayer or social security numbers; identity documents such as passport, driving licence, and national identity cards; proofs of address; bank account details so that payments can be made; information about your personal financial and domestic situation so that trustee discretions can be properly made, which may include information about your dependants; and other information that we may consider necessary in connection with our fiduciary duties and legal obligations.

Personal data is usually provided to us by you upon request but may be obtained by us from third parties and other sources such as databases and internet searches as well as from professional advisers such as lawyers, accountants, banks and financial advisers.

### Data Transfer

STI may transfer such data to third parties such as law firms, accountancy firms, banks, asset managers, securities custodians, and investment advisers in order to comply with laws such as those directed against money laundering or to obtain legal or tax advice required in connection with the administration of a fiduciary relationship. Personal data may be viewed by our auditors and can be produced to regulators and law enforcement bodies if requests are made. Personal data may also be reported to tax authorities under various international tax reporting obligations such as FATCA (where the United States is concerned) or the Automatic Exchange of Information provisions (for most countries outside of the United States). Personal data may also be exchanged as part of due diligence exercises in connection with the acquisition, merger or sale of trust businesses including STI and its subsidiaries. Personal data may also be transferred by STI to its subsidiaries or affiliated companies.

### Storage of Personal Data

STI maintains electronic records of personal data on its servers in Geneva and on a back-up server in a secure location in Switzerland. Personal data is also maintained on paper files in its offices in Geneva. Paper files are kept in locked cabinets overnight and the office is protected by an alarm system when not staffed overnight or at weekends. Staff are bound by personal undertakings to maintain client confidentiality, which includes protection of personal data, and office policies require that files containing personal data are filed away at night and not left on desktops. Where personal data is transferred outside of Switzerland, it will either be transferred to a jurisdiction that has equivalent legislative protection for personal data (e.g. the UK or a country within the European Economic Area) or we will in other cases, take steps to secure equivalent protection for personal data by means of contractual undertakings.

345

Personal data will be retained by us for as long as you are the subject of or might be concerned with a fiduciary relationship with us and for such periods as may be prescribed by law from time to time afterwards such as under the anti-money laundering legislation.

Once personal data is no longer required, STI will anonymise or erase it.

## Personal Data Information Rights

STI will adequately inform you when personal data is collected from you or from a third party. The use of sensitive data is subject to your express consent.

When personal data is communicated outside Switzerland, STI will inform you of the name of the third State or international body to which the data is to be communicated.

You may also request that we provide you with information about the personal data that we may hold about you and copies of that information. We will provide copies of information or documents we hold about you upon written request under the 'Contact' section below. If the information we hold about you is inaccurate you may require us to correct it by written request. You may also request that we cease to process information about you but in such cases this may impede our ability to provide financial benefits to you under a fiduciary relationship.

You may request that we erase all of your personal data under the "right to be forgotten" if (i) it is no longer necessary for us to hold that personal data with respect to the original purpose for which it was obtained; or (ii) where your consent was the basis of our receiving your personal data, you wish to withdraw that consent; or (iii) you have objections to our processing your personal data and there is no overriding legitimate interest that would entitle us to continue doing so; or (iv) your personal data has been processed unlawfully; or (v) your personal data has to be erased in order to comply with a particular legal or regulatory obligation. Erasure of personal data will prevent us from providing any financial benefit to you as without such information it would not be lawful for us to administer a fiduciary relationship from which you could benefit.

In Switzerland, the government body responsible for supervising data processing is the Federal Data Protection and Information Commissioner (FDPIC) whose address is: Office of the Federal Data Protection and Information Commissioner FDPIC, Feldeggweg 1, CH-3003 Berne, Switzerland, Telephone: +41 58 462 43 95; Fax: +41 58 465 99 96. Information about data protection in Switzerland is available from the FDPIC website: www.edoeb.admin.ch

## Contact

If you have any questions about our data protection policy please contact your usual Trust Officer or director contact or write to The Managing Director, Summit Trust International SA, 6 Place des Eaux-Vives, CH-1207 Geneva, Switzerland; tel + 41 22 707 8399; fax + 41 22 707 8395.

\* \* \* \* \*

## Acknowledged

Signature: _____    Date: 04/04/223

346

Dated _____7th July_____ 2014

## DELPHINE ANNE LE DAIN

(Grantor)

and

## SALAMANDER ASSOCIATES LIMITED

(Original Trustee)

and

## GRAHAM AUBREY COLLETT

(Original Protector)

---

## IVERNA TRUST

---

15432165.4

1

347

**TABLE OF CONTENTS**

| No. | Heading | Page |
|---|---|---|
| 1. | DEFINITIONS AND CONSTRUCTION | 4 |
| 2. | NAME | 7 |
| 3. | POWER TO RECEIVE ADDITIONAL PROPERTY | 7 |
| 4. | TRUST FOR SALE | 7 |
| 5. | POWER TO ADD DISCRETIONARY BENEFICIARIES | 7 |
| 6. | POWER OF EXCLUSION | 8 |
| 7. | GRANTOR'S POWER OF REVOCATION | 9 |
| 8. | DISCRETIONARY TRUST OF CAPITAL AND INCOME | 9 |
| 9. | INCOME TRUSTS IN DEFAULT OF APPOINTMENT | 10 |
| 10. | POWER TO APPLY CAPITAL FOR BENEFICIARIES | 10 |
| 11. | TRUSTS IN DEFAULT OF APPOINTMENT | 11 |
| 12. | ULTIMATE DEFAULT TRUSTS | 11 |
| 13. | ASSIGNMENT OF POWER OF APPOINTMENT | 11 |
| 14. | ADMINISTRATIVE POWERS | 11 |
| 15. | EXERCISE OF POWERS | 11 |
| 16. | GENERAL LIMITATION ON POWERS | 12 |
| 17. | REMOVAL AND APPOINTMENT OF TRUSTEES | 12 |
| 18. | APPOINTMENT OF PROTECTORS | 14 |
| 19. | EFFECT OF VACANCY IN PROTECTOR'S OFFICE | 15 |
| 20. | PROTECTOR'S INDEMNITY | 15 |
| 21. | PROPER LAW, FORUM AND PLACE OF ADMINISTRATION | 16 |
| 22. | EXCLUSION OF COMMUNITY PROPERTY RULES | 17 |
| 23. | EXCLUSION OF EXCLUDED PERSONS | 17 |
| 24. | VARIATION OF TERMS OF THIS TRUST | 17 |
| 25. | SEVERABILITY | 18 |
| 26. | COUNTERPARTS | 18 |
| 27. | POWER OF INVESTMENT | 18 |
| 28. | EXERCISE OF RIGHTS ATTACHING TO SHARES | 18 |
| 29. | POWER TO LEND | 19 |
| 30. | POWER TO BORROW | 19 |
| 31. | POWER TO GIVE GUARANTEES | 19 |
| 32. | POWER OF MANAGEMENT | 19 |

348

| 33. | POWERS IN RELATION TO LAND AND CHATTELS | 19 |
| 34. | POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY | 19 |
| 35. | POWER TO INSURE PROPERTY | 20 |
| 36. | POWERS IN RELATION TO LIFE INSURANCE POLICIES | 20 |
| 37. | POWER TO TRADE | 20 |
| 38. | POWER TO PROMOTE COMPANIES | 20 |
| 39. | POWERS IN RELATION TO COMPANIES | 20 |
| 40. | EXCLUSION OF APPORTIONMENT | 20 |
| 41. | POWER OF APPROPRIATION | 20 |
| 42. | DIVISION BETWEEN CAPITAL AND INCOME | 21 |
| 43. | PAYMENT OF EXPENSES | 21 |
| 44. | POWERS IN RELATION TO MINORS | 21 |
| 45. | POWER TO APPOINT AGENTS | 21 |
| 46. | POWER TO EMPLOY NOMINEES | 21 |
| 47. | POWERS TO DELEGATE | 21 |
| 48. | POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS | 22 |
| 49. | PAYMENTS TO CHARITIES | 22 |
| 50. | LEGAL PROCEEDINGS | 22 |
| 51. | COMPROMISE AND SETTLEMENT | 22 |
| 52. | ACCOUNTS AND AUDIT | 22 |
| 53. | PROTECTOR'S POWER TO MAKE REQUESTS | 22 |
| 54. | PAYMENT OF TAXES | 23 |
| 55. | PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS | 23 |
| 56. | TRUSTEE CHARGING | 23 |
| 57. | POWER TO RECEIVE REMUNERATION | 24 |
| 58. | INDEMNITY INSURANCE | 24 |
| 59. | POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST | 24 |
| 60. | DISCLOSURE OF DOCUMENTS | 25 |
| 61. | PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS | 25 |
| 62. | PROTECTION OF THE TRUSTEES GENERALLY | 25 |
| 63. | RELEASE OF POWERS | 25 |
| 64. | POWER TO VARY ADMINISTRATIVE PROVISIONS | 25 |

349

DEED OF SETTLEMENT

**DATE**: The            day of                2014

**PARTIES**

(1)    **DELPHINE ANNE LE DAIN** of Buzon 110 Serreta, Sta Gertrudis, Ibiza 07814, Spain (the **'Grantor'**);

(2)    **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of The British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, The British Virgin Islands (the **'Original Trustee'**); and

(3)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the **'Original Protector'**).

**RECITALS**

(A)    The Grantor wishes to make this Settlement and has transferred or delivered to the Original Trustee or otherwise placed under its control the property specified in the Schedule. Further money, investments or other property may be paid or transferred to the Trustees by way of addition.

(B)    It is intended that this Trust shall be revocable during the lifetime of the Grantor.

(C)    In establishing this Trust, it is the intention of the Grantor that this Trust (i) will qualify as a grantor trust, during the Grantor's lifetime, within the meaning of Subpart E of Subchapter J of the US Internal Revenue Code of 1986, as amended (the **"Code"**), (ii) will not confer a general power of appointment upon any US person within the meaning of sections 2041 and 2514 of the Code, and (iii) will not result in any person other than the Grantor being treated as the owner of any portion of this Trust within the meaning of Code section 676. Accordingly, and notwithstanding any provision contained in this Deed to the contrary, this Deed shall be construed and the trusts of this Trust administered in accordance with and to achieve these intents.

**PART 1 - OPERATIVE PROVISIONS**

1.    **DEFINITIONS AND CONSTRUCTION**

1.1    In this Deed, where the context admits, the following definitions and rules of construction shall apply.

**'Beneficiary'** shall mean any person actually or prospectively entitled to any share or interest in the capital or income of the Trust Fund.

**'Charity'** shall mean any trust, foundation, company or other organisation whatever established only for purposes regarded as charitable under the proper law of the

15432165.4                                    4

**350**

Trust or under the law of the jurisdiction in which the trust, foundation, company or other organisation was established.

**'children'**, **'grandchildren'** and **'issue'** of any person shall include his children, grandchildren and remoter issue, whether legitimate, legitimated, illegitimate or adopted.

**'Company'** shall mean any body, incorporated or established in any part of the world, which has separate legal personality.

**'Consent Holder'** shall mean the person appointed as Consent Holder pursuant to sub-clause 7.2.

**'deed'** shall include any instrument in writing which is signed, witnessed and dated by or on behalf of each of the parties to the instrument and shall also include any instrument executed under seal by a Company.

**'Discretionary Beneficiaries'** shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:

    (a)     the Grantor;

    (b)     the children and remoter issue of the Grantor;

    (c)     Charities; and

    (d)     such other objects or persons as are added under clause 5 to the extent so added

*provided* that no person will be capable of being included or added as a Discretionary Beneficiary if such person is a US Person as herein defined or a resident of The British Virgin Islands as defined in section 2(1) of the Companies (Taxation and Concessions) Ordinance of The British Virgin Islands other than an individual who has been issued a certificate under Rule 6 of the Qualifying (Category 2) Individual Rules 2004 of The British Virgin Islands which remains valid at the date hereof or an individual whose income is subject to an election under Rule 11 of those Rules at the date hereof.

**'Excluded Person'** shall mean any person or class of persons or Charity by or in respect of whom or which a declaration under sub-clauses 6.1 or 6.4(b) has been made or treated as made but, in the case of a revocable exclusion, only during such time as the exclusion remains effective and unrevoked.

**'incapacity'** shall mean incapacity caused by physical or mental handicap or deterioration resulting in an individual whose incapacity is being judged being unable to manage his own affairs or to understand the nature or consequences of his actions, as confirmed by the written opinion of two medical practitioners qualified to assess such matters and **'incapacity'** shall also mean any legal incapacity deriving from age or insolvency and **'incapacitated'** shall have a corresponding meaning.

**351**

'**minor**' shall mean any individual who has not attained the age of 18.

'**person**' shall include any individual or Company.

'**proper law of this Trust**' shall mean the law governing this Trust as determined under clause 21.

'**Protector**' shall mean the person or entity designated as the Protector in accordance with clause 18.

'**Settlor**' shall mean the Grantor and any person who shall have donated (by way of gift or sale for less than full consideration) any sums of money, investments or other property to be held as part of the Trust Fund.

'**Trustees**' shall include the Original Trustee and the trustees for the time being of this Trust.

'**Trust**' shall mean the trusts constituted by this Deed.

'**Trust Company**' shall mean any Company, wherever incorporated, which is authorised under its constitution or by applicable law to act as trustee of a trust or trusts and/or carry on the business of administering trusts.

'**Trust Fund**' shall mean:

    (a)    the property specified in Schedule;

    (b)    all money, securities, investments or other assets or property paid or transferred by any person (including, without limitation, by bequest under a will) to, or so as to be under the control of, and, in either case, accepted by the Trustees as additions;

    (c)    all accumulations (if any) of income added to the Trust Fund; and

    (d)    the money, investments and property from time to time representing the above.

'**Trust Period**' shall mean the period starting with the date of this Trust and ending on the earlier of:

    (a)    the last day of the period of 100 years starting from the date of this Deed, which period, and no other, shall be the applicable perpetuity period;

    (b)    such date as the Grantor shall revoke the Trust in accordance with this Deed; and

    (c)    such date as the Trustees shall at any time specify by deed in relation to the whole or any part of the Trust Fund (so that different days may be specified for different parts of the Trust Fund), not

352

being a date earlier than the date of such deed or later than a date previously specified in relation to that part of the Trust Fund.

'US Person' shall mean a person described in section 7701(a)(30) of the U.S. Internal Revenue Code of 1986, as amended.

1.2    Words denoting the singular shall include the plural and vice versa.

1.3    Words denoting any gender shall include both genders.

1.4    References to any statutory provision shall include any statutory modification to or re-enactment of such provision.

1.5    The table of contents and clause headings are included for reference only and shall not affect the interpretation of this Deed.

2.    **NAME**

This Trust shall be known as The Inverna Trust or by such other name as the Trustees may, from time to time, determine.

3.    **POWER TO RECEIVE ADDITIONAL PROPERTY**

The Trustees may, at any time during the Trust Period, accept additional money, securities, investments or other assets or property, of whatever nature and wherever situate, paid or transferred to them by the Grantor or any other person (including, without limitation, by bequest under a will).  Such additional money, securities, investments or other assets or property shall, subject to any contrary direction, be held upon the trusts and with and subject to the powers and provisions of this Deed.

4.    **TRUST FOR SALE**

The Trustees shall hold the Trust Fund and any additions upon trust in their discretion either to allow the same to remain in the state in which it is received or held for so long as they shall think fit or to sell or convert the same into money.  The Trustees may, in their discretion, invest such money in their names or under their control in any of the investments authorised by this Trust or by law, with power from time to time to vary or transpose any such investments for or into others so authorised.

5.    **POWER TO ADD DISCRETIONARY BENEFICIARIES**

5.1    The Trustees with the prior or simultaneous written consent of the Protector, may, at any time during the Trust Period, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine.

5.2    Any such addition shall be made by deed (revocable to the extent permitted by the proper law of this Trust or irrevocable):

**353**

15432165.4

(a)    naming or describing the objects or persons or classes of objects or persons to be added; and

(b)    specifying the date or event, not being earlier than the date of execution of the deed but before the end of the Trust Period, on the happening of which the addition shall take effect.

5.3    Any power of revocation reserved by a deed of addition shall not be capable of being exercised so as to derogate from any interest to which any Beneficiary has become indefeasibly entitled.

## 6.    POWER OF EXCLUSION

6.1    The Trustees may with the prior or simultaneous written consent of the Protector declare that any person, class of persons or Charity shall (whether or not a Beneficiary) be an Excluded Person.

6.2    The Trustees may with the prior or simultaneous written consent of the Protector declare that any person, class of persons or Charity shall:

(a)    if included in the class of Discretionary Beneficiaries, cease to be so included; or

(b)    if not included in the class of Discretionary Beneficiaries, not be eligible to be added as a Discretionary Beneficiary pursuant to sub-clause 5.1.

6.3    The powers conferred by sub-clauses 6.1 and 6.2 shall not be capable of being exercised

(a)    so as to derogate from any interest to which any Beneficiary has or would, but for the provisions of this clause, have become indefeasibly entitled;

(b)    in relation to the Grantor.

6.4    Any person (not being a minor) who may receive any benefit under this Trust may, by declaration in writing:

(a)    disclaim such benefit, either in whole or in part; or

(b)    declare that he shall be an Excluded Person.

6.5    Any declaration made pursuant to sub-clauses 6.1, 6.2 or 6.4 shall be by deed (revocable during the Trust Period to the extent permitted by the proper law of this Trust or irrevocable), shall take effect in such circumstances or subject to such conditions and from such date (not being earlier than the date of such deed) specified in the deed.

**354**

15432165.4                                                    8

7. **GRANTOR'S POWER OF REVOCATION**

7.1 Power of revocation

(a) During her lifetime the Grantor shall have power by deed to revoke this Trust in whole or in part provided that any such revocation shall not invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Trust or made under any other power conferred by this Deed or by this Trust or by law.

(b) Any such deed shall take effect upon the date when the same is received by the Trustees or upon such later date as may be specified therein and whenever such a deed seeks to revoke this Trust in part only it shall specify the property being part of the Trust Fund to which such revocation shall apply.

7.2 Consent

The power conferred by sub-clause 7.1 on the Grantor shall be exercisable so as to take effect during the Grantor's lifetime with the prior written consent of the first person named by the Original Settlor or, failing which, by the Protector in the following list who is then living, not incapacitated and who is a related or subordinate party subservient to the Grantor within the meaning of Code Section 672(f)(2)(A)(i) (the '**Consent Holder**') (unless no such person meets such requirements in which case the power shall be exercisable without such consent).

8. **DISCRETIONARY TRUST OF CAPITAL AND INCOME**

8.1 The Trustees shall hold the capital and income of the Trust Fund upon trust for or for the benefit of such of the Discretionary Beneficiaries, at such ages or times, in such shares, upon such trusts (which may include discretionary or protective powers or trusts) and in such manner generally as the Trustees shall in their discretion appoint. Any such appointment may include such powers and provisions for the maintenance, education advancement or other benefit of the Discretionary Beneficiaries or for the accumulation of income and such administrative powers and provisions as the Trustees think fit.

8.2 No exercise of the power conferred by sub-clause 8.1 shall invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Deed or made under any other power conferred by this Deed or by law.

8.3 Any trusts and powers created by an appointment under sub-clause 8.1 may be delegated to any extent to any person, whether or not including the Trustees or any of them.

8.4 The exercise of the power of appointment conferred by sub-clause 8.1 shall:

355

(a)    comply with the provisions of sub-clause 15.1; and

(b)    be subject to the prior or simultaneous written consent of the Protector.

8.5    Notwithstanding clause 63, the Trustees may not release or restrict the power conferred by sub-clause 8.1 without the written consent of the Protector.

## 9.    INCOME TRUSTS IN DEFAULT OF APPOINTMENT

The provisions of this clause shall apply during the Trust Period until, subject to and in default of any appointment under sub-clause 8.1.

9.1    The Trustees shall pay or apply the income of the Trust Fund to or for the benefit of such of the Discretionary Beneficiaries as shall for the time being be in existence, in such shares and in such manner generally as the Trustees shall in their discretion from time to time think fit.

9.2    Notwithstanding the provisions of sub-clause 8.1, the Trustees may at any time during the Trust Period in their discretion accumulate the income by investing it in any investments authorised by this Deed or by law and, subject to sub-clause 8.1, shall hold such accumulations as an accretion to capital.

9.3    The Trustees may apply the whole or any part of the income accumulated under sub-clause 8.1 as if it were income arising in the then current year.

## 10.    POWER TO APPLY CAPITAL FOR BENEFICIARIES

The provisions of this clause shall apply during the Trust Period notwithstanding the provisions of sub-clause 8.1 but subject to any appointment made under sub-clause 8.1 and to the Protector's written consent.

10.1    The Trustees may pay or apply the whole or any part of the capital of the Trust Fund to or for the benefit of all or such of the Beneficiaries, in such shares and in such manner generally as the Trustees shall in their discretion think fit.

10.2    The Trustees may apply the whole or any part of the capital of the Trust Fund by paying or transferring the same to the trustees of any other trust or settlement, whether or not the proper law of such other trust or settlement shall be the proper law of the Trust, for the benefit of any of the Beneficiaries.

10.3    The exercise of the power conferred by sub-clause 10.2 shall be subject to the following provisions:

(a)    upon the payment or transfer of any money or other property to the trustees of any such trust or settlement, the Trustees shall not be bound to see to the further application of such money or property;

(b)    the Trustees may make such payment or transfer to the trustees of a discretionary trust, notwithstanding that the Beneficiary for whose

**356**

benefit the power is exercised is only a discretionary object of such trust;

(c) the Trustees may make such payment or transfer notwithstanding that persons other than the Beneficiary for whose benefit the power is exercised are or may become entitled to, or to the income of, the money or other property paid or transferred;

(d) any exercise of the power shall comply with the provisions of sub-clause 15.1; and

(e) the power shall not be exercisable so as to permit any part of the income or capital of the Trust Fund to be paid or transferred to the trustees of any trust or settlement in which any Excluded Person is or may be interested.

## 11. TRUSTS IN DEFAULT OF APPOINTMENT

11.1 From and after the expiration of the Trust Period, and subject to any appointment made under sub-clause 8.1, the Trustees shall hold the capital and income of the Trust Fund upon trust absolutely for all or any one or more exclusively of the others of the Grantor and her children and remoter issue as shall then be living and, if more than one in equal shares *per stirpes*, so that no person shall take if any of his ascendants is alive and so capable of taking.

## 12. ULTIMATE DEFAULT TRUSTS

Upon expiration of the Trust Period, subject as above, if and so far as not wholly disposed of for any reason whatever by the above provisions, the capital and income of the Trust Fund shall be held upon trust for such Charities and, if more than one, in such shares as the Trustees shall determine absolutely.

## 13. ASSIGNMENT OF POWER OF APPOINTMENT

The Trustees may, with the prior or simultaneous written consent of the Protector, by deed, grant to any Beneficiary the power to appoint all or any part of the Trust Fund, whether capital or income or both, in such manner, outright or in further trust, as the Trustees shall in such deed provide.

## 14. ADMINISTRATIVE POWERS

The Trustees shall, in addition and without prejudice to all statutory powers, have the powers and immunities set out in Part 2 of this Deed. No power conferred on the Trustees shall be exercised so as to conflict with the beneficial provisions of this Deed.

## 15. EXERCISE OF POWERS

15.1 Every power conferred by the provisions of Part 1 of this Deed shall be subject to the application (if any) of the rule against perpetuities and any applicable laws governing

**357**

the permitted period of accumulations and shall (except for clauses 17 and 18) be exercisable only during and so as to take effect during the Trust Period. No power of revocation shall be exercisable except during the Trust Period.

15.2    Any written consents required under the terms of this Deed may be given either specifically in relation to any particular matter or by a general written consent referring to one or more matters.

15.3    If there is more than one Protector in office, the Protectors shall act unanimously.

16.    **GENERAL LIMITATION ON POWERS**

16.1    No individual Trustee and no person to whom a Trustee has delegated his powers pursuant to the terms of this Trust or by law who is a Beneficiary and a US Person may participate as one of the Trustees or as a delegate of one of the Trustees in the exercise of any of the powers conferred by the following clauses and sub-clauses (the 'restricted powers'):

(a)    clause 5 (Power to add Discretionary Beneficiaries);

(b)    clause 6 (Power of exclusion);

(c)    sub-clause 8.1 (Discretionary trust of capital and income);

(d)    clause 9 (Income trusts in default of appointment);

(e)    clause 10 (Power to apply capital for Beneficiaries);

(f)    clause 24 (Variation of terms of this Trust); and

(g)    clause 64 (Power to vary administrative provisions).

16.2    No Trust Company may participate as one of the Trustees in the exercise of any of the restricted powers if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

16.3    Neither the Protector nor the Grantor shall be eligible to serve as a Trustee of this Trust or to exercise the powers of the Trustees under any circumstances.

17.    **REMOVAL AND APPOINTMENT OF TRUSTEES**

17.1    A Trustee shall cease to be a Trustee on the happening of any of the following events:

<div style="text-align: right; color: red; font-size: 2em;">358</div>

15432165.4

12

(a)     on resigning in accordance with sub-clause 17.2;

(b)     on being removed in accordance with sub-clause 17.3;

(c)     if an individual, on death, on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

(d)     if a corporation, on filing for bankruptcy, on becoming insolvent or on dissolution.

17.2    A Trustee may resign by giving three months' notice in writing to the person for the time being having power to appoint new or additional Trustees under the provisions of sub-clause 17.4. Upon the expiration of such notice, or such shorter period as may be agreed in writing between the Trustee giving notice and the person for the time being having power to appoint new or additional Trustees, the Trustee who has given notice shall cease to be a Trustee. If the Trustee so resigning is the sole Trustee and a new Trustee shall not have been appointed before the expiration of the specified period of notice, the resigning Trustee shall have power to appoint a new Trustee in its place and its resignation shall become effective only upon such appointment being made.

17.3    The Protector shall have power (to be exercised in writing) to remove any or all of the Trustees with or without cause. Notice of such removal shall forthwith be given to the Trustee concerned and the removal shall become effective immediately, except where all the Trustees or the sole Trustee have or has been removed in which case the removal shall be effective only on the appointment of a new Trustee or Trustees.

17.4    The Protector or, if the Protector shall be incapacitated or otherwise unable or unwilling to act, or if there shall be no Protector, the Trustees, shall have the power to appoint new or additional such Trustees.

17.5    Any appointment of a new or additional Trustee under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office in which case the appointment shall become effective on such death, resignation or incapacity. Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Trustees under this clause.

17.6    An outgoing Trustee (which term shall include a Trustee removed under sub-clause 17.3) shall promptly and without delay execute and do all such transfers or other acts or things as may be necessary for the immediate vesting the Trust Fund in the new or continuing Trustees and any reasonable expenses associated therewith (agreed in advance by the Protector) shall be borne by the Trust Fund *provided always* that the outgoing Trustee shall in no event delay or resist transferring the Trust Fund.

**359**

17.7    In the event that a Trustee is removed without cause under sub-clause 17.3, the new or continuing Trustees shall be required to undertake in writing to indemnify and hold the outgoing Trustee its directors officers servants and agents harmless against any and all claims demands actions proceedings damages costs or expenses whatsoever for or arising out of any act or omission on the part of the outgoing Trustee or any of its directors officers servants or agents in relation to the Trust, *provided always* (i) that such indemnity shall not extend to any act or omission for which the outgoing Trustee would not have been entitled to be indemnified out of the assets of the Trust Fund had it remained trustee of the Trust, (ii) that the new or continuing Trustees shall not be liable under this indemnity in an amount exceeding the amount or value of the Trust Fund for the time being, (iii) that the Protector shall have given his consent to the terms of such indemnity (which shall be reasonable and in accordance with industry standards) which consent shall not be unreasonably withheld.

17.8    Any appointment under this clause shall be in writing signed by the person making the appointment and by the new or additional Trustee so appointed.

17.9    The provisions of this clause shall apply notwithstanding any provision in the legislation for the time being in effect under the proper law of this Trust for the time being relating to the appointment, removal, retirement or discharge of trustees.

17.10   A person may be appointed to be a trustee notwithstanding that such person is not resident in the jurisdiction the law of which is the proper law of this Trust for the time being and remaining out of such jurisdiction for more than 12 months shall not be a ground for the removal of a trustee.

17.11   There shall be no requirement that there be more than one Trustee.

18.    **APPOINTMENT OF PROTECTORS**

18.1    The first Protector shall be the Original Protector.

18.2    A Protector shall cease to be a Protector on the happening of any of the following events:

    (a)    on resigning in accordance with sub-clause 18.3;

    (b)    if an individual, on death; on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

    (c)    if a corporation, on filing for bankruptcy, becoming insolvent or on dissolution.

18.3    The Protector may at any time resign its office by written instrument, notice of which shall be given to the Trustees.  Such resignation shall be effective upon receipt of the notice or the expiration of one month from the date of the resignation, whichever shall be earlier.



18.4    Protectors subsequent to the first Protector shall be appointed as follows.

(a)    The Original Protector may, by written instrument, appoint any other person or succession of persons to be protector or successive protectors of this Trust, either in addition to or to succeed it.

(b)    A Protector whose successor is not prescribed in advance by the Original Protector pursuant to sub-clause (a), or all of whose prescribed successors under sub-clause (a) have died, become incapacitated or are otherwise incapable or unwilling to serve as protector, may, by written instrument, appoint any other person to be protector of this Trust either in addition to or to succeed it (but may not appoint a succession of protectors).

(c)    Any appointment of a new or additional Protector under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office in which case the appointment shall become effective on such death, resignation or incapacity.  Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Protectors under this clause.

18.5    Any appointment under this clause (other than the appointment of the Original Protector whose appointment and acceptance thereof is made by this Deed) shall be in writing signed by the person making the appointment and by the new or additional Protector so appointed.  Any such appointment shall only take effect when written notice of such appointment has been given to the Trustees.

18.6    If, notwithstanding the provisions of sub-clause 18.4 there shall at any time be no Protector of this Trust, the Trustees shall, by deed, irrevocably appoint any person, not being one of the Trustees, to be the Protector after consulting with such of the adult Discretionary Beneficiaries as they shall consider appropriate.

19.    **EFFECT OF VACANCY IN PROTECTOR'S OFFICE**

If there shall at any time be no Protector, this Trust (except for clause 18) shall, during such time as there shall be no Protector (but not further or otherwise), be read and construed as if all references to the requirement for the Protector's consent or agreement and to the exercise by the Protector of any power were omitted from this Trust.

20.    **PROTECTOR'S INDEMNITY**

20.1    The Protector shall exercise his powers in good faith.  He shall not, in the absence of actual fraud, dishonesty or wilful misconduct, be accountable to any Beneficiary or

**361**

15432165.4                                15

the Trustees for any act of omission or commission in relation to the powers given to him by this Trust.

20.2   The Protector shall be entitled to charge for the performance of his duties at such rate or in such manner as may be agreed from time to time between the Protector and the Trustees.

20.3   The Protector shall be entitled to reimbursement of all proper expenses incurred by him in relation to the exercise of his powers and performance of his duties under this Trust or the prosecution or defence of any legal proceedings arising in connection with the exercise or non-exercise of his powers or the performance or non-performance of his duties, provided that any claim for reimbursement shall be received by the Trustees within one year of the expenses being incurred.

## 21.   PROPER LAW, FORUM AND PLACE OF ADMINISTRATION

21.1   The proper law of this Trust shall be that of the British Virgin Islands.  Except as otherwise provided in this Trust, all rights under this Deed and its construction and effect shall be subject to the jurisdiction of the courts, and construed according to the laws, of the British Virgin Islands.

21.2   The courts of the British Virgin Islands shall be the forum for the administration of these trusts.

21.3   The provisions of this sub-clause shall apply notwithstanding the provisions of sub-clauses 21.1 and 21.2

(a)   The Trustees shall have power, subject to the application (if any) of the rule against perpetuities, to carry on the general administration of these trusts in any jurisdiction in the world.  This power shall be exercisable whether or not the law of such jurisdiction is for the time being the proper law of this Trust or the courts of such jurisdiction are for the time being the forum for the administration of these trusts, and whether or not the Trustees or any of them are for the time being resident or domiciled in, or otherwise connected with, such jurisdiction.

(b)   The Trustees may at any time declare in writing that, from the date of such declaration, the proper law of this Trust shall be that of any specified jurisdiction.  No exercise of this power shall be effective unless the law of the jurisdiction specified is one under which this Trust remains and all, or substantially all, of the trusts, powers and provisions contained in this Deed remain enforceable and capable of being exercised and so taking effect.

(c)   Following any exercise of the power contained in sub-clause 21.3(b), the Trustees shall, by deed, make such consequential alterations or additions to this Deed as they consider necessary or desirable to ensure that, so far as may be possible, the trusts, powers and

362

15432165.4                                          16

provisions of this Deed shall be as valid and effective as they were immediately prior to such change.

(d) The Trustees may, at any time, declare in writing that, from the date of such declaration, the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 22. EXCLUSION OF COMMUNITY PROPERTY RULES

No benefit accruing to or devolving on any Beneficiary under this Deed shall form or constitute a portion of any communal or joint estate or marital property of such Beneficiary, but such benefit shall be and remain the sole, separate and exclusive property of such Beneficiary. Should such Beneficiary be married or marry in community of property, any benefit so accruing or devolving shall be expressly excluded from the community; such benefit shall also be free from the interference, control or marital power of any spouse of such Beneficiary. The provisions of this clause shall apply not only to benefits accruing to or devolving on any Beneficiary but also to the property of whatever nature for the time being representing the same and the income thereof.

## 23. EXCLUSION OF EXCLUDED PERSONS

23.1 No discretion or power conferred on the Trustees or any other person by this Deed or by law shall be exercised, and no provision of this Deed shall operate directly or indirectly, so as to cause or permit any part of the capital or income of the Trust Fund to become in any way payable to or applicable for the benefit of an Excluded Person.

23.2 The provisions of sub-clause 23.1 shall not preclude any Settlor from exercising any statutory right to claim reimbursement from the Trustees for any income tax or capital gains tax paid by him in respect of income arising to the Trustees or capital gains realised or deemed or treated as realised by them.

23.3 Subject to sub-clause 23.2 the prohibition in this clause shall apply notwithstanding anything else contained or implied in this Deed.

## 24. VARIATION OF TERMS OF THIS TRUST

The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:

24.1 they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

24.2 they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being

**363**

confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;

24.3    no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor.

24.4    no such variation, amendment, addition or deletion

   (a)    shall infringe the proper law of this Trust for the time being; or

   (b)    shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and

24.5    no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety.

25.    **SEVERABILITY**

If any provision of this Deed shall be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity and enforceability of the remaining provisions of this Deed which shall, so far as possible, be construed and take effect as if the invalid or unenforceable provisions had not been included in this Deed.

26.    **COUNTERPARTS**

This Deed may be signed in counterparts and each such counterpart shall constitute an agreed document and each such counterpart taken together, shall constitute one and the same instrument.

**PART 2 - ADMINISTRATIVE PROVISIONS**

27.    **POWER OF INVESTMENT**

27.1    The Trustees may apply any money to be invested in the purchase or acquisition (either alone or jointly with other persons) of such property, of whatever nature and wherever situate and whether of a wasting nature, involving liabilities or producing income or not, or in making such loans with or without security, as they think fit so that they shall have the same powers to apply money to be invested as if they were an absolute beneficial owner.

27.2    The Trustees may exchange property for other property on such terms as they think fit.

27.3    The Trustees shall not be required to diversify the investment of the Trust Fund.

28.    **EXERCISE OF RIGHTS ATTACHING TO SHARES**

Notwithstanding any other provision of this Deed, the power, authority and discretion granted to the Trustees under this Deed over the control or exercise of

15432165.4                                            18

**364**

any rights (including, without limitation, voting rights) attaching to any securities, shares or other interests in any entity that form a part of the Trust Fund, or which are held (directly or indirectly) by a company or other entity whose shares form part of the Trust Fund and which is controlled by the Trustees, shall be exercisable by the Trustees, acting alone as provided in this Deed, without the approval or consent of any Beneficiary, Protector or any other person.  No person other than the Trustees shall have any power, authority or discretion, directly or indirectly, over the control or exercise of any rights (including, without limitation, voting rights) which might be conferred by the holding of any such securities, shares or other interests unless specifically delegated such power, authority or discretion by the Trustees.

29.    **POWER TO LEND**

The Trustees may lend all or any part of the Trust Fund to any person or Beneficiary on such terms (whether or not including provision for the payment of interest) as the Trustees think fit.

30.    **POWER TO BORROW**

The Trustees may borrow on the security of all or any part of the Trust Fund or otherwise for any purpose.

31.    **POWER TO GIVE GUARANTEES**

The Trustees may guarantee the payment of money and the performance of obligations by any Beneficiary or by any company in which the Trust Fund is invested and may charge all or any part of the Trust Fund in support of such guarantee.

32.    **POWER OF MANAGEMENT**

The Trustees shall have all the powers of an absolute beneficial owner in relation to the management and administration of the Trust Fund.

33.    **POWERS IN RELATION TO LAND AND CHATTELS**

33.1    The Trustees shall have all the powers of an absolute beneficial owner in relation to the disposition, development and improvement of any land comprised in the Trust Fund.

33.2    The Trustees shall not be bound to maintain any building or other structure on land comprised in the Trust Fund or to preserve or repair any chattels comprised in the Trust Fund.

34.    **POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY**

The Trustees may, with the consent of the Protector, permit any Discretionary Beneficiary or any other person (if in the opinion of the Trustees it is in the interests of a Discretionary Beneficiary) to occupy or enjoy the use of all or any part of the Trust Fund on such terms as the Trustees think fit.  The Trustees may acquire any property for this purpose.

**365**

**35.    POWER TO INSURE PROPERTY**

The Trustees may insure all or any part of the Trust Fund against any risk, for any amount and on such terms as they think fit but shall not be bound to do so.

**36.    POWERS IN RELATION TO LIFE INSURANCE POLICIES**

The Trustees may apply all or any part of the Trust Fund in purchasing or maintaining any policy of insurance on the life of any person and shall have all the powers of an absolute beneficial owner in relation to any such policy.

**37.    POWER TO TRADE**

37.1    The Trustees may trade either alone or in partnership and may exercise all or any of the powers conferred on them by this Trust in connection with such trade.

37.2    The Trustees shall be entitled to be indemnified out of the Trust Fund against all liability to which they may be subject in connection with such trade.

**38.    POWER TO PROMOTE COMPANIES**

The Trustees may incorporate any company in any part of the world for any purpose in connection with this Trust.

**39.    POWERS IN RELATION TO COMPANIES**

39.1    The Trustees may enter into any compromise or arrangement in relation to any company in which the Trust Fund is invested.

39.2    The Trustees may enter into any arrangements in relation to the winding up or liquidation of any company in which the Trust Fund is invested.

39.3    The Trustees shall not be bound to enquire into or be involved in the management of any company in which the Trust Fund is invested unless they have knowledge of circumstances which call for enquiry.

**40.    EXCLUSION OF APPORTIONMENT**

No apportionment rules shall apply to the income of the Trust Fund or any part of it, so that all income received by the Trustees shall be treated as accruing at the date of receipt.

**41.    POWER OF APPROPRIATION**

41.1    The Trustees may appropriate all or any part of the Trust Fund as they think fit in or towards satisfaction of the interest of any Beneficiary and may for such purpose place such value on any property as they think fit.

**366**

15432165.4                                          20

41.2  Where the Trustees have divided the Trust Fund into one or more sub-funds, the Trustees may transfer assets comprised in one such sub-fund to any other sub-fund in exchange for assets which have an equivalent open market value.

## 42.  DIVISION BETWEEN CAPITAL AND INCOME

The Trustees may determine whether any sums received or disbursed are on account of capital or income, or partly on account of one and partly on account of the other, and in what proportions.

## 43.  PAYMENT OF EXPENSES

The Trustees shall have power to pay out of income or capital, as they may in their discretion determine, any expenses relating to the Trust Fund (or any assets comprised within it) or its administration.

## 44.  POWERS IN RELATION TO MINORS

44.1  The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the parent or guardian of any minor who is beneficially entitled to such assets or income, and the receipt of such parent or guardian, or of the minor, shall be a full discharge to the Trustees.

44.2  The parent or guardian of a minor shall in respect of any assets or income received in accordance with this clause have the powers conferred on the Trustees by Part 2 of this Deed.

## 45.  POWER TO APPOINT AGENTS

The Trustees may employ and pay at the expense of the Trust Fund any agent in any part of the world to transact any business in connection with this Trust without being responsible for the fraud, dishonesty or negligence of such agent, *provided* that such agent is employed in good faith, the Trustees reasonably ensure that the agent acts within the scope of its delegation, and the Trustees monitor and review from time to time the agent's overall performance.

## 46.  POWER TO EMPLOY NOMINEES

The Trustees may hold all or any part of the Trust Fund in the name of one or more of the Trustees, or of any other person or partnership, as nominee on such terms as the Trustees think fit.

## 47.  POWERS TO DELEGATE

47.1  The Trustees may engage any person or partnership as investment adviser to advise them on the investment of all or any part of the Trust Fund and they may, without being liable for any consequent loss, delegate to such investment adviser discretion to manage investments on such terms as the Trustees think fit.

**367**

47.2    The Trustees may, without being liable for any consequent loss, delegate to any person the operation of any bank, building society or other account.

47.3    Any trustee may, by deed revocable or irrevocable, delegate to another trustee or any other person the exercise of all or any trusts and powers conferred on such trustee (other than the power of delegation conferred by this sub-clause) notwithstanding the fiduciary nature of such trusts and powers.

48.    **POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS**

48.1    The Trustees may indemnify any person in respect of any liability relating to this Trust and may charge all or any part of the Trust Fund in connection with such indemnity in such manner as they think fit.

48.2    The Trustees may enter into any agreement or give any commitment that they think fit relating to the transfer or sale of any business or company in which the Trust Fund is invested.

49.    **PAYMENTS TO CHARITIES**

The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the person who purports to be the treasurer or other appropriate officer of any Charity which is entitled to such assets or income, and the receipt of such person shall be a full discharge to the Trustees.

50.    **LEGAL PROCEEDINGS**

The Trustees may institute and defend proceedings at law and proceed to the final determination thereof or compromise the same as they shall in their discretion think fit.

51.    **COMPROMISE AND SETTLEMENT**

The Trustees may compromise and settle for such consideration and upon such terms and conditions as they shall in their discretion think fit all matters arising in relation to the trusts hereby created or the Trust Fund.

52.    **ACCOUNTS AND AUDIT**

The Trustees shall keep accurate accounts of their trusteeship and may, or shall if so requested by the Protector, have them audited annually by a firm of professionally qualified accountants selected by the Trustees.

53.    **PROTECTOR'S POWER TO MAKE REQUESTS**

In addition to the powers specifically conferred on the Protector by this Deed, the Protector shall have power to request information relating to this Trust from the Trustees (which information and accounts shall forthwith be supplied to the Protector) and to make other requests of or suggestions to the Trustees in regard to any matter relating to this Trust and the Trustees shall be bound to have regard to

368

any such other request or suggestion but shall not be bound to act in accordance with the same.

54. **PAYMENT OF TAXES**

In the event of any inheritance tax or probate, succession, estate duty or other duties, fees or taxes whatever becoming payable in any part of the world in respect of the Trust Fund or any part of it in any circumstances whatever, the Trustees may pay all such duties, fees or taxes (notwithstanding that they are not recoverable from the Trustees or the Beneficiaries) out of the capital or income of the Trust Fund at such time and in such manner as they think fit, *provided* that, during the lifetime of the Grantor, any United States income taxes or capital gains taxes payable in respect of the Trust Fund or any part of it shall be payable by the Grantor (subject to any statutory right of the Grantor to be reimbursed by the Trustees). The power to pay duties, fees and taxes conferred by this clause shall extend to any related interest and penalties and to the provision of information to, or the filing of returns with, any relevant tax authorities.

55. **PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS**

Notwithstanding any provision to the contrary contained in this Deed, the Trustees shall comply with all requests received from any Beneficiary regarding information or documentation that they may require from the Trustees to fulfil their personal tax filing obligations and requirements. The provision of such information and documentation shall include, where requested:

55.1   the execution by the Trustees of such returns or statements as may be required for tax purposes;

55.2   the appointment, as contemplated by section 6048 of the Code, of a United States agent acceptable to the Trustees for the trusts declared or contained in this Deed; and

55.3   the production of the accounts pertaining to the Trust Fund within a reasonable time after the expiration of the Beneficiary's relevant tax reporting period.

56. **TRUSTEE CHARGING**

56.1   A trustee which is a trust corporation or company authorised to undertake trust business shall be entitled to remuneration in accordance with such terms as may from time to time be agreed between the trustee and the Protector.

56.2   A trustee, whether acting as a person engaged in a profession or business or in a personal capacity, shall be entitled to all normal professional or other fees for business done, services rendered or time spent by such trustee personally or by such trustee's firm or company in the administration of these trusts, including acts which a trustee not engaged in any profession or business could have done personally.

<span style="color:red">369</span>

56.3    A trustee shall be entitled to retain any commission which may be received personally or by such trustee's firm in respect of any transaction carried out on behalf of this Trust for which such trustee or trustee's firm is, in the normal course of business, allowed commission, notwithstanding that the receipt of such commission was procured by an exercise by such trustee or the Trustees of powers over the Trust Fund, but shall notify the Protector on receipt of any such commission.

57.    **POWER TO RECEIVE REMUNERATION**

A trustee may act and be remunerated as a director or other employee or as agent or adviser of any business or company in any way connected with the Trust Fund and shall not be liable to account for any remuneration, fees or profits received by the trustee in any such capacity, but shall notify the Protector on receipt of any such remuneration, fees or profit.

58.    **INDEMNITY INSURANCE**

58.1    The Trustees may pay out of the Trust Fund the cost of any premium in respect of insurance or indemnity to cover all personal liabilities which may be incurred by the Trustees in connection with this Trust.  No trustee shall be accountable for any money paid to such trustee under the terms of any such insurance or indemnity unless the trustee shall otherwise have been fully indemnified in respect of the liability to which such payment relates.

58.2    Any such insurance or indemnity shall not extend to any liabilities of a trustee arising from any act or omission in respect of which the trustee would not otherwise be entitled to be indemnified out of the Trust Fund.

59.    **POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST**

59.1    The Trustees  may enter into any transaction concerning the Trust Fund:

(a)    notwithstanding that one or more of the Trustees or any one or more of the Protectors may be interested in the transaction other than as one of the Trustees or the Protectors; and

(b)    without any trustee or any protector who is so interested being liable to account for any reasonable incidental profit.

59.2    This power shall only apply provided that the transaction is at least as favourable to the Trustees as if it had been effected:

(a)    in the case of a purchase or sale of shares or other securities listed on any stock exchange, at the middle market price on the day on which such shares or other securities are purchased or sold; or

(b)    in the case of any other transaction, at a price and on terms such as would apply in the case of a transaction effected on fully commercial terms between unconnected persons.

**370**

### 60.    DISCLOSURE OF DOCUMENTS

The provisions of this clause shall apply without prejudice to any right of the Trustees under the proper law of this Trust to refuse to disclose any document.

60.1    The Trustees shall not, subject to sub-clause 60.2, be bound to disclose to any person any document relating to this Trust, its administration, the exercise of the Trustees' powers, the performance of their duties or the Grantor's wishes.

60.2    Notwithstanding sub-clause 60.1, in the event of a Beneficiary requesting disclosure, the Trustees shall disclose to that Beneficiary, this Deed, supplemental deeds, trustees' resolutions exercising dispositive powers and documents which relate to or form part of the accounts of this Trust.

### 61.    PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS

The Trustees may distribute the Trust Fund without having ascertained that there is no Beneficiary whose parents were not married to each other at the time of his birth (or who claims through a person whose parents were not so married) and the Trustees shall not be liable to any Beneficiary of whose existence they had no actual notice at the time of distribution.

### 62.    PROTECTION OF THE TRUSTEES GENERALLY

62.1    No trustee shall be liable for any loss to the Trust Fund however arising except as a result of the fraud, dishonesty or wilful misconduct of such trustee, or in the case of a professional trustee entitled to charge for his services as trustee for the negligence of such trustee.

62.2    No trustee shall be bound to take any proceedings against a co-trustee or former trustee or the personal representatives of a co-trustee or former trustee for any breach or alleged breach of trust committed or suffered by such co-trustee or former trustee.

### 63.    RELEASE OF POWERS

63.1    Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed.

63.2    The Protector and any other person on whom powers are conferred by this Deed may by deed (and so as to bind successive protectors of this Trust) release or restrict the future exercise of all or any of the powers conferred upon him by this Deed.

### 64.    POWER TO VARY ADMINISTRATIVE PROVISIONS

The Trustees may by deed amend or add to the administrative provisions contained in Part 2 of this Deed, provided that any amendment to clauses 45 (Power to appoint agents), 46 (Power to employ nominees), 47 (Power to delegate), 56 (Trustee charging), 57 (Power to receive remuneration) or 59 (Power to exercise powers

**371**

## SCHEDULE

€100

**372**

Signed sealed and delivered as a deed by )

**Delphine Anne Le Dain** )

)

in the presence of

**Witness**

Signature:

Name: GRAHAM A. COLLETT

Address: 1 BROMLEY LANE

CHISLEHURST, KENT

BR7 6LH

Occupation: CHARTERED ACCOUNTANT

The Common Seal of )

**Trustee** )

was hereunto affixed ).............................

in the presence of

**Director**

Signature:

Name: Leonard o'Brien

**Director / Secretary** witness

Signature:

Name:

**373**

15432165.4                                    28

**Agreed and accepted by the Original Protector**

Signed sealed and delivered as a deed by )

**GRAHAM AUBREY COLLETT**                            )

                                                                         )

in the presence of

**Witness**

Signature:

Name:                  JEANINE BARBEY

Address:              94 RUE DE LA

                            SERVETTE, 1202

                            GENEVA SWITZERLAND

Occupation:         CLIENT EXECUTIVE

374

15432165.4                                    29

Dated 15th December 2017

**DELPHINE ANNE LE DAIN**

(Grantor)

and

**SALAMANDER ASSOCIATES LIMITED**

(Original Trustee)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

---

**DEED OF AMENDMENT TO**

**THE IVERNA TRUST**

---

375

42364505.1

      b.  permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in the Settlement,

(the "**Power**").

(D)    The Trustees wish to exercise the Power in the manner set out in this Deed.

**OPERATIVE PROVISIONS**

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **VARIATION OF THE SETTLEMENT**

2.1    In exercise of the Power and all other powers (if any), and:

2.1.1    being satisfied that such variation is for the benefit of the Beneficiaries;

2.1.2    having obtained the Counsel Opinion; and

2.1.3    having obtained the Grantor Consent,

the Trustees hereby, with effect from the date of this Deed, vary the Settlement by deleting clause 7 (*Grantor's power of revocation*) of the Settlement in its entirety.

2.2    In accordance with clause 16 (*General limitation on powers*) of the Settlement, no Trust Company may participate as one of the Trustees in the exercise of any of the Power if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

<div style="text-align: right; color: red; font-size: 2em;">376</div>

## SCHEDULE

The Deed of Settlement for the Iverna Trust dated 7 July 2014 between the Parties.

377

Signed sealed and delivered as a deed by )

**Delphine Anne Le Dain**                                    )

                                                                        )

in the presence of

**Witness**

Signature:

Name:                    *Iryna Tsengharyk*

Address:                *20 Conduit Street*

                            *London W1S 2XW*

Occupation:            *Finance Manager*

The Common Seal of                          )

**SALAMANDER ASSOCIATES**      )

**LIMITED**                                          )

was hereunto affixed                          )

in the presence of

**Director**

Signature:

Name:                    *L D Orr*

**Director / Secretary**

Signature:

Name:

42364505.1                                    5

**378**

**Agreed, consented and accepted by the Original Protector**

Signed sealed and delivered as a deed by )

**GRAHAM AUBREY COLLETT**                    )

                                                )

in the presence of

**Witness**

Signature:          _Tracey_

Name:               _Iryna Tsenthacyk_

Address:            _20 Conduit Street_

                    _London_

                    _W1S 2XW_

Occupation:         _Finance Manager_

379

42364505.1                                    6



CharlesRussell
Speechlys

DATED  *12TH APRIL*  2022

SALAMANDER CORPORATE SERVICES SA (1)

and

GRAHAM AUBREY COLLETT (2)

---

## DEED OF AMENDMENT REGARDING THE BENEFICIAL CLASS

### (THE IVERNA TRUST)

---

380

**THIS DEED OF AMENDMENT** is made on the *12ᵀᴴ* day of *APRIL* 2022

**BETWEEN**

(1)    **SALAMANDER CORPORATE SERVICES SA** whose registered office is at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the "**Trustee**"); and

(2)    **GRAHAM AUBREY COLLETT** of 53 Mill Rise, Robertsbridge, East Sussex TN32 5EG (the "**Protector**").

**WHEREAS**

(A)    This deed is supplemental to:

(i)    a trust deed dated 7 July 2014 and made between (1) Delphine Anne Le Dain as settlor (the "**Settlor**"), (2) Salamander Associates Limited as original trustee and (3) the Protector as the original protector, establishing the Iverna Trust (the "**Trust**"); and

(ii)    all other relevant deeds and documents made supplemental to the Trust.

(B)    The Trustee is the present and sole trustee of the Trust.

(C)    By clause 24 of the Trust, the Trustee has the following power:

*"The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:*

*24.1    they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;*

*24.2    they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;*

*24.3    no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor;*

*24.4    no such variation, amendment, addition or deletion*

*(a)    shall infringe the proper law of this Trust for the time being; or*

*(b)    shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and*

*24.5    no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety."*

(the "**Power of Amendment**").

(D)    By clause 63 of the Trust, the Trustee has the following power:

2


381

*"Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed."*

(the "**Power to Release**").

(E)     The Trustee is desirous of exercising the Power of Amendment and Power to Release revocably to amend the class of Discretionary Beneficiaries in the event that the Settlor dies whilst resident in Switzerland for Swiss estate tax purposes in the manner set out below. It is intended that clause 2.3 takes effect upon the date of the Settlor's death whereas the remaining provisions do not take effect unless and until the Settlor dies in said circumstances.

(F)     The Trustee has satisfied itself that all the conditions set out in sub-clauses 24.1 to 24.5 of the Trust have been satisfied.

(G)     The Protector wishes to consent to the exercise of the Power of Amendment and is a party to this deed for that purpose.

(H)     The Trust Period as defined in sub-clause 1.1 of the Trust has not yet expired.

**NOW THIS DEED WITNESSES** as follows:

1       **DEFINITIONS AND INTERPRETATIONS**

In this deed, where the context allows, the definitions and rules of construction contained in the Trust shall apply.

2       **AMENDMENT**

2.1     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the definition of "Discretionary Beneficiaries" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

> ""**Discretionary Beneficiaries**" shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:
>
> (a)     the Grantor;
> (b)     the children and remoter issue of the Grantor;
> (c)     Charities; and
> (d)     the trustees of any other trust of which any one or more of the Beneficiaries of this Trust are interested;
>
> but not any other persons or classes of persons."

2.2     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the

3



definition of "Charity" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

""**Charity**" shall mean any trust, foundation, company or other organisation that:

(a)    for Valais (Switzerland) tax purposes is eligible for a zero rate of donation, estate or inheritance tax as such tax is defined under Swiss law when receiving a transfer from an ordinary tax resident of Valais; and

(b)    is incorporated in Valais;

and the words "**Charities**" and "**Charitable**" shall be construed accordingly always provided that any reference to a Charity that is a trust shall, where the context requires, mean the trustees (acting in that capacity) of such trust"

2.3    In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death, the Trust shall be read and construed such that sub-clause 5.1 of the Trust (Power to Add Discretionary Beneficiaries) were replaced in its entirety by the following words:

"5.1    The Trustees with the prior or simultaneous written consent of the Protector may, at any time during the Trust Period but only after the Grantor's death and provided always that she did not die whilst resident in Switzerland for Swiss estate tax purposes, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine. For the avoidance of doubt if the Grantor does die whilst resident in Switzerland for Swiss estate tax purposes the Trustees may not add to the class of Discretionary Beneficiaries."

2.4    In exercise of the Power to Release and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Power of Amendment under clause 24 is released by the Trustee only insofar as it applies to the definition of Discretionary Beneficiaries.

2.5    This deed shall be revocable in whole or in part by the Trustee by deed at any time during the Trust Period. Notwithstanding any other provision of this deed, this deed shall nonetheless become irrevocable upon the death of the Settlor if on the date of her death she is resident in Switzerland for Swiss estate tax purposes.

2.6    For the avoidance of doubt, the provisions of this deed prevail over any other provisions of the Trust to the contrary.

2.7    For the avoidance of doubt, the provisions of this deed are not intended to cause, and will not cause, a resettlement of the Trust.

4

383

3    **PROTECTOR CONSENT**

As required by clause 24 of the Trust, the Protector Trustee hereby consents to the exercise of the Power of Amendment in accordance with clause 2 hereof.

4    **CONFIRMATION**

Save as provided above the terms of the Trust shall continue in full force and effect.

5    **GOVERNING LAW**

This deed shall be governed by and construed in accordance with the laws of The British Virgin Islands and the parties hereto irrevocably submit to the non-exclusive jurisdiction of the courts of The British Virgin Islands.

6    **COUNTERPARTS**

This deed may be executed in counterparts, all of which taken together, shall constitute one and the same deed and any party may enter into this deed by executing a counterpart.

**IN WITNESS** of which the parties to this deed have executed this deed on the day and year first above written

Signed as a Deed and Delivered by )
**SALAMANDER CORPORATE SERVICES** )
**SA** as trustee of the Iverna Trust acting by a )
director )

.............................................
Director

)

in the presence of:

Witness signature:

Witness name:  DMITRY RUOVAREV

Witness address:  CHEMIN DE LA TULETTE 4, 1223 COLOGNY

Witness occupation:  SENIOR MANAGER

5

384

SIGNED as a DEED and DELIVERED      )    ........ G A Collett .    ..............
by GRAHAM AUBREY COLLETT as       )
Protector of the Iverna Trust


in the presence of:

Witness signature: ASElli

Witness name: Anthony Stephen Ellis

Witness address: 5 Wakeley Road, Rainham, Kent ME8 8HD

Witness occupation: Retired

6

385

# Summit Trust International SA ("STI")

**Summit Trust (Cayman) Limited**
**Summit Trust Company Ltd**

# Settlor/Contracting Party Compliance Declaration
### (Version: May 2021)

**Settlors, Founders and Owners of managed companies** should complete sections A, B, C, D and, if relevant, E.

*Protectors & Beneficiaries* should complete separate form

Please sign and date all sections as requested.

General information including data protection information is included in section F – please sign to acknowledge.

**Nexus: insert name of Trust/Foundation/Companies covered by this declaration:**

Trust

Iverna Trust

Companies

Taruki Management Ltd

Mountain Pass Trading Ltd

StoryFirst Ltd

Atlantic Screen Holdings Ltd

**386**

Joseph Schmo Investment Ltd

CFS Equities International Ltd

BeijingCable

China New Media

Atlantic Screen Music Ltd

Atlantic Screen Productions Ltd

Atlantic Screen Capital Ltd

Copyright Administration Services Ltd

MTV Adria 1

MTV Adria 2

MTV Adria 3

Rerraneo Festival (Croatia)

**(hereinafter referred to below as "the Fiduciary Structure")**

387

THIS PAGE IS INTENTIONALLY LEFT BLANK

388

## SECTION A:
## DECLARATION OF BENEFICIAL OWNERSHIP

### 1. *For Trusts and Foundations*

I, *(insert name)*                 **Delphine Anne le Dain**

being the settlor/donator/asset contributor of the Fiduciary Structure hereby declare that the

**"Beneficial Owner"** (as defined below) of the assets of the Fiduciary Structure is/are the

persons listed below who are the named or identified beneficiaries or objects of discretionary

powers contained in the relevant documentation of the Fiduciary Structure:

**EITHER** *( please check one of the following:)*

**For Revocable Trusts:**          ☐ I am the 'beneficial owner' as the Trust is revocable by me;

**OR**

**For Irrevocable Trusts:**          ☒ The 'beneficial owners' are as described in (a) or (b) below:

### a) For Discretionary Trusts

☒ There are no persons with fixed interests in the trust fund, but the persons who may
be entitled to benefit are those described in the Trust Deed as 'Beneficiaries'.

### b) For Non-Discretionary Trusts

☐ **Life Interest Trusts:** The beneficial owners are the persons named or described as
life tenants and beneficiaries in the Trust Deed.

**AND**

I confirm that the following person(s) is the Protector/Guardian/Appointor under the Fiduciary
Structure having the powers specified by the instrument creating the Fiduciary Structure:

| Names: | Full Residential addresses/domicile |
|---|---|
| **HERVÉ BENZAKEIN** | **c/o HBS SA,** |
| | **Rue de la Rôtisserie 1,** |
| | **1204 Genève Switzerland** |

389

2. **For Stand Alone Managed Companies only**

I, *(insert name)* .......................................................................................................

hereby declare that the "Beneficial Owner" of the **Fiduciary Structure** (being a company or corporate body) and therefore the person or persons entitled to the assets of the Fiduciary Structure upon a liquidation thereof is/are the persons listed below:

| Names: | Full Residential addresses/domicile |
|---|---|
| | |

*(attach an additional sheet, if necessary)*

**INTERPRETATION**

"Beneficial Owner" as used in this form signifies only 'beneficial owner' for regulatory purposes in Switzerland in accordance with the laws in force in Switzerland relating to the prevention of money laundering (blanchiment d'argent) and has no wider legal significance. In particular, in the case of discretionary trusts, or trusts containing powers of appointment in favour of objects of discretion, the fact that an object of a discretionary trust power or power is described in this Form as a "beneficial owner" does not mean that that person has any greater legal right or entitlement to trust property or that the trustees' discretionary powers of appointment have been exercised fettered or restricted in any way whatsoever.

Undertakings

1)    I undertake to inform STI of any changes in the above which are brought about through my own powers to do so where this is possible.

2)    The information furnished above is true and complete and given to the best of my knowledge and belief.

Signature: _____    Date: 04/04/2023

Summit Trust International SA: Compliance Declaration May 2021 version

390

## SECTION B:
## INTERNATIONAL TAX COMPLIANCE DECLARATION (FATCA & AEOI)

<span style="color:red">391</span>

1.  I, *(insert name)*  **Delphine Anne le Dain**

    hereby declare that my tax status is:

    *Please check the box that applies:*

    **<u>Non-US Person</u>**

    ☒ I am <u>not</u> an American citizen, I do <u>not</u> possess or am entitled to a United States "green card" and I have no visa or other permission entitling me to reside in the United States of America and I am <u>not</u> otherwise a resident of the United States of America.

    *(if you ticked this box, please continue to Part 2 of this section)*

    **<u>US Person</u>**

    ☐ I am an American citizen.

    ☐ I was born in the United States and have not renounced US citizenship or my right to claim it.

    ☐ I am <u>not</u> an American citizen but I possess or am entitled to a United States "green card".

    ☐ I am <u>not</u> an American citizen and I do <u>not</u> possess or am entitled to a United States "green card" but I am resident in the United States

    **AND** my address in the United States is:

    _____

    _____

    _____

    **<u>My US taxpayer identification number or reference number is:</u>**

    _____

2. **_For completion by all who are non-US Persons_**

**Declaration of Tax Status**

My residential address is set out below and confirmed by the attached address verification document.

Address:

**Chemin de St Christophe 1, 1936 Verbier, Switzerland.**

**Country of Tax Residence:**        Switzerland.

**My taxpayer identification number or reference number is:**

**AVS 756.4431.4088.57 - (TIN)**

**If you are not able to provide a TIN, please state one of the 3 reasons below**:

☒    A - The country where I am liable to pay tax does not issue TINs to its residents

☐    B - I am otherwise unable to obtain a TIN or equivalent number – please explain

**SWITZERLAND TIN EQUIVALENT ABOVE**

☐    C - No TIN is required by the authorities of my country of tax residence

Undertakings

1)    I undertake to inform STI of any changes in the above which are brought about through my own powers as soon as possible.

2)    The information furnished above is true and complete and given to the best of my knowledge and belief.

3)    I understand that this information will be used by STI, or other relevant companies within the Summit Group, in order for them to comply with their obligations and duties to report under the FATCA regime and the Automatic Exchange of Information required under the Common Reporting Standard.

Signature: _____        Date: 04/04/2023

Summit Trust International SA: Compliance Declaration May 2021 version

**392**

## SECTION C:
## SOURCE OF FUNDS DECLARATION

1   The funds which I am intending to transfer to you for holding in the Fiduciary Structure, as discussed with you recently, are solely the result of:

*(Please tick as appropriate & provide information as indicated. If more space is needed please attach a separate sheet. If several categories apply, please tick all that apply and give a brief description under each one.)*

☒   **Professional Earnings** - provide brief details of profession / business activities

**Bartol Limited was incorporated in BVI on May 2001 with a seed investment of approximately $300,000 from DLD. The $300,000 was funded from Delphine's private savings accumulated as a journalist. The beneficial owner of Bartol Limited was Delphine Anne Le Dain (DLD). It was set up as a vehicle to act as a fuel supplier. Bartol continued to trade until December 2004, when the logistics business was transferred to Red Star Enterprises Limited,**

**Dividend from Rosbelt International Ltd - 50% interest in Global Resources Worldwide LP  owner of  Red Star Enterprises Limited (Attached Schedule of Dividend distributions from Red Star Enterprises Ltd 2003 - 2017 - Prepared by Graham Collett Trust CFO) Via Bartol / Aspen Wind / Sunage Foundation and Galactea Trust**

☐   **Inheritance** - provide brief details of how family wealth was originally generated including names of family members and name and details of family business as relevant

☒   **Sale of Business** - provide brief details of business activity, name of business and total sale proceeds

| Rosbelt International Limited, | |
| --- | --- |
| - 50% Holding in Global Resources Worldwide LP  (Attached Signed Purchase Agreement - Dated 12 October 2020) Total sales consideration $40,950,000 | |
| Oil Distribution and Trading Company | |
| | |
| | |

☐ **Other** (If sale of other assets such as Property or Investments, please provide brief details. If a Gift, please indicate donor & how their wealth was originally generated)

and are beneficially owned by me and are capable of free transfer by me and do not derive from any illegal activity.

1. I do not have any creditors whose claims I cannot satisfy from my free assets and have never been an adjudged bankrupt.

2. I have not been the subject of any audits or special tax investigations by any tax authority other than routine inquiries.

3. I have never been convicted of a serious criminal offence (i.e. offences other than those related to motoring).

4. I undertake to notify you without delay of any change to the warranties, undertakings & representations made above.

Summit Trust International SA: Compliance Declaration May 2021 version

394

Signature: _____    Date: 04/04/2023

## SECTION D:

## TELEPHONE, FAX & ELECTRONIC COMMUNICATIONS INDEMNITY

### In relation to the Fiduciary Structure

I hereby confirm that I may wish to communicate with you by means of telephone, facsimile, electronic mail ("e-mail") from time to time and I am therefore authorizing you to accept such means of communication. I would require you to exercise reasonable care in determining whether a purported communication from me is genuine and complete and free from corruption or interference and if you are in doubt I require you to take such steps as you see fit in order to verify the same before acting upon it. Provided that you have acted with reasonable care and have not acted with gross negligence I hereby agree to indemnify you from and against all losses, claims, actions, proceedings, demands, costs and expenses incurred or sustained by you whatsoever in connection with such communications.

Signature: _____     Date: 04/04/2023 _____

396

## SECTION E:

## THIRD PARTY DISCLOSURE AUTHORITY

### In relation to the Fiduciary Structure

1    I wish to be able to communicate with you through

**HERVÉ BENZAKEIN , DERMOT SHORTT**                                **("the Agent")**

with whom I have enjoyed a long standing relationship.  I hereby authorize you to release such information about the Fiduciary Structure to the Agent as he/she may request from time to time

2    In addition, I authorize you to rely upon and act in accordance with any requests made by me or purportedly given or made by me from time to time in connection with the Fiduciary Structure which may be transmitted by telephone, facsimile or e-mail to you by the Agent on my behalf. You will have no further duty to inquire as to the authority or identity of the person passing on any such request provided he/she has identified himself/herself by name and supplied the name of the Fiduciary Structure. You shall be entitled to treat any such request passed to you by the Agent as if made by me and as fully authorized and binding on me and my estate or heirs.  Should you require written confirmation of any request made under this authority, I undertake to provide this to you as soon as practicable thereafter.

3    In consideration for your acting in accordance with the terms of this letter, I, my personal representatives, heirs and assigns undertake to indemnify you and keep you indemnified against all losses, claims, actions, proceedings, damages, costs and expenses (including legal costs) incurred or sustained by you of whatever nature and howsoever arising out of your acting upon any requests made by, or purportedly made by, the Agent.

4    The terms of this letter shall remain in force until such time as you receive notice in writing of termination from me save that any such termination will not release me, my personal representatives, heirs and assigns from any liability under this authority and indemnity in respect of any act performed by you in accordance with the terms of this letter prior to receipt of notice of termination.

Signature: _____          Date: 04/04/2023

397

## SECTION F: DATA PRIVACY STATEMENT

STI, like other financial services businesses, is subject to Swiss laws on the protection of personal data. Where STI deals with persons resident in European Union Member States, the General Data Protection Regulation is also relevant. This document provides a summary of the rights that you have as a data subject by STI as a data controller and the policies STI has adopted to control the processing of personal data in accordance with the law.

### Reasons for Collecting Data

STI only collects personal data in order to administer trusts, companies, foundations, partnerships and other fiduciary structures ("fiduciary relationships") that it administers for its client families. Personal data is not sold for marketing purposes to third parties.

### Personal Data

The personal data that we collect includes name; date of birth; address; taxpayer or social security numbers; identity documents such as passport, driving licence, and national identity cards; proofs of address; bank account details so that payments can be made; information about your personal financial and domestic situation so that trustee discretions can be properly made, which may include information about your dependants; and other information that we may consider necessary in connection with our fiduciary duties and legal obligations.

Personal data is usually provided to us by you upon request but may be obtained by us from third parties and other sources such as databases and internet searches as well as from professional advisers such as lawyers, accountants, banks and financial advisers.

### Data Transfer

STI may transfer such data to third parties such as law firms, accountancy firms, banks, asset managers, securities custodians, and investment advisers in order to comply with laws such as those directed against money laundering or to obtain legal or tax advice required in connection with the administration of a fiduciary relationship. Personal data may be viewed by our auditors and can be produced to regulators and law enforcement bodies if requests are made. Personal data may also be reported to tax authorities under various international tax reporting obligations such as FATCA (where the United States is concerned) or the Automatic Exchange of Information provisions (for most countries outside of the United States). Personal data may also be exchanged as part of due diligence exercises in connection with the acquisition, merger or sale of trust businesses including STI and its subsidiaries. Personal data may also be transferred by STI to its subsidiaries or affiliated companies.

### Storage of Personal Data

STI maintains electronic records of personal data on its servers in Geneva and on a back-up server in a secure location in Switzerland. Personal data is also maintained on paper files in its offices in Geneva. Paper files are kept in locked cabinets overnight and the office is protected by an alarm system when not staffed overnight or at weekends. Staff are bound by personal undertakings to maintain client confidentiality, which includes protection of personal data, and office policies require that files containing personal data are filed away at night and not left on desktops. Where personal data is transferred outside of Switzerland, it will either be transferred to a jurisdiction that has equivalent legislative protection for personal data (e.g. the UK or a country within the European Economic Area) or we will in other cases, take steps to secure equivalent protection for personal data by means of contractual undertakings.

398

Personal data will be retained by us for as long as you are the subject of or might be concerned with a fiduciary relationship with us and for such periods as may be prescribed by law from time to time afterwards such as under the anti-money laundering legislation.

Once personal data is no longer required, STI will anonymise or erase it.

### Personal Data Information Rights

STI will adequately inform you when personal data is collected from you or from a third party. The use of sensitive data is subject to your express consent.

When personal data is communicated outside Switzerland, STI will inform you of the name of the third State or international body to which the data is to be communicated.

You may also request that we provide you with information about the personal data that we may hold about you and copies of that information. We will provide copies of information or documents we hold about you upon written request under the 'Contact' section below. If the information we hold about you is inaccurate you may require us to correct it by written request. You may also request that we cease to process information about you but in such cases this may impede our ability to provide financial benefits to you under a fiduciary relationship.

You may request that we erase all of your personal data under the "right to be forgotten" if (i) it is no longer necessary for us to hold that personal data with respect to the original purpose for which it was obtained; or (ii) where your consent was the basis of our receiving your personal data, you wish to withdraw that consent; or (iii) you have objections to our processing your personal data and there is no overriding legitimate interest that would entitle us to continue doing so; or (iv) your personal data has been processed unlawfully; or (v) your personal data has to be erased in order to comply with a particular legal or regulatory obligation. Erasure of personal data will prevent us from providing any financial benefit to you as without such information it would not be lawful for us to administer a fiduciary relationship from which you could benefit.

In Switzerland, the government body responsible for supervising data processing is the Federal Data Protection and Information Commissioner (FDPIC) whose address is: Office of the Federal Data Protection and Information Commissioner FDPIC, Feldeggweg 1, CH-3003 Berne, Switzerland, Telephone: +41 58 462 43 95; Fax: +41 58 465 99 96. Information about data protection in Switzerland is available from the FDPIC website: www.edoeb.admin.ch

### Contact

If you have any questions about our data protection policy please contact your usual Trust Officer or director contact or write to The Managing Director, Summit Trust International SA, 6 Place des Eaux-Vives, CH-1207 Geneva, Switzerland; tel + 41 22 707 8399; fax + 41 22 707 8395.

* * * * *

**Acknowledged**

Signature: _____        Date: 04/04/223 _____

399

Dated ___16th July___ 2014

**DELPHINE ANNE LE DAIN**

(Grantor)

and

**SALAMANDER ASSOCIATES LIMITED**

(Original Trustee)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

---

**THE ATLAS TRUST**

---

*21931899.1*

1

**400**

# TABLE OF CONTENTS

| No. | Heading | Page |
|-----|---------|------|
| 1. | DEFINITIONS AND CONSTRUCTION | 4 |
| 2. | NAME | 7 |
| 3. | POWER TO RECEIVE ADDITIONAL PROPERTY | 7 |
| 4. | TRUST FOR SALE | 7 |
| 5. | POWER TO ADD DISCRETIONARY BENEFICIARIES | 7 |
| 6. | POWER OF EXCLUSION | 8 |
| 7. | GRANTOR'S POWER OF REVOCATION | 9 |
| 8. | DISCRETIONARY TRUST OF CAPITAL AND INCOME | 9 |
| 9. | INCOME TRUSTS IN DEFAULT OF APPOINTMENT | 10 |
| 10. | POWER TO APPLY CAPITAL FOR BENEFICIARIES | 10 |
| 11. | TRUSTS IN DEFAULT OF APPOINTMENT | 11 |
| 12. | ULTIMATE DEFAULT TRUSTS | 11 |
| 13. | ASSIGNMENT OF POWER OF APPOINTMENT | 11 |
| 14. | ADMINISTRATIVE POWERS | 11 |
| 15. | EXERCISE OF POWERS | 11 |
| 16. | GENERAL LIMITATION ON POWERS | 12 |
| 17. | REMOVAL AND APPOINTMENT OF TRUSTEES | 12 |
| 18. | APPOINTMENT OF PROTECTORS | 14 |
| 19. | EFFECT OF VACANCY IN PROTECTOR'S OFFICE | 15 |
| 20. | PROTECTOR'S INDEMNITY | 15 |
| 21. | PROPER LAW, FORUM AND PLACE OF ADMINISTRATION | 16 |
| 22. | EXCLUSION OF COMMUNITY PROPERTY RULES | 17 |
| 23. | EXCLUSION OF EXCLUDED PERSONS | 17 |
| 24. | VARIATION OF TERMS OF THIS TRUST | 17 |
| 25. | SEVERABILITY | 18 |
| 26. | COUNTERPARTS | 18 |
| 27. | POWER OF INVESTMENT | 18 |
| 28. | EXERCISE OF RIGHTS ATTACHING TO SHARES | 18 |
| 29. | POWER TO LEND | 19 |
| 30. | POWER TO BORROW | 19 |
| 31. | POWER TO GIVE GUARANTEES | 19 |
| 32. | POWER OF MANAGEMENT | 19 |

<span style="color:red">**401**</span>

| 33. | POWERS IN RELATION TO LAND AND CHATTELS | 19 |
| 34. | POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY | 19 |
| 35. | POWER TO INSURE PROPERTY | 20 |
| 36. | POWERS IN RELATION TO LIFE INSURANCE POLICIES | 20 |
| 37. | POWER TO TRADE | 20 |
| 38. | POWER TO PROMOTE COMPANIES | 20 |
| 39. | POWERS IN RELATION TO COMPANIES | 20 |
| 40. | EXCLUSION OF APPORTIONMENT | 20 |
| 41. | POWER OF APPROPRIATION | 20 |
| 42. | DIVISION BETWEEN CAPITAL AND INCOME | 21 |
| 43. | PAYMENT OF EXPENSES | 21 |
| 44. | POWERS IN RELATION TO MINORS | 21 |
| 45. | POWER TO APPOINT AGENTS | 21 |
| 46. | POWER TO EMPLOY NOMINEES | 21 |
| 47. | POWERS TO DELEGATE | 21 |
| 48. | POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS | 22 |
| 49. | PAYMENTS TO CHARITIES | 22 |
| 50. | LEGAL PROCEEDINGS | 22 |
| 51. | COMPROMISE AND SETTLEMENT | 22 |
| 52. | ACCOUNTS AND AUDIT | 22 |
| 53. | PROTECTOR'S POWER TO MAKE REQUESTS | 22 |
| 54. | PAYMENT OF TAXES | 23 |
| 55. | PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS | 23 |
| 56. | TRUSTEE CHARGING | 23 |
| 57. | POWER TO RECEIVE REMUNERATION | 24 |
| 58. | INDEMNITY INSURANCE | 24 |
| 59. | POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST | 24 |
| 60. | DISCLOSURE OF DOCUMENTS | 25 |
| 61. | PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS | 25 |
| 62. | PROTECTION OF THE TRUSTEES GENERALLY | 25 |
| 63. | RELEASE OF POWERS | 25 |
| 64. | POWER TO VARY ADMINISTRATIVE PROVISIONS | 25 |

402

DEED OF SETTLEMENT

**DATE**: The *16ᵗʰ* day of *July* 2014

## PARTIES

(1)      **DELPHINE ANNE LE DAIN** of Buzon 110 Serreta, Sta Gertrudis, Ibiza 07814, Spain (the **'Grantor'**);

(2)      **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of The British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, The British Virgin Islands (the **'Original Trustee'**); and

(3)      **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the **'Original Protector'**).

## RECITALS

(A)      The Grantor wishes to make this Settlement and has transferred or delivered to the Original Trustee or otherwise placed under its control the property specified in the Schedule.  Further money, investments or other property may be paid or transferred to the Trustees by way of addition.

(B)      It is intended that this Trust shall be revocable during the lifetime of the Grantor.

(C)      In establishing this Trust, it is the intention of the Grantor that this Trust (i) will qualify as a grantor trust, during the Grantor's lifetime, within the meaning of Subpart E of Subchapter J of the US Internal Revenue Code of 1986, as amended (the **"Code"**), (ii) will not confer a general power of appointment upon any US person within the meaning of sections 2041 and 2514 of the Code, and (iii) will not result in any person other than the Grantor being treated as the owner of any portion of this Trust within the meaning of Code section 676.  Accordingly, and notwithstanding any provision contained in this Deed to the contrary, this Deed shall be construed and the trusts of this Trust administered in accordance with and to achieve these intents.

## PART 1 - OPERATIVE PROVISIONS

### 1.      DEFINITIONS AND CONSTRUCTION

1.1      In this Deed, where the context admits, the following definitions and rules of construction shall apply.

**'Beneficiary'** shall mean any person actually or prospectively entitled to any share or interest in the capital or income of the Trust Fund.

**'Charity'** shall mean any trust, foundation, company or other organisation whatever established only for purposes regarded as charitable under the proper law of the

21931899.1                                                    4

**403**

Trust or under the law of the jurisdiction in which the trust, foundation, company or other organisation was established.

'**children**', '**grandchildren**' and '**issue**' of any person shall include his children, grandchildren and remoter issue, whether legitimate, legitimated, illegitimate or adopted.

'**Company**' shall mean any body, incorporated or established in any part of the world, which has separate legal personality.

'**Consent Holder**' shall mean the person appointed as Consent Holder pursuant to sub-clause 7.2.

'**deed**' shall include any instrument in writing which is signed, witnessed and dated by or on behalf of each of the parties to the instrument and shall also include any instrument executed under seal by a Company.

'**Discretionary Beneficiaries**' shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:

(a)     the Grantor;

(b)     the children and remoter issue of the Grantor;

(c)     Charities; and

(d)     such other objects or persons as are added under clause 5 to the extent so added

*provided* that no person will be capable of being included or added as a Discretionary Beneficiary if such person is a US Person as herein defined or a resident of The British Virgin Islands as defined in section 2(1) of the Companies (Taxation and Concessions) Ordinance of The British Virgin Islands other than an individual who has been issued a certificate under Rule 6 of the Qualifying (Category 2) Individual Rules 2004 of The British Virgin Islands which remains valid at the date hereof or an individual whose income is subject to an election under Rule 11 of those Rules at the date hereof.

'**Excluded Person**' shall mean any person or class of persons or Charity by or in respect of whom or which a declaration under sub-clauses 6.1 or 6.4(b) has been made or treated as made but, in the case of a revocable exclusion, only during such time as the exclusion remains effective and unrevoked.

'**incapacity**' shall mean incapacity caused by physical or mental handicap or deterioration resulting in an individual whose incapacity is being judged being unable to manage his own affairs or to understand the nature or consequences of his actions, as confirmed by the written opinion of two medical practitioners qualified to assess such matters and '**incapacity**' shall also mean any legal incapacity deriving from age or insolvency and '**incapacitated**' shall have a corresponding meaning.

**404**

'**minor**' shall mean any individual who has not attained the age of 18.

'**person**' shall include any individual or Company.

'**proper law of this Trust**' shall mean the law governing this Trust as determined under clause 21.

'**Protector**' shall mean the person or entity designated as the Protector in accordance with clause 18.

'**Settlor**' shall mean the Grantor and any person who shall have donated (by way of gift or sale for less than full consideration) any sums of money, investments or other property to be held as part of the Trust Fund.

'**Trustees**' shall include the Original Trustee and the trustees for the time being of this Trust.

'**Trust**' shall mean the trusts constituted by this Deed.

'**Trust Company**' shall mean any Company, wherever incorporated, which is authorised under its constitution or by applicable law to act as trustee of a trust or trusts and/or carry on the business of administering trusts.

'**Trust Fund**' shall mean:

(a)     the property specified in Schedule;

(b)     all money, securities, investments or other assets or property paid or transferred by any person (including, without limitation, by bequest under a will) to, or so as to be under the control of, and, in either case, accepted by the Trustees as additions;

(c)     all accumulations (if any) of income added to the Trust Fund; and

(d)     the money, investments and property from time to time representing the above.

'**Trust Period**' shall mean the period starting with the date of this Trust and ending on the earlier of:

(a)     the last day of the period of 100 years starting from the date of this Deed, which period, and no other, shall be the applicable perpetuity period;

(b)     such date as the Grantor shall revoke the Trust in accordance with this Deed; and

(c)     such date as the Trustees shall at any time specify by deed in relation to the whole or any part of the Trust Fund (so that different days may be specified for different parts of the Trust Fund), not

**405**

being a date earlier than the date of such deed or later than a date previously specified in relation to that part of the Trust Fund.

**'US Person'** shall mean a person described in section 7701(a)(30) of the U.S. Internal Revenue Code of 1986, as amended.

1.2 Words denoting the singular shall include the plural and vice versa.

1.3 Words denoting any gender shall include both genders.

1.4 References to any statutory provision shall include any statutory modification to or re-enactment of such provision.

1.5 The table of contents and clause headings are included for reference only and shall not affect the interpretation of this Deed.

2. **NAME**

This Trust shall be known as The Atlas Trust or by such other name as the Trustees may, from time to time, determine.

3. **POWER TO RECEIVE ADDITIONAL PROPERTY**

The Trustees may, at any time during the Trust Period, accept additional money, securities, investments or other assets or property, of whatever nature and wherever situate, paid or transferred to them by the Grantor or any other person (including, without limitation, by bequest under a will). Such additional money, securities, investments or other assets or property shall, subject to any contrary direction, be held upon the trusts and with and subject to the powers and provisions of this Deed.

4. **TRUST FOR SALE**

The Trustees shall hold the Trust Fund and any additions upon trust in their discretion either to allow the same to remain in the state in which it is received or held for so long as they shall think fit or to sell or convert the same into money. The Trustees may, in their discretion, invest such money in their names or under their control in any of the investments authorised by this Trust or by law, with power from time to time to vary or transpose any such investments for or into others so authorised.

5. **POWER TO ADD DISCRETIONARY BENEFICIARIES**

5.1 The Trustees with the prior or simultaneous written consent of the Protector, may, at any time during the Trust Period, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine.

5.2 Any such addition shall be made by deed (revocable to the extent permitted by the proper law of this Trust or irrevocable):

<span style="color:red">**406**</span>

    (a)    naming or describing the objects or persons or classes of objects or persons to be added; and

    (b)    specifying the date or event, not being earlier than the date of execution of the deed but before the end of the Trust Period, on the happening of which the addition shall take effect.

5.3    Any power of revocation reserved by a deed of addition shall not be capable of being exercised so as to derogate from any interest to which any Beneficiary has become indefeasibly entitled.

## 6.    POWER OF EXCLUSION

6.1    The Trustees may with the prior or simultaneous written consent of the Protector declare that any person, class of persons or Charity shall (whether or not a Beneficiary) be an Excluded Person.

6.2    The Trustees may with the prior or simultaneous written consent of the Protector declare that any person, class of persons or Charity shall:

    (a)    if included in the class of Discretionary Beneficiaries, cease to be so included; or

    (b)    if not included in the class of Discretionary Beneficiaries, not be eligible to be added as a Discretionary Beneficiary pursuant to sub-clause 5.1.

6.3    The powers conferred by sub-clauses 6.1 and 6.2 shall not be capable of being exercised

    (a)    so as to derogate from any interest to which any Beneficiary has or would, but for the provisions of this clause, have become indefeasibly entitled;

    (b)    in relation to the Grantor.

6.4    Any person (not being a minor) who may receive any benefit under this Trust may, by declaration in writing:

    (a)    disclaim such benefit, either in whole or in part; or

    (b)    declare that he shall be an Excluded Person.

6.5    Any declaration made pursuant to sub-clauses 6.1, 6.2 or 6.4 shall be by deed (revocable during the Trust Period to the extent permitted by the proper law of this Trust or irrevocable), shall take effect in such circumstances or subject to such conditions and from such date (not being earlier than the date of such deed) specified in the deed.

<div align="right">**407**</div>

7. **GRANTOR'S POWER OF REVOCATION**

7.1   Power of revocation

(a)   During her lifetime the Grantor shall have power by deed to revoke this Trust in whole or in part provided that any such revocation shall not invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Trust or made under any other power conferred by this Deed or by this Trust or by law.

(b)   Any such deed shall take effect upon the date when the same is received by the Trustees or upon such later date as may be specified therein and whenever such a deed seeks to revoke this Trust in part only it shall specify the property being part of the Trust Fund to which such revocation shall apply.

7.2   Consent

The power conferred by sub-clause 7.1 on the Grantor shall be exercisable so as to take effect during the Grantor's lifetime with the prior written consent of the first person named by the Original Settlor or, failing which, by the Protector in the following list who is then living, not incapacitated and who is a related or subordinate party subservient to the Grantor within the meaning of Code Section 672(f)(2)(A)(i) (the '**Consent Holder**') (unless no such person meets such requirements in which case the power shall be exercisable without such consent).

8. **DISCRETIONARY TRUST OF CAPITAL AND INCOME**

8.1   The Trustees shall hold the capital and income of the Trust Fund upon trust for or for the benefit of such of the Discretionary Beneficiaries, at such ages or times, in such shares, upon such trusts (which may include discretionary or protective powers or trusts) and in such manner generally as the Trustees shall in their discretion appoint. Any such appointment may include such powers and provisions for the maintenance, education advancement or other benefit of the Discretionary Beneficiaries or for the accumulation of income and such administrative powers and provisions as the Trustees think fit.

8.2   No exercise of the power conferred by sub-clause 8.1 shall invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Deed or made under any other power conferred by this Deed or by law.

8.3   Any trusts and powers created by an appointment under sub-clause 8.1 may be delegated to any extent to any person, whether or not including the Trustees or any of them.

8.4   The exercise of the power of appointment conferred by sub-clause 8.1 shall:

408

(a)    comply with the provisions of sub-clause 15.1; and

(b)    be subject to the prior or simultaneous written consent of the Protector.

8.5    Notwithstanding clause 63, the Trustees may not release or restrict the power conferred by sub-clause 8.1 without the written consent of the Protector.

## 9. INCOME TRUSTS IN DEFAULT OF APPOINTMENT

The provisions of this clause shall apply during the Trust Period until, subject to and in default of any appointment under sub-clause 8.1.

9.1    The Trustees shall pay or apply the income of the Trust Fund to or for the benefit of such of the Discretionary Beneficiaries as shall for the time being be in existence, in such shares and in such manner generally as the Trustees shall in their discretion from time to time think fit.

9.2    Notwithstanding the provisions of sub-clause 8.1, the Trustees may at any time during the Trust Period in their discretion accumulate the income by investing it in any investments authorised by this Deed or by law and, subject to sub-clause 8.1, shall hold such accumulations as an accretion to capital.

9.3    The Trustees may apply the whole or any part of the income accumulated under sub-clause 8.1 as if it were income arising in the then current year.

## 10. POWER TO APPLY CAPITAL FOR BENEFICIARIES

The provisions of this clause shall apply during the Trust Period notwithstanding the provisions of sub-clause 8.1 but subject to any appointment made under sub-clause 8.1 and to the Protector's written consent.

10.1    The Trustees may pay or apply the whole or any part of the capital of the Trust Fund to or for the benefit of all or such of the Beneficiaries, in such shares and in such manner generally as the Trustees shall in their discretion think fit.

10.2    The Trustees may apply the whole or any part of the capital of the Trust Fund by paying or transferring the same to the trustees of any other trust or settlement, whether or not the proper law of such other trust or settlement shall be the proper law of the Trust, for the benefit of any of the Beneficiaries.

10.3    The exercise of the power conferred by sub-clause 10.2 shall be subject to the following provisions:

(a)    upon the payment or transfer of any money or other property to the trustees of any such trust or settlement, the Trustees shall not be bound to see to the further application of such money or property;

(b)    the Trustees may make such payment or transfer to the trustees of a discretionary trust, notwithstanding that the Beneficiary for whose

**409**

benefit the power is exercised is only a discretionary object of such trust;

(c) the Trustees may make such payment or transfer notwithstanding that persons other than the Beneficiary for whose benefit the power is exercised are or may become entitled to, or to the income of, the money or other property paid or transferred;

(d) any exercise of the power shall comply with the provisions of sub-clause 15.1; and

(e) the power shall not be exercisable so as to permit any part of the income or capital of the Trust Fund to be paid or transferred to the trustees of any trust or settlement in which any Excluded Person is or may be interested.

## 11. TRUSTS IN DEFAULT OF APPOINTMENT

11.1 From and after the expiration of the Trust Period, and subject to any appointment made under sub-clause 8.1, the Trustees shall hold the capital and income of the Trust Fund upon trust absolutely for all or any one or more exclusively of the others of the Grantor and her children and remoter issue as shall then be living and, if more than one in equal shares *per stirpes*, so that no person shall take if any of his ascendants is alive and so capable of taking.

## 12. ULTIMATE DEFAULT TRUSTS

Upon expiration of the Trust Period, subject as above, if and so far as not wholly disposed of for any reason whatever by the above provisions, the capital and income of the Trust Fund shall be held upon trust for such Charities and, if more than one, in such shares as the Trustees shall determine absolutely.

## 13. ASSIGNMENT OF POWER OF APPOINTMENT

The Trustees may, with the prior or simultaneous written consent of the Protector, by deed, grant to any Beneficiary the power to appoint all or any part of the Trust Fund, whether capital or income or both, in such manner, outright or in further trust, as the Trustees shall in such deed provide.

## 14. ADMINISTRATIVE POWERS

The Trustees shall, in addition and without prejudice to all statutory powers, have the powers and immunities set out in Part 2 of this Deed. No power conferred on the Trustees shall be exercised so as to conflict with the beneficial provisions of this Deed.

## 15. EXERCISE OF POWERS

15.1 Every power conferred by the provisions of Part 1 of this Deed shall be subject to the application (if any) of the rule against perpetuities and any applicable laws governing

**410**

21931899.1                                11

the permitted period of accumulations and shall (except for clauses 17 and 18) be exercisable only during and so as to take effect during the Trust Period. No power of revocation shall be exercisable except during the Trust Period.

15.2    Any written consents required under the terms of this Deed may be given either specifically in relation to any particular matter or by a general written consent referring to one or more matters.

15.3    If there is more than one Protector in office, the Protectors shall act unanimously.

16.    **GENERAL LIMITATION ON POWERS**

16.1    No individual Trustee and no person to whom a Trustee has delegated his powers pursuant to the terms of this Trust or by law who is a Beneficiary and a US Person may participate as one of the Trustees or as a delegate of one of the Trustees in the exercise of any of the powers conferred by the following clauses and sub-clauses (the 'restricted powers'):

    (a)    clause 5 (Power to add Discretionary Beneficiaries);

    (b)    clause 6 (Power of exclusion);

    (c)    sub-clause 8.1 (Discretionary trust of capital and income);

    (d)    clause 9 (Income trusts in default of appointment);

    (e)    clause 10 (Power to apply capital for Beneficiaries);

    (f)    clause 24 (Variation of terms of this Trust); and

    (g)    clause 64 (Power to vary administrative provisions).

16.2    No Trust Company may participate as one of the Trustees in the exercise of any of the restricted powers if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

16.3    Neither the Protector nor the Grantor shall be eligible to serve as a Trustee of this Trust or to exercise the powers of the Trustees under any circumstances.

17.    **REMOVAL AND APPOINTMENT OF TRUSTEES**

17.1    A Trustee shall cease to be a Trustee on the happening of any of the following events:

411

(a)    on resigning in accordance with sub-clause 17.2;

(b)    on being removed in accordance with sub-clause 17.3;

(c)    if an individual, on death, on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

(d)    if a corporation, on filing for bankruptcy, on becoming insolvent or on dissolution.

17.2    A Trustee may resign by giving three months' notice in writing to the person for the time being having power to appoint new or additional Trustees under the provisions of sub-clause 17.4.  Upon the expiration of such notice, or such shorter period as may be agreed in writing between the Trustee giving notice and the person for the time being having power to appoint new or additional Trustees, the Trustee who has given notice shall cease to be a Trustee.  If the Trustee so resigning is the sole Trustee and a new Trustee shall not have been appointed before the expiration of the specified period of notice, the resigning Trustee shall have power to appoint a new Trustee in its place and its resignation shall become effective only upon such appointment being made.

17.3    The Protector shall have power (to be exercised in writing) to remove any or all of the Trustees with or without cause.  Notice of such removal shall forthwith be given to the Trustee concerned and the removal shall become effective immediately, except where all the Trustees or the sole Trustee have or has been removed in which case the removal shall be effective only on the appointment of a new Trustee or Trustees.

17.4    The Protector or, if the Protector shall be incapacitated or otherwise unable or unwilling to act, or if there shall be no Protector, the Trustees, shall have the power to appoint new or additional such Trustees.

17.5    Any appointment of a new or additional Trustee under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office in which case the appointment shall become effective on such death, resignation or incapacity. Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Trustees under this clause.

17.6    An outgoing Trustee (which term shall include a Trustee removed under sub-clause 17.3) shall promptly and without delay execute and do all such transfers or other acts or things as may be necessary for the immediate vesting the Trust Fund in the new or continuing Trustees and any reasonable expenses associated therewith (agreed in advance by the Protector) shall be borne by the Trust Fund *provided always* that the outgoing Trustee shall in no event delay or resist transferring the Trust Fund.

**412**

21931899.1                                    13

17.7    In the event that a Trustee is removed without cause under sub-clause 17.3, the new or continuing Trustees shall be required to undertake in writing to indemnify and hold the outgoing Trustee its directors officers servants and agents harmless against any and all claims demands actions proceedings damages costs or expenses whatsoever for or arising out of any act or omission on the part of the outgoing Trustee or any of its directors officers servants or agents in relation to the Trust, *provided always* (i) that such indemnity shall not extend to any act or omission for which the outgoing Trustee would not have been entitled to be indemnified out of the assets of the Trust Fund had it remained trustee of the Trust, (ii) that the new or continuing Trustees shall not be liable under this indemnity in an amount exceeding the amount or value of the Trust Fund for the time being, (iii) that the Protector shall have given his consent to the terms of such indemnity (which shall be reasonable and in accordance with industry standards) which consent shall not be unreasonably withheld.

17.8    Any appointment under this clause shall be in writing signed by the person making the appointment and by the new or additional Trustee so appointed.

17.9    The provisions of this clause shall apply notwithstanding any provision in the legislation for the time being in effect under the proper law of this Trust for the time being relating to the appointment, removal, retirement or discharge of trustees.

17.10    A person may be appointed to be a trustee notwithstanding that such person is not resident in the jurisdiction the law of which is the proper law of this Trust for the time being and remaining out of such jurisdiction for more than 12 months shall not be a ground for the removal of a trustee.

17.11    There shall be no requirement that there be more than one Trustee.

18.    **APPOINTMENT OF PROTECTORS**

18.1    The first Protector shall be the Original Protector.

18.2    A Protector shall cease to be a Protector on the happening of any of the following events:

      (a)    on resigning in accordance with sub-clause 18.3;

      (b)    if an individual, on death; on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

      (c)    if a corporation, on filing for bankruptcy, becoming insolvent or on dissolution.

18.3    The Protector may at any time resign its office by written instrument, notice of which shall be given to the Trustees. Such resignation shall be effective upon receipt of the notice or the expiration of one month from the date of the resignation, whichever shall be earlier.

413

18.4    Protectors subsequent to the first Protector shall be appointed as follows.

(a)    The Original Protector may, by written instrument, appoint any other person or succession of persons to be protector or successive protectors of this Trust, either in addition to or to succeed it.

(b)    A Protector whose successor is not prescribed in advance by the Original Protector pursuant to sub-clause (a), or all of whose prescribed successors under sub-clause (a) have died, become incapacitated or are otherwise incapable or unwilling to serve as protector, may, by written instrument, appoint any other person to be protector of this Trust either in addition to or to succeed it (but may not appoint a succession of protectors).

(c)    Any appointment of a new or additional Protector under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office in which case the appointment shall become effective on such death, resignation or incapacity.  Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Protectors under this clause.

18.5    Any appointment under this clause (other than the appointment of the Original Protector whose appointment and acceptance thereof is made by this Deed) shall be in writing signed by the person making the appointment and by the new or additional Protector so appointed.  Any such appointment shall only take effect when written notice of such appointment has been given to the Trustees.

18.6    If, notwithstanding the provisions of sub-clause 18.4 there shall at any time be no Protector of this Trust, the Trustees shall, by deed, irrevocably appoint any person, not being one of the Trustees, to be the Protector after consulting with such of the adult Discretionary Beneficiaries as they shall consider appropriate.

19.    **EFFECT OF VACANCY IN PROTECTOR'S OFFICE**

If there shall at any time be no Protector, this Trust (except for clause 18) shall, during such time as there shall be no Protector (but not further or otherwise), be read and construed as if all references to the requirement for the Protector's consent or agreement and to the exercise by the Protector of any power were omitted from this Trust.

20.    **PROTECTOR'S INDEMNITY**

20.1    The Protector shall exercise his powers in good faith.  He shall not, in the absence of actual fraud, dishonesty or wilful misconduct, be accountable to any Beneficiary or

414

the Trustees for any act of omission or commission in relation to the powers given to him by this Trust.

20.2    The Protector shall be entitled to charge for the performance of his duties at such rate or in such manner as may be agreed from time to time between the Protector and the Trustees.

20.3    The Protector shall be entitled to reimbursement of all proper expenses incurred by him in relation to the exercise of his powers and performance of his duties under this Trust or the prosecution or defence of any legal proceedings arising in connection with the exercise or non-exercise of his powers or the performance or non-performance of his duties, provided that any claim for reimbursement shall be received by the Trustees within one year of the expenses being incurred.

21.    **PROPER LAW, FORUM AND PLACE OF ADMINISTRATION**

21.1    The proper law of this Trust shall be that of the British Virgin Islands.  Except as otherwise provided in this Trust, all rights under this Deed and its construction and effect shall be subject to the jurisdiction of the courts, and construed according to the laws, of the British Virgin Islands.

21.2    The courts of the British Virgin Islands shall be the forum for the administration of these trusts.

21.3    The provisions of this sub-clause shall apply notwithstanding the provisions of sub-clauses 21.1 and 21.2

    (a)    The Trustees shall have power, subject to the application (if any) of the rule against perpetuities, to carry on the general administration of these trusts in any jurisdiction in the world.  This power shall be exercisable whether or not the law of such jurisdiction is for the time being the proper law of this Trust or the courts of such jurisdiction are for the time being the forum for the administration of these trusts, and whether or not the Trustees or any of them are for the time being resident or domiciled in, or otherwise connected with, such jurisdiction.

    (b)    The Trustees may at any time declare in writing that, from the date of such declaration, the proper law of this Trust shall be that of any specified jurisdiction.  No exercise of this power shall be effective unless the law of the jurisdiction specified is one under which this Trust remains and all, or substantially all, of the trusts, powers and provisions contained in this Deed remain enforceable and capable of being exercised and so taking effect.

    (c)    Following any exercise of the power contained in sub-clause 21.3(b), the Trustees shall, by deed, make such consequential alterations or additions to this Deed as they consider necessary or desirable to ensure that, so far as may be possible, the trusts, powers and

<span style="color:red">415</span>

provisions of this Deed shall be as valid and effective as they were immediately prior to such change.

(d) The Trustees may, at any time, declare in writing that, from the date of such declaration, the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 22. EXCLUSION OF COMMUNITY PROPERTY RULES

No benefit accruing to or devolving on any Beneficiary under this Deed shall form or constitute a portion of any communal or joint estate or marital property of such Beneficiary, but such benefit shall be and remain the sole, separate and exclusive property of such Beneficiary. Should such Beneficiary be married or marry in community of property, any benefit so accruing or devolving shall be expressly excluded from the community; such benefit shall also be free from the interference, control or marital power of any spouse of such Beneficiary. The provisions of this clause shall apply not only to benefits accruing to or devolving on any Beneficiary but also to the property of whatever nature for the time being representing the same and the income thereof.

## 23. EXCLUSION OF EXCLUDED PERSONS

23.1 No discretion or power conferred on the Trustees or any other person by this Deed or by law shall be exercised, and no provision of this Deed shall operate directly or indirectly, so as to cause or permit any part of the capital or income of the Trust Fund to become in any way payable to or applicable for the benefit of an Excluded Person.

23.2 The provisions of sub-clause 23.1 shall not preclude any Settlor from exercising any statutory right to claim reimbursement from the Trustees for any income tax or capital gains tax paid by him in respect of income arising to the Trustees or capital gains realised or deemed or treated as realised by them.

23.3 Subject to sub-clause 23.2 the prohibition in this clause shall apply notwithstanding anything else contained or implied in this Deed.

## 24. VARIATION OF TERMS OF THIS TRUST

The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:

24.1 they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

24.2 they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being

**416**

confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;

24.3    no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor.

24.4    no such variation, amendment, addition or deletion

    (a)    shall infringe the proper law of this Trust for the time being; or

    (b)    shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and

24.5    no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety.

## 25.    SEVERABILITY

If any provision of this Deed shall be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity and enforceability of the remaining provisions of this Deed which shall, so far as possible, be construed and take effect as if the invalid or unenforceable provisions had not been included in this Deed.

## 26.    COUNTERPARTS

This Deed may be signed in counterparts and each such counterpart shall constitute an agreed document and each such counterpart taken together, shall constitute one and the same instrument.

## PART 2 - ADMINISTRATIVE PROVISIONS

## 27.    POWER OF INVESTMENT

27.1    The Trustees may apply any money to be invested in the purchase or acquisition (either alone or jointly with other persons) of such property, of whatever nature and wherever situate and whether of a wasting nature, involving liabilities or producing income or not, or in making such loans with or without security, as they think fit so that they shall have the same powers to apply money to be invested as if they were an absolute beneficial owner.

27.2    The Trustees may exchange property for other property on such terms as they think fit.

27.3    The Trustees shall not be required to diversify the investment of the Trust Fund.

## 28.    EXERCISE OF RIGHTS ATTACHING TO SHARES

Notwithstanding any other provision of this Deed, the power, authority and discretion granted to the Trustees under this Deed over the control or exercise of

**417**

any rights (including, without limitation, voting rights) attaching to any securities, shares or other interests in any entity that form a part of the Trust Fund, or which are held (directly or indirectly) by a company or other entity whose shares form part of the Trust Fund and which is controlled by the Trustees, shall be exercisable by the Trustees, acting alone as provided in this Deed, without the approval or consent of any Beneficiary, Protector or any other person. No person other than the Trustees shall have any power, authority or discretion, directly or indirectly, over the control or exercise of any rights (including, without limitation, voting rights) which might be conferred by the holding of any such securities, shares or other interests unless specifically delegated such power, authority or discretion by the Trustees.

29.    **POWER TO LEND**

The Trustees may lend all or any part of the Trust Fund to any person or Beneficiary on such terms (whether or not including provision for the payment of interest) as the Trustees think fit.

30.    **POWER TO BORROW**

The Trustees may borrow on the security of all or any part of the Trust Fund or otherwise for any purpose.

31.    **POWER TO GIVE GUARANTEES**

The Trustees may guarantee the payment of money and the performance of obligations by any Beneficiary or by any company in which the Trust Fund is invested and may charge all or any part of the Trust Fund in support of such guarantee.

32.    **POWER OF MANAGEMENT**

The Trustees shall have all the powers of an absolute beneficial owner in relation to the management and administration of the Trust Fund.

33.    **POWERS IN RELATION TO LAND AND CHATTELS**

33.1    The Trustees shall have all the powers of an absolute beneficial owner in relation to the disposition, development and improvement of any land comprised in the Trust Fund.

33.2    The Trustees shall not be bound to maintain any building or other structure on land comprised in the Trust Fund or to preserve or repair any chattels comprised in the Trust Fund.

34.    **POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY**

The Trustees may, with the consent of the Protector, permit any Discretionary Beneficiary or any other person (if in the opinion of the Trustees it is in the interests of a Discretionary Beneficiary) to occupy or enjoy the use of all or any part of the Trust Fund on such terms as the Trustees think fit. The Trustees may acquire any property for this purpose.

**418**

35.    **POWER TO INSURE PROPERTY**

The Trustees may insure all or any part of the Trust Fund against any risk, for any amount and on such terms as they think fit but shall not be bound to do so.

36.    **POWERS IN RELATION TO LIFE INSURANCE POLICIES**

The Trustees may apply all or any part of the Trust Fund in purchasing or maintaining any policy of insurance on the life of any person and shall have all the powers of an absolute beneficial owner in relation to any such policy.

37.    **POWER TO TRADE**

37.1    The Trustees may trade either alone or in partnership and may exercise all or any of the powers conferred on them by this Trust in connection with such trade.

37.2    The Trustees shall be entitled to be indemnified out of the Trust Fund against all liability to which they may be subject in connection with such trade.

38.    **POWER TO PROMOTE COMPANIES**

The Trustees may incorporate any company in any part of the world for any purpose in connection with this Trust.

39.    **POWERS IN RELATION TO COMPANIES**

39.1    The Trustees may enter into any compromise or arrangement in relation to any company in which the Trust Fund is invested.

39.2    The Trustees may enter into any arrangements in relation to the winding up or liquidation of any company in which the Trust Fund is invested.

39.3    The Trustees shall not be bound to enquire into or be involved in the management of any company in which the Trust Fund is invested unless they have knowledge of circumstances which call for enquiry.

40.    **EXCLUSION OF APPORTIONMENT**

No apportionment rules shall apply to the income of the Trust Fund or any part of it, so that all income received by the Trustees shall be treated as accruing at the date of receipt.

41.    **POWER OF APPROPRIATION**

41.1    The Trustees may appropriate all or any part of the Trust Fund as they think fit in or towards satisfaction of the interest of any Beneficiary and may for such purpose place such value on any property as they think fit.

**419**

41.2    Where the Trustees have divided the Trust Fund into one or more sub-funds, the Trustees may transfer assets comprised in one such sub-fund to any other sub-fund in exchange for assets which have an equivalent open market value.

## 42.    DIVISION BETWEEN CAPITAL AND INCOME

The Trustees may determine whether any sums received or disbursed are on account of capital or income, or partly on account of one and partly on account of the other, and in what proportions.

## 43.    PAYMENT OF EXPENSES

The Trustees shall have power to pay out of income or capital, as they may in their discretion determine, any expenses relating to the Trust Fund (or any assets comprised within it) or its administration.

## 44.    POWERS IN RELATION TO MINORS

44.1    The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the parent or guardian of any minor who is beneficially entitled to such assets or income, and the receipt of such parent or guardian, or of the minor, shall be a full discharge to the Trustees.

44.2    The parent or guardian of a minor shall in respect of any assets or income received in accordance with this clause have the powers conferred on the Trustees by Part 2 of this Deed.

## 45.    POWER TO APPOINT AGENTS

The Trustees may employ and pay at the expense of the Trust Fund any agent in any part of the world to transact any business in connection with this Trust without being responsible for the fraud, dishonesty or negligence of such agent, *provided* that such agent is employed in good faith, the Trustees reasonably ensure that the agent acts within the scope of its delegation, and the Trustees monitor and review from time to time the agent's overall performance.

## 46.    POWER TO EMPLOY NOMINEES

The Trustees may hold all or any part of the Trust Fund in the name of one or more of the Trustees, or of any other person or partnership, as nominee on such terms as the Trustees think fit.

## 47.    POWERS TO DELEGATE

47.1    The Trustees may engage any person or partnership as investment adviser to advise them on the investment of all or any part of the Trust Fund and they may, without being liable for any consequent loss, delegate to such investment adviser discretion to manage investments on such terms as the Trustees think fit.

**420**

47.2    The Trustees may, without being liable for any consequent loss, delegate to any person the operation of any bank, building society or other account.

47.3    Any trustee may, by deed revocable or irrevocable, delegate to another trustee or any other person the exercise of all or any trusts and powers conferred on such trustee (other than the power of delegation conferred by this sub-clause) notwithstanding the fiduciary nature of such trusts and powers.

## 48.    POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS

48.1    The Trustees may indemnify any person in respect of any liability relating to this Trust and may charge all or any part of the Trust Fund in connection with such indemnity in such manner as they think fit.

48.2    The Trustees may enter into any agreement or give any commitment that they think fit relating to the transfer or sale of any business or company in which the Trust Fund is invested.

## 49.    PAYMENTS TO CHARITIES

The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the person who purports to be the treasurer or other appropriate officer of any Charity which is entitled to such assets or income, and the receipt of such person shall be a full discharge to the Trustees.

## 50.    LEGAL PROCEEDINGS

The Trustees may institute and defend proceedings at law and proceed to the final determination thereof or compromise the same as they shall in their discretion think fit.

## 51.    COMPROMISE AND SETTLEMENT

The Trustees may compromise and settle for such consideration and upon such terms and conditions as they shall in their discretion think fit all matters arising in relation to the trusts hereby created or the Trust Fund.

## 52.    ACCOUNTS AND AUDIT

The Trustees shall keep accurate accounts of their trusteeship and may, or shall if so requested by the Protector, have them audited annually by a firm of professionally qualified accountants selected by the Trustees.

## 53.    PROTECTOR'S POWER TO MAKE REQUESTS

In addition to the powers specifically conferred on the Protector by this Deed, the Protector shall have power to request information relating to this Trust from the Trustees (which information and accounts shall forthwith be supplied to the Protector) and to make other requests of or suggestions to the Trustees in regard to any matter relating to this Trust and the Trustees shall be bound to have regard to

**421**

21931899.1                                22

any such other request or suggestion but shall not be bound to act in accordance with the same.

## 54. PAYMENT OF TAXES

In the event of any inheritance tax or probate, succession, estate duty or other duties, fees or taxes whatever becoming payable in any part of the world in respect of the Trust Fund or any part of it in any circumstances whatever, the Trustees may pay all such duties, fees or taxes (notwithstanding that they are not recoverable from the Trustees or the Beneficiaries) out of the capital or income of the Trust Fund at such time and in such manner as they think fit, *provided* that, during the lifetime of the Grantor, any United States income taxes or capital gains taxes payable in respect of the Trust Fund or any part of it shall be payable by the Grantor (subject to any statutory right of the Grantor to be reimbursed by the Trustees). The power to pay duties, fees and taxes conferred by this clause shall extend to any related interest and penalties and to the provision of information to, or the filing of returns with, any relevant tax authorities.

## 55. PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS

Notwithstanding any provision to the contrary contained in this Deed, the Trustees shall comply with all requests received from any Beneficiary regarding information or documentation that they may require from the Trustees to fulfil their personal tax filing obligations and requirements. The provision of such information and documentation shall include, where requested:

55.1  the execution by the Trustees of such returns or statements as may be required for tax purposes;

55.2  the appointment, as contemplated by section 6048 of the Code, of a United States agent acceptable to the Trustees for the trusts declared or contained in this Deed; and

55.3  the production of the accounts pertaining to the Trust Fund within a reasonable time after the expiration of the Beneficiary's relevant tax reporting period.

## 56. TRUSTEE CHARGING

56.1  A trustee which is a trust corporation or company authorised to undertake trust business shall be entitled to remuneration in accordance with such terms as may from time to time be agreed between the trustee and the Protector.

56.2  A trustee, whether acting as a person engaged in a profession or business or in a personal capacity, shall be entitled to all normal professional or other fees for business done, services rendered or time spent by such trustee personally or by such trustee's firm or company in the administration of these trusts, including acts which a trustee not engaged in any profession or business could have done personally.

**422**

56.3 A trustee shall be entitled to retain any commission which may be received personally or by such trustee's firm in respect of any transaction carried out on behalf of this Trust for which such trustee or trustee's firm is, in the normal course of business, allowed commission, notwithstanding that the receipt of such commission was procured by an exercise by such trustee or the Trustees of powers over the Trust Fund, but shall notify the Protector on receipt of any such commission.

## 57. POWER TO RECEIVE REMUNERATION

A trustee may act and be remunerated as a director or other employee or as agent or adviser of any business or company in any way connected with the Trust Fund and shall not be liable to account for any remuneration, fees or profits received by the trustee in any such capacity, but shall notify the Protector on receipt of any such remuneration, fees or profit.

## 58. INDEMNITY INSURANCE

58.1 The Trustees may pay out of the Trust Fund the cost of any premium in respect of insurance or indemnity to cover all personal liabilities which may be incurred by the Trustees in connection with this Trust. No trustee shall be accountable for any money paid to such trustee under the terms of any such insurance or indemnity unless the trustee shall otherwise have been fully indemnified in respect of the liability to which such payment relates.

58.2 Any such insurance or indemnity shall not extend to any liabilities of a trustee arising from any act or omission in respect of which the trustee would not otherwise be entitled to be indemnified out of the Trust Fund.

## 59. POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST

59.1 The Trustees may enter into any transaction concerning the Trust Fund:

    (a) notwithstanding that one or more of the Trustees or any one or more of the Protectors may be interested in the transaction other than as one of the Trustees or the Protectors; and

    (b) without any trustee or any protector who is so interested being liable to account for any reasonable incidental profit.

59.2 This power shall only apply provided that the transaction is at least as favourable to the Trustees as if it had been effected:

    (a) in the case of a purchase or sale of shares or other securities listed on any stock exchange, at the middle market price on the day on which such shares or other securities are purchased or sold; or

    (b) in the case of any other transaction, at a price and on terms such as would apply in the case of a transaction effected on fully commercial terms between unconnected persons.

**423**

60.    **DISCLOSURE OF DOCUMENTS**

The provisions of this clause shall apply without prejudice to any right of the Trustees under the proper law of this Trust to refuse to disclose any document.

60.1   The Trustees shall not, subject to sub-clause 60.2, be bound to disclose to any person any document relating to this Trust, its administration, the exercise of the Trustees' powers, the performance of their duties or the Grantor's wishes.

60.2   Notwithstanding sub-clause 60.1, in the event of a Beneficiary requesting disclosure, the Trustees shall disclose to that Beneficiary, this Deed, supplemental deeds, trustees' resolutions exercising dispositive powers and documents which relate to or form part of the accounts of this Trust.

61.    **PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS**

The Trustees may distribute the Trust Fund without having ascertained that there is no Beneficiary whose parents were not married to each other at the time of his birth (or who claims through a person whose parents were not so married) and the Trustees shall not be liable to any Beneficiary of whose existence they had no actual notice at the time of distribution.

62.    **PROTECTION OF THE TRUSTEES GENERALLY**

62.1   No trustee shall be liable for any loss to the Trust Fund however arising except as a result of the fraud, dishonesty or wilful misconduct of such trustee, or in the case of a professional trustee entitled to charge for his services as trustee for the negligence of such trustee.

62.2   No trustee shall be bound to take any proceedings against a co-trustee or former trustee or the personal representatives of a co-trustee or former trustee for any breach or alleged breach of trust committed or suffered by such co-trustee or former trustee.

63.    **RELEASE OF POWERS**

63.1   Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed.

63.2   The Protector and any other person on whom powers are conferred by this Deed may by deed (and so as to bind successive protectors of this Trust) release or restrict the future exercise of all or any of the powers conferred upon him by this Deed.

64.    **POWER TO VARY ADMINISTRATIVE PROVISIONS**

The Trustees may by deed amend or add to the administrative provisions contained in Part 2 of this Deed, provided that any amendment to clauses 45 (Power to appoint agents), 46 (Power to employ nominees), 47 (Power to delegate), 56 (Trustee charging), 57 (Power to receive remuneration) or 59 (Power to exercise powers

**424**

21931899.1                                      25

notwithstanding personal interest) shall require the prior or simultaneous written consent of the Protector.

**425**

21931899.1                                                26

## SCHEDULE

€100

**426**

Signed sealed and delivered as a deed by )

**Delphine Anne Le Dain** )

)

in the presence of

**Witness**

Signature:

Name: *I. Tsenzharyk*

Address: *30 Firs Avenue*

*London*

*N11 3NG*

Occupation: *Administrator*

The Common Seal of )

**Trustee** )

was hereunto affixed ).................................

in the presence of

**Director**

Signature:

Name: LEONARD O'BRIEN

**Director / Secretary** WITNESS :

Signature:

Name: JEANINE BARREY

ADDRESS : 94 RUE DE LA SERVETTE
1202 GENEVA SWITZERLAND

**427**

21931899.1                                28

**Agreed and accepted by the Original Protector**

Signed sealed and delivered as a deed by )

**GRAHAM AUBREY COLLETT**                )

                                          )

in the presence of

**Witness**

Signature: *Bracy*

Name: I. Tsenzharyk

Address: 30 Firs Avenue

London

N 11 3NG

Occupation: Administrator

428

29

21931899.1

Dated _15th December_ 2017

**DELPHINE ANNE LE DAIN**

(Grantor)

and

**SALAMANDER ASSOCIATES LIMITED**

(Original Trustee)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

---

**DEED OF AMENDMENT TO**

**THE ATLAS TRUST**

---

429

DEED OF AMENDMENT

**DATE**: The _15_ day of _December_ 2017

**PARTIES**

(1)    **DELPHINE ANNE LE DAIN** of Buzon 110 Serreta, Sta Gertrudis, Ibiza 07814, Spain (the **'Grantor'**);

(2)    **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of The British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, The British Virgin Islands (the **'Original Trustee'**); and

(3)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the **'Original Protector'**),

together, the **'Parties'**.

**RECITALS**

(A)    This Deed is supplemental to the settlement (the **'Settlement'**) specified in the Schedule to this Deed.

(B)    The Original Trustee is the present Trustee of the Settlement.

(C)    Under clause 24 (*Variation of terms of this Trust*) of the Settlement, the Trustees have power, exercisable by deed and subject to the prior or simultaneous written consent of the Protector, to vary, amend, add to or delete, any or all the provisions of Part 1 of the Settlement including the trusts, powers and discretions contained in Part 1 of the Settlement, provided always that:

    (1)    they are satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

    (2)    they have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust (which is the British Virgin Islands under clause 21 (*Proper law, forum and place of administration*) of the Settlement) for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers (the **'Counsel Opinion'**);

    (3)    no such variation, amendment or addition shall be made to the provisions of clause 7 of the Settlement (*Grantor's power of revocation*) without the consent of the Grantor (the **'Grantor Consent'**); and

    (4)    no such variation, amendment, addition or deletion shall:

        a.    infringe the proper law of the Atlas Trust for the time being; or

**430**

42364690.1                                                        2

b. permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in the Settlement,

(the **'Power'**).

(D)    The Trustees wish to exercise the Power in the manner set out in this Deed.

## OPERATIVE PROVISIONS

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **VARIATION OF THE SETTLEMENT**

2.1    In exercise of the Power and all other powers (if any), and:

2.1.1    being satisfied that such variation is for the benefit of the Beneficiaries;

2.1.2    having obtained the Counsel Opinion; and

2.1.3    having obtained the Grantor Consent,

the Trustees hereby, with effect from the date of this Deed, vary the Settlement by deleting clause 7 (*Grantor's power of revocation*) of the Settlement in its entirety.

2.2    In accordance with clause 16 (*General limitation on powers*) of the Settlement, no Trust Company may participate as one of the Trustees in the exercise of any of the Power if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

**431**

## SCHEDULE

The Deed of Settlement for the Atlas Trust dated 16 July 2014 between the Parties.

432

Signed sealed and delivered as a deed by )

**Delphine Anne Le Dain** )

)

in the presence of

**Witness**

Signature:

Name: *Iryna Tsenzharyk*

Address: *20 Conduit Street*

*London W1S 2XW*

Occupation: *Finance Manager*

The Common Seal of )

**SALAMANDER ASSOCIATES** )

**LIMITED** )

was hereunto affixed )

in the presence of

**Director**

Signature:

Name: *L. O'BRIEN*

**Director / Secretary**

Signature:

Name:

**433**

42364690.1                                5

**Agreed, consented and accepted by the Original Protector**

Signed sealed and delivered as a deed by )

**GRAHAM AUBREY COLLETT**                )

                                          )

in the presence of

**Witness**

Signature:

Name:                    *Iryna Penjharyk*

Address:                 *20 Conduit Street*

                         *London*

                         *W1S 2XW*

Occupation:              *Finance Manager*

**434**

42364690.1                              6



CharlesRussell
Speechlys

DATED    *12TH APRIL*    2022

SALAMANDER CORPORATE SERVICES SA (1)

and

GRAHAM AUBREY COLLETT (2)

---

## DEED OF AMENDMENT REGARDING THE BENEFICIAL CLASS

## (THE ATLAS TRUST)

---

**THIS DEED OF AMENDMENT** is made on the *12*<sup>TH</sup> day of *APRIL*    2022

**BETWEEN**

(1)    **SALAMANDER CORPORATE SERVICES SA** whose registered office is at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the "**Trustee**"); and

(2)    **GRAHAM AUBREY COLLETT** of 53 Mill Rise, Robertsbridge, East Sussex TN32 5EG (the "**Protector**").

**WHEREAS**

(A)    This deed is supplemental to:

   (i)    a trust deed dated 16 July 2014 and made between (1) Delphine Anne Le Dain as settlor (the "**Settlor**"), (2) Salamander Associates Limited as original trustee and (3) the Protector as the original protector, establishing the Atlas Trust (the "**Trust**"); and

   (ii)    all other relevant deeds and documents made supplemental to the Trust.

(B)    The Trustee is the present and sole trustee of the Trust.

(C)    By clause 24 of the Trust, the Trustee has the following power:

*"The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:*

   *24.1    they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;*

   *24.2    they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;*

   *24.3    no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor;*

   *24.4    no such variation, amendment, addition or deletion*

      *(a)    shall infringe the proper law of this Trust for the time being; or*

      *(b)    shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and*

   *24.5    no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety."*

(the "**Power of Amendment**").

(D)    By clause 63 of the Trust, the Trustee has the following power:

2



<span style="color:red">436</span>

*"Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed."*

(the "**Power to Release**").

(E)     The Trustee is desirous of exercising the Power of Amendment and Power to Release revocably to amend the class of Discretionary Beneficiaries in the event that the Settlor dies whilst resident in Switzerland for Swiss estate tax purposes in the manner set out below. It is intended that clause 2.3 takes effect upon the date of the Settlor's death whereas the remaining provisions do not take effect unless and until the Settlor dies in said circumstances.

(F)     The Trustee has satisfied itself that all the conditions set out in sub-clauses 24.1 to 24.5 of the Trust have been satisfied.

(G)     The Protector wishes to consent to the exercise of the Power of Amendment and is a party to this deed for that purpose.

(H)     The Trust Period as defined in sub-clause 1.1 of the Trust has not yet expired.

**NOW THIS DEED WITNESSES** as follows:

1     **DEFINITIONS AND INTERPRETATIONS**

In this deed, where the context allows, the definitions and rules of construction contained in the Trust shall apply.

2     **AMENDMENT**

2.1     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the definition of "Discretionary Beneficiaries" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

"**"Discretionary Beneficiaries**" shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:

(a)     the Grantor;
(b)     the children and remoter issue of the Grantor;
(c)     Charities; and
(d)     the trustees of any other trust of which any one or more of the Beneficiaries of this Trust are interested;

but not any other persons or classes of persons."

2.2     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the

3



definition of "Charity" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

""**Charity**" shall mean any trust, foundation, company or other organisation that:

(a)     for Valais (Switzerland) tax purposes is eligible for a zero rate of donation, estate or inheritance tax as such tax is defined under Swiss law when receiving a transfer from an ordinary tax resident of Valais; and

(b)     is incorporated in Valais;

and the words "**Charities**" and "**Charitable**" shall be construed accordingly always provided that any reference to a Charity that is a trust shall, where the context requires, mean the trustees (acting in that capacity) of such trust"

2.3     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death, the Trust shall be read and construed such that sub-clause 5.1 of the Trust (Power to Add Discretionary Beneficiaries) were replaced in its entirety by the following words:

"5.1     The Trustees with the prior or simultaneous written consent of the Protector may, at any time during the Trust Period but only after the Grantor's death and provided always that she did not die whilst resident in Switzerland for Swiss estate tax purposes, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine. For the avoidance of doubt if the Grantor does die whilst resident in Switzerland for Swiss estate tax purposes the Trustees may not add to the class of Discretionary Beneficiaries."

2.4     In exercise of the Power to Release and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Power of Amendment under clause 24 is released by the Trustee only insofar as it applies to the definition of Discretionary Beneficiaries.

2.5     This deed shall be revocable in whole or in part by the Trustee by deed at any time during the Trust Period. Notwithstanding any other provision of this deed, this deed shall nonetheless become irrevocable upon the death of the Settlor if on the date of her death she is resident in Switzerland for Swiss estate tax purposes.

2.6     For the avoidance of doubt, the provisions of this deed prevail over any other provisions of the Trust to the contrary.

2.7     For the avoidance of doubt, the provisions of this deed are not intended to cause, and will not cause, a resettlement of the Trust.

4

438

3    **PROTECTOR CONSENT**

As required by clause 24 of the Trust, the Protector Trustee hereby consents to the exercise of the Power of Amendment in accordance with clause 2 hereof.

4    **CONFIRMATION**

Save as provided above the terms of the Trust shall continue in full force and effect.

5    **GOVERNING LAW**

This deed shall be governed by and construed in accordance with the laws of The British Virgin Islands and the parties hereto irrevocably submit to the non-exclusive jurisdiction of the courts of The British Virgin Islands.

6    **COUNTERPARTS**

This deed may be executed in counterparts, all of which taken together, shall constitute one and the same deed and any party may enter into this deed by executing a counterpart.

**IN WITNESS** of which the parties to this deed have executed this deed on the day and year first above written

Signed as a Deed and Delivered by )
**SALAMANDER CORPORATE SERVICES** )
**SA** as trustee of the Atlas Trust acting by a )
director )
    ) Director
    )

in the presence of:

Witness signature:

Witness name:    DMITRY ZVONAROV

Witness address:    CHEMIN DE LA TULETTE 4 , 1223 COLOGNY

Witness occupation:    SENIOR MANAGER

5

439

**SIGNED** as a **DEED** and **DELIVERED**    )  ..........*A Collett* .....................
by **GRAHAM AUBREY COLLETT** as    )
Protector of the Atlas Trust

in the presence of:

Witness signature: *A S Ellis*

Witness name: *Anthony Stephen Ellis*

Witness address: *5 Wakeley Road , Rainham , Kent ME8 8HD*

Witness occupation: *Retired*

6

<span style="color:red">**440**</span>

# Summit Trust International SA ("STI")

**Summit Trust (Cayman) Limited**
**Summit Trust Company Ltd**

# Settlor/Contracting Party Compliance Declaration
(Version: May 2021)

**Settlors, Founders and Owners of managed companies** should complete sections A, B, C, D and, if relevant, E.

***Protectors & Beneficiaries*** *should complete separate form*

Please sign and date all sections as requested.

General information including data protection information is included in section F – please sign to acknowledge.

**Nexus: insert name of Trust/Foundation/Companies covered by this declaration:**

Trust

Atlas Trust

Companies

Lanius Malta Ltd

Lanius Holding BV

Lanius BV

Sirius Sa De CV

441

(hereinafter referred to below as "the Fiduciary Structure")

442

THIS PAGE IS INTENTIONALLY LEFT BLANK

## SECTION A:
## DECLARATION OF BENEFICIAL OWNERSHIP

1. *For Trusts and Foundations*

I, *(insert name)*        **Delphine Anne le Dain**

being the settlor/donator/asset contributor of the Fiduciary Structure hereby declare that the "**Beneficial Owner**" (as defined below) of the assets of the Fiduciary Structure is/are the persons listed below who are the named or identified beneficiaries or objects of discretionary powers contained in the relevant documentation of the Fiduciary Structure:

**EITHER** *( please check one of the following:)*

*For Revocable Trusts:*        ☐ I am the 'beneficial owner' as the Trust is revocable by me;

**OR**

*For Irrevocable Trusts:*        ☒ The 'beneficial owners' are as described in (a) or (b) below:

### a) For Discretionary Trusts

☒ There are no persons with fixed interests in the trust fund, but the persons who may be entitled to benefit are those described in the Trust Deed as 'Beneficiaries'.

### b) For Non-Discretionary Trusts

☐ **Life Interest Trusts:** The beneficial owners are the persons named or described as life tenants and beneficiaries in the Trust Deed.

**AND**

I confirm that the following person(s) is the Protector/Guardian/Appointor under the Fiduciary Structure having the powers specified by the instrument creating the Fiduciary Structure:

| Names: | Full Residential addresses/domicile |
|---|---|
| **HERVÉ BENZAKEIN** | **c/o HBS SA,** |
| | **Rue de la Rôtisserie 1,** |
| | **1204 Genève Switzerland** |

**444**

2. **For Stand Alone Managed Companies only**

I, *(insert name)* ................................................................................................

hereby declare that the "Beneficial Owner" of the **Fiduciary Structure** (being a company or corporate body) and therefore the person or persons entitled to the assets of the Fiduciary Structure upon a liquidation thereof is/are the persons listed below:

| Names: | Full Residential addresses/domicile |
|---|---|
| | |

*(attach an additional sheet, if necessary)*

**INTERPRETATION**

"Beneficial Owner" as used in this form signifies only 'beneficial owner' for regulatory purposes in Switzerland in accordance with the laws in force in Switzerland relating to the prevention of money laundering (blanchiment d'argent) and has no wider legal significance. In particular, in the case of discretionary trusts, or trusts containing powers of appointment in favour of objects of discretion, the fact that an object of a discretionary trust power or power is described in this Form as a "beneficial owner" does not mean that that person has any greater legal right or entitlement to trust property or that the trustees' discretionary powers of appointment have been exercised fettered or restricted in any way whatsoever.

Undertakings

1)    I undertake to inform STI of any changes in the above which are brought about through my own powers to do so where this is possible.

2)    The information furnished above is true and complete and given to the best of my knowledge and belief.

Signature: _____    Date: 04/04/ 223

445

## SECTION B:
## INTERNATIONAL TAX COMPLIANCE DECLARATION (FATCA & AEOI)

1. I, *(insert name)*        **Delphine Anne le Dain**

   hereby declare that my tax status is:

   *Please check the box that applies:*

   **Non-US Person**

   ☒ I am <u>not</u> an American citizen, I do <u>not</u> possess or am entitled to a United States "green card" and I have no visa or other permission entitling me to reside in the United States of America and I am <u>not</u> otherwise a resident of the United States of America.

   *(if you ticked this box, please continue to Part 2 of this section)*

   **US Person**

   ☐  I am an American citizen.

   ☐  I was born in the United States and have not renounced US citizenship or my right to claim it.

   ☐  I am <u>not</u> an American citizen but I possess or am entitled to a United States "green card".

   ☐  I am <u>not</u> an American citizen and I do <u>not</u> possess or am entitled to a United States "green card" but I am resident in the United States

   **AND** my address in the United States is:

   _____

   _____

   _____

   _____

   **My US taxpayer identification number or reference number is:**

   _____

**446**

2.   ***For completion by all who are non-US Persons***

**Declaration of Tax Status**

My residential address is set out below and confirmed by the attached address verification document.

Address:

**Chemin de St Christophe 1, 1936 Verbier, Switzerland.**

**Country of Tax Residence:**      Switzerland.

**My taxpayer identification number or reference number is:**

**AVS 756.4431.4088.57 - (TIN)**

**If you are not able to provide a TIN, please state one of the 3 reasons below:**

☒   A - The country where I am liable to pay tax does not issue TINs to its residents

☐   B - I am otherwise unable to obtain a TIN or equivalent number – please explain

**SWITZERLAND TIN EQUIVALENT ABOVE**

☐   C - No TIN is required by the authorities of my country of tax residence

Undertakings

1)   I undertake to inform STI of any changes in the above which are brought about through my own powers as soon as possible.

2)   The information furnished above is true and complete and given to the best of my knowledge and belief.

3)   I understand that this information will be used by STI, or other relevant companies within the Summit Group, in order for them to comply with their obligations and duties to report under the FATCA regime and the Automatic Exchange of Information required under the Common Reporting Standard.

Signature: _____        Date: 04/04/2023

447

## SECTION C:
## SOURCE OF FUNDS DECLARATION

**448**

1   The funds which I am intending to transfer to you for holding in the Fiduciary Structure, as discussed with you recently, are solely the result of:

*(Please tick as appropriate & provide information as indicated. If more space is needed please attach a separate sheet. If several categories apply, please tick all that apply and give a brief description under each one.)*

☒   **Professional Earnings** - provide brief details of profession / business activities

Bartol Limited was incorporated in BVI on May 2001 with a seed investment of approximately $300,000 from DLD. The $300,000 was funded from Delphine's private savings accumulated as a journalist. The beneficial owner of Bartol Limited was Delphine Anne Le Dain (DLD). It was set up as a vehicle to act as a fuel supplier. Bartol continued to trade until December 2004, when the logistics business was transferred to Red Star Enterprises Limited,

Dividend from Rosbelt International Ltd - 50% interest in Global Resources Worldwide LP  owner of  Red Star Enterprises Limited (Attached Schedule of Dividend distributions from Red Star Enterprises Ltd 2003 - 2017 - Prepared by Graham Collett Trust CFO) Via Bartol / Aspen Wind / Sunage Foundation and Galactea Trust

☐   **Inheritance** - provide brief details of how family wealth was originally generated including names of family members and name and details of family business as relevant

☒   **Sale of Business** - provide brief details of business activity, name of business and total sale proceeds

Summit Trust International SA: Compliance Declaration May 2021 version

**Rosbelt International Limited,**

- 50% Holding in Global Resources Worldwide LP  (Attached Signed Purchase Agreement - Dated 12 October 2020) Total sales consideration $40,950,000

**Oil Distribution and Trading Company**

☐ **Other** (If sale of other assets such as Property or Investments, please provide brief details. If a Gift, please indicate donor & how their wealth was originally generated)

and are beneficially owned by me and are capable of free transfer by me and do not derive from any illegal activity.

1. I do not have any creditors whose claims I cannot satisfy from my free assets and have never been an adjudged bankrupt.

2. I have not been the subject of any audits or special tax investigations by any tax authority other than routine inquiries.

3. I have never been convicted of a serious criminal offence (i.e. offences other than those related to motoring).

4. I undertake to notify you without delay of any change to the warranties, undertakings & representations made above.

449

Signature: _____     Date: 04/04/323

450

## SECTION D:

## TELEPHONE, FAX & ELECTRONIC COMMUNICATIONS INDEMNITY

### In relation to the Fiduciary Structure

I hereby confirm that I may wish to communicate with you by means of telephone, facsimile, electronic mail ("e-mail") from time to time and I am therefore authorizing you to accept such means of communication. I would require you to exercise reasonable care in determining whether a purported communication from me is genuine and complete and free from corruption or interference and if you are in doubt I require you to take such steps as you see fit in order to verify the same before acting upon it. Provided that you have acted with reasonable care and have not acted with gross negligence I hereby agree to indemnify you from and against all losses, claims, actions, proceedings, demands, costs and expenses incurred or sustained by you whatsoever in connection with such communications.

Signature: _____    Date: 04/04/2023

451

## SECTION E:

## THIRD PARTY DISCLOSURE AUTHORITY

### In relation to the Fiduciary Structure

1    I wish to be able to communicate with you through

**HERVÉ BENZAKEIN , DERMOT SHORTT**        ("the Agent")

with whom I have enjoyed a long standing relationship. I hereby authorize you to release such information about the Fiduciary Structure to the Agent as he/she may request from time to time

2    In addition, I authorize you to rely upon and act in accordance with any requests made by me or purportedly given or made by me from time to time in connection with the Fiduciary Structure which may be transmitted by telephone, facsimile or e-mail to you by the Agent on my behalf. You will have no further duty to inquire as to the authority or identity of the person passing on any such request provided he/she has identified himself/herself by name and supplied the name of the Fiduciary Structure. You shall be entitled to treat any such request passed to you by the Agent as if made by me and as fully authorized and binding on me and my estate or heirs. Should you require written confirmation of any request made under this authority, I undertake to provide this to you as soon as practicable thereafter.

3    In consideration for your acting in accordance with the terms of this letter, I, my personal representatives, heirs and assigns undertake to indemnify you and keep you indemnified against all losses, claims, actions, proceedings, damages, costs and expenses (including legal costs) incurred or sustained by you of whatever nature and howsoever arising out of your acting upon any requests made by, or purportedly made by, the Agent.

4    The terms of this letter shall remain in force until such time as you receive notice in writing of termination from me save that any such termination will not release me, my personal representatives, heirs and assigns from any liability under this authority and indemnity in respect of any act performed by you in accordance with the terms of this letter prior to receipt of notice of termination.

Signature: _____      Date: 04/04/2023

## SECTION F: DATA PRIVACY STATEMENT

STI, like other financial services businesses, is subject to Swiss laws on the protection of personal data. Where STI deals with persons resident in European Union Member States, the General Data Protection Regulation is also relevant. This document provides a summary of the rights that you have as a data subject by STI as a data controller and the policies STI has adopted to control the processing of personal data in accordance with the law.

### Reasons for Collecting Data

STI only collects personal data in order to administer trusts, companies, foundations, partnerships and other fiduciary structures ("fiduciary relationships") that it administers for its client families. Personal data is not sold for marketing purposes to third parties.

### Personal Data

The personal data that we collect includes name; date of birth; address; taxpayer or social security numbers; identity documents such as passport, driving licence, and national identity cards; proofs of address; bank account details so that payments can be made; information about your personal financial and domestic situation so that trustee discretions can be properly made, which may include information about your dependants; and other information that we may consider necessary in connection with our fiduciary duties and legal obligations.

Personal data is usually provided to us by you upon request but may be obtained by us from third parties and other sources such as databases and internet searches as well as from professional advisers such as lawyers, accountants, banks and financial advisers.

### Data Transfer

STI may transfer such data to third parties such as law firms, accountancy firms, banks, asset managers, securities custodians, and investment advisers in order to comply with laws such as those directed against money laundering or to obtain legal or tax advice required in connection with the administration of a fiduciary relationship. Personal data may be viewed by our auditors and can be produced to regulators and law enforcement bodies if requests are made. Personal data may also be reported to tax authorities under various international tax reporting obligations such as FATCA (where the United States is concerned) or the Automatic Exchange of Information provisions (for most countries outside of the United States). Personal data may also be exchanged as part of due diligence exercises in connection with the acquisition, merger or sale of trust businesses including STI and its subsidiaries. Personal data may also be transferred by STI to its subsidiaries or affiliated companies.

### Storage of Personal Data

STI maintains electronic records of personal data on its servers in Geneva and on a back-up server in a secure location in Switzerland. Personal data is also maintained on paper files in its offices in Geneva. Paper files are kept in locked cabinets overnight and the office is protected by an alarm system when not staffed overnight or at weekends. Staff are bound by personal undertakings to maintain client confidentiality, which includes protection of personal data, and office policies require that files containing personal data are filed away at night and not left on desktops. Where personal data is transferred outside of Switzerland, it will either be transferred to a jurisdiction that has equivalent legislative protection for personal data (e.g. the UK or a country within the European Economic Area) or we will in other cases, take steps to secure equivalent protection for personal data by means of contractual undertakings.

453

Personal data will be retained by us for as long as you are the subject of or might be concerned with a fiduciary relationship with us and for such periods as may be prescribed by law from time to time afterwards such as under the anti-money laundering legislation.

Once personal data is no longer required, STI will anonymise or erase it.

## Personal Data Information Rights

STI will adequately inform you when personal data is collected from you or from a third party. The use of sensitive data is subject to your express consent.

When personal data is communicated outside Switzerland, STI will inform you of the name of the third State or international body to which the data is to be communicated.

You may also request that we provide you with information about the personal data that we may hold about you and copies of that information. We will provide copies of information or documents we hold about you upon written request under the 'Contact' section below. If the information we hold about you is inaccurate you may require us to correct it by written request. You may also request that we cease to process information about you but in such cases this may impede our ability to provide financial benefits to you under a fiduciary relationship.

You may request that we erase all of your personal data under the "right to be forgotten" if (i) it is no longer necessary for us to hold that personal data with respect to the original purpose for which it was obtained; or (ii) where your consent was the basis of our receiving your personal data, you wish to withdraw that consent; or (iii) you have objections to our processing your personal data and there is no overriding legitimate interest that would entitle us to continue doing so; or (iv) your personal data has been processed unlawfully; or (v) your personal data has to be erased in order to comply with a particular legal or regulatory obligation. Erasure of personal data will prevent us from providing any financial benefit to you as without such information it would not be lawful for us to administer a fiduciary relationship from which you could benefit.

In Switzerland, the government body responsible for supervising data processing is the Federal Data Protection and Information Commissioner (FDPIC) whose address is: Office of the Federal Data Protection and Information Commissioner FDPIC, Feldeggweg 1, CH-3003 Berne, Switzerland, Telephone: +41 58 462 43 95; Fax: +41 58 465 99 96. Information about data protection in Switzerland is available from the FDPIC website: www.edoeb.admin.ch

## Contact

If you have any questions about our data protection policy please contact your usual Trust Officer or director contact or write to The Managing Director, Summit Trust International SA, 6 Place des Eaux-Vives, CH-1207 Geneva, Switzerland; tel + 41 22 707 8399; fax + 41 22 707 8395.

* * * * *

## Acknowledged

Signature: _____    Date: __04/04/2623__

454

Dated _____ 6th May _____ 2015

**DELPHINE ANNE LE DAIN**

(Grantor)

and

**SALAMANDER ASSOCIATES LIMITED**

(Original Trustee)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

---

**THE BLUESTONE TRUST**

---

21931899.1                                I

455

## TABLE OF CONTENTS

| No. | Heading | Page |
|---|---|---|
| 1. | DEFINITIONS AND CONSTRUCTION | 4 |
| 2. | NAME | 6 |
| 3. | POWER TO RECEIVE ADDITIONAL PROPERTY | 7 |
| 4. | TRUST FOR SALE | 7 |
| 5. | POWER TO ADD DISCRETIONARY BENEFICIARIES | 7 |
| 6. | POWER OF EXCLUSION | 7 |
| 7. | GRANTOR'S POWER OF REVOCATION | 8 |
| 8. | DISCRETIONARY TRUST OF CAPITAL AND INCOME | 8 |
| 9. | INCOME TRUSTS IN DEFAULT OF APPOINTMENT | 9 |
| 10. | POWER TO APPLY CAPITAL FOR BENEFICIARIES | 9 |
| 11. | TRUSTS IN DEFAULT OF APPOINTMENT | 10 |
| 12. | ULTIMATE DEFAULT TRUSTS | 10 |
| 13. | ASSIGNMENT OF POWER OF APPOINTMENT | 10 |
| 14. | ADMINISTRATIVE POWERS | 10 |
| 15. | EXERCISE OF POWERS | 10 |
| 16. | GENERAL LIMITATION ON POWERS | 11 |
| 17. | REMOVAL AND APPOINTMENT OF TRUSTEES | 11 |
| 18. | APPOINTMENT OF PROTECTORS | 13 |
| 19. | EFFECT OF VACANCY IN PROTECTOR'S OFFICE | 14 |
| 20. | PROTECTOR'S INDEMNITY | 14 |
| 21. | PROPER LAW, FORUM AND PLACE OF ADMINISTRATION | 14 |
| 22. | EXCLUSION OF COMMUNITY PROPERTY RULES | 15 |
| 23. | EXCLUSION OF EXCLUDED PERSONS | 15 |
| 24. | VARIATION OF TERMS OF THIS TRUST | 15 |
| 25. | SEVERABILITY | 16 |
| 26. | COUNTERPARTS | 16 |
| 27. | POWER OF INVESTMENT | 16 |
| 28. | EXERCISE OF RIGHTS ATTACHING TO SHARES | 16 |
| 29. | POWER TO LEND | 17 |
| 30. | POWER TO BORROW | 17 |
| 31. | POWER TO GIVE GUARANTEES | 17 |
| 32. | POWER OF MANAGEMENT | 17 |
| 33. | POWERS IN RELATION TO LAND AND CHATTELS | 17 |
| 34. | POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY | 17 |
| 35. | POWER TO INSURE PROPERTY | 17 |
| 36. | POWERS IN RELATION TO LIFE INSURANCE POLICIES | 18 |

456

| 37. | POWER TO TRADE | 18 |
| 38. | POWER TO PROMOTE COMPANIES | 18 |
| 39. | POWERS IN RELATION TO COMPANIES | 18 |
| 40. | EXCLUSION OF APPORTIONMENT | 18 |
| 41. | POWER OF APPROPRIATION | 18 |
| 42. | DIVISION BETWEEN CAPITAL AND INCOME | 18 |
| 43. | PAYMENT OF EXPENSES | 19 |
| 44. | POWERS IN RELATION TO MINORS | 19 |
| 45. | POWER TO APPOINT AGENTS | 19 |
| 46. | POWER TO EMPLOY NOMINEES | 19 |
| 47. | POWERS TO DELEGATE | 19 |
| 48. | POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS | 19 |
| 49. | PAYMENTS TO CHARITIES | 20 |
| 50. | LEGAL PROCEEDINGS | 20 |
| 51. | COMPROMISE AND SETTLEMENT | 20 |
| 52. | ACCOUNTS AND AUDIT | 20 |
| 53. | PROTECTOR'S POWER TO MAKE REQUESTS | 20 |
| 54. | PAYMENT OF TAXES | 20 |
| 55. | PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS | 21 |
| 56. | TRUSTEE CHARGING | 21 |
| 57. | POWER TO RECEIVE REMUNERATION | 21 |
| 58. | INDEMNITY INSURANCE | 21 |
| 59. | POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST | 22 |
| 60. | DISCLOSURE OF DOCUMENTS | 22 |
| 61. | PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS | 22 |
| 62. | PROTECTION OF THE TRUSTEES GENERALLY | 22 |
| 63. | RELEASE OF POWERS | 23 |
| 64. | POWER TO VARY ADMINISTRATIVE PROVISIONS | 23 |

457

DEED OF SETTLEMENT

**DATE**: The        day of        2015

## PARTIES

(1)    **DELPHINE ANNE LE DAIN** of Buzon 110 Serreta, Sta Gertrudis, Ibiza 07814, Spain (the **'Grantor'**);

(2)    **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of The British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, The British Virgin Islands (the **'Original Trustee'**); and

(3)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the **'Original Protector'**).

## RECITALS

(A)    The Grantor wishes to make this Settlement and has transferred or delivered to the Original Trustee or otherwise placed under its control the property specified in the Schedule. Further money, investments or other property may be paid or transferred to the Trustees by way of addition.

(B)    It is intended that this Trust shall be revocable during the lifetime of the Grantor.

(C)    In establishing this Trust, it is the intention of the Grantor that this Trust (i) will qualify as a grantor trust, during the Grantor's lifetime, within the meaning of Subpart E of Subchapter J of the US Internal Revenue Code of 1986, as amended (the **"Code"**), (ii) will not confer a general power of appointment upon any US person within the meaning of sections 2041 and 2514 of the Code, and (iii) will not result in any person other than the Grantor being treated as the owner of any portion of this Trust within the meaning of Code section 676. Accordingly, and notwithstanding any provision contained in this Deed to the contrary, this Deed shall be construed and the trusts of this Trust administered in accordance with and to achieve these intents.

## PART 1 - OPERATIVE PROVISIONS

1.    **DEFINITIONS AND CONSTRUCTION**

1.1    In this Deed, where the context admits, the following definitions and rules of construction shall apply.

**'Beneficiary'** shall mean any person actually or prospectively entitled to any share or interest in the capital or income of the Trust Fund.

**'Charity'** shall mean any trust, foundation, company or other organisation whatever established only for purposes regarded as charitable under the proper law of the Trust or under the law of the jurisdiction in which the trust, foundation, company or other organisation was established.

**'children'**, **'grandchildren'** and **'issue'** of any person shall include his children, grandchildren and remoter issue, whether legitimate, legitimated, illegitimate or adopted.

458

'**Company**' shall mean any body, incorporated or established in any part of the world, which has separate legal personality.

'**Consent Holder**' shall mean the person appointed as Consent Holder pursuant to sub-clause 7.2.

'**deed**' shall include any instrument in writing which is signed, witnessed and dated by or on behalf of each of the parties to the instrument and shall also include any instrument executed under seal by a Company.

'**Discretionary Beneficiaries**' shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:

     (a)     the Grantor;

     (b)     the children and remoter issue of the Grantor;

     (c)     Charities; and

     (d)     such other objects or persons as are added under clause 5 to the extent so added

*provided* that no person will be capable of being included or added as a Discretionary Beneficiary if such person is a US Person as herein defined or a resident of The British Virgin Islands as defined in section 2(1) of the Companies (Taxation and Concessions) Ordinance of The British Virgin Islands other than an individual who has been issued a certificate under Rule 6 of the Qualifying (Category 2) Individual Rules 2004 of The British Virgin Islands which remains valid at the date hereof or an individual whose income is subject to an election under Rule 11 of those Rules at the date hereof.

'**Excluded Person**' shall mean any person or class of persons or Charity by or in respect of whom or which a declaration under sub-clauses 6.1 or 6.4(b) has been made or treated as made but, in the case of a revocable exclusion, only during such time as the exclusion remains effective and unrevoked.

'**incapacity**' shall mean incapacity caused by physical or mental handicap or deterioration resulting in an individual whose incapacity is being judged being unable to manage his own affairs or to understand the nature or consequences of his actions, as confirmed by the written opinion of two medical practitioners qualified to assess such matters and '**incapacity**' shall also mean any legal incapacity deriving from age or insolvency and '**incapacitated**' shall have a corresponding meaning.

'**minor**' shall mean any individual who has not attained the age of 18.

'**person**' shall include any individual or Company.

'**proper law of this Trust**' shall mean the law governing this Trust as determined under clause 21.

'**Protector**' shall mean the person or entity designated as the Protector in accordance with clause 18.

'**Settlor**' shall mean the Grantor and any person who shall have donated (by way of gift or sale for less than full consideration) any sums of money, investments or other property to be held as part of the Trust Fund.

459

'**Trustees**' shall include the Original Trustee and the trustees for the time being of this Trust.

'**Trust**' shall mean the trusts constituted by this Deed.

'**Trust Company**' shall mean any Company, wherever incorporated, which is authorised under its constitution or by applicable law to act as trustee of a trust or trusts and/or carry on the business of administering trusts.

'**Trust Fund**' shall mean:

    (a)    the property specified in Schedule;

    (b)    all money, securities, investments or other assets or property paid or transferred by any person (including, without limitation, by bequest under a will) to, or so as to be under the control of, and, in either case, accepted by the Trustees as additions;

    (c)    all accumulations (if any) of income added to the Trust Fund; and

    (d)    the money, investments and property from time to time representing the above.

'**Trust Period**' shall mean the period starting with the date of this Trust and ending on the earlier of:

    (a)    the last day of the period of 100 years starting from the date of this Deed, which period, and no other, shall be the applicable perpetuity period;

    (b)    such date as the Grantor shall revoke the Trust in accordance with this Deed; and

    (c)    such date as the Trustees shall at any time specify by deed in relation to the whole or any part of the Trust Fund (so that different days may be specified for different parts of the Trust Fund), not being a date earlier than the date of such deed or later than a date previously specified in relation to that part of the Trust Fund.

'**US Person**' shall mean a person described in section 7701(a)(30) of the U.S. Internal Revenue Code of 1986, as amended.

1.2    Words denoting the singular shall include the plural and vice versa.

1.3    Words denoting any gender shall include both genders.

1.4    References to any statutory provision shall include any statutory modification to or re-enactment of such provision.

1.5    The table of contents and clause headings are included for reference only and shall not affect the interpretation of this Deed.

2.    **NAME**

This Trust shall be known as The Bluestone Trust or by such other name as the Trustees may, from time to time, determine.

460

3.    **POWER TO RECEIVE ADDITIONAL PROPERTY**

The Trustees may, at any time during the Trust Period, accept additional money, securities, investments or other assets or property, of whatever nature and wherever situate, paid or transferred to them by the Grantor or any other person (including, without limitation, by bequest under a will). Such additional money, securities, investments or other assets or property shall, subject to any contrary direction, be held upon the trusts and with and subject to the powers and provisions of this Deed.

4.    **TRUST FOR SALE**

The Trustees shall hold the Trust Fund and any additions upon trust in their discretion either to allow the same to remain in the state in which it is received or held for so long as they shall think fit or to sell or convert the same into money. The Trustees may, in their discretion, invest such money in their names or under their control in any of the investments authorised by this Trust or by law, with power from time to time to vary or transpose any such investments for or into others so authorised.

5.    **POWER TO ADD DISCRETIONARY BENEFICIARIES**

5.1    The Trustees with the prior or simultaneous written consent of the Protector, may, at any time during the Trust Period, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine.

5.2    Any such addition shall be made by deed (revocable to the extent permitted by the proper law of this Trust or irrevocable):

(a)    naming or describing the objects or persons or classes of objects or persons to be added; and

(b)    specifying the date or event, not being earlier than the date of execution of the deed but before the end of the Trust Period, on the happening of which the addition shall take effect.

5.3    Any power of revocation reserved by a deed of addition shall not be capable of being exercised so as to derogate from any interest to which any Beneficiary has become indefeasibly entitled.

6.    **POWER OF EXCLUSION**

6.1    The Trustees may with the prior or simultaneous written consent of the Protector declare that any person, class of persons or Charity shall (whether or not a Beneficiary) be an Excluded Person.

6.2    The Trustees may with the prior or simultaneous written consent of the Protector declare that any person, class of persons or Charity shall:

(a)    if included in the class of Discretionary Beneficiaries, cease to be so included; or

(b)    if not included in the class of Discretionary Beneficiaries, not be eligible to be added as a Discretionary Beneficiary pursuant to sub-clause 5.1.

21931899.1                                              7                                              **461**

6.3    The powers conferred by sub-clauses 6.1 and 6.2 shall not be capable of being exercised

(a)    so as to derogate from any interest to which any Beneficiary has or would, but for the provisions of this clause, have become indefeasibly entitled;

(b)    in relation to the Grantor.

6.4    Any person (not being a minor) who may receive any benefit under this Trust may, by declaration in writing:

(a)    disclaim such benefit, either in whole or in part; or

(b)    declare that he shall be an Excluded Person.

6.5    Any declaration made pursuant to sub-clauses 6.1, 6.2 or 6.4 shall be by deed (revocable during the Trust Period to the extent permitted by the proper law of this Trust or irrevocable), shall take effect in such circumstances or subject to such conditions and from such date (not being earlier than the date of such deed) specified in the deed.

## 7.    GRANTOR'S POWER OF REVOCATION

7.1    Power of revocation

(a)    During her lifetime the Grantor shall have power by deed to revoke this Trust in whole or in part provided that any such revocation shall not invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Trust or made under any other power conferred by this Deed or by this Trust or by law.

(b)    Any such deed shall take effect upon the date when the same is received by the Trustees or upon such later date as may be specified therein and whenever such a deed seeks to revoke this Trust in part only it shall specify the property being part of the Trust Fund to which such revocation shall apply.

7.2    Consent

The power conferred by sub-clause 7.1 on the Grantor shall be exercisable so as to take effect during the Grantor's lifetime with the prior written consent of the first person named by the Original Settlor or, failing which, by the Protector in the following list who is then living, not incapacitated and who is a related or subordinate party subservient to the Grantor within the meaning of Code Section 672(f)(2)(A)(i) (the **'Consent Holder'**) (unless no such person meets such requirements in which case the power shall be exercisable without such consent).

## 8.    DISCRETIONARY TRUST OF CAPITAL AND INCOME

8.1    The Trustees shall hold the capital and income of the Trust Fund upon trust for or for the benefit of such of the Discretionary Beneficiaries, at such ages or times, in such shares, upon such trusts (which may include discretionary or protective powers or trusts) and in such manner generally as the Trustees shall in their discretion appoint.   Any such appointment may include such powers and provisions for the maintenance, education advancement or other benefit of the Discretionary Beneficiaries or for the accumulation of income and such administrative powers and provisions as the Trustees think fit.

462

8.2    No exercise of the power conferred by sub-clause 8.1 shall invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Deed or made under any other power conferred by this Deed or by law.

8.3    Any trusts and powers created by an appointment under sub-clause 8.1 may be delegated to any extent to any person, whether or not including the Trustees or any of them.

8.4    The exercise of the power of appointment conferred by sub-clause 8.1 shall:

    (a)    comply with the provisions of sub-clause 15.1; and

    (b)    be subject to the prior or simultaneous written consent of the Protector.

8.5    Notwithstanding clause 63, the Trustees may not release or restrict the power conferred by sub-clause 8.1 without the written consent of the Protector.

9.    **INCOME TRUSTS IN DEFAULT OF APPOINTMENT**

The provisions of this clause shall apply during the Trust Period until, subject to and in default of any appointment under sub-clause 8.1.

9.1    The Trustees shall pay or apply the income of the Trust Fund to or for the benefit of such of the Discretionary Beneficiaries as shall for the time being be in existence, in such shares and in such manner generally as the Trustees shall in their discretion from time to time think fit.

9.2    Notwithstanding the provisions of sub-clause 8.1, the Trustees may at any time during the Trust Period in their discretion accumulate the income by investing it in any investments authorised by this Deed or by law and, subject to sub-clause 8.1, shall hold such accumulations as an accretion to capital.

9.3    The Trustees may apply the whole or any part of the income accumulated under sub-clause 8.1 as if it were income arising in the then current year.

10.    **POWER TO APPLY CAPITAL FOR BENEFICIARIES**

The provisions of this clause shall apply during the Trust Period notwithstanding the provisions of sub-clause 8.1 but subject to any appointment made under sub-clause 8.1 and to the Protector's written consent.

10.1    The Trustees may pay or apply the whole or any part of the capital of the Trust Fund to or for the benefit of all or such of the Beneficiaries, in such shares and in such manner generally as the Trustees shall in their discretion think fit.

10.2    The Trustees may apply the whole or any part of the capital of the Trust Fund by paying or transferring the same to the trustees of any other trust or settlement, whether or not the proper law of such other trust or settlement shall be the proper law of the Trust, for the benefit of any of the Beneficiaries.

10.3    The exercise of the power conferred by sub-clause 10.2 shall be subject to the following provisions:

463

(a)   upon the payment or transfer of any money or other property to the trustees of any such trust or settlement, the Trustees shall not be bound to see to the further application of such money or property;

(b)   the Trustees may make such payment or transfer to the trustees of a discretionary trust, notwithstanding that the Beneficiary for whose benefit the power is exercised is only a discretionary object of such trust;

(c)   the Trustees may make such payment or transfer notwithstanding that persons other than the Beneficiary for whose benefit the power is exercised are or may become entitled to, or to the income of, the money or other property paid or transferred;

(d)   any exercise of the power shall comply with the provisions of sub-clause 15.1; and

(e)   the power shall not be exercisable so as to permit any part of the income or capital of the Trust Fund to be paid or transferred to the trustees of any trust or settlement in which any Excluded Person is or may be interested.

## 11.   TRUSTS IN DEFAULT OF APPOINTMENT

11.1   From and after the expiration of the Trust Period, and subject to any appointment made under sub-clause 8.1, the Trustees shall hold the capital and income of the Trust Fund upon trust absolutely for all or any one or more exclusively of the others of the Grantor and her children and remoter issue as shall then be living and, if more than one in equal shares *per stirpes*, so that no person shall take if any of his ascendants is alive and so capable of taking.

## 12.   ULTIMATE DEFAULT TRUSTS

Upon expiration of the Trust Period, subject as above, if and so far as not wholly disposed of for any reason whatever by the above provisions, the capital and income of the Trust Fund shall be held upon trust for such Charities and, if more than one, in such shares as the Trustees shall determine absolutely.

## 13.   ASSIGNMENT OF POWER OF APPOINTMENT

The Trustees may, with the prior or simultaneous written consent of the Protector, by deed, grant to any Beneficiary the power to appoint all or any part of the Trust Fund, whether capital or income or both, in such manner, outright or in further trust, as the Trustees shall in such deed provide.

## 14.   ADMINISTRATIVE POWERS

The Trustees shall, in addition and without prejudice to all statutory powers, have the powers and immunities set out in Part 2 of this Deed.  No power conferred on the Trustees shall be exercised so as to conflict with the beneficial provisions of this Deed.

## 15.   EXERCISE OF POWERS

15.1   Every power conferred by the provisions of Part 1 of this Deed shall be subject to the application (if any) of the rule against perpetuities and any applicable laws governing the permitted period of accumulations and shall (except for clauses 17 and 18) be exercisable

21931899.1                              10

464

only during and so as to take effect during the Trust Period. No power of revocation shall be exercisable except during the Trust Period.

15.2    Any written consents required under the terms of this Deed may be given either specifically in relation to any particular matter or by a general written consent referring to one or more matters.

15.3    If there is more than one Protector in office, the Protectors shall act unanimously.

## 16.    GENERAL LIMITATION ON POWERS

16.1    No individual Trustee and no person to whom a Trustee has delegated his powers pursuant to the terms of this Trust or by law who is a Beneficiary and a US Person may participate as one of the Trustees or as a delegate of one of the Trustees in the exercise of any of the powers conferred by the following clauses and sub-clauses (the 'restricted powers'):

(a)    clause 5 (Power to add Discretionary Beneficiaries);

(b)    clause 6 (Power of exclusion);

(c)    sub-clause 8.1 (Discretionary trust of capital and income);

(d)    clause 9 (Income trusts in default of appointment);

(e)    clause 10 (Power to apply capital for Beneficiaries);

(f)    clause 24 (Variation of terms of this Trust); and

(g)    clause 64 (Power to vary administrative provisions).

16.2    No Trust Company may participate as one of the Trustees in the exercise of any of the restricted powers if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

16.3    Neither the Protector nor the Grantor shall be eligible to serve as a Trustee of this Trust or to exercise the powers of the Trustees under any circumstances.

## 17.    REMOVAL AND APPOINTMENT OF TRUSTEES

17.1    A Trustee shall cease to be a Trustee on the happening of any of the following events:

(a)    on resigning in accordance with sub-clause 17.2;

(b)    on being removed in accordance with sub-clause 17.3;

(c)    if an individual, on death, on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

465

(d)      if a corporation, on filing for bankruptcy, on becoming insolvent or on dissolution.

17.2    A Trustee may resign by giving three months' notice in writing to the person for the time being having power to appoint new or additional Trustees under the provisions of sub-clause 17.4. Upon the expiration of such notice, or such shorter period as may be agreed in writing between the Trustee giving notice and the person for the time being having power to appoint new or additional Trustees, the Trustee who has given notice shall cease to be a Trustee. If the Trustee so resigning is the sole Trustee and a new Trustee shall not have been appointed before the expiration of the specified period of notice, the resigning Trustee shall have power to appoint a new Trustee in its place and its resignation shall become effective only upon such appointment being made.

17.3    The Protector shall have power (to be exercised in writing) to remove any or all of the Trustees with or without cause. Notice of such removal shall forthwith be given to the Trustee concerned and the removal shall become effective immediately, except where all the Trustees or the sole Trustee have or has been removed in which case the removal shall be effective only on the appointment of a new Trustee or Trustees.

17.4    The Protector or, if the Protector shall be incapacitated or otherwise unable or unwilling to act, or if there shall be no Protector, the Trustees, shall have the power to appoint new or additional such Trustees.

17.5    Any appointment of a new or additional Trustee under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office in which case the appointment shall become effective on such death, resignation or incapacity. Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Trustees under this clause.

17.6    An outgoing Trustee (which term shall include a Trustee removed under sub-clause 17.3) shall promptly and without delay execute and do all such transfers or other acts or things as may be necessary for the immediate vesting the Trust Fund in the new or continuing Trustees and any reasonable expenses associated therewith (agreed in advance by the Protector) shall be borne by the Trust Fund *provided always* that the outgoing Trustee shall in no event delay or resist transferring the Trust Fund.

17.7    In the event that a Trustee is removed without cause under sub-clause 17.3, the new or continuing Trustees shall be required to undertake in writing to indemnify and hold the outgoing Trustee its directors officers servants and agents harmless against any and all claims demands actions proceedings damages costs or expenses whatsoever for or arising out of any act or omission on the part of the outgoing Trustee or any of its directors officers servants or agents in relation to the Trust, *provided always* (i) that such indemnity shall not extend to any act or omission for which the outgoing Trustee would not have been entitled to be indemnified out of the assets of the Trust Fund had it remained trustee of the Trust, (ii) that the new or continuing Trustees shall not be liable under this indemnity in an amount exceeding the amount or value of the Trust Fund for the time being, (iii) that the Protector shall have given his consent to the terms of such indemnity (which shall be reasonable and in accordance with industry standards) which consent shall not be unreasonably withheld.

17.8    Any appointment under this clause shall be in writing signed by the person making the appointment and by the new or additional Trustee so appointed.

466

17.9    The provisions of this clause shall apply notwithstanding any provision in the legislation for the time being in effect under the proper law of this Trust for the time being relating to the appointment, removal, retirement or discharge of trustees.

17.10   A person may be appointed to be a trustee notwithstanding that such person is not resident in the jurisdiction the law of which is the proper law of this Trust for the time being and remaining out of such jurisdiction for more than 12 months shall not be a ground for the removal of a trustee.

17.11   There shall be no requirement that there be more than one Trustee.

## 18.    APPOINTMENT OF PROTECTORS

18.1    The first Protector shall be the Original Protector.

18.2    A Protector shall cease to be a Protector on the happening of any of the following events:

(a)    on resigning in accordance with sub-clause 18.3;

(b)    if an individual, on death; on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

(c)    if a corporation, on filing for bankruptcy, becoming insolvent or on dissolution.

18.3    The Protector may at any time resign its office by written instrument, notice of which shall be given to the Trustees.  Such resignation shall be effective upon receipt of the notice or the expiration of one month from the date of the resignation, whichever shall be earlier.

18.4    Protectors subsequent to the first Protector shall be appointed as follows.

(a)    The Original Protector may, by written instrument, appoint any other person or succession of persons to be protector or successive protectors of this Trust, either in addition to or to succeed it.

(b)    A Protector whose successor is not prescribed in advance by the Original Protector pursuant to sub-clause (a), or all of whose prescribed successors under sub-clause (a) have died, become incapacitated or are otherwise incapable or unwilling to serve as protector, may, by written instrument, appoint any other person to be protector of this Trust either in addition to or to succeed it (but may not appoint a succession of protectors).

(c)    Any appointment of a new or additional Protector under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office in which case the appointment shall become effective on such death, resignation or incapacity.  Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Protectors under this clause.

467

18.5    Any appointment under this clause (other than the appointment of the Original Protector whose appointment and acceptance thereof is made by this Deed) shall be in writing signed by the person making the appointment and by the new or additional Protector so appointed.   Any such appointment shall only take effect when written notice of such appointment has been given to the Trustees.

18.6    If, notwithstanding the provisions of sub-clause 18.4 there shall at any time be no Protector of this Trust, the Trustees shall, by deed, irrevocably appoint any person, not being one of the Trustees, to be the Protector after consulting with such of the adult Discretionary Beneficiaries as they shall consider appropriate.

19.    **EFFECT OF VACANCY IN PROTECTOR'S OFFICE**

If there shall at any time be no Protector, this Trust (except for clause 18) shall, during such time as there shall be no Protector (but not further or otherwise), be read and construed as if all references to the requirement for the Protector's consent or agreement and to the exercise by the Protector of any power were omitted from this Trust.

20.    **PROTECTOR'S INDEMNITY**

20.1    The Protector shall exercise his powers in good faith.  He shall not, in the absence of actual fraud, dishonesty or wilful misconduct, be accountable to any Beneficiary or the Trustees for any act of omission or commission in relation to the powers given to him by this Trust.

20.2    The Protector shall be entitled to charge for the performance of his duties at such rate or in such manner as may be agreed from time to time between the Protector and the Trustees.

20.3    The Protector shall be entitled to reimbursement of all proper expenses incurred by him in relation to the exercise of his powers and performance of his duties under this Trust or the prosecution or defence of any legal proceedings arising in connection with the exercise or non-exercise of his powers or the performance or non-performance of his duties, provided that any claim for reimbursement shall be received by the Trustees within one year of the expenses being incurred.

21.    **PROPER LAW, FORUM AND PLACE OF ADMINISTRATION**

21.1    The proper law of this Trust shall be that of the British Virgin Islands.  Except as otherwise provided in this Trust, all rights under this Deed and its construction and effect shall be subject to the jurisdiction of the courts, and construed according to the laws, of the British Virgin Islands.

21.2    The courts of the British Virgin Islands shall be the forum for the administration of these trusts.

21.3    The provisions of this sub-clause shall apply notwithstanding the provisions of sub-clauses 21.1 and 21.2

(a)    The Trustees shall have power, subject to the application (if any) of the rule against perpetuities, to carry on the general administration of these trusts in any jurisdiction in the world.  This power shall be exercisable whether or not the law of such jurisdiction is for the time being the proper law of this Trust or the courts of such jurisdiction are for the time being the forum for the administration of these trusts, and whether or

468

not the Trustees or any of them are for the time being resident or domiciled in, or otherwise connected with, such jurisdiction.

(b) The Trustees may at any time declare in writing that, from the date of such declaration, the proper law of this Trust shall be that of any specified jurisdiction. No exercise of this power shall be effective unless the law of the jurisdiction specified is one under which this Trust remains and all, or substantially all, of the trusts, powers and provisions contained in this Deed remain enforceable and capable of being exercised and so taking effect.

(c) Following any exercise of the power contained in sub-clause 21.3(b), the Trustees shall, by deed, make such consequential alterations or additions to this Deed as they consider necessary or desirable to ensure that, so far as may be possible, the trusts, powers and provisions of this Deed shall be as valid and effective as they were immediately prior to such change.

(d) The Trustees may, at any time, declare in writing that, from the date of such declaration, the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 22. EXCLUSION OF COMMUNITY PROPERTY RULES

No benefit accruing to or devolving on any Beneficiary under this Deed shall form or constitute a portion of any communal or joint estate or marital property of such Beneficiary, but such benefit shall be and remain the sole, separate and exclusive property of such Beneficiary. Should such Beneficiary be married or marry in community of property, any benefit so accruing or devolving shall be expressly excluded from the community; such benefit shall also be free from the interference, control or marital power of any spouse of such Beneficiary. The provisions of this clause shall apply not only to benefits accruing to or devolving on any Beneficiary but also to the property of whatever nature for the time being representing the same and the income thereof.

## 23. EXCLUSION OF EXCLUDED PERSONS

23.1 No discretion or power conferred on the Trustees or any other person by this Deed or by law shall be exercised, and no provision of this Deed shall operate directly or indirectly, so as to cause or permit any part of the capital or income of the Trust Fund to become in any way payable to or applicable for the benefit of an Excluded Person.

23.2 The provisions of sub-clause 23.1 shall not preclude any Settlor from exercising any statutory right to claim reimbursement from the Trustees for any income tax or capital gains tax paid by him in respect of income arising to the Trustees or capital gains realised or deemed or treated as realised by them.

23.3 Subject to sub-clause 23.2 the prohibition in this clause shall apply notwithstanding anything else contained or implied in this Deed.

## 24. VARIATION OF TERMS OF THIS TRUST

The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:

21931899.1

15

**469**

24.1    they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

24.2    they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;

24.3    no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor.

24.4    no such variation, amendment, addition or deletion

    (a)    shall infringe the proper law of this Trust for the time being; or

    (b)    shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and

24.5    no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety.

## 25.    SEVERABILITY

If any provision of this Deed shall be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity and enforceability of the remaining provisions of this Deed which shall, so far as possible, be construed and take effect as if the invalid or unenforceable provisions had not been included in this Deed.

## 26.    COUNTERPARTS

This Deed may be signed in counterparts and each such counterpart shall constitute an agreed document and each such counterpart taken together, shall constitute one and the same instrument.

# PART 2 - ADMINISTRATIVE PROVISIONS

## 27.    POWER OF INVESTMENT

27.1    The Trustees may apply any money to be invested in the purchase or acquisition (either alone or jointly with other persons) of such property, of whatever nature and wherever situate and whether of a wasting nature, involving liabilities or producing income or not, or in making such loans with or without security, as they think fit so that they shall have the same powers to apply money to be invested as if they were an absolute beneficial owner.

27.2    The Trustees may exchange property for other property on such terms as they think fit.

27.3    The Trustees shall not be required to diversify the investment of the Trust Fund.

## 28.    EXERCISE OF RIGHTS ATTACHING TO SHARES

Notwithstanding any other provision of this Deed, the power, authority and discretion granted to the Trustees under this Deed over the control or exercise of any rights (including, without limitation, voting rights) attaching to any securities, shares or other interests in any entity that form a part of the Trust Fund, or which are held (directly or

470

indirectly) by a company or other entity whose shares form part of the Trust Fund and which is controlled by the Trustees, shall be exercisable by the Trustees, acting alone as provided in this Deed, without the approval or consent of any Beneficiary, Protector or any other person. No person other than the Trustees shall have any power, authority or discretion, directly or indirectly, over the control or exercise of any rights (including, without limitation, voting rights) which might be conferred by the holding of any such securities, shares or other interests unless specifically delegated such power, authority or discretion by the Trustees.

29. **POWER TO LEND**

The Trustees may lend all or any part of the Trust Fund to any person or Beneficiary on such terms (whether or not including provision for the payment of interest) as the Trustees think fit.

30. **POWER TO BORROW**

The Trustees may borrow on the security of all or any part of the Trust Fund or otherwise for any purpose.

31. **POWER TO GIVE GUARANTEES**

The Trustees may guarantee the payment of money and the performance of obligations by any Beneficiary or by any company in which the Trust Fund is invested and may charge all or any part of the Trust Fund in support of such guarantee.

32. **POWER OF MANAGEMENT**

The Trustees shall have all the powers of an absolute beneficial owner in relation to the management and administration of the Trust Fund.

33. **POWERS IN RELATION TO LAND AND CHATTELS**

33.1    The Trustees shall have all the powers of an absolute beneficial owner in relation to the disposition, development and improvement of any land comprised in the Trust Fund.

33.2    The Trustees shall not be bound to maintain any building or other structure on land comprised in the Trust Fund or to preserve or repair any chattels comprised in the Trust Fund.

34. **POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY**

The Trustees may, with the consent of the Protector, permit any Discretionary Beneficiary or any other person (if in the opinion of the Trustees it is in the interests of a Discretionary Beneficiary) to occupy or enjoy the use of all or any part of the Trust Fund on such terms as the Trustees think fit. The Trustees may acquire any property for this purpose.

35. **POWER TO INSURE PROPERTY**

The Trustees may insure all or any part of the Trust Fund against any risk, for any amount and on such terms as they think fit but shall not be bound to do so.

### 36. POWERS IN RELATION TO LIFE INSURANCE POLICIES

The Trustees may apply all or any part of the Trust Fund in purchasing or maintaining any policy of insurance on the life of any person and shall have all the powers of an absolute beneficial owner in relation to any such policy.

### 37. POWER TO TRADE

37.1 The Trustees may trade either alone or in partnership and may exercise all or any of the powers conferred on them by this Trust in connection with such trade.

37.2 The Trustees shall be entitled to be indemnified out of the Trust Fund against all liability to which they may be subject in connection with such trade.

### 38. POWER TO PROMOTE COMPANIES

The Trustees may incorporate any company in any part of the world for any purpose in connection with this Trust.

### 39. POWERS IN RELATION TO COMPANIES

39.1 The Trustees may enter into any compromise or arrangement in relation to any company in which the Trust Fund is invested.

39.2 The Trustees may enter into any arrangements in relation to the winding up or liquidation of any company in which the Trust Fund is invested.

39.3 The Trustees shall not be bound to enquire into or be involved in the management of any company in which the Trust Fund is invested unless they have knowledge of circumstances which call for enquiry.

### 40. EXCLUSION OF APPORTIONMENT

No apportionment rules shall apply to the income of the Trust Fund or any part of it, so that all income received by the Trustees shall be treated as accruing at the date of receipt.

### 41. POWER OF APPROPRIATION

41.1 The Trustees may appropriate all or any part of the Trust Fund as they think fit in or towards satisfaction of the interest of any Beneficiary and may for such purpose place such value on any property as they think fit.

41.2 Where the Trustees have divided the Trust Fund into one or more sub-funds, the Trustees may transfer assets comprised in one such sub-fund to any other sub-fund in exchange for assets which have an equivalent open market value.

### 42. DIVISION BETWEEN CAPITAL AND INCOME

The Trustees may determine whether any sums received or disbursed are on account of capital or income, or partly on account of one and partly on account of the other, and in what proportions.

472

43. **PAYMENT OF EXPENSES**

The Trustees shall have power to pay out of income or capital, as they may in their discretion determine, any expenses relating to the Trust Fund (or any assets comprised within it) or its administration.

44. **POWERS IN RELATION TO MINORS**

44.1　The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the parent or guardian of any minor who is beneficially entitled to such assets or income, and the receipt of such parent or guardian, or of the minor, shall be a full discharge to the Trustees.

44.2　The parent or guardian of a minor shall in respect of any assets or income received in accordance with this clause have the powers conferred on the Trustees by Part 2 of this Deed.

45. **POWER TO APPOINT AGENTS**

The Trustees may employ and pay at the expense of the Trust Fund any agent in any part of the world to transact any business in connection with this Trust without being responsible for the fraud, dishonesty or negligence of such agent, *provided* that such agent is employed in good faith, the Trustees reasonably ensure that the agent acts within the scope of its delegation, and the Trustees monitor and review from time to time the agent's overall performance.

46. **POWER TO EMPLOY NOMINEES**

The Trustees may hold all or any part of the Trust Fund in the name of one or more of the Trustees, or of any other person or partnership, as nominee on such terms as the Trustees think fit.

47. **POWERS TO DELEGATE**

47.1　The Trustees may engage any person or partnership as investment adviser to advise them on the investment of all or any part of the Trust Fund and they may, without being liable for any consequent loss, delegate to such investment adviser discretion to manage investments on such terms as the Trustees think fit.

47.2　The Trustees may, without being liable for any consequent loss, delegate to any person the operation of any bank, building society or other account.

47.3　Any trustee may, by deed revocable or irrevocable, delegate to another trustee or any other person the exercise of all or any trusts and powers conferred on such trustee (other than the power of delegation conferred by this sub-clause) notwithstanding the fiduciary nature of such trusts and powers.

48. **POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS**

48.1　The Trustees may indemnify any person in respect of any liability relating to this Trust and may charge all or any part of the Trust Fund in connection with such indemnity in such manner as they think fit.

473

48.2    The Trustees may enter into any agreement or give any commitment that they think fit relating to the transfer or sale of any business or company in which the Trust Fund is invested.

49.    **PAYMENTS TO CHARITIES**

The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the person who purports to be the treasurer or other appropriate officer of any Charity which is entitled to such assets or income, and the receipt of such person shall be a full discharge to the Trustees.

50.    **LEGAL PROCEEDINGS**

The Trustees may institute and defend proceedings at law and proceed to the final determination thereof or compromise the same as they shall in their discretion think fit.

51.    **COMPROMISE AND SETTLEMENT**

The Trustees may compromise and settle for such consideration and upon such terms and conditions as they shall in their discretion think fit all matters arising in relation to the trusts hereby created or the Trust Fund.

52.    **ACCOUNTS AND AUDIT**

The Trustees shall keep accurate accounts of their trusteeship and may, or shall if so requested by the Protector, have them audited annually by a firm of professionally qualified accountants selected by the Trustees.

53.    **PROTECTOR'S POWER TO MAKE REQUESTS**

In addition to the powers specifically conferred on the Protector by this Deed, the Protector shall have power to request information relating to this Trust from the Trustees (which information and accounts shall forthwith be supplied to the Protector) and to make other requests of or suggestions to the Trustees in regard to any matter relating to this Trust and the Trustees shall be bound to have regard to any such other request or suggestion but shall not be bound to act in accordance with the same.

54.    **PAYMENT OF TAXES**

In the event of any inheritance tax or probate, succession, estate duty or other duties, fees or taxes whatever becoming payable in any part of the world in respect of the Trust Fund or any part of it in any circumstances whatever, the Trustees may pay all such duties, fees or taxes (notwithstanding that they are not recoverable from the Trustees or the Beneficiaries) out of the capital or income of the Trust Fund at such time and in such manner as they think fit, *provided* that, during the lifetime of the Grantor, any United States income taxes or capital gains taxes payable in respect of the Trust Fund or any part of it shall be payable by the Grantor (subject to any statutory right of the Grantor to be reimbursed by the Trustees).  The power to pay duties, fees and taxes conferred by this clause shall extend to any related interest and penalties and to the provision of information to, or the filing of returns with, any relevant tax authorities.

**474**

55. **PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS**

Notwithstanding any provision to the contrary contained in this Deed, the Trustees shall comply with all requests received from any Beneficiary regarding information or documentation that they may require from the Trustees to fulfil their personal tax filing obligations and requirements. The provision of such information and documentation shall include, where requested:

55.1    the execution by the Trustees of such returns or statements as may be required for tax purposes;

55.2    the appointment, as contemplated by section 6048 of the Code, of a United States agent acceptable to the Trustees for the trusts declared or contained in this Deed; and

55.3    the production of the accounts pertaining to the Trust Fund within a reasonable time after the expiration of the Beneficiary's relevant tax reporting period.

56. **TRUSTEE CHARGING**

56.1    A trustee which is a trust corporation or company authorised to undertake trust business shall be entitled to remuneration in accordance with such terms as may from time to time be agreed between the trustee and the Protector.

56.2    A trustee, whether acting as a person engaged in a profession or business or in a personal capacity, shall be entitled to all normal professional or other fees for business done, services rendered or time spent by such trustee personally or by such trustee's firm or company in the administration of these trusts, including acts which a trustee not engaged in any profession or business could have done personally.

56.3    A trustee shall be entitled to retain any commission which may be received personally or by such trustee's firm in respect of any transaction carried out on behalf of this Trust for which such trustee or trustee's firm is, in the normal course of business, allowed commission, notwithstanding that the receipt of such commission was procured by an exercise by such trustee or the Trustees of powers over the Trust Fund, but shall notify the Protector on receipt of any such commission.

57. **POWER TO RECEIVE REMUNERATION**

A trustee may act and be remunerated as a director or other employee or as agent or adviser of any business or company in any way connected with the Trust Fund and shall not be liable to account for any remuneration, fees or profits received by the trustee in any such capacity, but shall notify the Protector on receipt of any such remuneration, fees or profit.

58. **INDEMNITY INSURANCE**

58.1    The Trustees may pay out of the Trust Fund the cost of any premium in respect of insurance or indemnity to cover all personal liabilities which may be incurred by the Trustees in connection with this Trust. No trustee shall be accountable for any money paid to such trustee under the terms of any such insurance or indemnity unless the trustee shall otherwise have been fully indemnified in respect of the liability to which such payment relates.

58.2 Any such insurance or indemnity shall not extend to any liabilities of a trustee arising from any act or omission in respect of which the trustee would not otherwise be entitled to be indemnified out of the Trust Fund.

## 59. POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST

59.1 The Trustees may enter into any transaction concerning the Trust Fund:

(a) notwithstanding that one or more of the Trustees or any one or more of the Protectors may be interested in the transaction other than as one of the Trustees or the Protectors; and

(b) without any trustee or any protector who is so interested being liable to account for any reasonable incidental profit.

59.2 This power shall only apply provided that the transaction is at least as favourable to the Trustees as if it had been effected:

(a) in the case of a purchase or sale of shares or other securities listed on any stock exchange, at the middle market price on the day on which such shares or other securities are purchased or sold; or

(b) in the case of any other transaction, at a price and on terms such as would apply in the case of a transaction effected on fully commercial terms between unconnected persons.

## 60. DISCLOSURE OF DOCUMENTS

The provisions of this clause shall apply without prejudice to any right of the Trustees under the proper law of this Trust to refuse to disclose any document.

60.1 The Trustees shall not, subject to sub-clause 60.2, be bound to disclose to any person any document relating to this Trust, its administration, the exercise of the Trustees' powers, the performance of their duties or the Grantor's wishes.

60.2 Notwithstanding sub-clause 60.1, in the event of a Beneficiary requesting disclosure, the Trustees shall disclose to that Beneficiary, this Deed, supplemental deeds, trustees' resolutions exercising dispositive powers and documents which relate to or form part of the accounts of this Trust.

## 61. PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS

The Trustees may distribute the Trust Fund without having ascertained that there is no Beneficiary whose parents were not married to each other at the time of his birth (or who claims through a person whose parents were not so married) and the Trustees shall not be liable to any Beneficiary of whose existence they had no actual notice at the time of distribution.

## 62. PROTECTION OF THE TRUSTEES GENERALLY

62.1 No trustee shall be liable for any loss to the Trust Fund however arising except as a result of the fraud, dishonesty or wilful misconduct of such trustee, or in the case of a

476

professional trustee entitled to charge for his services as trustee for the negligence of such trustee.

62.2    No trustee shall be bound to take any proceedings against a co-trustee or former trustee or the personal representatives of a co-trustee or former trustee for any breach or alleged breach of trust committed or suffered by such co-trustee or former trustee.

### 63.    RELEASE OF POWERS

63.1    Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed.

63.2    The Protector and any other person on whom powers are conferred by this Deed may by deed (and so as to bind successive protectors of this Trust) release or restrict the future exercise of all or any of the powers conferred upon him by this Deed.

### 64.    POWER TO VARY ADMINISTRATIVE PROVISIONS

The Trustees may by deed amend or add to the administrative provisions contained in Part 2 of this Deed, provided that any amendment to clauses 45 (Power to appoint agents), 46 (Power to employ nominees), 47 (Power to delegate), 56 (Trustee charging), 57 (Power to receive remuneration) or 59 (Power to exercise powers notwithstanding personal interest) shall require the prior or simultaneous written consent of the Protector.

**SCHEDULE**

€100

478

€100

Signed sealed and delivered as a deed by          )

**Delphine Anne Le Dain**                         )

                                                  )

in the presence of

**Witness**

Signature:

Name:                    Leonard O'Brien

Address:                 Les Vergers du
                         Chateau 12, 1195
                         Deilly Switzerland

Occupation:              Accountant

The Common Seal of                    )
**Trustee**                           )
was hereunto affixed                  )

Salamander Associates Limited
No. 1600248
August 13, 2010
BVI

in the presence of

**Director**

Signature:

Name:                    Oliver Hommer

**Director / Secretary**

Signature:                ...........................................

Name:                    ...........................................

21931899.1                          25

479

**Agreed and accepted by the Original Protector**

Signed sealed and delivered as a deed by    )

**GRAHAM AUBREY COLLETT**    )

    )

in the presence of

**Witness**

Signature:

Name: *Leonard J Irwin*

Address: *Les Vergers du Chateau 12*

*1195 Dully*

*Switzerland*

Occupation: *Accountant*

21931899.1

480

Dated ___15 th December___ 2017

**DELPHINE ANNE LE DAIN**

(Grantor)

and

**SALAMANDER ASSOCIATES LIMITED**

(Original Trustee)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

---

**DEED OF AMENDMENT TO**

**THE BLUESTONE TRUST**

---

481

42367313.1                               1

DEED OF AMENDMENT

**DATE**: The _\(\Lambda\) S_ day of _December_ 2017

**PARTIES**

(1)    **DELPHINE ANNE LE DAIN** of Buzon 110 Serreta, Sta Gertrudis, Ibiza 07814, Spain (the **'Grantor'**);

(2)    **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of The British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, The British Virgin Islands (the **'Original Trustee'**); and

(3)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the **'Original Protector'**),

together, the **'Parties'**.

**RECITALS**

(A)    This Deed is supplemental to the settlement (the **'Settlement'**) specified in the Schedule to this Deed.

(B)    The Original Trustee is the present Trustee of the Settlement.

(C)    Under clause 24 (*Variation of terms of this Trust*) of the Settlement, the Trustees have power, exercisable by deed and subject to the prior or simultaneous written consent of the Protector, to vary, amend, add to or delete, any or all the provisions of Part 1 of the Settlement including the trusts, powers and discretions contained in Part 1 of the Settlement, provided always that:

    (1)    they are satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

    (2)    they have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust (which is the British Virgin Islands under clause 21 (*Proper law, forum and place of administration*) of the Settlement) for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers (the **'Counsel Opinion'**);

    (3)    no such variation, amendment or addition shall be made to the provisions of clause 7 (*Grantor's power of revocation*) of the Settlement without the consent of the Grantor (the **'Grantor Consent'**); and

    (4)    no such variation, amendment, addition or deletion shall:

        a.    infringe the proper law of the Bluestone Trust for the time being; or

**482**

b. permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in the Settlement,

(the **'Power'**).

(D)    The Trustees wish to exercise the Power in the manner set out in this Deed.

## OPERATIVE PROVISIONS

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **VARIATION OF THE SETTLEMENT**

2.1    In exercise of the Power and all other powers (if any), and:

2.1.1    being satisfied that such variation is for the benefit of the Beneficiaries;

2.1.2    having obtained the Counsel Opinion; and

2.1.3    having obtained the Grantor Consent,

the Trustees hereby, with effect from the date of this Deed, vary the Settlement by deleting clause 7 (*Grantor's power of revocation*) of the Settlement in its entirety.

2.2    In accordance with clause 16 (*General limitation on powers*) of the Settlement, no Trust Company may participate as one of the Trustees in the exercise of any of the Power if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

483

## SCHEDULE

The Deed of Settlement for the Bluestone Trust dated 6 May 2015 between the Parties.

484

Signed sealed and delivered as a deed by )

**Delphine Anne Le Dain**                    )

                                             )

in the presence of

**Witness**

Signature:        ...........................

Name:             *Iryna Tsenzharyk*

Address:          *20 Conduit Street*

                  *London W1S 2XW*

Occupation:       *Finance Manager*

The Common Seal of                    )

**SALAMANDER ASSOCIATES**      )

**LIMITED**                            )

was hereunto affixed                  )

in the presence of

**Director**

Signature:        ...........................

Name:             *L. O'Brien*

**Director / Secretary**

Signature:        ...........................

Name:             ...........................

<span style="color:red">485</span>

42367313.1                          5

**Agreed, consented and accepted by the Original Protector**

Signed sealed and delivered as a deed by )

**GRAHAM AUBREY COLLETT**                              )

                                                                      )

in the presence of

**Witness**

Signature:

Name:

Address:

Occupation:

**486**

**C2S**
CharlesRussell
Speechlys

DATED    *12 TH APRIL*    2022

## SALAMANDER CORPORATE SERVICES SA (1)

and

## GRAHAM AUBREY COLLETT (2)

---

## DEED OF AMENDMENT REGARDING THE BENEFICIAL CLASS

## (THE BLUESTONE TRUST)

---

487



**THIS DEED OF AMENDMENT** is made on the  *12*<sup>TH</sup> day of  *APRIL*  2022

**BETWEEN**

(1)  **SALAMANDER CORPORATE SERVICES SA** whose registered office is at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the "**Trustee**"); and

(2)  **GRAHAM AUBREY COLLETT** of 53 Mill Rise, Robertsbridge, East Sussex TN32 5EG (the "**Protector**").

**WHEREAS**

(A)  This deed is supplemental to:

    (i)  a trust deed dated 6 May 2015 and made between (1) Delphine Anne Le Dain as settlor (the "**Settlor**"), (2) Salamander Associates Limited as original trustee and (3) the Protector as the original protector, establishing the Bluestone Trust (the "**Trust**"); and

    (ii)  all other relevant deeds and documents made supplemental to the Trust.

(B)  The Trustee is the present and sole trustee of the Trust.

(C)  By clause 24 of the Trust, the Trustee has the following power:

*"The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:*

    *24.1  they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;*

    *24.2  they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;*

    *24.3  no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor;*

    *24.4  no such variation, amendment, addition or deletion*

        *(a)  shall infringe the proper law of this Trust for the time being; or*

        *(b)  shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and*

    *24.5  no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety."*

(the "**Power of Amendment**").

(D)  By clause 63 of the Trust, the Trustee has the following power:

2



*"Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed."*

(the "**Power to Release**").

(E)     The Trustee is desirous of exercising the Power of Amendment and Power to Release revocably to amend the class of Discretionary Beneficiaries in the event that the Settlor dies whilst resident in Switzerland for Swiss estate tax purposes in the manner set out below. It is intended that clause 2.3 takes effect upon the date of the Settlor's death whereas the remaining provisions do not take effect unless and until the Settlor dies in said circumstances.

(F)     The Trustee has satisfied itself that all the conditions set out in sub-clauses 24.1 to 24.5 of the Trust have been satisfied.

(G)     The Protector wishes to consent to the exercise of the Power of Amendment and is a party to this deed for that purpose.

(H)     The Trust Period as defined in sub-clause 1.1 of the Trust has not yet expired.

**NOW THIS DEED WITNESSES** as follows:

1     **DEFINITIONS AND INTERPRETATIONS**

In this deed, where the context allows, the definitions and rules of construction contained in the Trust shall apply.

2     **AMENDMENT**

2.1     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the definition of "Discretionary Beneficiaries" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

> ""**Discretionary Beneficiaries**" shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:
>
> (a)     the Grantor;
> (b)     the children and remoter issue of the Grantor;
> (c)     Charities; and
> (d)     the trustees of any other trust of which any one or more of the Beneficiaries of this Trust are interested;
>
> but not any other persons or classes of persons."

2.2     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the

3



definition of "Charity" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

> ""**Charity**" shall mean any trust, foundation, company or other organisation that:
>
> (a)    for Valais (Switzerland) tax purposes is eligible for a zero rate of donation, estate or inheritance tax as such tax is defined under Swiss law when receiving a transfer from an ordinary tax resident of Valais; and
>
> (b)    is incorporated in Valais;
>
> and the words "**Charities**" and "**Charitable**" shall be construed accordingly always provided that any reference to a Charity that is a trust shall, where the context requires, mean the trustees (acting in that capacity) of such trust"

2.3    In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death, the Trust shall be read and construed such that sub-clause 5.1 of the Trust (Power to Add Discretionary Beneficiaries) were replaced in its entirety by the following words:

> "5.1    The Trustees with the prior or simultaneous written consent of the Protector may, at any time during the Trust Period but only after the Grantor's death and provided always that she did not die whilst resident in Switzerland for Swiss estate tax purposes, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine. For the avoidance of doubt if the Grantor does die whilst resident in Switzerland for Swiss estate tax purposes the Trustees may not add to the class of Discretionary Beneficiaries."

2.4    In exercise of the Power to Release and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Power of Amendment under clause 24 is released by the Trustee only insofar as it applies to the definition of Discretionary Beneficiaries.

2.5    This deed shall be revocable in whole or in part by the Trustee by deed at any time during the Trust Period. Notwithstanding any other provision of this deed, this deed shall nonetheless become irrevocable upon the death of the Settlor if on the date of her death she is resident in Switzerland for Swiss estate tax purposes.

2.6    For the avoidance of doubt, the provisions of this deed prevail over any other provisions of the Trust to the contrary.

2.7    For the avoidance of doubt, the provisions of this deed are not intended to cause, and will not cause, a resettlement of the Trust.

4



490

3    **PROTECTOR CONSENT**

As required by clause 24 of the Trust, the Protector Trustee hereby consents to the exercise of the Power of Amendment in accordance with clause 2 hereof.

4    **CONFIRMATION**

Save as provided above the terms of the Trust shall continue in full force and effect.

5    **GOVERNING LAW**

This deed shall be governed by and construed in accordance with the laws of The British Virgin Islands and the parties hereto irrevocably submit to the non-exclusive jurisdiction of the courts of The British Virgin Islands.

6    **COUNTERPARTS**

This deed may be executed in counterparts, all of which taken together, shall constitute one and the same deed and any party may enter into this deed by executing a counterpart.

**IN WITNESS** of which the parties to this deed have executed this deed on the day and year first above written

Signed as a Deed and Delivered by )
**SALAMANDER CORPORATE SERVICES** )
**SA** as trustee of the Bluestone Trust acting )
by a director )
)

.................................................
Director

in the presence of:

Witness signature:

Witness name:    DMITRY    ZVONAREV

Witness address:    CHEMIN DE LA TULETTE 4, 1223 COLOGNY

Witness occupation:    SENIOR MANAGER

5

491

**SIGNED** as a **DEED** and **DELIVERED**      )      ........................................
by **GRAHAM AUBREY COLLETT** as      )
Protector of the Bluestone Trust


in the presence of:

Witness signature: ASEllis

Witness name: Anthony Stephen Ellis

Witness address: 5 Wakeley Road, Rainham, Kent ME8 8HD

Witness occupation: Retired

6

492

# Summit Trust International SA ("STI")

### Summit Trust (Cayman) Limited
### Summit Trust Company Ltd

# Settlor/Contracting Party Compliance Declaration
### (Version: May 2021)

**Settlors, Founders and Owners of managed companies** should complete sections A, B, C, D and, if relevant, E.

***Protectors & Beneficiaries*** *should complete separate form*

Please sign and date all sections as requested.

General information including data protection information is included in section F – please sign to acknowledge.

**Nexus: insert name of Trust/Foundation/Companies covered by this declaration:**

Trust

Bluestone Trust

Companies

Eastcroft Assets Ltd

Pondwell Investment Ltd

Bluestone International Investing Ltd

Pepper Mill Management Ltd

Summit Trust International SA: Compliance Declaration May 2021 version

493