# Appendix 1
# Part 4

(a)    upon the payment or transfer of any money or other property to the trustees of any such trust or settlement, the Trustees shall not be bound to see to the further application of such money or property;

(b)    the Trustees may make such payment or transfer to the trustees of a discretionary trust, notwithstanding that the Beneficiary for whose benefit the power is exercised is only a discretionary object of such trust;

(c)    the Trustees may make such payment or transfer notwithstanding that persons other than the Beneficiary for whose benefit the power is exercised are or may become entitled to, or to the income of, the money or other property paid or transferred;

(d)    any exercise of the power shall comply with the provisions of sub-clause 15.1; and

(e)    the power shall not be exercisable so as to permit any part of the income or capital of the Trust Fund to be paid or transferred to the trustees of any trust or settlement in which any Excluded Person is or may be interested.

## 11.    TRUSTS IN DEFAULT OF APPOINTMENT

11.1    From and after the expiration of the Trust Period, and subject to any appointment made under sub-clause 8.1, the Trustees shall hold the capital and income of the Trust Fund upon trust absolutely for all or any one or more exclusively of the others of the Grantor and her children and remoter issue as shall then be living and, if more than one in equal shares *per stirpes*, so that no person shall take if any of his ascendants is alive and so capable of taking.

## 12.    ULTIMATE DEFAULT TRUSTS

Upon expiration of the Trust Period, subject as above, if and so far as not wholly disposed of for any reason whatever by the above provisions, the capital and income of the Trust Fund shall be held upon trust for such Charities and, if more than one, in such shares as the Trustees shall determine absolutely.

## 13.    ASSIGNMENT OF POWER OF APPOINTMENT

The Trustees may, with the prior or simultaneous written consent of the Protector, by deed, grant to any Beneficiary the power to appoint all or any part of the Trust Fund, whether capital or income or both, in such manner, outright or in further trust, as the Trustees shall in such deed provide.

## 14.    ADMINISTRATIVE POWERS

The Trustees shall, in addition and without prejudice to all statutory powers, have the powers and immunities set out in Part 2 of this Deed. No power conferred on the Trustees shall be exercised so as to conflict with the beneficial provisions of this Deed.

## 15.    EXERCISE OF POWERS

15.1    Every power conferred by the provisions of Part 1 of this Deed shall be subject to the application (if any) of the rule against perpetuities and any applicable laws governing the permitted period of accumulations and shall (except for clauses 17 and 18) be exercisable

658

only during and so as to take effect during the Trust Period.  No power of revocation shall be exercisable except during the Trust Period.

15.2    Any written consents required under the terms of this Deed may be given either specifically in relation to any particular matter or by a general written consent referring to one or more matters.

15.3    If there is more than one Protector in office, the Protectors shall act unanimously.

## 16.    GENERAL LIMITATION ON POWERS

16.1    No individual Trustee and no person to whom a Trustee has delegated his powers pursuant to the terms of this Trust or by law who is a Beneficiary and a US Person may participate as one of the Trustees or as a delegate of one of the Trustees in the exercise of any of the powers conferred by the following clauses and sub-clauses (the 'restricted powers'):

> (a)    clause 5 (Power to add Discretionary Beneficiaries);
>
> (b)    clause 6 (Power of exclusion);
>
> (c)    sub-clause 8.1 (Discretionary trust of capital and income);
>
> (d)    clause 9 (Income trusts in default of appointment);
>
> (e)    clause 10 (Power to apply capital for Beneficiaries);
>
> (f)    clause 24 (Variation of terms of this Trust); and
>
> (g)    clause 64 (Power to vary administrative provisions).

16.2    No Trust Company may participate as one of the Trustees in the exercise of any of the restricted powers if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

16.3    Neither the Protector nor the Grantor shall be eligible to serve as a Trustee of this Trust or to exercise the powers of the Trustees under any circumstances.

## 17.    REMOVAL AND APPOINTMENT OF TRUSTEES

17.1    A Trustee shall cease to be a Trustee on the happening of any of the following events:

> (a)    on resigning in accordance with sub-clause 17.2;
>
> (b)    on being removed in accordance with sub-clause 17.3;
>
> (c)    if an individual, on death, on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

**659**

(d)    if a corporation, on filing for bankruptcy, on becoming insolvent or on dissolution.

17.2    A Trustee may resign by giving three months' notice in writing to the person for the time being having power to appoint new or additional Trustees under the provisions of sub-clause 17.4. Upon the expiration of such notice, or such shorter period as may be agreed in writing between the Trustee giving notice and the person for the time being having power to appoint new or additional Trustees, the Trustee who has given notice shall cease to be a Trustee. If the Trustee so resigning is the sole Trustee and a new Trustee shall not have been appointed before the expiration of the specified period of notice, the resigning Trustee shall have power to appoint a new Trustee in its place and its resignation shall become effective only upon such appointment being made.

17.3    The Protector shall have power (to be exercised in writing) to remove any or all of the Trustees with or without cause. Notice of such removal shall forthwith be given to the Trustee concerned and the removal shall become effective immediately, except where all the Trustees or the sole Trustee have or has been removed in which case the removal shall be effective only on the appointment of a new Trustee or Trustees.

17.4    The Protector or, if the Protector shall be incapacitated or otherwise unable or unwilling to act, or if there shall be no Protector, the Trustees, shall have the power to appoint new or additional such Trustees.

17.5    Any appointment of a new or additional Trustee under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office in which case the appointment shall become effective on such death, resignation or incapacity. Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Trustees then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Trustees under this clause.

17.6    An outgoing Trustee (which term shall include a Trustee removed under sub-clause 17.3) shall promptly and without delay execute and do all such transfers or other acts or things as may be necessary for the immediate vesting the Trust Fund in the new or continuing Trustees and any reasonable expenses associated therewith (agreed in advance by the Protector) shall be borne by the Trust Fund *provided always* that the outgoing Trustee shall in no event delay or resist transferring the Trust Fund.

17.7    In the event that a Trustee is removed without cause under sub-clause 17.3, the new or continuing Trustees shall be required to undertake in writing to indemnify and hold the outgoing Trustee its directors officers servants and agents harmless against any and all claims demands actions proceedings damages costs or expenses whatsoever for or arising out of any act or omission on the part of the outgoing Trustee or any of its directors officers servants or agents in relation to the Trust, *provided always* (i) that such indemnity shall not extend to any act or omission for which the outgoing Trustee would not have been entitled to be indemnified out of the assets of the Trust Fund had it remained trustee of the Trust, (ii) that the new or continuing Trustees shall not be liable under this indemnity in an amount exceeding the amount or value of the Trust Fund for the time being, (iii) that the Protector shall have given his consent to the terms of such indemnity (which shall be reasonable and in accordance with industry standards) which consent shall not be unreasonably withheld.

17.8    Any appointment under this clause shall be in writing signed by the person making the appointment and by the new or additional Trustee so appointed.

660

17.9    The provisions of this clause shall apply notwithstanding any provision in the legislation for the time being in effect under the proper law of this Trust for the time being relating to the appointment, removal, retirement or discharge of trustees.

17.10   A person may be appointed to be a trustee notwithstanding that such person is not resident in the jurisdiction the law of which is the proper law of this Trust for the time being and remaining out of such jurisdiction for more than 12 months shall not be a ground for the removal of a trustee.

17.11   There shall be no requirement that there be more than one Trustee.

18.     **APPOINTMENT OF PROTECTORS**

18.1    The first Protector shall be the Original Protector.

18.2    A Protector shall cease to be a Protector on the happening of any of the following events:

      (a)     on resigning in accordance with sub-clause 18.3;

      (b)     if an individual, on death; on becoming incapacitated, on filing for bankruptcy or on becoming insolvent; or

      (c)     if a corporation, on filing for bankruptcy, becoming insolvent or on dissolution.

18.3    The Protector may at any time resign its office by written instrument, notice of which shall be given to the Trustees. Such resignation shall be effective upon receipt of the notice or the expiration of one month from the date of the resignation, whichever shall be earlier.

18.4    Protectors subsequent to the first Protector shall be appointed as follows.

      (a)     The Original Protector may, by written instrument, appoint any other person or succession of persons to be protector or successive protectors of this Trust, either in addition to or to succeed it.

      (b)     A Protector whose successor is not prescribed in advance by the Original Protector pursuant to sub-clause (a), or all of whose prescribed successors under sub-clause (a) have died, become incapacitated or are otherwise incapable or unwilling to serve as protector, may, by written instrument, appoint any other person to be protector of this Trust either in addition to or to succeed it (but may not appoint a succession of protectors).

      (c)     Any appointment of a new or additional Protector under the provisions of this clause shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office in which case the appointment shall become effective on such death, resignation or incapacity. Any appointment that is stated to take effect on the death, resignation or incapacity of one or more of the Protectors then in office may be revoked at any time before it takes effect by the person who then has the power of appointing Protectors under this clause.

**661**

18.5    Any appointment under this clause (other than the appointment of the Original Protector whose appointment and acceptance thereof is made by this Deed) shall be in writing signed by the person making the appointment and by the new or additional Protector so appointed.   Any such appointment shall only take effect when written notice of such appointment has been given to the Trustees.

18.6    If, notwithstanding the provisions of sub-clause 18.4 there shall at any time be no Protector of this Trust, the Trustees shall, by deed, irrevocably appoint any person, not being one of the Trustees, to be the Protector after consulting with such of the adult Discretionary Beneficiaries as they shall consider appropriate.

19.    **EFFECT OF VACANCY IN PROTECTOR'S OFFICE**

If there shall at any time be no Protector, this Trust (except for clause 18) shall, during such time as there shall be no Protector (but not further or otherwise), be read and construed as if all references to the requirement for the Protector's consent or agreement and to the exercise by the Protector of any power were omitted from this Trust.

20.    **PROTECTOR'S INDEMNITY**

20.1    The Protector shall exercise his powers in good faith.  He shall not, in the absence of actual fraud, dishonesty or wilful misconduct, be accountable to any Beneficiary or the Trustees for any act of omission or commission in relation to the powers given to him by this Trust.

20.2    The Protector shall be entitled to charge for the performance of his duties at such rate or in such manner as may be agreed from time to time between the Protector and the Trustees.

20.3    The Protector shall be entitled to reimbursement of all proper expenses incurred by him in relation to the exercise of his powers and performance of his duties under this Trust or the prosecution or defence of any legal proceedings arising in connection with the exercise or non-exercise of his powers or the performance or non-performance of his duties, provided that any claim for reimbursement shall be received by the Trustees within one year of the expenses being incurred.

21.    **PROPER LAW, FORUM AND PLACE OF ADMINISTRATION**

21.1    The proper law of this Trust shall be that of the British Virgin Islands.  Except as otherwise provided in this Trust, all rights under this Deed and its construction and effect shall be subject to the jurisdiction of the courts, and construed according to the laws, of the British Virgin Islands.

21.2    The courts of the British Virgin Islands shall be the forum for the administration of these trusts.

21.3    The provisions of this sub-clause shall apply notwithstanding the provisions of sub-clauses 21.1 and 21.2

        (a)    The Trustees shall have power, subject to the application (if any) of the rule against perpetuities, to carry on the general administration of these trusts in any jurisdiction in the world.  This power shall be exercisable whether or not the law of such jurisdiction is for the time being the proper law of this Trust or the courts of such jurisdiction are for the time being the forum for the administration of these trusts, and whether or

29018706.1                                    15

**662**

not the Trustees or any of them are for the time being resident or domiciled in, or otherwise connected with, such jurisdiction.

(b)     The Trustees may at any time declare in writing that, from the date of such declaration, the proper law of this Trust shall be that of any specified jurisdiction. No exercise of this power shall be effective unless the law of the jurisdiction specified is one under which this Trust remains and all, or substantially all, of the trusts, powers and provisions contained in this Deed remain enforceable and capable of being exercised and so taking effect.

(c)     Following any exercise of the power contained in sub-clause 21.3(b), the Trustees shall, by deed, make such consequential alterations or additions to this Deed as they consider necessary or desirable to ensure that, so far as may be possible, the trusts, powers and provisions of this Deed shall be as valid and effective as they were immediately prior to such change.

(d)     The Trustees may, at any time, declare in writing that, from the date of such declaration, the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 22.    EXCLUSION OF COMMUNITY PROPERTY RULES

No benefit accruing to or devolving on any Beneficiary under this Deed shall form or constitute a portion of any communal or joint estate or marital property of such Beneficiary, but such benefit shall be and remain the sole, separate and exclusive property of such Beneficiary. Should such Beneficiary be married or marry in community of property, any benefit so accruing or devolving shall be expressly excluded from the community; such benefit shall also be free from the interference, control or marital power of any spouse of such Beneficiary. The provisions of this clause shall apply not only to benefits accruing to or devolving on any Beneficiary but also to the property of whatever nature for the time being representing the same and the income thereof.

## 23.    EXCLUSION OF EXCLUDED PERSONS

23.1    No discretion or power conferred on the Trustees or any other person by this Deed or by law shall be exercised, and no provision of this Deed shall operate directly or indirectly, so as to cause or permit any part of the capital or income of the Trust Fund to become in any way payable to or applicable for the benefit of an Excluded Person.

23.2    The provisions of sub-clause 23.1 shall not preclude any Settlor from exercising any statutory right to claim reimbursement from the Trustees for any income tax or capital gains tax paid by him in respect of income arising to the Trustees or capital gains realised or deemed or treated as realised by them.

23.3    Subject to sub-clause 23.2 the prohibition in this clause shall apply notwithstanding anything else contained or implied in this Deed.

## 24.    VARIATION OF TERMS OF THIS TRUST

The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:

663

24.1     they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

24.2     they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;

24.3     no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor.

24.4     no such variation, amendment, addition or deletion

    (a)     shall infringe the proper law of this Trust for the time being; or

    (b)     shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and

24.5     no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety.

## 25.     SEVERABILITY

If any provision of this Deed shall be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity and enforceability of the remaining provisions of this Deed which shall, so far as possible, be construed and take effect as if the invalid or unenforceable provisions had not been included in this Deed.

## 26.     COUNTERPARTS

This Deed may be signed in counterparts and each such counterpart shall constitute an agreed document and each such counterpart taken together, shall constitute one and the same instrument.

## PART 2 - ADMINISTRATIVE PROVISIONS

## 27.     POWER OF INVESTMENT

27.1     The Trustees may apply any money to be invested in the purchase or acquisition (either alone or jointly with other persons) of such property, of whatever nature and wherever situate and whether of a wasting nature, involving liabilities or producing income or not, or in making such loans with or without security, as they think fit so that they shall have the same powers to apply money to be invested as if they were an absolute beneficial owner.

27.2     The Trustees may exchange property for other property on such terms as they think fit.

27.3     The Trustees shall not be required to diversify the investment of the Trust Fund.

## 28.     EXERCISE OF RIGHTS ATTACHING TO SHARES

Notwithstanding any other provision of this Deed, the power, authority and discretion granted to the Trustees under this Deed over the control or exercise of any rights (including, without limitation, voting rights) attaching to any securities, shares or other interests in any entity that form a part of the Trust Fund, or which are held (directly or

664

indirectly) by a company or other entity whose shares form part of the Trust Fund and which is controlled by the Trustees, shall be exercisable by the Trustees, acting alone as provided in this Deed, without the approval or consent of any Beneficiary, Protector or any other person. No person other than the Trustees shall have any power, authority or discretion, directly or indirectly, over the control or exercise of any rights (including, without limitation, voting rights) which might be conferred by the holding of any such securities, shares or other interests unless specifically delegated such power, authority or discretion by the Trustees.

## 29.    POWER TO LEND

The Trustees may lend all or any part of the Trust Fund to any person or Beneficiary on such terms (whether or not including provision for the payment of interest) as the Trustees think fit.

## 30.    POWER TO BORROW

The Trustees may borrow on the security of all or any part of the Trust Fund or otherwise for any purpose.

## 31.    POWER TO GIVE GUARANTEES

The Trustees may guarantee the payment of money and the performance of obligations by any Beneficiary or by any company in which the Trust Fund is invested and may charge all or any part of the Trust Fund in support of such guarantee.

## 32.    POWER OF MANAGEMENT

The Trustees shall have all the powers of an absolute beneficial owner in relation to the management and administration of the Trust Fund.

## 33.    POWERS IN RELATION TO LAND AND CHATTELS

33.1    The Trustees shall have all the powers of an absolute beneficial owner in relation to the disposition, development and improvement of any land comprised in the Trust Fund.

33.2    The Trustees shall not be bound to maintain any building or other structure on land comprised in the Trust Fund or to preserve or repair any chattels comprised in the Trust Fund.

## 34.    POWER TO PERMIT ENJOYMENT OF TRUST PROPERTY

The Trustees may, with the consent of the Protector, permit any Discretionary Beneficiary or any other person (if in the opinion of the Trustees it is in the interests of a Discretionary Beneficiary) to occupy or enjoy the use of all or any part of the Trust Fund on such terms as the Trustees think fit. The Trustees may acquire any property for this purpose.

## 35.    POWER TO INSURE PROPERTY

The Trustees may insure all or any part of the Trust Fund against any risk, for any amount and on such terms as they think fit but shall not be bound to do so.

665

## 36.    POWERS IN RELATION TO LIFE INSURANCE POLICIES

The Trustees may apply all or any part of the Trust Fund in purchasing or maintaining any policy of insurance on the life of any person and shall have all the powers of an absolute beneficial owner in relation to any such policy.

## 37.    POWER TO TRADE

37.1    The Trustees may trade either alone or in partnership and may exercise all or any of the powers conferred on them by this Trust in connection with such trade.

37.2    The Trustees shall be entitled to be indemnified out of the Trust Fund against all liability to which they may be subject in connection with such trade.

## 38.    POWER TO PROMOTE COMPANIES

The Trustees may incorporate any company in any part of the world for any purpose in connection with this Trust.

## 39.    POWERS IN RELATION TO COMPANIES

39.1    The Trustees may enter into any compromise or arrangement in relation to any company in which the Trust Fund is invested.

39.2    The Trustees may enter into any arrangements in relation to the winding up or liquidation of any company in which the Trust Fund is invested.

39.3    The Trustees shall not be bound to enquire into or be involved in the management of any company in which the Trust Fund is invested unless they have knowledge of circumstances which call for enquiry.

## 40.    EXCLUSION OF APPORTIONMENT

No apportionment rules shall apply to the income of the Trust Fund or any part of it, so that all income received by the Trustees shall be treated as accruing at the date of receipt.

## 41.    POWER OF APPROPRIATION

41.1    The Trustees may appropriate all or any part of the Trust Fund as they think fit in or towards satisfaction of the interest of any Beneficiary and may for such purpose place such value on any property as they think fit.

41.2    Where the Trustees have divided the Trust Fund into one or more sub-funds, the Trustees may transfer assets comprised in one such sub-fund to any other sub-fund in exchange for assets which have an equivalent open market value.

## 42.    DIVISION BETWEEN CAPITAL AND INCOME

The Trustees may determine whether any sums received or disbursed are on account of capital or income, or partly on account of one and partly on account of the other, and in what proportions.

666

29018706.1                                    19

### 43.    PAYMENT OF EXPENSES

The Trustees shall have power to pay out of income or capital, as they may in their discretion determine, any expenses relating to the Trust Fund (or any assets comprised within it) or its administration.

### 44.    POWERS IN RELATION TO MINORS

44.1    The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the parent or guardian of any minor who is beneficially entitled to such assets or income, and the receipt of such parent or guardian, or of the minor, shall be a full discharge to the Trustees.

44.2    The parent or guardian of a minor shall in respect of any assets or income received in accordance with this clause have the powers conferred on the Trustees by Part 2 of this Deed.

### 45.    POWER TO APPOINT AGENTS

The Trustees may employ and pay at the expense of the Trust Fund any agent in any part of the world to transact any business in connection with this Trust without being responsible for the fraud, dishonesty or negligence of such agent, *provided* that such agent is employed in good faith, the Trustees reasonably ensure that the agent acts within the scope of its delegation, and the Trustees monitor and review from time to time the agent's overall performance.

### 46.    POWER TO EMPLOY NOMINEES

The Trustees may hold all or any part of the Trust Fund in the name of one or more of the Trustees, or of any other person or partnership, as nominee on such terms as the Trustees think fit.

### 47.    POWERS TO DELEGATE

47.1    The Trustees may engage any person or partnership as investment adviser to advise them on the investment of all or any part of the Trust Fund and they may, without being liable for any consequent loss, delegate to such investment adviser discretion to manage investments on such terms as the Trustees think fit.

47.2    The Trustees may, without being liable for any consequent loss, delegate to any person the operation of any bank, building society or other account.

47.3    Any trustee may, by deed revocable or irrevocable, delegate to another trustee or any other person the exercise of all or any trusts and powers conferred on such trustee (other than the power of delegation conferred by this sub-clause) notwithstanding the fiduciary nature of such trusts and powers.

### 48.    POWER TO GIVE INDEMNITIES AND OTHER COMMITMENTS

48.1    The Trustees may indemnify any person in respect of any liability relating to this Trust and may charge all or any part of the Trust Fund in connection with such indemnity in such manner as they think fit.

**667**

48.2    The Trustees may enter into any agreement or give any commitment that they think fit relating to the transfer or sale of any business or company in which the Trust Fund is invested.

49.    **PAYMENTS TO CHARITIES**

The Trustees may pay or transfer any assets comprised in, or any income of, the Trust Fund to the person who purports to be the treasurer or other appropriate officer of any Charity which is entitled to such assets or income, and the receipt of such person shall be a full discharge to the Trustees.

50.    **LEGAL PROCEEDINGS**

The Trustees may institute and defend proceedings at law and proceed to the final determination thereof or compromise the same as they shall in their discretion think fit.

51.    **COMPROMISE AND SETTLEMENT**

The Trustees may compromise and settle for such consideration and upon such terms and conditions as they shall in their discretion think fit all matters arising in relation to the trusts hereby created or the Trust Fund.

52.    **ACCOUNTS AND AUDIT**

The Trustees shall keep accurate accounts of their trusteeship and may, or shall if so requested by the Protector, have them audited annually by a firm of professionally qualified accountants selected by the Trustees.

53.    **PROTECTOR'S POWER TO MAKE REQUESTS**

In addition to the powers specifically conferred on the Protector by this Deed, the Protector shall have power to request information relating to this Trust from the Trustees (which information and accounts shall forthwith be supplied to the Protector) and to make other requests of or suggestions to the Trustees in regard to any matter relating to this Trust and the Trustees shall be bound to have regard to any such other request or suggestion but shall not be bound to act in accordance with the same.

54.    **PAYMENT OF TAXES**

In the event of any inheritance tax or probate, succession, estate duty or other duties, fees or taxes whatever becoming payable in any part of the world in respect of the Trust Fund or any part of it in any circumstances whatever, the Trustees may pay all such duties, fees or taxes (notwithstanding that they are not recoverable from the Trustees or the Beneficiaries) out of the capital or income of the Trust Fund at such time and in such manner as they think fit, *provided* that, during the lifetime of the Grantor, any United States income taxes or capital gains taxes payable in respect of the Trust Fund or any part of it shall be payable by the Grantor (subject to any statutory right of the Grantor to be reimbursed by the Trustees).  The power to pay duties, fees and taxes conferred by this clause shall extend to any related interest and penalties and to the provision of information to, or the filing of returns with, any relevant tax authorities.

668

## 55.    PROVISION OF INFORMATION FOR BENEFICIARIES' TAX RETURNS

Notwithstanding any provision to the contrary contained in this Deed, the Trustees shall comply with all requests received from any Beneficiary regarding information or documentation that they may require from the Trustees to fulfil their personal tax filing obligations and requirements.  The provision of such information and documentation shall include, where requested:

55.1    the execution by the Trustees of such returns or statements as may be required for tax purposes;

55.2    the appointment, as contemplated by section 6048 of the Code, of a United States agent acceptable to the Trustees for the trusts declared or contained in this Deed; and

55.3    the production of the accounts pertaining to the Trust Fund within a reasonable time after the expiration of the Beneficiary's relevant tax reporting period.

## 56.    TRUSTEE CHARGING

56.1    A trustee which is a trust corporation or company authorised to undertake trust business shall be entitled to remuneration in accordance with such terms as may from time to time be agreed between the trustee and the Protector.

56.2    A trustee, whether acting as a person engaged in a profession or business or in a personal capacity, shall be entitled to all normal professional or other fees for business done, services rendered or time spent by such trustee personally or by such trustee's firm or company in the administration of these trusts, including acts which a trustee not engaged in any profession or business could have done personally.

56.3    A trustee shall be entitled to retain any commission which may be received personally or by such trustee's firm in respect of any transaction carried out on behalf of this Trust for which such trustee or trustee's firm is, in the normal course of business, allowed commission, notwithstanding that the receipt of such commission was procured by an exercise by such trustee or the Trustees of powers over the Trust Fund, but shall notify the Protector on receipt of any such commission.

## 57.    POWER TO RECEIVE REMUNERATION

A trustee may act and be remunerated as a director or other employee or as agent or adviser of any business or company in any way connected with the Trust Fund and shall not be liable to account for any remuneration, fees or profits received by the trustee in any such capacity, but shall notify the Protector on receipt of any such remuneration, fees or profit.

## 58.    INDEMNITY INSURANCE

58.1    The Trustees may pay out of the Trust Fund the cost of any premium in respect of insurance or indemnity to cover all personal liabilities which may be incurred by the Trustees in connection with this Trust.  No trustee shall be accountable for any money paid to such trustee under the terms of any such insurance or indemnity unless the trustee shall otherwise have been fully indemnified in respect of the liability to which such payment relates.

**669**

58.2    Any such insurance or indemnity shall not extend to any liabilities of a trustee arising from any act or omission in respect of which the trustee would not otherwise be entitled to be indemnified out of the Trust Fund.

## 59.    POWER TO EXERCISE POWERS NOTWITHSTANDING PERSONAL INTEREST

59.1    The Trustees may enter into any transaction concerning the Trust Fund:

(a)    notwithstanding that one or more of the Trustees or any one or more of the Protectors may be interested in the transaction other than as one of the Trustees or the Protectors; and

(b)    without any trustee or any protector who is so interested being liable to account for any reasonable incidental profit.

59.2    This power shall only apply provided that the transaction is at least as favourable to the Trustees as if it had been effected:

(a)    in the case of a purchase or sale of shares or other securities listed on any stock exchange, at the middle market price on the day on which such shares or other securities are purchased or sold; or

(b)    in the case of any other transaction, at a price and on terms such as would apply in the case of a transaction effected on fully commercial terms between unconnected persons.

## 60.    DISCLOSURE OF DOCUMENTS

The provisions of this clause shall apply without prejudice to any right of the Trustees under the proper law of this Trust to refuse to disclose any document.

60.1    The Trustees shall not, subject to sub-clause 60.2, be bound to disclose to any person any document relating to this Trust, its administration, the exercise of the Trustees' powers, the performance of their duties or the Grantor's wishes.

60.2    Notwithstanding sub-clause 60.1, in the event of a Beneficiary requesting disclosure, the Trustees shall disclose to that Beneficiary, this Deed, supplemental deeds, trustees' resolutions exercising dispositive powers and documents which relate to or form part of the accounts of this Trust.

## 61.    PROTECTION OF THE TRUSTEES IN RESPECT OF DISTRIBUTIONS

The Trustees may distribute the Trust Fund without having ascertained that there is no Beneficiary whose parents were not married to each other at the time of his birth (or who claims through a person whose parents were not so married) and the Trustees shall not be liable to any Beneficiary of whose existence they had no actual notice at the time of distribution.

## 62.    PROTECTION OF THE TRUSTEES GENERALLY

62.1    No trustee shall be liable for any loss to the Trust Fund however arising except as a result of the fraud, dishonesty or wilful misconduct of such trustee, or in the case of a

29018706.1                                    23

670

professional trustee entitled to charge for his services as trustee for the negligence of such trustee.

62.2 No trustee shall be bound to take any proceedings against a co-trustee or former trustee or the personal representatives of a co-trustee or former trustee for any breach or alleged breach of trust committed or suffered by such co-trustee or former trustee.

## 63. RELEASE OF POWERS

63.1 Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed.

63.2 The Protector and any other person on whom powers are conferred by this Deed may by deed (and so as to bind successive protectors of this Trust) release or restrict the future exercise of all or any of the powers conferred upon him by this Deed.

## 64. POWER TO VARY ADMINISTRATIVE PROVISIONS

The Trustees may by deed amend or add to the administrative provisions contained in Part 2 of this Deed, provided that any amendment to clauses 45 (Power to appoint agents), 46 (Power to employ nominees), 47 (Power to delegate), 56 (Trustee charging), 57 (Power to receive remuneration) or 59 (Power to exercise powers notwithstanding personal interest) shall require the prior or simultaneous written consent of the Protector.

**671**

## SCHEDULE

€100



672

Signed sealed and delivered as a deed by        )

**Delphine Anne Le Dain**        )

        )

in the presence of

**Witness**

Signature:        ..................................

Name:        *Iryna Tsengharyk*

Address:        *80 Firs Avenue*

        *London*

        *N11 3 NG*

Occupation:        *Director*

The Common Seal of        )

**Trustee**        )

was hereunto affixed        )..................................

_Salamander Associates Limited_
No. 1600248
August 13, 2010
BVI

in the presence of

**Director**

Signature:        ..................................

Name:        LEONARD O'BRIEN

**Director / Secretary**

Signature:        ..................................
        Oliver Hemmer

Name:        ..................................

29018706.1                                        26

<span style="color:red">673</span>

**Agreed and accepted by the Original Protector**

Signed sealed and delivered as a deed by        )

**GRAHAM AUBREY COLLETT**        )

)

in the presence of

**Witness**

Signature:

Name:    *Iryna Tsenjharyk*

Address:    *30 Firs Avenue*

*london*

*N11 3NG*

Occupation:    *Director*

29018706.1                                                27

**674**

675

Case 1:24-cr-00239-CKK-MAU     Document 119-5     Filed 03/02/26     Page 19 of 178

Dated _15th December_ 2017

**DELPHINE ANNE LE DAIN**

(Grantor)

and

**SALAMANDER ASSOCIATES LIMITED**

(Original Trustee)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

---

**DEED OF AMENDMENT TO**

**THE OAKWOOD TRUST**

---

**676**

42367604.1                                    1

DEED OF AMENDMENT

**DATE**: The ᴧ5 day of *Deamber* 2017

## PARTIES

(1)     **DELPHINE ANNE LE DAIN** of Buzon 110 Serreta, Sta Gertrudis, Ibiza 07814, Spain (the **'Grantor'**);

(2)     **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of The British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, The British Virgin Islands (the **'Original Trustee'**); and

(3)     **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the **'Original Protector'**),

together, the **'Parties'**.

## RECITALS

(A)     This Deed is supplemental to the settlement (the **'Settlement'**) specified in the Schedule to this Deed.

(B)     The Original Trustee is the present Trustee of the Settlement.

(C)     Under clause 24 (*Variation of terms of this Trust*) of the Settlement, the Trustees have power, exercisable by deed and subject to the prior or simultaneous written consent of the Protector, to vary, amend, add to or delete, any or all the provisions of Part 1 of the Settlement including the trusts, powers and discretions contained in Part 1 of the Settlement, provided always that:

    (1)     they are satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;

    (2)     they have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust (which is the British Virgin Islands under clause 21 (*Proper law, forum and place of administration*) of the Settlement) for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers (the **'Counsel Opinion'**);

    (3)     no such variation, amendment or addition shall be made to the provisions of clause 7 (*Grantor's power of revocation*) of the Settlement without the consent of the Grantor (the **'Grantor Consent'**); and

    (4)     no such variation, amendment, addition or deletion shall:

        a.     infringe the proper law of the Oakwood Trust for the time being; or

<span style="color:red">677</span>

      b.  permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in the Settlement,

(the **'Power'**).

(D)    The Trustees wish to exercise the Power in the manner set out in this Deed.

## OPERATIVE PROVISIONS

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **VARIATION OF THE SETTLEMENT**

2.1    In exercise of the Power and all other powers (if any), and:

2.1.1    being satisfied that such variation is for the benefit of the Beneficiaries;

2.1.2    having obtained the Counsel Opinion; and

2.1.3    having obtained the Grantor Consent,

the Trustees hereby, with effect from the date of this Deed, vary the Settlement by deleting clause 7 (*Grantor's power of revocation*) of the Settlement in its entirety.

2.2    In accordance with clause 16 (*General limitation on powers*) of the Settlement, no Trust Company may participate as one of the Trustees in the exercise of any of the Power if any individual director or alternate director (other than the Grantor) or any individual (other than the Grantor) to whom any one or more of the directors or alternate directors has delegated any or all of his powers as a director of such Trust Company is a Beneficiary who is a US Person (a 'restricted director' or a 'restricted delegatee' as the case may be) unless the Articles of Association, By-laws or any similar organisational documentation governing such Trust Company provide that any restricted director or restricted delegatee is not permitted to participate as a director or delegatee in the exercise of the restricted powers.

**678**

## SCHEDULE

The Deed of Settlement for the Oakwood Trust dated 18 November 2015 between the Parties.

679

Signed sealed and delivered as a deed by )

**Delphine Anne Le Dain**                        )

                                                 )

in the presence of

**Witness**

Signature:

Name:

Address:

Occupation:

*Iryna Tsengharyk*
*20 Conduit Street*
*London W1S 2XW*
*Finance Manager*

The Common Seal of                        )

**SALAMANDER ASSOCIATES**        )

**LIMITED**                                    )

was hereunto affixed                        )

in the presence of

**Director**

Signature:

Name:            *L.O. Orev*

**Director / Secretary**

Signature:

Name:

**680**

42367604.1                                5

**Agreed, consented and accepted by the Original Protector**

Signed sealed and delivered as a deed by )

**GRAHAM AUBREY COLLETT**                    )

                                             )

in the presence of

**Witness**

Signature:

Name:                *Iryna Tsenzharyk*

Address:             *20 Conduit Street*

                     *London*

                     *W1S 2XW*

Occupation:          *Finance Manager*

681

42367604.1                                      6



**CRS**
CharlesRussell
Speechlys

DATED        *12ᵀᴴ APRIL*              2022

SALAMANDER CORPORATE SERVICES SA (1)

and

GRAHAM AUBREY COLLETT (2)

---

DEED OF AMENDMENT REGARDING THE BENEFICIAL
CLASS

(THE OAKWOOD TRUST)

---



682

**THIS DEED OF AMENDMENT** is made on the _12_ ^74^ day of _APRIL_  2022

**BETWEEN**

(1)  **SALAMANDER CORPORATE SERVICES SA** whose registered office is at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the "**Trustee**"); and

(2)  **GRAHAM AUBREY COLLETT** of 53 Mill Rise, Robertsbridge, East Sussex TN32 5EG (the "**Protector**").

**WHEREAS**

(A)  This deed is supplemental to:

    (i)  a trust deed dated 18 November 2015 and made between (1) Delphine Anne Le Dain as settlor (the "**Settlor**"), (2) Salamander Associates Limited as original trustee and (3) the Protector as the original protector, establishing the Oakwood Trust (the "**Trust**"); and

    (ii)  all other relevant deeds and documents made supplemental to the Trust.

(B)  The Trustee is the present and sole trustee of the Trust.

(C)  By clause 24 of the Trust, the Trustee has the following power:

*"The Trustees may at any time during the Trust Period by deed with the prior or simultaneous written consent of the Protector vary, amend, add to or delete any or all the provisions of Part 1 of this Deed including the trusts, powers and discretions contained in Part 1 of this Deed provided always that:*

    *24.1  they shall be satisfied that any such variation, amendment, addition or deletion is for the benefit of all or any one or more of the Beneficiaries;*

    *24.2  they shall have obtained a prior written opinion from a lawyer qualified for at least five years in the jurisdiction of the proper law of this Trust for the time being confirming that any such variation, amendment, addition or deletion is within the scope of the Trustees' powers;*

    *24.3  no such variation, amendment or addition shall be made to the provisions of clause 7 (Grantor's power of revocation) without the consent of the Grantor;*

    *24.4  no such variation, amendment, addition or deletion*

        *(a)  shall infringe the proper law of this Trust for the time being; or*

        *(b)  shall permit any Excluded Person to benefit in any way under or by virtue of the trusts or powers contained in this Deed; and*

    *24.5  no such variation, amendment or addition shall be made to the provisions of this clause but it shall be permissible to delete this clause in its entirety."*

(the "**Power of Amendment**").

(D)  By clause 63 of the Trust, the Trustee has the following power:

2


683

*"Unless otherwise provided by this Deed, the Trustees may by deed (and so as to bind successive trustees of this Trust) release or restrict the future exercise of all or any of the powers conferred on them by this Deed."*

(the "**Power to Release**").

(E)     The Trustee is desirous of exercising the Power of Amendment and Power to Release revocably to amend the class of Discretionary Beneficiaries in the event that the Settlor dies whilst resident in Switzerland for Swiss estate tax purposes in the manner set out below. It is intended that clause 2.3 takes effect upon the date of the Settlor's death whereas the remaining provisions do not take effect unless and until the Settlor dies in said circumstances.

(F)     The Trustee has satisfied itself that all the conditions set out in sub-clauses 24.1 to 24.5 of the Trust have been satisfied.

(G)     The Protector wishes to consent to the exercise of the Power of Amendment and is a party to this deed for that purpose.

(H)     The Trust Period as defined in sub-clause 1.1 of the Trust has not yet expired.

**NOW THIS DEED WITNESSES** as follows:

1     **DEFINITIONS AND INTERPRETATIONS**

In this deed, where the context allows, the definitions and rules of construction contained in the Trust shall apply.

2     **AMENDMENT**

2.1     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the definition of "Discretionary Beneficiaries" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

> ""**Discretionary Beneficiaries**" shall mean (subject to the provisions relating to exclusion from benefit in clause 6) the following, whether living at the date of this Deed or born later:
>
> (a)     the Grantor;
> (b)     the children and remoter issue of the Grantor;
> (c)     Charities; and
> (d)     the trustees of any other trust of which any one or more of the Beneficiaries of this Trust are interested;
>
> but not any other persons or classes of persons."

2.2     In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Trust shall be read and construed such that the

3


684

definition of "Charity" in sub-clause 1.1 of the Trust were replaced in its entirety by the following words:

> ""**Charity**" shall mean any trust, foundation, company or other organisation that:
>
> (a) for Valais (Switzerland) tax purposes is eligible for a zero rate of donation, estate or inheritance tax as such tax is defined under Swiss law when receiving a transfer from an ordinary tax resident of Valais; and
>
> (b) is incorporated in Valais;
>
> and the words "**Charities**" and "**Charitable**" shall be construed accordingly always provided that any reference to a Charity that is a trust shall, where the context requires, mean the trustees (acting in that capacity) of such trust"

2.3 In exercise of the Power of Amendment and all other enabling powers, if any, upon the Settlor's death, the Trust shall be read and construed such that sub-clause 5.1 of the Trust (Power to Add Discretionary Beneficiaries) were replaced in its entirety by the following words:

> "5.1 The Trustees with the prior or simultaneous written consent of the Protector may, at any time during the Trust Period but only after the Grantor's death and provided always that she did not die whilst resident in Switzerland for Swiss estate tax purposes, add to the Discretionary Beneficiaries such objects or persons or Charities or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine. For the avoidance of doubt if the Grantor does die whilst resident in Switzerland for Swiss estate tax purposes the Trustees may not add to the class of Discretionary Beneficiaries."

2.4 In exercise of the Power to Release and all other enabling powers, if any, upon the Settlor's death whilst resident in Switzerland for Swiss estate tax purposes and only in these circumstances, the Power of Amendment under clause 24 is released by the Trustee only insofar as it applies to the definition of Discretionary Beneficiaries.

2.5 This deed shall be revocable in whole or in part by the Trustee by deed at any time during the Trust Period. Notwithstanding any other provision of this deed, this deed shall nonetheless become irrevocable upon the death of the Settlor if on the date of her death she is resident in Switzerland for Swiss estate tax purposes.

2.6 For the avoidance of doubt, the provisions of this deed prevail over any other provisions of the Trust to the contrary.

2.7 For the avoidance of doubt, the provisions of this deed are not intended to cause, and will not cause, a resettlement of the Trust.

4



685

3      **PROTECTOR CONSENT**

As required by clause 24 of the Trust, the Protector Trustee hereby consents to the exercise of the Power of Amendment in accordance with clause 2 hereof.

4      **CONFIRMATION**

Save as provided above the terms of the Trust shall continue in full force and effect.

5      **GOVERNING LAW**

This deed shall be governed by and construed in accordance with the laws of The British Virgin Islands and the parties hereto irrevocably submit to the non-exclusive jurisdiction of the courts of The British Virgin Islands.

6      **COUNTERPARTS**

This deed may be executed in counterparts, all of which taken together, shall constitute one and the same deed and any party may enter into this deed by executing a counterpart.

**IN WITNESS** of which the parties to this deed have executed this deed on the day and year first above written

Signed  as  a  Deed  and  Delivered  by  )
**SALAMANDER  CORPORATE  SERVICES**  )
**SA** as trustee of the Oakwood Trust acting  )
by a director                                      )
                                                        )        Director
                                                        )

in the presence of:

Witness signature:

Witness name:    DMITRY  ZVONAREV

Witness address:    CHEMIN  DE  LA  TULETTE  4,  1223  COLOGNY

Witness occupation:    SENIOR  MANAGER

5

686

SIGNED as a DEED and DELIVERED        )    ......~A Collett .........................
by **GRAHAM AUBREY COLLETT** as       )
Protector of the Oakwood Trust


in the presence of:

Witness signature: ~ASILs

Witness name: Anthony Stephen Ellis

Witness address: 5 Wakeley Road, Rainham, Kent  ME8 8HD

Witness occupation: Retired

6

**687**

# Summit Trust International SA ("STI")

**Summit Trust (Cayman) Limited**
**Summit Trust Company Ltd**

# Settlor/Contracting Party Compliance Declaration
### (Version: May 2021)

**Settlors, Founders and Owners of managed companies** should complete sections A, B, C, D and, if relevant, E.

***Protectors & Beneficiaries*** *should complete separate form*

Please sign and date all sections as requested.

General information including data protection information is included in section F – please sign to acknowledge.

**Nexus: insert name of Trust/Foundation/Companies covered by this declaration:**

Trust

The Oakwood Trust

Companies

Oakwood Development Investments Ltd

Comporta Malta Ltd

Comporta BV

Halcon Del Mar SL

688

Abrego Desafio SL

Sigo Capital SL

Connecting Bridges Ventures SL

Paisagem SA

**(hereinafter referred to below as "the Fiduciary Structure")**

689

THIS PAGE IS INTENTIONALLY LEFT BLANK

690

## SECTION A:
## DECLARATION OF BENEFICIAL OWNERSHIP

### 1.  *For Trusts and Foundations*

I, *(insert name)*          **Delphine Anne le Dain**

being the settlor/donator/asset contributor of the Fiduciary Structure hereby declare that the **"Beneficial Owner"** (as defined below) of the assets of the Fiduciary Structure is/are the persons listed below who are the named or identified beneficiaries or objects of discretionary powers contained in the relevant documentation of the Fiduciary Structure:

**EITHER** *(please check one of the following:)*

*For Revocable Trusts:*          ☐ I am the 'beneficial owner' as the Trust is revocable by me;

**OR**

*For Irrevocable Trusts:*          ☒ The 'beneficial owners' are as described in (a) or (b) below:

#### a) For Discretionary Trusts

☒ There are no persons with fixed interests in the trust fund, but the persons who may be entitled to benefit are those described in the Trust Deed as 'Beneficiaries'.

#### b) For Non-Discretionary Trusts

☐ **Life Interest Trusts:** The beneficial owners are the persons named or described as life tenants and beneficiaries in the Trust Deed.

**AND**

I confirm that the following person(s) is the Protector/Guardian/Appointor under the Fiduciary Structure having the powers specified by the instrument creating the Fiduciary Structure:

| Names: | Full Residential addresses/domicile |
|---|---|
| **HERVÉ BENZAKEIN** | **c/o HBS SA,** |
| | **Rue de la Rôtisserie 1,** |
| | **1204 Genève Switzerland** |

691

2.  **For Stand Alone Managed Companies only**

I, *(insert name)* .......................................................................................................

hereby declare that the "Beneficial Owner" of the **Fiduciary Structure** (being a company or corporate body) and therefore the person or persons entitled to the assets of the Fiduciary Structure upon a liquidation thereof is/are the persons listed below:

| Names: | Full Residential addresses/domicile |
|---|---|
| | |

*(attach an additional sheet, if necessary)*

## INTERPRETATION

"Beneficial Owner" as used in this form signifies only 'beneficial owner' for regulatory purposes in Switzerland in accordance with the laws in force in Switzerland relating to the prevention of money laundering (blanchiment d'argent) and has no wider legal significance. In particular, in the case of discretionary trusts, or trusts containing powers of appointment in favour of objects of discretion, the fact that an object of a discretionary trust power or power is described in this Form as a "beneficial owner" does not mean that that person has any greater legal right or entitlement to trust property or that the trustees' discretionary powers of appointment have been exercised fettered or restricted in any way whatsoever.

## Undertakings

1)    I undertake to inform STI of any changes in the above which are brought about through my own powers to do so where this is possible.

2)    The information furnished above is true and complete and given to the best of my knowledge and belief.

Signature: _____    Date: 04/04/323

Summit Trust International SA: Compliance Declaration May 2021 version

**692**

## SECTION B:
## INTERNATIONAL TAX COMPLIANCE DECLARATION (FATCA & AEOI)

**693**

1.  I, *(insert name)*        **Delphine Anne le Dain**

    hereby declare that my tax status is:

    *Please check the box that applies:*

    **Non-US Person**

    ☒ I am <u>not</u> an American citizen, I do <u>not</u> possess or am entitled to a United States "green card" and I have no visa or other permission entitling me to reside in the United States of America and I am <u>not</u> otherwise a resident of the United States of America.

    *(if you ticked this box, please continue to Part 2 of this section)*

    **US Person**

    ☐ I am an American citizen.

    ☐ I was born in the United States and have not renounced US citizenship or my right to claim it.

    ☐ I am <u>not</u> an American citizen but I possess or am entitled to a United States "green card".

    ☐ I am <u>not</u> an American citizen and I do <u>not</u> possess or am entitled to a United States "green card" but I am resident in the United States

    **AND** my address in the United States is:

    _____

    _____

    _____

    _____

    **My US taxpayer identification number or reference number is:**

    _____

2.   *For completion by all who are non-US Persons*

**Declaration of Tax Status**

My residential address is set out below and confirmed by the attached address verification document.

Address:

**Chemin de St Christophe 1, 1936 Verbier, Switzerland.**

**Country of Tax Residence:**     Switzerland.

**My taxpayer identification number or reference number is:**

AVS 756.4431.4088.57 - (TIN)

**If you are not able to provide a TIN, please state one of the 3 reasons below:**

☒   A - The country where I am liable to pay tax does not issue TINs to its residents

☐   B - I am otherwise unable to obtain a TIN or equivalent number – please explain

**SWITZERLAND TIN EQUIVALENT ABOVE**

☐   C - No TIN is required by the authorities of my country of tax residence

Undertakings

1)   I undertake to inform STI of any changes in the above which are brought about through my own powers as soon as possible.

2)   The information furnished above is true and complete and given to the best of my knowledge and belief.

3)   I understand that this information will be used by STI, or other relevant companies within the Summit Group, in order for them to comply with their obligations and duties to report under the FATCA regime and the Automatic Exchange of Information required under the Common Reporting Standard.

Signature: _____     Date: 04/04/223

694

## SECTION C:
## SOURCE OF FUNDS DECLARATION

**695**

1    The funds which I am intending to transfer to you for holding in the Fiduciary Structure, as discussed with you recently, are solely the result of:

*(Please tick as appropriate & provide information as indicated. If more space is needed please attach a separate sheet. If several categories apply, please tick all that apply and give a brief description under each one.)*

☒    **Professional Earnings** - provide brief details of profession / business activities

Bartol Limited was incorporated in BVI on May 2001 with a seed investment of approximately $300,000 from DLD. The $300,000 was funded from Delphine's private savings accumulated as a journalist. The beneficial owner of Bartol Limited was Delphine Anne Le Dain (DLD). It was set up as a vehicle to act as a fuel supplier. Bartol continued to trade until December 2004, when the logistics business was transferred to Red Star Enterprises Limited,

Dividend from Rosbelt International Ltd - 50% interest in Global Resources Worldwide LP  owner of  Red Star Enterprises Limited (Attached Schedule of Dividend distributions from Red Star Enterprises Ltd 2003 - 2017 - Prepared by Graham Collett Trust CFO) Via Bartol / Aspen Wind / Sunage Foundation and Galactea Trust

☐    **Inheritance** - provide brief details of how family wealth was originally generated including names of family members and name and details of family business as relevant

☒    **Sale of Business** - provide brief details of business activity, name of business and total sale proceeds

Rosbelt International Limited,

- 50% Holding in Global Resources Worldwide LP  (Attached Signed

Purchase Agreement - Dated 12 October 2020) Total sales consideration

$40,950,000

Oil Distribution and Trading Company

☐ **Other** (If sale of other assets such as Property or Investments, please provide brief details. If a Gift, please indicate donor & how their wealth was originally generated)

and are beneficially owned by me and are capable of free transfer by me and do not derive from any illegal activity.

1.  I do not have any creditors whose claims I cannot satisfy from my free assets and have never been an adjudged bankrupt.

2.  I have not been the subject of any audits or special tax investigations by any tax authority other than routine inquiries.

3.  I have never been convicted of a serious criminal offence (i.e. offences other than those related to motoring).

4.  I undertake to notify you without delay of any change to the warranties, undertakings & representations made above.

Summit Trust International SA: Compliance Declaration May 2021 version

**696**

Signature: _____    Date: 04/04/2023

697

## SECTION D:

## TELEPHONE, FAX & ELECTRONIC COMMUNICATIONS INDEMNITY

### In relation to the Fiduciary Structure

I hereby confirm that I may wish to communicate with you by means of telephone, facsimile, electronic mail ("e-mail") from time to time and I am therefore authorizing you to accept such means of communication. I would require you to exercise reasonable care in determining whether a purported communication from me is genuine and complete and free from corruption or interference and if you are in doubt I require you to take such steps as you see fit in order to verify the same before acting upon it. Provided that you have acted with reasonable care and have not acted with gross negligence I hereby agree to indemnify you from and against all losses, claims, actions, proceedings, demands, costs and expenses incurred or sustained by you whatsoever in connection with such communications.

Signature: _____    Date: _04/04/223_

698

## SECTION E:

## THIRD PARTY DISCLOSURE AUTHORITY

### In relation to the Fiduciary Structure

1    I wish to be able to communicate with you through

**HERVÉ BENZAKEIN , DERMOT SHORTT**                    ("the Agent")

with whom I have enjoyed a long standing relationship.  I hereby authorize you to release such information about the Fiduciary Structure to the Agent as he/she may request from time to time

2    In addition, I authorize you to rely upon and act in accordance with any requests made by me or purportedly given or made by me from time to time in connection with the Fiduciary Structure which may be transmitted by telephone, facsimile or e-mail to you by the Agent on my behalf. You will have no further duty to inquire as to the authority or identity of the person passing on any such request provided he/she has identified himself/herself by name and supplied the name of the Fiduciary Structure. You shall be entitled to treat any such request passed to you by the Agent as if made by me and as fully authorized and binding on me and my estate or heirs.  Should you require written confirmation of any request made under this authority, I undertake to provide this to you as soon as practicable thereafter.

3    In consideration for your acting in accordance with the terms of this letter, I, my personal representatives, heirs and assigns undertake to indemnify you and keep you indemnified against all losses, claims, actions, proceedings, damages, costs and expenses (including legal costs) incurred or sustained by you of whatever nature and howsoever arising out of your acting upon any requests made by, or purportedly made by, the Agent.

4    The terms of this letter shall remain in force until such time as you receive notice in writing of termination from me save that any such termination will not release me, my personal representatives, heirs and assigns from any liability under this authority and indemnity in respect of any act performed by you in accordance with the terms of this letter prior to receipt of notice of termination.

Signature: _____        Date: 04/04/2023

699

## SECTION F: DATA PRIVACY STATEMENT

STI, like other financial services businesses, is subject to Swiss laws on the protection of personal data. Where STI deals with persons resident in European Union Member States, the General Data Protection Regulation is also relevant. This document provides a summary of the rights that you have as a data subject by STI as a data controller and the policies STI has adopted to control the processing of personal data in accordance with the law.

### Reasons for Collecting Data

STI only collects personal data in order to administer trusts, companies, foundations, partnerships and other fiduciary structures ("fiduciary relationships") that it administers for its client families. Personal data is not sold for marketing purposes to third parties.

### Personal Data

The personal data that we collect includes name; date of birth; address; taxpayer or social security numbers; identity documents such as passport, driving licence, and national identity cards; proofs of address; bank account details so that payments can be made; information about your personal financial and domestic situation so that trustee discretions can be properly made, which may include information about your dependants; and other information that we may consider necessary in connection with our fiduciary duties and legal obligations.

Personal data is usually provided to us by you upon request but may be obtained by us from third parties and other sources such as databases and internet searches as well as from professional advisers such as lawyers, accountants, banks and financial advisers.

### Data Transfer

STI may transfer such data to third parties such as law firms, accountancy firms, banks, asset managers, securities custodians, and investment advisers in order to comply with laws such as those directed against money laundering or to obtain legal or tax advice required in connection with the administration of a fiduciary relationship. Personal data may be viewed by our auditors and can be produced to regulators and law enforcement bodies if requests are made. Personal data may also be reported to tax authorities under various international tax reporting obligations such as FATCA (where the United States is concerned) or the Automatic Exchange of Information provisions (for most countries outside of the United States). Personal data may also be exchanged as part of due diligence exercises in connection with the acquisition, merger or sale of trust businesses including STI and its subsidiaries. Personal data may also be transferred by STI to its subsidiaries or affiliated companies.

### Storage of Personal Data

STI maintains electronic records of personal data on its servers in Geneva and on a back-up server in a secure location in Switzerland. Personal data is also maintained on paper files in its offices in Geneva. Paper files are kept in locked cabinets overnight and the office is protected by an alarm system when not staffed overnight or at weekends. Staff are bound by personal undertakings to maintain client confidentiality, which includes protection of personal data, and office policies require that files containing personal data are filed away at night and not left on desktops. Where personal data is transferred outside of Switzerland, it will either be transferred to a jurisdiction that has equivalent legislative protection for personal data (e.g. the UK or a country within the European Economic Area) or we will in other cases, take steps to secure equivalent protection for personal data by means of contractual undertakings.

700

Personal data will be retained by us for as long as you are the subject of or might be concerned with a fiduciary relationship with us and for such periods as may be prescribed by law from time to time afterwards such as under the anti-money laundering legislation.

Once personal data is no longer required, STI will anonymise or erase it.

**Personal Data Information Rights**

STI will adequately inform you when personal data is collected from you or from a third party. The use of sensitive data is subject to your express consent.

When personal data is communicated outside Switzerland, STI will inform you of the name of the third State or international body to which the data is to be communicated.

You may also request that we provide you with information about the personal data that we may hold about you and copies of that information. We will provide copies of information or documents we hold about you upon written request under the 'Contact' section below. If the information we hold about you is inaccurate you may require us to correct it by written request. You may also request that we cease to process information about you but in such cases this may impede our ability to provide financial benefits to you under a fiduciary relationship.

You may request that we erase all of your personal data under the "right to be forgotten" if (i) it is no longer necessary for us to hold that personal data with respect to the original purpose for which it was obtained; or (ii) where your consent was the basis of our receiving your personal data, you wish to withdraw that consent; or (iii) you have objections to our processing your personal data and there is no overriding legitimate interest that would entitle us to continue doing so; or (iv) your personal data has been processed unlawfully; or (v) your personal data has to be erased in order to comply with a particular legal or regulatory obligation. Erasure of personal data will prevent us from providing any financial benefit to you as without such information it would not be lawful for us to administer a fiduciary relationship from which you could benefit.

In Switzerland, the government body responsible for supervising data processing is the Federal Data Protection and Information Commissioner (FDPIC) whose address is: Office of the Federal Data Protection and Information Commissioner FDPIC, Feldeggweg 1, CH-3003 Berne, Switzerland, Telephone: +41 58 462 43 95; Fax: +41 58 465 99 96. Information about data protection in Switzerland is available from the FDPIC website: www.edoeb.admin.ch

**Contact**

If you have any questions about our data protection policy please contact your usual Trust Officer or director contact or write to The Managing Director, Summit Trust International SA, 6 Place des Eaux-Vives, CH-1207 Geneva, Switzerland; tel + 41 22 707 8399; fax + 41 22 707 8395.

* * * * *

**Acknowledged**

Signature: _____     Date: 04/04/2023

701

Dated    13th November    2019


(1)    **GRAHAM AUBREY COLLETT**

- and -

(2)    **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)    **SALAMANDER CORPORATE SERVICES SA**

---

# DEED OF RETIREMENT AND APPOINTMENT
# OF TRUSTEE

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

**702**

56470597.2

703

**THIS DEED OF RETIREMENT AND APPOINTMENT OF TRUSTEE** is made and delivered on the    ⅄ ⑂    day of    November    2019

**PARTIES**

(1)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Protector**);

(2)    **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**); and

(3)    **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**).

**BACKGROUND**

(A)    This Deed is supplemental to the settlement dated 23 December 2012 known as **THE GALACTEA TRUST (the Settlement)**.

(B)    The Retiring Trustee is the present trustee of the Settlement.

(C)    By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector.

(D)    The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(E)    The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(F)    It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

**NOW THIS DEED WITNESSES** as follows:-

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **NOTICE OF RETIREMENT**

<span style="color:red">704</span>

1

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this deed such that any notice period is waived.

3.    **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

The parties have executed and delivered this document as a deed on the date stated at the beginning of it.

**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

| Signature | _G A Collett_ . |

Witness signature _Boeey_

Name (in BLOCK CAPITALS) _Iryna Tsenzharyd_

Address _20 Conduit Street, London, W1S 2XW_

**EXECUTED** as a deed by
**SALAMANDER ASSOCIATES LIMITED**
acting by a director, in the presence of:



| Signature | |
| | Director |
| Print name | |
| Leonard O'Brien | |

705

2

Witness signature

Name (in BLOCK CAPITALS) _Vinent Deguingand_

Address _11 rue Camps    74100 ANNEMASSE - FRANCE_

---

**EXECUTED** as a deed by
**SALAMANDER CORPORATE SERVICES
SA** acting by a director, in the presence
of:

Salamander Corporate Services SA
Rue Jean-Gabriel Eynard 8
1205 Geneva Switzerland
+41 22 318 26 00

| Signature | |
|---|---|
| | Director |
| Print name | |
| Vinant Deguingand | |

Witness signature

Name (in BLOCK CAPITALS) _Vincent Deguingand_

Address _11 rue Camps 74100 ANNEMASSE - FRANCE_

3

**706**

Dated    15th November                    2019

---

# DEED OF CHANGE OF GOVERNING LAW AND COURT WITH JURISDICTION

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

56471293.3

707

**THIS DEED** is made and delivered on the _15_ day of _November_ 2019

**BY: SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **Trustee**)

## RECITALS

(A)    This Deed is supplemental to the settlement dated 23 December 2012 known as **THE GALACTEA TRUST (the Settlement)**, a copy of which is appended hereto, and to the other documents and events specified in the Schedule.

(B)    The Trustee is the present trustee of the Settlement following its appointment by way of a deed of appointment and retirement of trustee dated                                    .

(C)    Under the following sub-clauses of the Settlement, the Trustees have the following powers:

    a)    under sub-clause 20.3(b) (formerly sub-clause 21.3(b)), to declare in writing that, from the date of such declaration, the proper law of the Settlement shall be that of any specified jurisdiction provided that the law of the jurisdiction specified is one under which the Settlement remains and all, or substantially all, of the trusts, powers and provisions of the Settlement remain enforceable and capable of being exercised and so taking effect (the **Clause 20.3(b) Power**); and

    b)    under sub-clause 20.3(d) (formerly sub-clause 21.3(d)), to declare in writing that, from the date of such declaration, the forum for the administration of the Settlement shall be the courts of any specified jurisdiction (the **Clause 20.3(d) Power**).

(D)    The Trustee wishes to exercise the Clause 20.3(b) Power and the Clause 20.3(d) Power.

## OPERATIVE PROVISIONS

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **CHANGE OF GOVERNING LAW AND COURTS WITH JURISDICTION**

2.1    In exercise of the Clause 20.3(b) Power and all other powers (if any), the Trustee hereby declares that the governing law of the Settlement shall forthwith cease to be the law of the British Virgin Islands and shall be the law of England and Wales.

2.2    In exercise of the Clause 20.3(d) Power and all other powers (if any), the Trustee hereby declares that the courts of the British Virgin Islands shall forthwith cease to be the courts with jurisdiction in relation to the validity, construction, effects and administration of the Settlement (including, for the avoidance of doubt, in relation to the resolution of disputes regarding the Settlement) and that, from the date of this Deed, the courts of England and Wales shall have jurisdiction with regard to those matters.

708

2.1   In exercise of the Clause 20.3(b) Power and all other powers (if any), the Trustee hereby declares that the governing law of the Settlement shall forthwith cease to be the law of the British Virgin Islands and shall be the law of England and Wales.

2.2   In exercise of the Clause 20.3(d) Power and all other powers (if any), the Trustee hereby declares that the courts of the British Virgin Islands shall forthwith cease to be the courts with jurisdiction in relation to the validity, construction, effects and administration of the Settlement (including, for the avoidance of doubt, in relation to the resolution of disputes regarding the Settlement) and that, from the date of this Deed, the courts of England and Wales shall have jurisdiction with regard to those matters.

3.    **APPLICATION OF SETTLEMENT PROVISIONS**

The trusts, powers and provisions contained in the Settlement (including for the avoidance of doubt the powers to change the governing law, the place of general administration, and the courts with jurisdiction in relation to the validity, construction, effects and administration of the Settlement) shall continue to be applicable to the Trust Fund so far as consistent with the provisions of this Deed.

The parties have executed and delivered this document as a deed on the date stated at the beginning of it.

**SCHEDULE**

| Date | Document | Parties |
|---|---|---|
| 23 December 2012 | Settlement | (1) Delphine Anne Le Dain<br>(2) Salamander Associates Limited<br>(3) Graham Aubrey Collett |
| 15 December 2017 | Deed of Amendment | (1) Delphine Anne Le Dain<br>(2) Salamander Associates Limited<br>(3) Graham Aubrey Collett |
| 15th November 2019 | Deed of Retirement and Appointment of Trustee | (1) Graham Aubrey Collett<br>(2) Salamander Associates Limited<br>(3) Salamander Corporate Services SA |

2

709

**EXECUTED** as a deed by
**SALAMANDER CORPORATE SERVICES
SA** acting by a director, in the presence
of:

Salamander Corporate Services SA
Rue Jean-Gabriel Eynard 8
1205 Geneva Switzerland
+41 22 318 26 00

Signature

Director

Print name

Leonard O'Brien

Witness signature

Name (in BLOCK CAPITALS) _Vincent Deguingund_

Address _11 rue Camps    74100 ANNEMASSE- FRANCE_

[Append copy of the Settlement]

3

<span style="color:red">710</span>

Dated  2021

## DELPHINE ANNE LE DAIN

## Letter of Wishes

To:    Salamander Corporate Services SA in its capacity as trustee of the following trusts settled by me:

Galactea Trust
Big Valley Trust
Dina Maropa Trust
Iverna Trust
Atlas Trust
Bluestone Trust
Delfinity Trust
Ithaque Trust
Oakwood Trust

(together the "**Trusts**")

## 1. INTRODUCTION

1.1 I am writing to you in your capacity as the trustee of the Trusts. In the event of there being any change in the trustee(s) of any of the Trusts, this letter should be taken as addressed to the trustees for the time being of that Trust as well.

1.2 The purpose of this letter is to set out my guidance to you in my capacity as Settlor of the Trusts. I acknowledge that you are not obliged to take account of my views and, in expressing my wishes in this way, I do not intend to bind you or fetter your discretion in any way. Rather, this letter is intended to offer my guidance as you consider how to exercise your discretion and powers and to assist you in acting (or refraining to act) and reaching your decisions as Trustee.

1.3 I have not previously set out my wishes in writing with regards to the administration of the Trusts and the exercise of your trustee powers. I wish to do so now but may supplement or replace this letter in the future.

## 2. OVERRIDING AIMS

2.1 My overriding wish is for you to view the Trusts as dynastic and to provide for my welfare whilst I am alive, and also for the welfare and benefit of my children (and indeed their future descendants) in a way which maintains our standard of living and offers maximum asset protection for my children in the longer-term.

2.2 During my lifetime, I would like you to have full regard to my wishes regarding distributions and loans from the Trust Fund to me or to my children.

711

...ter my lifetime, my key intention is for my three daughters (and their respective family branches) to be treated equally. With this in mind, I would like you to take all decisions (including investment decisions) being mindful of their ages whilst they are still young, and then the respective stages they are at with their lives.

## 3. INVESTMENTS

3.1 With respect to investing the assets of the Trusts, I appreciate that this role is dealt with by you as Trustee and I know that you are seeking advice in relation to the various assets comprised in the Trust Funds.

3.2 During my lifetime, and in particular during the lifetimes of my three children, I would like the underlying assets to be managed carefully and professionally. I ask that you strive to administer the Trusts in such a way as to achieve, insofar as possible, steady long-term capital growth year by year whilst maintaining appropriate liquidity throughout. This is to ensure that the capital is preserved for my and my children's benefit, and for the benefit of the future generations of my family.

3.3 I would like you to consider ring-fencing certain assets to ensure that (i) my children's current and future education, personal and medical needs and (ii) my personal and medical needs are met. I would like you to implement a conservative investment policy to ensure that there is sufficient liquidity to meet these needs. It is my firm wish that mine and my children's current standards of living are maintained consistently and so a stable, conservative investment policy for these ring-fenced assets is of utmost importance to ensure for sufficient liquidity for this.

3.4 I understand there may currently be underlying assets which are invested in what may be described as a more 'risky' manner. I would like for these to be carefully monitored over the short to medium term and informed decisions (based on expert opinion) to be taken at regular intervals as to whether these investments are profitable to continue in their current form.

## 4. DISTRIBUTIONS

4.1 While the Trust Funds are discretionary, it is my intention that the Trusts exist primarily to provide financial security to me and my three children during our lifetimes, and then to my remoter descendants. As mentioned above, it is my firm wish that my and my children's current standards of living are maintained, and in particular it is my wish that, in consultation with me, the Trusts be available to assist my children with the purchase of their first homes at the appropriate time.

4.2 During my lifetime, please consult with me with respect to trust matters and distribution and loan requests. After my lifetime, as noted above, I would hope that the Trusts be available for the benefit of my three children equally unless there are exceptional circumstances as to why this should not be the case. I would hope that you would follow my children's guidance with respect to distributions to them (provided they have reached the age of majority) unless in your good judgement you believe it inappropriate to do so. I would expect you to monitor distributions between Trusts and between my children to achieve this equality of treatment so far as is possible.

4.3 You should be mindful of the personal tax circumstances of my children (and future descendants) when deciding how distributions should be dealt with.

## 5. REPORTING

5.1 If, during my lifetime, you are unable to consult with me for whatever reason with respect to the Trusts I would wish you to consult with their father Douglas Edelman with regards to the interests of our children.

## 6. PRIVACY AND CONFIDENTIALITY

6.1 I request that you treat this letter of wishes and any future wishes expressed in writing with regard to the Trusts as confidential.

6.2 Unless you believe it would assist in administering the Trusts or if such disclosure is needed in order to permit any beneficiary to meet his or her tax or other reporting obligations, neither this letter nor its contents should be disclosed by the Trustee except:

6.2.1 as reasonably required by law or in order to discharge your respective offices in relation to the Trust; and

6.2.2 to your advisers who have confidentiality obligations to you.

## 7. CONCLUDING REMARKS

7.1 To safeguard my interests and those of my children, I would suggest that you seek specialist advice from Charles Russell Speechlys SA who advised in relation to the preparation of this letter of wishes.

7.2 I reserve the right to change, amend or revoke this letter of wishes from time to time as circumstances change.

Yours faithfully

Signed: ........................

**712**

**DELPHINE ANNE LE DAIN**

Dated: 13/04 2021

Acknowledged by the Trustees:

Signed: ...................................................

**SALAMANDER CORPORATE SERVICES SA**

Dated: 16/04/2000 2021

713

Dated     *11ᵗʰ January*     2019

(1)    **GRAHAM AUBREY COLLETT**

- and -

(2)    **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)    **SALAMANDER CORPORATE SERVICES SA**

---

## DEED OF APPOINTMENT OF NEW TRUSTEE

## THE BIG VALLEY TRUST

---

**714**

51431867.1

## DEED OF APPOINTMENT OF NEW TRUSTEE

**DATE:**  *11ᵗʰ January*                    2019

**PARTIES:**

(1)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **"Original Protector""**);

(2)    **SALAMANDER ASSOCIATES LIMITED**, a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Town, Tortola, British Virgin Islands (the **"Original Trustee"**); and

(3)    **SALAMANDER CORPORATE SERVICES SA,** a company registered under the laws of Switzerland with registered office situated at rue Jean-Gabriel-Eynard 8, 1205 Geneva, Switzerland (the **"New Trustee"**).

**RECITALS**

(A)    This Deed is supplemental to the settlement (the **"Settlement"**) and to the other documents specified in the Schedule.

(B)    The Original Trustee is the present trustees of the Settlement.

(C)    The Original Protector wishes to exercise his power of appointment under clause 17.4 of the Settlement and to appoint the New Trustee to act as an additional trustee of the Settlement.

(D)    It is intended that the property now in the Settlement shall be transferred to, or under the control of, the Original Trustee and the New Trustee.

**OPERATIVE PROVISIONS**

1.    **APPOINTMENT OF NEW TRUSTEE**

In exercise of the power of appointment conferred by clause 17.4 of the Settlement and all other powers (if any), the Original Protector hereby appoints the New Trustee as a trustee of the Settlement to act jointly with the Original Trustee.

2.    **GOVERNING LAW**

This Deed, any non-contractual obligations arising out of or in connection with it and the transactions contemplated by it will be governed by and construed in accordance with the law of the British Virgin Islands. and each party submits to the exclusive jurisdiction of the Jersey courts for the purposes of determining any dispute arising out of this agreement or the transactions contemplated by it.

3.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts and by the parties on separate counterparts, but shall not be effective until each party has executed at least one counterpart. Each counterpart, when executed, shall be an original of this Deed and all counterparts shall together constitute one instrument.

**715**

51431867.1                                    1

## THE SCHEDULE

| DATE | DOCUMENT | PARTIES |
|------|----------|---------|
| 7 July 2014 | The Big Valley Trust Deed | (1) Delphine Anne Le Dain<br><br>(2) Salamander Associated Limited<br><br>(3) Graham Aubrey Collett |
| 15 December 2017 | Deed of Amendment | (1) Delphine Anne Le Dain<br><br>(2) Salamander Associated Limited<br><br>(3) Graham Aubrey Collett |

716

51431867.1

2

**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

Signature

Witness signature _____

Name (in BLOCK CAPITALS)     _____

Address _____

_____

**717**

51431867.1                                             3

Executed as a deed by **SALAMANDER ASSOCIATES LIMITED**, a company incorporated in the British Virgin Islands acting by

_LEONARD O'BRIEN_
_DIRECTOR_

who, in accordance with the laws of that territory, is acting under the authority of the company

Signature in name of company
**SALAMANDER          ASSOCIATES LIMITED**

........................................................
Authorised signatory

**718**

51431867.1                           4

Executed as a deed by **SALAMANDER CORPORATE SERVICES SA**, a company incorporated in Switzerland acting by

_LEONARD O BRIEN_

_DIRECTOR_

who, in accordance with the laws of that territory, is acting under the authority of the company

Signature in name of company
**SALAMANDER          CORPORATE SERVICES SA**

Authorised signatory

51431867.1

5

719

Dated        MAY 3ᴿᴰ                    2020

(1)      **GRAHAM AUBREY COLLETT**

- and -

(2)      **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)      **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)      **KASSIM MEGHJEE**

---

**DEED OF RETIREMENT AND APPOINTMENT
OF TRUSTEE, AND APPOINTMENT OF SECOND
PROTECTOR
TO ORIGINAL PROTECTOR**

**RELATING TO THE DINA MAROPA TRUST**

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617188.1

720

**THIS DEED** is made and delivered on the 3ᴿᴰ day of MAY 2020

**PARTIES**

(1) **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2) **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3) **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4) **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A) This Deed is supplemental to:

(i) the settlement dated 7 July 2014 known as The Dina Maropa Trust (the **Settlement**);

(ii) the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

(iii) all other deeds, instruments and documents supplemental thereto.

(B) The Retiring Trustee is the present trustee of the Settlement.

(C) By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D) Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E) The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F) The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

58617188.1

721

(G)    It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

(H)    The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.    **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.    **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1    In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2    The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3    The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617188.1

722

IN WITNESS of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:

SIGNED as a deed by
GRAHAM AUBREY COLLETT
in the presence of:

Signature

*GA Collett*

Witness signature *ASEllis*

Name (in BLOCK CAPITALS) 53 Mill *Anthony Stephen Ellis*

Address 53 Mill Rise, Robertsbridge
East Sussex TN32, 5EG

AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:

EXECUTED as a deed by
SALAMANDER ASSOCIATES
LIMITED acting by a director, in the
presence of:

Signature

Director

Print name

LEONARD O'BRIEN

Salamander Associates Limited
BVI
BUSINESS
COMPANY
★

Witness signature

Name (in BLOCK CAPITALS) Vincent DEGUINGAND

Address 11 rue Camps 74100 ANNEMASSE-FRANCE

58617188.1

3

723

## AGREED AND ACCEPTED BY THE NEW TRUSTEE:

**EXECUTED** as a deed by
**SALAMANDER CORPORATE**
**SERVICES SA** acting by a director, in the
presence of:

Signature

_(signature)_

Director

Print name

LEONARD O'BRIEN

Witness signature _(signature)_

Name (in BLOCK CAPITALS) Vincent Deguingand

Address 11 rue Camps  74100 ANNEMASSE
FRANCE

## AGREED AND ACCEPTED BY THE SECOND PROTECTOR:

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

_(signature)_

Witness signature _(signature)_

Name (in BLOCK CAPITALS)  SAYEDA KABA MEGHJEE

Address 19 CASCIOBURY PARK AVE , WATFORD , WD18 7LA

OCCUPATION: HR DIRECTOR

58617188.1

724

Dated _____ MAY 3ʳᵈ _____ 2020

(1)   **GRAHAM AUBREY COLLETT**

- and -

(2)   **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)   **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)   **KASSIM MEGHJEE**

---

## DEED OF RETIREMENT AND APPOINTMENT OF TRUSTEE, AND APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR

### RELATING TO THE IVERNA TRUST

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617144.1

725

**THIS DEED** is made and delivered on the 3ʳᵈ day of MAY 2020

**PARTIES**

(1)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2)    **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3)    **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4)    **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A)    This Deed is supplemental to:

(i)     the settlement dated 16 July 2014 known as The Iverna Trust (the **Settlement**);

(ii)    the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

(iii)   all other deeds, instruments and documents supplemental thereto.

(B)    The Retiring Trustee is the present trustee of the Settlement.

(C)    By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D)    Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E)    The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F)    The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G)    It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

58617144.1

726

(H)   The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.   **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.   **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.   **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.   **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1   In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2   The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3   The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.   **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617144.1

727

**IN WITNESS** of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

**AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:**

**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

Signature _GACollett_

Witness signature _ASEllis_

Name (in BLOCK CAPITALS) Anthony Stephen Ellis

Address 53 Mill Rise, Robertsbridge
East Sussex TN32, 5EG

**AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER ASSOCIATES
LIMITED** acting by a director, in the
presence of:

Signature

Print name

Leonard O'Brien

Director Associates

_[stamp: Salamander Associates Limited — BVI BUSINESS COMPANY ★]_

Witness signature

Name (in BLOCK CAPITALS) Vincent Deguingand

Address 11 rue Camps 74100 ANNEMASSE.FRANCE

58617144.1

3

728

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:



Signature

Print name    Director

LEONARD O'BRIEN

Witness signature

Name (in BLOCK CAPITALS)    VINCENT DEGUFNEAND

Address   11 rue Camps 74100 ANNEMASSE - FRANCE

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature

Name (in BLOCK CAPITALS)    SAYEDA KABA MEGHJEE

Address   19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA

OCCUPATION:    HR DIRECTOR

58617144.1

729

Dated        MAY 3ᵉᵒ                                    2020

(1)      **GRAHAM AUBREY COLLETT**

- and -

(2)      **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)      **SALAMANDER CORPORATE SERVICES SA**

- and —

(4)      **KASSIM MEGHJEE**

---

## DEED OF RETIREMENT AND APPOINTMENT OF TRUSTEE, AND APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR

## RELATING TO THE IVERNA TRUST

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617144.1

730

**THIS DEED** is made and delivered on the 3ʳᵈ day of MAY 2020

**PARTIES**

(1) **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2) **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3) **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4) **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A) This Deed is supplemental to:

    (i) the settlement dated 16 July 2014 known as The Iverna Trust (the **Settlement**);

    (ii) the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

    (iii) all other deeds, instruments and documents supplemental thereto.

(B) The Retiring Trustee is the present trustee of the Settlement.

(C) By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D) Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E) The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F) The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G) It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

58617144.1

731

(H)     The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

## NOW THIS DEED WITNESSES as follows:-

### 1.     DEFINITIONS AND CONSTRUCTION

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

### 2.     NOTICE OF RETIREMENT

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

### 3.     APPOINTMENT AND RETIREMENT OF TRUSTEE

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

### 4.     APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR

4.1     In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2     The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3     The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

### 5.     COUNTERPARTS

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617144.1

732

**IN WITNESS** of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.


**AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:**


**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

Signature

*[signature: GA Collett]*

Witness signature *[signature]*

Name (in BLOCK CAPITALS) Anthony Stephen Ellis

Address 53 Mill Rise, Robertsbridge
East Sussex TN32, 5EG


**AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:**


**EXECUTED** as a deed by
**SALAMANDER ASSOCIATES
LIMITED** acting by a director, in the
presence of:

Signature

*[signature]*

Print name

Leonard O'Brien

*[stamp: Salamander Associates Limited — Director — BVI BUSINESS COMPANY ★]*

Witness signature *[signature]*

Name (in BLOCK CAPITALS) Vincent Deguingand

Address 11 rue Camps 74100 ANNEMASSE. FRANCE


58617144.1

3

733

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:



Signature

Director

Print name

LEONARD O'BRIEN

Witness signature

Name (in BLOCK CAPITALS)   VINCENT DEGUFNGAND

Address   11 rue Camps 74100 ANNEMASSE-FRANCE

---

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature

Name (in BLOCK CAPITALS)   SAYEDA KABA MEGHJEE

Address   19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA

OCCUPATION:   HR DIRECTOR

58617144.1

734

# DEED OF ADDITION OF BENEFICIARY, APPOINTMENT AND DISTRIBUTION

**(1) Salamander Associates Limited**
**(Original Trustee)**

**(2) Graham Aubrey Collett**
**(Original Protector)**

---

**Deed of Addition, Appointment and Distribution**
**The Atlas Trust**

---

735

## DEED OF ADDITION OF BENEFICIARY, APPOINTMENT AND DISTRIBUTION

**DATE:**            25th January         2019

**PARTIES:**

(1)     Salamander Associates Limited, a company duly incorporated under the laws of the British Virgin Islands with its registered office at Trinity, PO Box 4301, Road Town, Tortola, British Virgin Islands (the "**Original Trustee**"); and

(2)     Graham Aubrey Collett of 14 Rosewood Court, Orchard Road, Bromley, Kent, BR1 2TT (the "**Original Protector**").

**WHEREAS**

(A)     This Deed is supplemental to deed of Settlement dated 16th July 2014; and a deed of amendment dated 15th December 2017, both between the Original Trustee, the Original Protector and the Grantor (collectively hereinafter the "**Settlement**").

(B)     The Original Trustee is the present Trustee of the Settlement.

(C)     The Original Protector is the present Protector of the Settlement.

(D)     Clause 5 of the Settlement provides that the Trustees with the prior or simultaneous consent of the Protector, may, at any time during the Trust Period, add to the Discretionary Beneficiaries. The Trustee is desirous of adding to the Discretionary Beneficiaries in the manner hereinafter appearing.

(E)     Clause 8 of the Settlement provides for the Trustees to hold the capital and income of the Trust Fund upon trust for the benefit of such of the Discretionary Beneficiaries, at such ages or times, in such shares, upon such trusts (which may include discretionary or protective powers or trusts) and in a such manner generally as the Trustees shall in their discretion appoint. It is also a requirement under the said clause 8 that the exercise of the power to appoint in clause 8 be subject to the prior or simultaneous written consent of the Protector.

(F)     Clause 10 of the Settlement provides for the Trustee to pay or apply the whole or any part of the capital of the Trust fund to or for the benefit of such beneficiaries or trustees of a trust or any other settlement as the Trustees shall in their

<span style="color:red">736</span>

discretion think fit. The Original Trustee is desirous of exercising the power to transfer the Shares, referred to herein, in the manner hereinafter appearing.

(G)    The Original Trustee is satisfied that the exercised of the trust powers in the manner hereinafter set out is in the best interest of the Beneficiaries.

(H)    The Original Protector joins in this Deed to give consent to the actions of the Original Trustee.

Terms not defined in this Deed shall have the same meaning as in the Settlement.

## NOW THIS DEED WITNESSETH AS FOLLOWS:

### 1. Additional Beneficiary

1.1    The Original Trustee, in exercise of the power conferred by clause 5 of the Settlement and of all other relevant powers hereby enabling, hereby amends clause 1 of the Settlement by inserting, under the definition of "Discretionary Beneficiaries" a new sub-paragraph (d) as follows and re-designating the existing sub-paragraph "(d)" as (e). The word "and" after the word "Charities":

**(d) The Trustees of the Bluestone Trust; and**

### 2. Appointment and Transfer of Trust Asset

2.1    The Original Trustee, in exercise of the power in that behalf conferred upon it by clause 8 of the Settlement and all other relevant powers, hereby appoint and declare that, from the date hereof, that part of the Trust Fund identified as Share Certificate number 1 for 100 shares (the "**Shares**") in the Company known as Pepper Mill Management Limited  is henceforth to held upon trusts for the Trustees of The Bluestone Trust.

2.2    The Original Trustee, in exercise of the power in that behalf conferred upon it by clause 10 of the Settlement and all other relevant powers, hereby transfers the Shares to and into the name of the Trustees of The Bluestone Trust, as of the date hereof.

### 3. Protector's Consent

The Original Protector, in accordance with clauses 8 and 10, respectively, of the Settlement hereby gives consent to the actions of the Original Trustee herein, by joining in the execution of this Deed.

### 4. Execution

This Deed may be executed in counterparts, each of which when executed and delivered shall constitute an original of this Deed, but all the counterparts shall


737

together constitute the same Deed. No counterpart shall be effective until each party has executed at least one counterpart.

**IN WITNESS WHEREOF** the parties have hereunto entered into this deed the day and year first above written.

Executed as a deed and delivered by
Salamander Associates Limited
By affixing its common seal in the presence of:

..............................................
Authorised signatory

..............................................
Authorised signatory

Signed as a deed and delivered )
by Graham Aubrey Collett )
in the presence of: )
)

Witness: ..................................

Signature: ..................................

Name: .....C. S. Forster..

Address: ....ii Rosewood Court

Orchard Road Bromley

Occupation: .....Retired.......

738

Dated    MAY 3ᴿᴰ    2020

(1)    **GRAHAM AUBREY COLLETT**

- and -

(2)    **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)    **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)    **KASSIM MEGHJEE**

---

## DEED OF RETIREMENT AND APPOINTMENT OF TRUSTEE, AND APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR

## RELATING TO THE ATLAS TRUST

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617110.1

739

**THIS DEED** is made and delivered on the 3ʳᵈ day of MAY 2020

**PARTIES**

(1)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2)    **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3)    **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4)    **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A)    This Deed is supplemental to:

(i)    the settlement dated 16 July 2014 known as The Atlas Trust (the **Settlement**);

(ii)    the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted; and

(iii)    all other deeds, instruments and documents supplemental thereto.

(B)    The Retiring Trustee is the present trustee of the Settlement.

(C)    By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D)    Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E)    The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F)    The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G)    It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

58617110.1

740

(H)    The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.    **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.    **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1    In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2    The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3    The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617110.1

741

IN WITNESS of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:

SIGNED as a deed by
GRAHAM AUBREY COLLETT
in the presence of:

| Signature |
|---|
| _GA Collett_ |

Witness signature _AS Ellis_

Name (in BLOCK CAPITALS) _Anthony Stephen Ellis_

Address _53 Mill Rise, Robertsbridge_
_East Sussex, TN32, 5EG_

AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:

EXECUTED as a deed by
SALAMANDER ASSOCIATES
LIMITED acting by a director, in the
presence of:

| Signature |
|---|
| Print name |
| LEONARD O'BRIEN |

Witness signature _____

Name (in BLOCK CAPITALS) _Vincent Deguingand_

Address _11 rue Camps 74100 ANNEMASSE FRANCE_

58617110.1

742

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE**
**SERVICES SA** acting by a director, in the
presence of:

Signature

Director

Print name

LEONARD O'BRIEN

Witness signature

Name (in BLOCK CAPITALS)    Vincent Deguingand

Address    11 rue Camps 74100 ANNE MASSE FRANCE

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature    Hayola b wgiyee

Name (in BLOCK CAPITALS)    SAYEDA KABA MEGHJEE

Address    19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA

OCCUPATION: HR DIRECTOR

58617110.1

743

Dated          MAY   3ʳᵈ                                         2020

(1)     **GRAHAM AUBREY COLLETT**

- and -

(2)     **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)     **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)     **KASSIM MEGHJEE**

---

**DEED OF RETIREMENT AND APPOINTMENT
OF TRUSTEE, AND APPOINTMENT OF SECOND
PROTECTOR
TO ORIGINAL PROTECTOR**

**RELATING TO THE BLUESTONE TRUST**

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58614321.1

744

**THIS DEED** is made and delivered on the 3ʳᵈ day of MAY 2020

## PARTIES

(1) **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2) **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3) **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4) **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

## BACKGROUND

(A) This Deed is supplemental to:

(i) the settlement dated 6 May 2015 known as The bluestone Trust (the **Settlement**);

(ii) the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted; and

(iii) all other deeds, instruments and documents supplemental thereto.

(B) The Retiring Trustee is the present trustee of the Settlement.

(C) By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D) Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E) The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F) The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G) It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

58614321.1

745

(H)    The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.    **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.    **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR RELATING TO THE BLUESTONE TRUST**

4.1    In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2    The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3    The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58614321.1

2

IN WITNESS of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:

SIGNED as a deed by
GRAHAM AUBREY COLLETT
in the presence of:

Signature

Witness signature _____ASElls_____

Name (in BLOCK CAPITALS)  Anthony Stephen ELLis

Address  53 Mill Rise, Robertsbridge
East Sussex   TN32  5EG

AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:

EXECUTED as a deed by
SALAMANDER ASSOCIATES
LIMITED acting by a director, in the
presence of:

Signature

Print name

Leonard O'Brien

Witness signature

Name (in BLOCK CAPITALS)  Vincent Deguingand

Address  11 rue Camps 74100 ANNEMASSE - FRANCE

58614321.1

3

747

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:

Signature

Director

Print name

Leonard O'Brien

Witness signature _____

Name (in BLOCK CAPITALS)   Vincent DEGUENGAND

Address   11 rue Camps  74100  ANNEMASSE-FRANCE

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature   Sayeda Menjiee

Name (in BLOCK CAPITALS)   SAYEDA KABA MEGHJEE

Address   19 CASSIOBURY PARK AVE WATFORD, WD18 7LA

OCCUPATION:  HR DIRECTOR

58614321.1

4

748

Dated          MAY     3ʳᵈ                    2020

(1)     GRAHAM AUBREY COLLETT

- and -

(2)     SALAMANDER ASSOCIATES LIMITED

- and -

(3)     SALAMANDER CORPORATE SERVICES SA

- and –

(4)     KASSIM MEGHJEE

---

## DEED OF RETIREMENT AND APPOINTMENT OF TRUSTEE, AND APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR

## RELATING TO THE DELFINITY TRUST

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617218.1

749

**THIS DEED** is made and delivered on the 3ᴿᴰ day of MAY 2020

## PARTIES

(1)     **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2)     **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3)     **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4)     **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

## BACKGROUND

(A)     This Deed is supplemental to:

  (i)     the settlement dated 6 May 2015 known as The Delfinity Trust (the **Settlement**);

  (ii)     the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

  (iii)     all other deeds, instruments and documents supplemental thereto.

(B)     The Retiring Trustee is the present trustee of the Settlement.

(C)     By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D)     Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E)     The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F)     The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G)     It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

58617218.1

750

(H)    The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.    **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.    **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1    In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2    The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3    The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617218.1

2

751

**IN WITNESS** of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

**AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:**

**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

| Signature |
|---|
| GACollett |

Witness signature  ASEllo

Name (in BLOCK CAPITALS)  Anthony Stephen Ellis

Address 53 Mill Rise, Robertsbridge
East Sussex  TN32 5EG

**AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER ASSOCIATES
LIMITED** acting by a director, in the
presence of:

| Signature | |
|---|---|
| | Director |
| Print name | |
| LEONARD O'BRIEN | |

Witness signature

Name (in BLOCK CAPITALS)  Vincent DEGUINGAND

Address 11 rue Camps  74100 ANNEMASSE FRANCE

58617218.1

752

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:

| Signature | |
|---|---|
| | Director |
| Print name | |
| LEONARD O'BRIEN | |

Witness signature _____

Name (in BLOCK CAPITALS) __Vincent Deguingand__

Address __11rue Camps 74100 ANNEMASSE FRANCE__

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

| Signature |
|---|
| |

Witness signature __Sayeda Meghjee__

Name (in BLOCK CAPITALS) __SAYEDA KABA MEGHJEE__

Address __19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA__

OCCUPATION: HR DIRECTOR

58617218.1

4

753

Dated    MAY 3ᴿᴰ    2020

(1)    **GRAHAM AUBREY COLLETT**

- and -

(2)    **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)    **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)    **KASSIM MEGHJEE**

---

**DEED OF RETIREMENT AND APPOINTMENT
OF TRUSTEE, AND APPOINTMENT OF SECOND
PROTECTOR
TO ORIGINAL PROTECTOR**

**RELATING TO THE ITHAQUE TRUST**

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617253.1

754

**THIS DEED** is made and delivered on the 3ᵉᵒ day of    MAY    2020

**PARTIES**

(1)   **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2)   **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3)   **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4)   **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A)   This Deed is supplemental to:

    (i)   the settlement dated 6 May 2015 known as The Ithaque Trust (the **Settlement**);

    (ii)   the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

    (iii)   all other deeds, instruments and documents supplemental thereto.

(B)   The Retiring Trustee is the present trustee of the Settlement.

(C)   By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D)   Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E)   The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F)   The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G)   It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

S8617253.1

755

(H)     The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.      **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.      **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.      **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.      **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1     In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2     The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3     The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.      **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617253.1

756

IN WITNESS of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:

SIGNED as a deed by
GRAHAM AUBREY COLLETT
in the presence of:

Signature

Witness signature _GAColett_

Name (in BLOCK CAPITALS)  ANTHONY STEPHEN ELLIS

Address  53 Mill Rise, Robertsbridge
East Sussex TN32, 5EG

AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:

EXECUTED as a deed by
SALAMANDER ASSOCIATES
LIMITED acting by a director, in the
presence of:

Signature

Print name

LEONARD O'BRIEN

Witness signature

Name (in BLOCK CAPITALS)  VINCENT DEGUINGAND

Address  14 rue Camps 74100 ANNEMASSE-FRANCE

58617253.1

3

757

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE**
**SERVICES SA** acting by a director, in the
presence of:

Signature

Director

Print name

LEONARA O'BRIEN

Witness signature

Name (in BLOCK CAPITALS)   VINCENT DEGUINGAND

Address 11 rue Camps   74100 ANNEMASSE - FRANCE

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature   Sayeda Meghjee

Name (in BLOCK CAPITALS)   SAYEDA KARA MEGHJEE

Address 19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA

OCCUPATION: HR DIRECTOR

58617253.1

758

Dated     MAY 3ʳᵈ      2020

(1)    **GRAHAM AUBREY COLLETT**

- and -

(2)    **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)    **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)    **KASSIM MEGHJEE**

---

**DEED OF RETIREMENT AND APPOINTMENT
OF TRUSTEE, AND APPOINTMENT OF SECOND
PROTECTOR
TO ORIGINAL PROTECTOR**

**RELATING TO THE LIGHTSTAR TRUST**

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617237.1

759

**THIS DEED** is made and delivered on the 3ᴿᴰ day of **MAY** 2020

**PARTIES**

(1) **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2) **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3) **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4) **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A) This Deed is supplemental to:

(i) the settlement dated 6 May 2015 known as The Lightstar Trust (the **Settlement**);

(ii) the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

(iii) all other deeds, instruments and documents supplemental thereto.

(B) The Retiring Trustee is the present trustee of the Settlement.

(C) By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D) Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E) The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F) The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

(G) It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

S8617237.1

760

(H) The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1. **DEFINITIONS AND CONSTRUCTION**

   In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2. **NOTICE OF RETIREMENT**

   The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3. **APPOINTMENT AND RETIREMENT OF TRUSTEE**

   In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4. **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1 In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2 The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3 The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5. **COUNTERPARTS**

   This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617237.1

2

761

**IN WITNESS** of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

## AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:

**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

> Signature
>
> _[signature]_

Witness signature _[signature]_

Name (in BLOCK CAPITALS) ANTHONY STEPHEN ELLIS

Address 53 Mill Rise, Robertsbridge
East Sussex, TN32 5EG

## AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:

**EXECUTED** as a deed by
**SALAMANDER ASSOCIATES
LIMITED** acting by a director, in the
presence of:



> Signature
>
> _[signature]_
>
> Print name
>
> LEONARD O'BRIEN

Witness signature _[signature]_

Name (in BLOCK CAPITALS) VINCENT DEGUINGAND

Address 11 rue Camps 74100 ANNEMASSE-FRANCE

58617237.1

762

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:

Signature

Print name

LEONARD O'BRIEN                  Director

Witness signature _____

Name (in BLOCK CAPITALS) _Vincent Deguingand_

Address _11 rue Camps 74100 ANNEMASSE-FRANCE_


**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature _Aayeda Meghjee_

Name (in BLOCK CAPITALS) _SAYEDA KARA MEGHJEE_

Address _19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA_

OCCUPATION: HR DIRECTOR

S8617237.1

4

763

Dated _____ MAY  3ᴿᴰ _____ 2020

(1)    **GRAHAM AUBREY COLLETT**

- and -

(2)    **SALAMANDER ASSOCIATES LIMITED**

- and -

(3)    **SALAMANDER CORPORATE SERVICES SA**

- and –

(4)    **KASSIM MEGHJEE**

---

## DEED OF RETIREMENT AND APPOINTMENT OF TRUSTEE, AND APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR

## RELATING TO THE OAKWOOD TRUST

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Phone: +44 (0)20 3321 7000
Fax: +44 (0)20 7404 5982
Ref: KM/38767.3
Email: kassim.meghjee@mishcon.com

58617286.1

764

**THIS DEED** is made and delivered on the 3RD day of MAY 2020

**PARTIES**

(1)    **GRAHAM AUBREY COLLETT** of 14 Rosewood Court, Orchard Road, Bromley, Kent BR1 2TT (the **Original Protector**);

(2)    **SALAMANDER ASSOCIATES LIMITED** a company organised under the laws of the British Virgin Islands with registered office situated at Trinity Chambers, PO Box 4301, Road Tow, Tortola, the British Virgin Islands (the **Retiring Trustee**);

(3)    **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the **New Trustee**); and

(4)    **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the **Second Protector**).

**BACKGROUND**

(A)    This Deed is supplemental to:

    (i)    the settlement dated 18 November 2015 known as The Oakwood Trust (the **Settlement**);

    (ii)    the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted and a restriction was imposed to prevent any Trust Company with certain connections to US Persons from being Trustees (as defined therein); and

    (iii)    all other deeds, instruments and documents supplemental thereto.

(B)    The Retiring Trustee is the present trustee of the Settlement.

(C)    By clause 16.4 (formerly sub-clause 17.4) of the Settlement the power of appointing an additional or new trustee or trustees thereof is vested in the Protector (as defined therein).

(D)    Sub-clauses 17.4 and 17.5 (formerly sub-clauses 18.4 and 18.5) of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees (as defined therein).

(E)    The Protector wishes to appoint the New Trustee to act as a trustee of the Settlement in place of the Retiring Trustee.

(F)    The Retiring Trustee wishes to be discharged from the trusts of the Settlement and to give notice of the same to the Protector in accordance with clause 16.2 (formerly sub-clause 17.2) of the Settlement.

58617286.1

765

(G)    It is intended that the property now in the Settlement shall be transferred to, or under the control of, the New Trustee.

(H)    The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

**NOW THIS DEED WITNESSES** as follows:-

1.    **DEFINITIONS AND CONSTRUCTION**

In this Deed, where the context admits, the definitions and rules of construction contained in the Settlement shall apply.

2.    **NOTICE OF RETIREMENT**

The Retiring Trustee hereby gives notice to the Protector of its retirement as trustee of the Settlement and the Retiring Trustee and the Protector **HEREBY AGREE** that such retirement will be effective immediately subject and pursuant to this Deed such that any notice period is waived.

3.    **APPOINTMENT AND RETIREMENT OF TRUSTEE**

In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Protector **HEREBY APPOINTS** the New Trustee to be a trustee of the Settlement in place of the Retiring Trustee who duly retires from the trusts thereof.

4.    **APPOINTMENT OF SECOND PROTECTOR TO ORIGINAL PROTECTOR**

4.1    In exercise of the power for the purpose conferred on him by the Settlement and of all (if any) other relevant powers, the Original Protector **HEREBY APPOINTS** the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

4.2    The Second Protector **HEREBY ACCEPTS** his appointment as second Protector to the Original Protector of the Settlement.

4.3    The Trustees, upon executing this Deed, **HEREBY ACCEPT** this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5 (formerly sub-clause 18.5) of the Settlement.

5.    **COUNTERPARTS**

This Deed may be executed in any number of counterparts each of which when executed shall be an original and all the counterparts together shall constitute one and the same deed.

58617286.1

2

766

IN WITNESS of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

**AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:**

SIGNED as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

Signature

*A.Collett*

Witness signature *AS Ellis*

Name (in BLOCK CAPITALS)  ANTHONY STEPHEN ELLIS

Address 53, MILL RISE, Robertsbridge

East Sussex  TN32, 5EG

**AGREED AND ACCEPTED BY THE RETIRING TRUSTEE:**

EXECUTED as a deed by
**SALAMANDER ASSOCIATES
LIMITED** acting by a director, in the
presence of:

Signature

Print name

LEONARD O'BRIEN

Witness signature

Name (in BLOCK CAPITALS)  VINCENT DEGUINGAND

Address  11 rue Camps  74100 ANNEMASSE -

FRANCE

58617286.1

3

767

**AGREED AND ACCEPTED BY THE NEW TRUSTEE:**

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:

Signature

Director

Print name

LEONARD O'BRIEN

Witness signature _____

Name (in BLOCK CAPITALS)  VINCENT DEGUINGAND

Address  11 rue Camps 74100 ANNEMASSE FRANCE

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature

Witness signature  Hayda Nguyen

Name (in BLOCK CAPITALS)  SAYEDA KABA MEGHJEE

Address 19 CASSIOBURY PARK AVE, WATFORD, WD18 7LA

OCCUPATION: HR DIRECTOR

58617286.1

4

768

Date _____ 11 / 03 / _____ 2020

**SALAMANDER CORPORATE SERVICES SA**

(Trustees)

and

**GRAHAM AUBREY COLLETT**

(Original Protector)

and

**KASSIM MEGHJEE**

(Second Protector)

---

## DEED OF APPOINTMENT OF SECOND PROTECTOR

## TO ORIGINAL PROTECTOR

## RELATING TO THE GALACTEA TRUST

---

Mishcon de Reya LLP
Africa House
70 Kingsway
London WC2B 6AH
Tel: +44 20 3321 7000
Fax: +44 20 7404 5982
Ref: 4467/KM/NS/38767.3

46946928.1

1

KM. 769

**DEED OF APPOINTMENT OF SECOND PROTECTOR TO THE ORIGINAL PROTECTOR**

**DATE:**                         $\mathcal{11}$ $\big/$ $03$ $\big/$          2020

**PARTIES**

(1)    **SALAMANDER CORPORATE SERVICES SA** a company organised under the laws of Geneva, Switzerland with registered office situated at Rue Jean-Gabriel Eynard 8, 1205 Geneva, Switzerland (the 'Trustees');

(2)    **GRAHAM AUBREY COLLETT** of 6 Timber Close, Chislehurst, Kent BR7 5PA (the 'Original Protector'); and

(3)    **KASSIM MEGHJEE** of 70 Kingsway, London, WC2B 6AH (the 'Second Protector').

**RECITALS**

(A)    This Deed is supplemental to:

(i)    the deed of settlement dated 23 December 2012 known as THE GALACTEA TRUST, as amended and restated on 13 November 2019 (the "Settlement");

(ii)   the confirmatory note in relation to the Settlement as amended and restated, dated 13 November 2019;

(iii)  the deed of retirement and appointment of trustee dated 13 November 2019, whereby the original trustee of the Settlement retired as trustee of the Settlement and the Trustee was appointed in its place;

(iv)   a deed of change of governing law and court with jurisdiction dated 13 November 2019, whereby the governing law of the                                     Settlement became the law of England and Wales and the courts of England and Wales acquired jurisdiction with regard to the validity, construction, effects and administration of the Settlement (including, for the avoidance of doubt, in relation to the resolution of disputes regarding the Settlement);

(v)    the deed of amendment dated 15 December 2017, whereby the original clause 7 (*Grantor's Power of Revocation*) was deleted; and

(vi)   all other deeds, instruments and documents supplemental thereto.

(B)    Sub-clauses 17.4 and 17.5 of the Settlement provide that the Original Protector shall have power, exercisable by written instrument, to appoint any other person or succession of persons to be protector or successive protectors of the Settlement, provided such written instrument is signed by the Original Protector and such additional protector or protectors, and such appointment shall take effect when written notice of such appointment has been given to the Trustees.

(C)    The Trustees are the present trustee of the Trust.

(D)    The Original Protector wishes to appoint the Second Protector to act as second Protector to the Original Protector of the Settlement, the Second Protector wishes to accept such appointment, and the Trustees wish to accept this Deed as written notice of such appointment.

46946928.1                                      2

770

**OPERATIVE PROVISIONS**

1. In exercise of the power under sub-clause 17.4 of the Settlement and all other powers (if any), the Original Protector hereby appoints the Second Protector as the second Protector to the Original Protector of the Settlement, effective from the date of this Deed.

2. The Second Protector accepts his appointment as second Protector to the Original Protector of the Settlement.

3. The Trustees, upon executing this Deed, accept this Deed as written notice of the appointment of the Second Protector to the Original Protector of the Settlement, in accordance with sub-clause 17.5.

46946928.1                                          3

771

**IN WITNESS** of which this Deed has been duly executed as a deed and has been delivered on the date written at the beginning of this Deed.

**EXECUTED** as a deed by
**SALAMANDER CORPORATE
SERVICES SA** acting by a director, in the
presence of:

Signature _____ Director

Print name _____

LEONARD O'Brien

Witness signature _____

Name (in BLOCK CAPITALS) _Vinent DEGUINGANA_

Address _11 rue Camps 74100 ANNEMASSE - FRANCE_

...............................................................................................

**AGREED AND ACCEPTED BY THE ORIGINAL PROTECTOR:**

**SIGNED** as a deed by
**GRAHAM AUBREY COLLETT**
in the presence of:

Signature _____ Collett

Witness signature _____

Name (in BLOCK CAPITALS) _____

Address _____

**AGREED AND ACCEPTED BY THE SECOND PROTECTOR:**

**SIGNED** as a deed by
**KASSIM MEGHJEE**
in the presence of:

Signature _____ Kassim MEGHJEE

Witness signature _S Adams_

Name (in BLOCK CAPITALS) _STUART ADAMS_

Address _MISHCON DE REYA UP, 70 KINGSWAY
LONDON WC2B 6AH._

46946928.1                                        4

772



**CharlesRussell Speechlys**

DATED     27 July     2021

(1)   **GRAHAM AUBREY COLLETT**

and

(2)   **ALEXANDRA ISSA**

---

## DEED OF APPOINTMENT OF SUCCESSOR PROTECTOR

### (The Galactea Trust)

---

5, Rue de la Confédération, 1204 Geneva Switzerland
Tel: +41 (0)22 591 1888 • Fax: +41 (0)22 591 1899
www.charlesrussellspeechlys.com

773

**THIS DEED OF APPOINTMENT OF SUCCESSOR PROTECTOR** is made on
27 July     2021

**BETWEEN**

(1)  **GRAHAM AUBREY COLLETT** of 53 Mill Rise, Robertsbridge, East Sussex, TN 32 5EG (the **Original Protector**); and

(2)  **ALEXANDRA ISSA** of 232 Hammersmith Grove, London W8 4PD, United Kingdom (the **Successor Protector**).

**WHEREAS**

(A)  This Deed is supplemental to the trust deed dated 23 December 2012 and made between (1) Delphine Anne Le Dain as settlor (the **Settlor**), (2) Salamander Associates Limited as original trustee and (3) the Original Protector, establishing the Galactea Trust (the **Trust**).

(B)  Pursuant to clause 18.4(a) and (c) of the Trust, the Original Protector may, by written instrument, appoint any other person or succession of persons to be protector or successive protectors of the trust, either in addition to or to succeed it, and any appointment of a new or additional protector shall take effect immediately unless it is expressly stated to take effect on the death, resignation or incapacity of one or more of the protectors then in office in which case the appointment shall become effective on such death, resignation or incapacity (the **Original Protector's Power**).

(C)  Pursuant to clause 18.5 of the Trust, any appointment exercised under the Original Protector's Power shall only take effect when written notice of such appointment has been given to the Trustee.

(D)  The Original Protector is desirous of appointing the Successor Protector to serve as successor Protector of the Trust.

(E)  It is intended that all the powers of the Protector as set out in the Settlement shall forthwith vest in the Successor Protector as successor Protector of the Settlement.

(F)  The Successor Protector is joined to this deed to evidence her agreement that the Protector's powers be vested in her as successor Protector of the Settlement.

(G)  The Original Protector will notify the Trustee of the appointment of the Successor Protector as successor protector of the Trust.

(H)  For the avoidance of doubt, the assumption of office as Protector by the Successor Protector is conditional upon and subject to the Original Protector (as the current sole Protector of the Trust) ceasing to be protector of the Trust.

ZURICH_LIVE/480905.1

774

**NOW THIS DEED WITNESSES** as follows:

## 1.    INTERPRETATION

1.1    Expressions defined in the Trust shall so far as the context permits have the same meanings in this deed.

1.2    The headings in this deed shall not affect its interpretation or construction.

## 2.    APPOINTMENT OF SUCCESSOR PROTECTOR AND ACKNOWLEDGEMENT

2.1    In exercise of the Original Protector's Power and all other powers (if any) the Original Protector hereby appoints the Successor Protector to act as successor protector of the Trust.

2.2    The Successor Protector hereby accepts such appointment as successor protector.

2.3    The appointment contained in this deed shall not take effect until the Original Protector ceases being protector of the Trust.

## 3.    COUNTERPARTS

This deed may be executed in any number of counterparts (including facsimile or scanned exchanged signed counterparts), each of which when executed and delivered shall be an original, but the counterparts together shall constitute one and the same instrument.

## 4.    PROPER LAW

This deed shall be governed by and construed in accordance with the law of England and Wales and the parties hereto irrevocably submit to the non-exclusive jurisdictions of the courts of the said England and Wales.

**EXECUTED** as a deed the date and year first above written.

ZURICH_LIVE/480905.1

775

**SIGNED** and **DELIVERED** as a **DEED** by )
**GRAHAM AUBREY COLLETT** in his )
capacity as Original Protector of the )
**Galactea Trust** in the presence of: )

Witness: *Bacey*

Name: Iryna Tsenzharyk

Address: 30 Firs Avenue

London N11 3NG

Occupation: Consultant

**SIGNED** and **DELIVERED** as a **DEED** by )
**ALEXANDRA ISSA** in her capacity as )
Successor Protector of the )
**Galactea Trust** in the presence of: )

Witness: 

Name: 

Address: 

Occupation: 

3

776

**SIGNED** and **DELIVERED** as a **DEED** by )
**GRAHAM AUBREY COLLETT** in his )
capacity as Original Protector of the )
**Galactea Trust** in the presence of: )

.......... *GACollett* ..........

Witness: .......... *Bacey* ..........

Name: .......... Iryna Tsenzharyk ..........

Address: .......... 30 Firs Avenue ..........

.......... London N11 3NG ..........

Occupation: .......... Consultant ..........


**SIGNED** and **DELIVERED** as a **DEED** by )
**ALEXANDRA ISSA** in her capacity as )
Successor Protector of the )
**Galactea Trust** in the presence of: )

.......... ..........

Witness: .......... ..........

Name: BRIAN HOOPER

Address: LOS GRANADOS PLAYA 1-3-1
29680 ESTEPONA, SPAIN

Occupation: RETIRED

**(1)  HERVÉ BENZAKEIN**
(as Protector)

and

**(2)  SUMMIT TRUST (CAYMAN) LIMITED**
(as New Trustee)

**REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of The Galactea Trust**

778



## DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

DATE 3 OCTOBER 2023

### PARTIES

1        **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2        **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

### RECITALS

A        This deed is supplemental to:

1        a deed of settlement ("the Trust Deed") dated 23 December 2012 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Galactea Trust was constituted ("the Settlement");

2        a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3        a deed of retirement and appointment of trustee and made between (1) the Original Protector, (2) the Original Trustee, and (3) Salamander Corporate Services SA ("the Trustee");

4        a deed of appointment of second protector to original protector dated 11 March 2020 and made between (1) the Trustee, (2) the Original Protector and (3) Kassim Meghjee as second protector ("the Second Protector");

5        a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

779

6        a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

7        a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

8        all other deeds, instruments and documents supplemental thereto.

B        By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C        The present sole trustee of the Settlement is the Trustee.

D        The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1        In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2        The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3        It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

4        The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed

2

780

shall continue in force and effect except for any such invalid or unenforceable provision.

5    This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6    Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of England.

\* \* \* \* \*

3

781

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED
by **HERVÉ BENZAKEIN**

in the presence of:

Signature of Witness: ...M7U.è.ю..................

Name: ...HARRY  VIGGERS.....................

Address: ...Chem. du Naut-de-Crête-Cuu 16.........

...1290 Vesoix, Genève, Switzerland...

Occupation: ...Sr. Trt  Administrator...



THE COMMON SEAL of **SUMMIT**
**TRUST (CAYMAN) LIMITED**
was hereunto affixed in the presence
of:

~~Director~~/Authorized Signatory: ...................................

~~Director~~/Authorized Signatory: ...................................

67

782

4

# DEED OF INDEMNITY

## RE:

## THE GALACTEA TRUST

783

**THIS DEED OF INDEMNITY** is made the  27th  day of ....*MARCH*........., 2024

**BETWEEN:**

(1)  **Summit Trust (Cayman) Limited**, a company incorporated in the Cayman Islands under registered number CL-196397 (the **Covenantor"**);

(2)  **Salamander Corporate Services SA** a company organized under the laws of Geneva, Switzerland and having its registered office at Rue Jean-Gabriel Eynard 8, CH-1205 Geneva, Switzerland (the **"Removed Trustee"**); and

(3)  **Herve Benzakein** of c/o HBS SA, Rue de la Rotisserie, CH-1204 Geneva, Switzerland (the **"Protector"**).

**WHEREAS:**

(A)  The Covenantor is the present sole trustee of a settlement known as The Galactea Trust ("the **Settlement"**, an English law trust originally established under the laws of the British Virgin Islands on 23 December 2012) and the Removed Trustee is the former trustee of the Settlement having been removed on 3 October 2023.

(B)  The Covenantor wishes to grant an indemnity to the Removed Trustee in accordance with clause 17.7 of the Settlement, and in respect of which it would have rights of lien and / or indemnity at common law and / or in statute and / or equity.

(C)  The Removed Trustee has agreed to cooperate to facilitate the transfer to the Covenantor of (i) all assets and interests comprised in the Settlement and (ii) all directorships or similar of entities within the Trust Fund and held by the Removed Trustee or its group undertakings, in all cases as soon as reasonably practicable following execution of this deed subject to the Covenantor and the Removed Trustee entering into an undertaking supplemental to this present deed and in respect of certain foreseen or foreseeable liabilities to which indemnities herein given relate (hereinafter referred to as the **"Specific Undertaking"**).

(D)  This deed is supplemental to the Settlement and to the additional deeds and instruments listed in Schedule 3 hereto.

(E)  The Protector is the current protector of the Settlement and is a party to this deed to confirm his consent to the terms of the indemnity in accordance with the third proviso of clause 17.7 of the Settlement.

**NOW THIS DEED WITNESSES** that:

1.  **Definitions**

In this deed:

1

**784**

1.1    the "**Indemnified Persons**" means the Removed Trustee and its successors and the present, former and future directors, officers and employees of the Removed Trustee and its successors and the respective heirs, personal representatives and estates of such directors, officers and employees and each of them;

1.2    references to the "**Removed Trustee**" include their respective successors and assigns;

1.3    definitions established in the non-operative parts of this deed are incorporated into the operative parts; and

1.4    subject thereto, words and expressions used in this deed shall, unless the context otherwise requires, have the meanings given to them by the Settlement.

## 2.    Indemnity

2.1    The Covenantor hereby covenants with the Removed Trustee for itself and for each of the Indemnified Persons as trustee of this covenant for their benefit, that the Covenantor will indemnify and keep each of the Indemnified Persons indemnified from and against the liabilities described in clause 2.2 subject to the limitations and stipulations described in clauses 2.3 to 2.6.

2.2    The liabilities to which this indemnity relates are (subject to clause 2.3) any liabilities, actions, proceedings, claims, demands, taxes and duties and all associated and other interest, penalties, costs and expenses or other liability of any nature in respect of the Trust Fund of the Settlement or otherwise in connection with the Settlement in respect of which any of the Indemnified Persons may be or become liable as trustee thereof or otherwise in connection with the Settlement.

2.3    This indemnity relates to all the liabilities referred to in clause 2.2 except for, as provided by clause 62 of the Settlement (as amended), being those arising from the fraud, dishonesty, wilful misconduct or negligence of the Removed Trustee.

2.4    The Specific Undertaking shall be considered to be incorporated into the terms of this deed. In the event of any conflict between the terms of the Specific Undertaking and of this deed the former shall prevail.

2.5    The liability of the Covenantor under this deed shall be limited in the following manner:

   (1)    The Covenantor's liability shall be limited to the amount or value from time to time of the Trust Fund of the Settlement that is vested in the Covenantor and under its control subject to sub-clause (2) below.

   (2)    (a)    On any appointment of a new trustee or trustees of the Settlement the Covenantor shall ensure that the persons then appointed trustee or trustees shall enter into a deed substantially in the form of the deed in Schedule 1 hereto and such deed shall be delivered to the Removed Trustee, otherwise the Covenantor shall remain liable under the terms of this deed.

          (b)    In the event that a deed substantially in the form of the deed in Schedule 1 hereto is entered into in accordance with sub-paragraph (a) above then the liability of the Covenantor (at that time ceasing to be a trustee of the Settlement) under this deed shall (in accordance with sub-clause (1)) thereafter be limited to the amount or value of such part (if any) of the capital of the Trust Fund as is retained by it.

   (3)    (a)    On any occasion on which any person becomes absolutely entitled to any part of the trust fund of the Settlement (a "**Capital Distribution**"), the liability of the Covenantor shall extend (in addition to the assets referred to in sub-clause (1)

2

**785**

above) to the value on the date of the Capital Distribution of the assets being distributed to the recipient or the trustees of the other settlement, UNLESS the Covenantor shall procure that such person enters into a deed substantially in the form of the deed in Schedule 2 hereto.

(b)     In the event that a deed substantially in the form of the deed in Schedule 2 hereto is entered into then the liability of the Covenantor under this deed shall in accordance with sub-clause (1) thereafter be limited to the amount or value from time to time of such part (if any) of the capital of the funds subject to the Settlement as is retained by it.

2.6     No claim may be made under this deed after the expiry of the period of seven years from the date hereof.

3.     Any notice to be served under this deed must either be delivered by courier or sent by prepaid first class registered post to the person to be served at his or its address appearing in this deed or in the schedules to this deed, or at such other address as he or it may have notified to the other parties as being his or its address for service.

4.     This deed shall take effect from the date first appearing above.

5.     Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part.

6.     This deed is made under and shall be construed in accordance with English law and the parties hereby submit to the jurisdiction of the courts of England & Wales.

7.     This deed may be entered into in any number of counterparts all of which taken together shall constitute one and the same deed and any party may enter into this deed by executing a counterpart.

* * * * *

3

786

## SCHEDULE 1

### (Clause 2.5(2))


THIS DEED OF INDEMNITY is made on [                                    ], 20[        ]

BY [                                    ] of [                                    ] and

WHEREAS this deed is supplemental to a deed of indemnity (the **Principal Deed**) dated [                    ] between Summit Trust (Cayman) Limited (the **Covenantor**) and Salamander Corporate Services SA (the **Removed Trustee**) and **Herve Benzakein** of c/o HBS SA, Rue de la Rotisserie, CH-1204 Geneva. Switzerland (the **Protector**)

1.      We acknowledge that:

   (1)    upon a change of trustees we are the present trustees of the Settlement referred to in the Principal Deed; and

   (2)    all the assets subject to the Settlement are vested in us or under our control.

2.      We accede to the Principal Deed and jointly and severally assume the obligations of the Covenantor under the Principal Deed as therein prescribed.


SIGNED as a deed and delivered by        )

[                                    ])

in the presence of:                    )




THE COMMON SEAL of                    )

[                                    ])

was affixed to this deed              )

in the presence of:                   )

4

787

## SCHEDULE 2

### (Clause 2.5(3))

THIS DEED OF INDEMNITY is made on [                    ], 20[        ]

BY [                         ] of [                              ]

WHEREAS this deed is supplemental to a deed of indemnity (the **Principal Deed**) dated [                    ] between Summit Trust (Cayman) Limited (the **Covenantor**) and Salamander Corporate Services SA (the **Removed Trustee**) and **Herve Benzakein** of c/o HBS SA, Rue de la Rotisserie, CH-1204 Geneva, Switzerland (the **Protector**)

1.    I acknowledge that I have received from the funds subject to the Settlement referred to in the Principal Deed the assets listed in the schedule hereto (the **Assets**) as a capital distribution to me.

2.    I accede to the Principal Deed and assume the obligations of the Covenantor under the Principal Deed as therein prescribed in respect of the Assets.

### SCHEDULE

### [Assets]

SIGNED as a deed and delivered by          )

[                                         ])

in the presence of:                        )

788

## SCHEDULE 3

(The Settlement and supplementary deeds or instruments affecting the Settlement)

1. Deed of Settlement dated 23 December 2012 ("the Settlement").
2. Deed of Amendment dated 15 December 2017
3. Deed of Retirement and Appointment of Trustee dated 11 March 2020
4. Deed of Appointment of Second Protector dated 11 March 2020
5. Letter of Resignation of Second Protector dated 22 February 2021
6. Revocable Deed of Amendment Regarding the Beneficial Class dated 12 April 2022
7. Deed of Resignation and Appointment of Successor Protector dated 9 August 2023
8. Deed of Removal and Appointment of Trustee dated 3 October 2023

789

IN WITNESS of which this deed has been executed on the date which first appears at the top of the first page.

EXECUTED as a deed by SUMMIT TRUST )
(CAYMAN) LIMITED )                ....................................................
acting by: JOANNE MORSE )          (Director/Authorized Signatory)
& CHRISTIAN LONG )
)
)                                  ....................................................
)                                  (Director/Authorized Signatory)

In the presence of:

....................................................
(Witness)

726

EXECUTED as a deed by SALAMANDER )
CORPORATE SERVICES SA )            ....................................................
acting by: LEONARD O'BRIEN )       (Director/Authorized Signatory)
& DMITRY ZVONAREV )
)
)                                  ....................................................
)                                  (Director/Authorized Signatory)

In the presence of:

....................................................
(Witness)

Executed as a Deed (and delivered) by )
HERVE BENZAKEIN )
in the presence of: )

Witness' signature:    ....................................................

Witness' name:         Tomas Garcia-Lea

Witness' address:      6 Place de Eaux-Vives
                       Geneva, Switzerland

                       ....................................................

Witness' occupation:   Snr Trust Administrator

790

**(1)  HERVÉ BENZAKEIN**
**(as Protector)**


and


**(2)  SUMMIT TRUST (CAYMAN) LIMITED**
**(as New Trustee)**


and


**(3) SUMMIT TRUST INTERNATIONAL SA**
**(as New Trustee)**


**REMOVAL of SALAMANDER ASSOCIATES LIMITED and**
**SALAMANDER CORPORATE SERVICES SA**
**and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED and SUMMIT TRUST**
**INTERNATIONAL SA**
**as Trustees of The Big Valley Trust**


791



# DEED OF REMOVAL AND APPOINTMENT OF TRUSTEES

**DATE**  3 OCTOBER 2023

## PARTIES

1    **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2    **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands; and

3    **SUMMIT TRUST INTERNATIONAL SA**, a company incorporated and existing under the law of Switzerland and having its registered office at Place des Eaux-Vives 6, 1207 Geneva, Switzerland

(together "the New Trustees").

## RECITALS

A    This deed is supplemental to:

1    a deed of settlement ("the Trust Deed") dated 7 July 2014 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Big Valley Trust was constituted ("the Settlement");

2    a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3    a deed of appointment of new trustee dated 11 January 2019 and made between (1) the Original Protector, (2) the Original Trustee, and (3) the Salamander Corporate Services SA as additional trustee ("Second Trustee");

1

<span style="color:red">792</span>

4      a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Original Trustee and Second Trustee and (2) the Original Protector;

5      a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) Graham Aubrey Collett and (2) the Protector; and

6      all other deeds, instruments and documents supplemental thereto.

B      By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C      The present trustees of the Settlement are the Trustee and Second Trustee.

D      The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Original Trustee and Second Trustee as the trustees of the Settlement and appoint in their place the New Trustees.

## REMOVAL AND APPOINTMENT

1      In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Original Trustee and Second Trustee as the trustees of the Settlement and appoints the New Trustees to be the trustees of the Settlement in their place from the date of this deed.

2      The New Trustees hereby confirm that they each accept the office of trustee of the Settlement from the date of this deed.

3      It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Original Trustee

2

793

and Second Trustee under the Settlement shall immediately vest in the New Trustees.

4      The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5      This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6      Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

\* \* \* \* \*

3

794

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals or executed this deed on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED )
by **HERVÉ BENZAKEIN** )
)
in the presence of: )

Signature of Witness: ........................

Name: ..HARRY...VIGGERS.....................

Address: ..Ch. Nant-de-Crève-Coeur 16..

..129 0 Versoix, Genève, Switzerld..

Occupation: ..Jr. Trust Administrator....

4

795

THE COMMON SEAL of **SUMMIT**   )
**TRUST (CAYMAN) LIMITED**   )
was hereunto affixed in the presence   )
of:

~~Director~~/Authorized Signatory: ………………………………………

Director/Authorized Signatory: …………………………………………



682.

EXECUTED AS A DEED BY **SUMMIT**   )
**TRUST INTERNATIONAL SA**   )
acting by:   )

~~Director~~/Authorized Signatory: …………………………………

~~Director~~/Authorized Signatory: …………………………………

103

796

5

**(1) HERVÉ BENZAKEIN**
(as Protector)

and

**(2) SUMMIT TRUST (CAYMAN) LIMITED**
(as New Trustee)

**REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of The Dina Maropa Trust**

797



# DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3 OCTOBER 2023

## PARTIES

1         **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2         **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

## RECITALS

A         This deed is supplemental to:

1         a deed of settlement ("the Trust Deed") dated 7 July 2014 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Dina Maropa Trust was constituted ("the Settlement");

2         a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3         a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4         a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

798

5    a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6    a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7    all other deeds, instruments and documents supplemental thereto.

B    By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C    The present sole trustee of the Settlement is the Trustee.

D    The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1    In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2    The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3    It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

2

799

4    The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5    This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6    Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

\* \* \* \* \*

800

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED )
by **HERVÉ BENZAKEIN**                 )
                                                            )
in the presence of:                            )

Signature of Witness: ...MTV....

Name: ..HARRY VICGERI...

Address: .Chem. du Nout-de-Grêve-Coul 16

.....1290 Vesoix, Genève, Switzerland...

Occupation: ...Jr. Tryt Administeder...



THE COMMON SEAL of **SUMMIT**     )
**TRUST (CAYMAN) LIMITED**              )
was hereunto affixed in the presence     )
of:

Director/Authorized Signatory: ...........

Director/Authorized Signatory: ......Jannolla...

681

4

**801**

(1) **HERVÉ BENZAKEIN**
(as Protector)


and


(2) **SUMMIT TRUST (CAYMAN) LIMITED**
(as New Trustee)


**REMOVAL of SALAMANDER CORPORATE SERVICES SA**
**and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED**
**as Trustee of The Iverna Trust**

802



## DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3ʳᵈ October 2023

**PARTIES**

1      **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2      **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

**RECITALS**

A      This deed is supplemental to:

1      a deed of settlement ("the Trust Deed") dated 7 July 2014 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Iverna Trust was constituted ("the Settlement");

2      a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3      a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4      a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

**803**

5        a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6        a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7        all other deeds, instruments and documents supplemental thereto.

B        By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C        The present sole trustee of the Settlement is the Trustee.

D        The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1        In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2        The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3        It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

804

4    The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5    This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6    Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

\* \* \* \* \*

3

805

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED
by **HERVÉ BENZAKEIN**                    )
                                          )
in the presence of:                       )
                                          )

Signature of Witness: .....M7 Vess..............

Name: ...HARRY VIGGERS.....................

Address: ...Chen. du. Nont-de-Crève-Crw.16

...1290 Versoix. Genève., Switzerland

Occupation: ..Jr. Tnt. Adminatrator....

THE COMMON SEAL of **SUMMIT**            )
**TRUST (CAYMAN) LIMITED**               )
was hereunto affixed in the presence     )
of:



676

~~Director/~~Authorized Signatory: ...............

~~Director/~~Authorized Signatory: ...............

4

**806**

(1)  HERVÉ BENZAKEIN
(as Protector)


and


(2)  SUMMIT TRUST (CAYMAN) LIMITED
(as New Trustee)


**REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of The Atlas Trust**

807



# DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3 OCTOBER 2023

## PARTIES

1            **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2            **SUMMIT TRUST (CAYMAN) LIMITED,** a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

## RECITALS

A            This deed is supplemental to:

1            a deed of settlement ("the Trust Deed") dated 16 July 2014 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Atlas Trust was constituted ("the Settlement");

2            a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3            a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4            a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

808

5        a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6        a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7        all other deeds, instruments and documents supplemental thereto.

B        By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C        The present sole trustee of the Settlement is the Trustee.

D        The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1        In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2        The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3        It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

4        The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed

2

809

shall continue in force and effect except for any such invalid or unenforceable provision.

5      This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6      Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

\* \* \* \* \*

3

810

811

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED
by **HERVÉ BENZAKEIN**

in the presence of:

Signature of Witness: ...........MWVp..............

Name: ...HARRY VIGGERS.....................

Address: ..Chem. du Nont-de-Crève-Coer 16

..1290 Vesore, Genève., Switzerland....

Occupation: ..Jr.....Trst Administrator...

THE COMMON SEAL of **SUMMIT
TRUST (CAYMAN) LIMITED**
was hereunto affixed in the presence
of:

~~Director/~~Authorized Signatory: ........................

~~Director/~~Authorized Signatory: ........................



675

4

**(1)  HERVÉ BENZAKEIN**
(as Protector)


and


**(2)  SUMMIT TRUST (CAYMAN) LIMITED**
(as New Trustee)


**REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of the Bluestone Trust**

<span style="color:red">812</span>



# DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3 OCTOBER 2023

## PARTIES

1       **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2       **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

## RECITALS

A       This deed is supplemental to:

1       a deed of settlement ("the Trust Deed") dated 6 May 2015 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Bluestone Trust was constituted ("the Settlement");

2       a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3       a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4       a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

**813**

5          a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6          a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7          all other deeds, instruments and documents supplemental thereto.

B          By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C          The present sole trustee of the Settlement is the Trustee.

D          The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1          In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2          The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3          It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement

2

814

and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

4    The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5    This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6    Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

* * * * *

3

815

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this Deed.

SIGNED as a DEED and DELIVERED
by **HERVÉ BENZAKEIN**

in the presence of:

Signature of Witness: ....MBVᵤz.ₑ.............

Name: ..HARRY...VIGGERS....................

Address: ...Chen.. du. Nant-de-Crève. feur 16

...1290 Vesok, Genève, Switzeland...

Occupation: ...Trust Administrator....

THE COMMON SEAL of **SUMMIT
TRUST (CAYMAN) LIMITED**
was hereunto affixed in the presence
of:



677

Director/Authorized Signatory: ...........

Director/Authorized Signatory:.............

**816**

817

(1)  HERVÉ BENZAKEIN
(as Protector)


and


(2)  SUMMIT TRUST (CAYMAN) LIMITED
(as New Trustee)


REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of The Delfinity Trust



## DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3 OCTOBER 2023

**PARTIES**

1    **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2    **SUMMIT TRUST (CAYMAN) LIMITED,** a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

**RECITALS**

A    This deed is supplemental to:

1    a deed of settlement ("the Trust Deed") dated 6 May 2015 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Delfinity Trust was constituted ("the Settlement");

2    a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3    a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4    a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

<span style="color:red">818</span>

5      a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6      a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7      all other deeds, instruments and documents supplemental thereto.

B      By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C      The present sole trustee of the Settlement is the Trustee.

D      The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1      In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2      The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3      It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

819

4       The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5       This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6       Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

\* \* \* \* \*

3

820

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED
by **HERVÉ BENZAKEIN**     )
     )
     )
in the presence of:     )
     )

Signature of Witness: ...MTV.........

Name: ...HARRY VIGGERS...........

Address: Chem. du Naut-de-creve-(œv-16

...1290 versox Genève., Switzeland.

Occupation: Sr. Trust Administrator.

THE COMMON SEAL of **SUMMIT**     )
**TRUST (CAYMAN) LIMITED**     )
was hereunto affixed in the presence     )
of:

~~Director~~/Authorized Signatory: ...........................

~~Director~~/Authorized Signatory: ...........................



674

821

822

**(1)  HERVÉ BENZAKEIN**
(as Protector)

and

**(2)  SUMMIT TRUST (CAYMAN) LIMITED**
(as New Trustee)

**REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of The Ithaque Trust**



# DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3 OCTOBER 2023

## PARTIES

1    **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2    **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

## RECITALS

A    This deed is supplemental to:

1    a deed of settlement ("the Trust Deed") dated 6 May 2015 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Ithaque Trust was constituted ("the Settlement");

2    a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3    a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4    a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

<span style="color:red">823</span>

5          a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6          a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7          all other deeds, instruments and documents supplemental thereto.

B          By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C          The present sole trustee of the Settlement is the Trustee.

D          The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1          In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2          The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3          It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

2

824

4    The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5    This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6    Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

* * * * *

3

825

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED  )
by **HERVÉ BENZAKEIN**  )
  )
in the presence of:  )

Signature of Witness: …M. Uggas…………………

Name: …HARRY  VIGGERS………………

Address: …Chem. du Nant de - Grève tour 16

…1290 Vesoix… Genève. Switzerland.

Occupation: …Jr. Trust Administrator………

THE COMMON SEAL of **SUMMIT**  )
**TRUST (CAYMAN) LIMITED**  )
was hereunto affixed in the presence  )
of:

Director/Authorized Signatory: ……………………

Director/Authorized Signatory: ……………………



680

826

4

(1)  **HERVÉ BENZAKEIN**
(as Protector)

and

(2)  **SUMMIT TRUST (CAYMAN) LIMITED**
(as New Trustee)

**REMOVAL of SALAMANDER CORPORATE SERVICES SA
and APPOINTMENT of SUMMIT TRUST (CAYMAN) LIMITED
as Trustee of The Oakwood Trust**

827



# DEED OF REMOVAL AND APPOINTMENT OF TRUSTEE

**DATE** 3ʳᵈ ᴏᴄᴛᴏʙᴇʀ 2023

## PARTIES

1   **HERVÉ BENZAKEIN** of c/o HBS SA, Rue de la Rôtisserie, CH-1204 Geneva, Switzerland ("the Protector"); and

2   **SUMMIT TRUST (CAYMAN) LIMITED**, a company incorporated and existing under the law of the Cayman Islands and having its registered office at Buckingham Square, 720 West Bay Road, PO Box 601, Grand Cayman, KY1-9006, Cayman Islands ("the New Trustee").

## RECITALS

A   This deed is supplemental to:

1   a deed of settlement ("the Trust Deed") dated 18 November 2015 and made between (1) Delphine Anne Le Dain as Grantor, (2) Salamander Associates Limited as Original Trustee ("the Original Trustee"), and (3) Graham Aubrey Collett as Original Protector ("the Original Protector") by which a settlement known as the Oakwood Trust was constituted ("the Settlement");

2   a deed of amendment of the Settlement dated 15 December 2017 and made between (1) Delphine Anne Le Dain as Grantor, (2) the Original Trustee, and (3) the Original Protector;

3   a deed of retirement and appointment of trustee and appointment of second protector to original protector dated 3 May 2020 and made between (1) Original Trustee, (2) Salamander Corporate Services SA ("the Trustee") and (3) Graham Aubrey Collett and (3) Kassim Meghjee as second protector ("the Second Protector");

4   a letter of resignation dated 22 February 2021 and made by the Second Protector;

1

**828**

5    a revocable deed of amendment regarding the beneficial class of the Settlement dated 12 April 2022 and made between (1) the Trustee and (2) the Original Protector;

6    a deed of resignation and appointment of successor protector of the Settlement dated 9 August 2023 and made between (1) the Original Protector and (2) the Protector; and

7    all other deeds, instruments and documents supplemental thereto.

B    By clause 17.3 of the Trust Deed the Protector shall have the power to remove any or all of the trustees of the Settlement with or without cause and by clause 17.4 shall have the power to appoint a new or additional trustee or trustees where a trustee has been removed.

C    The present sole trustee of the Settlement is the Trustee.

D    The Protector is the present sole protector of the Settlement and wishes to exercise the said powers to remove the Trustee as the trustee of the Settlement and appoint in its place the New Trustee.

## REMOVAL AND APPOINTMENT

1    In exercise of the powers conferred upon the Protector under clauses 17.3 and 17.4 of the Trust Deed and all other powers (if any) so enabling, the Protector hereby removes the Trustee as the trustee of the Settlement and appoints the New Trustee to be the trustee of the Settlement in its place from the date of this deed.

2    The New Trustee hereby confirms that it accepts the office of trustee of the Settlement from the date of this deed.

3    It is hereby agreed and declared that the appointment and removal of trustee takes immediate effect and that the property now subject to the trusts of the Settlement and all rights, powers, interests and entitlements arising to the Trustee under the Settlement shall immediately vest in the New Trustee.

2

829

4    The invalidity or unenforceability of any provision of this deed shall not affect the validity or enforceability of any other provision of this deed and this deed shall continue in force and effect except for any such invalid or unenforceable provision.

5    This deed may be executed in two or more counterparts each of which shall when executed and delivered constitute an original but all of which together shall constitute one and the same deed and which shall be effective and valid when all counterparts have been executed.

6    Terms defined in the recitals part of this deed shall bear a corresponding meaning in the operative part. This deed shall be governed by and construed in accordance with the laws of the British Virgin Islands.

* * * * *

3

830

IN WITNESS whereof the Parties hereto have hereunto set their hands or affixed their Common Seals on the date set out at the head of this deed.

SIGNED as a DEED and DELIVERED
by **HERVÉ BENZAKEIN**                    )
                                          )
in the presence of:                       )
                                          )

Signature of Witness: ..... MTV ..............

Name: ...HARRY VILLERS..................

Address: ..Cha. d. Nant de crevecour. 16..

...1290 Verolx, Genève, Switzerland....

Occupation: ..Jr. Trust Administrator....

THE COMMON SEAL of **SUMMIT**            )
**TRUST (CAYMAN) LIMITED**               )
was hereunto affixed in the presence     )
of:

679

Director/Authorized Signatory: ................

Director/Authorized Signatory: ................

4

831

**By email only**
Alexandra Issa
232 Hammersmith Grove
London
W8 4PD
alexandra71issa@gmail.com

Date: .............................

Dear Ms Issa

**Ms Delphine le Dain trusts**

We write to you with regards to the 10 trusts set out in the annex hereto (the **Trusts**), of which Ms Delphine le Dain is a settlor and beneficiary[i], and of which we confirm your appointment as Successor Protector to take effect on the retirement or resignation of Mr Graham Collett as the current Protector of the Trusts or in the event of his death, incapacity, bankruptcy or insolvency.

*Protector fee and reimbursement of expenses*

We write to you to record our agreement of the payment of a Protector's fee to you of GBP 10,000 per annum for the performance of your duties, in accordance with clause 20.2 of the Trusts. To confirm, this fee shall become payable on commencement of your active duties as Successor Protector of the Trusts (i.e. when Mr Collett ceases to be Protector) and such fee shall be paid on an annual basis in advance (to be reimbursed or partially reimbursed on a pro-rated basis if you cease to be Protector part way through a calendar year).

We write also to record that, as Successor Protector of the Trusts, you shall be entitled to reimbursement of all proper expenses incurred by you in relation to the exercise of your powers and performance of your duties under the Trusts, or in the prosecution or defence of any legal proceedings arising in connection with the exercise or non-exercise of your powers or the performance or non-performance of your duties, provided that any claim for reimbursement shall be received by us within one year of the expenses being incurred (per clause 20.3 of the Trusts).

*Indemnity*

We write finally to also confirm to you the indemnity which is contained in clause 20.1 of the Trusts – you shall not, in the absence of actual fraud, dishonest or wilful misconduct, be

---

[i] Save for the Lightstar Trust of which Ms Le Dain is not a beneficiary.

1

481557.1

accountable to any beneficiary of the Trusts nor to the Trustee for any act or omission or commission in relation to the powers given to you by the Trusts.

**Trustee contact details**

For your records, contact details of the key personnel at the Trustee's office in relation to the Trusts are:

Leonard O'Brien
Tel: +41 22 318 26 00
Mob: +41 79 797 21 43
leonard.obrien@salamanderinternational.com

and

Dmitry Zvonarev
Tel: +41 22 318 26 05
Mob: +41 78 845 50 10
dmitry.zvonarev@salamanderinternational.com

We look forward to working with you in the future in relation to the Trusts.

Yours sincerely

Name: LEONARD O BRIEN

For and on behalf of Salamander Corporate Services SA as trustee of the Trusts and Salamander Associates Limited as co-trustee of the Big Valley Trust

481557.1

833

**Annex – the Trusts**

1      The Galactea Trust, a trust settled on 23 December 2012 governed by the law of England and Wales

2      The Big Valley Trust, a trust settled on 7 July 2014 governed by the law of the British Virgin Islands

3      The Dina Maropa Trust, a trust settled on 7 July 2014 governed by the law of the British Virgin Islands

4      The Iverna Trust, a trust settled on 7 July 2014 governed by the law of the British Virgin Islands

5      The Atlas Trust, a trust settled on 16 July 2014 governed by the law of the British Virgin Islands

6      The Bluestone Trust, a trust settled on 6 May 2015 governed by the law of the British Virgin Islands

7      The Delfinity Trust, a trust settled on 6 May 2015 governed by the law of the British Virgin Islands

8      The Ithaque Trust, a trust settled on 6 May 2015 governed by the law of the British Virgin Islands

9      The Lightstar Trust, a trust settled on 6 May 2015 governed by the law of the British Virgin Islands

10      The Oakwood Trust, a trust settled on 18 November 2015 governed by the law of the British Virgin Islands

834

481557.1

