# Defense Exhibit 13

COMMISSION MEETING

AGENDA

JANUARY 22, 1987

**Defense Exhibit 13-1**

The following persons attended the U.S. Sentencing Commission Meeting on Thursday, January 22, 1987.

### Commissioners

William W. Wilkins, Jr., Chairman
Michael K. Block
Stephen G. Breyer
Helen G. Corrothers
George E. MacKinnon
Ilene H. Nagel
Paul H. Robinson

### Staff

Suzanne Conlon, Executive Director
Mary Ellen Albrecht
Charles Betsey
Russell Burress
Alan Chaset
Peter Hoffman
David Lombardero
Paul Martin
Phyllis Newton
Elizabeth Williams

**Defense Exhibit 13-2**

Commission Meeting Minutes - January 22, 1987

The Chairman called the meeting to order at 12:10 p.m.

## The Drug Table

The Chairman reviewed the new drug table. He noted that the table contained additional levels to avoid the litigation problems inherent in the previous table. Commissioner Block noted that the endpoints of each sentencing range listed in the table overlapped by one month. He stated that this would provide the judge with a continuous range from which to sentence.

Judge Breyer encouraged the inclusion of additional levels in the drug table. He stated that an overlap of one month was insufficient to avoid litigation. In the alternative, Judge Breyer recommended commentary to allow the judge to interpolate between levels.

Judge Wilkins stated that the inclusion of more levels into the drug table would be unworkably complex. He agreed that commentary could be added to guide the judge's discretion when dealing with amounts falling between levels of the drug table, but stated that the deadline would not allow a major reworking of the table.

Judge Wilkins noted that amounts greater than 1 KG of heroin were not dealt with by the drug table. Judge MacKinnon and Commissioner Corrothers encouraged the adoption of a level to include amounts greater than 1 KG of heroin. Alan Chaset noted that the Parole Commission allows a departure for very large drug amounts.

Judge Breyer moved to adopt the proposed drug table with the amendments to the commentary. Commissioner Block seconded. The motion passed by a vote of 6-0. Commissioner Robinson abstained.

## Commissioner Robinson's Dissent

Commissioner Robinson stated that, although the final draft is far from complete, he may possibly dissent from the Commission's work. He requested comment on the possibility of publishing a dissenting opinion at the end of the final draft.

Commissioner Corrothers stated her opposition to publishing a dissent because it may give a false impression that the majority of the Commission is in complete agreement. She stated that publishing each Commissioner's opinion would not be practical.

Commissioner Robinson stated that it would be helpful to have every Commissioner's viewpoint in a separate opinion. He

3

**Defense Exhibit 13-3**

stated, however, that it was more important to have a dissenting opinion than a concurring opinion. Commissioner Robinson stated that he had an obligation to tell the public why he dissents from the draft.

Judge Breyer expressed his support for publishing Commissioner Robinson's dissent. He stated that a published dissent would not have the implication that Commissioner Corrothers was concerned about.

Commissioner Nagel stated that Commissioner Robinson had every right to dissent, but she would want to see the dissenting opinion before voting on its inclusion. She recommended that a note be placed somewhere in the guidelines stating that Commissioner Robinson's dissent is available upon request rather than including it in the guidelines.

Judge Breyer stated that if a Commissioner ultimately decides to dissent from a document published by the Commission, it is the duty of the Commission to publish that dissent attached to the document. He stated that minority opinions have as much right to be heard as majority opinions. Judge Breyer stated that a dissenting opinion should be published and distributed to the same people who receive the guidelines.

Commissioner Block stated that the policy of publishing dissents by other commissions should be studied and followed.

Judge Wilkins stated that Commissioner Robinson's dissent would not be published along with the guidelines in the Federal Register because it was contrary to the policy of the Federal Register to publish dissenting viewpoints.

Judge MacKinnon encouraged Commissioner Robinson to wait until the final draft before filing a formal dissent. He stated that many changes will be made prior to the April deadline and a dissent before that time, without concrete proposals, would be premature and ill-advised.

Commissioner Robinson stated that he had been criticized for not taking a more public stand against the preliminary draft and was attempting to avoid such criticism again. Commissioner Robinson stated that it was his obligation to dissent and to inform the public of the basis for his dissent.

Judge Breyer moved that any Commissioner who dissents from any document published by the Commission may have his or her dissent published with that document. Judge MacKinnon seconded. The motion passed by a vote of 5-0. Commissioner Nagel abstained because she wished to review the procedures followed by other commissions on this subject before voting. Commissioner Corrothers abstained because she did not want philosophical

4

**Defense Exhibit 13-4**

issues that were not on the agenda to be discussed and voted on in such summary fashion.

Judge Wilkins stated that he would not interfere with the publication of any dissent from the Commission's work.

Commissioner Robinson noted that the Commission does not have a draft of the sentencing philosophy used to draft the guidelines. Judge Wilkins stated that drafting principles had been agreed on earlier and were currently guiding the Commission.

Part Q:  Environmental Offenses

Judge Wilkins reviewed the revised draft of Part Q.  He suggested that the base offense level for §Q211 be placed at 9 to allow the judge options other than incarceration without departing from the guideline.  Judge Breyer and  Commissioner Block supported a base level of 9 for §Q211, mishandling of hazardous substances.

Commissioner Block stated that the specific offense characteristics for a major toxic substance spill and continuous or repetitive release should not both be counted.  Mary Ellen Albrecht stated that it was not the intent of the drafters to allow such double counting.  Judge Wilkins recommended that all aggravating factors that concern the extent of the spill be collapsed into one specific offense characteristic with an increase of 3-6 levels.

Judge Breyer stated that an offense level of 9 for a record keeping offense was excessive.  Ms. Albrecht stated that the statutory maximum penalty for such record keeping offenses was 2 years.  She stated that the lack of records often prohibits the successful prosecution of more serious offenses.

Commissioner Block moved to lower the increase for prior convictions to 4.  He stated that this would result in a minimum sentence of 1 year.

Judge Breyer recommended that business community leaders be consulted when promulgating guidelines dealing with the environment to get opposing viewpoints.  Commissioner Block supported Judge Breyer's recommendation.  Judge Wilkins encouraged Commissioner Block to follow up on this suggestion.

Commissioner Block recommended that the base offense level for §Q214, mishandling of other environmental pollutants, be placed at 6 and the reference to negligence in specific offense characteristic (5) be deleted.

Judge MacKinnon requested clarification on the use of the word "terrorism" in §Q212.  Judge Breyer recommended that the

5

# Defense Exhibit 13-5

reference be deleted in the guideline and commentary added noting that terrorism by tampering with a public water system is included.

Judge Breyer recommended that specific offense characteristic (1), failure to report, be changed to a 1 to 5 level increase in §Q215.

Judge Breyer moved to approve Part Q as amended. Commissioner Block seconded.  The motion passed by a vote of 6-0. Commissioner Robinson was absent.

## Part P:  Prison Offenses

Commissioner Corrothers stated her approval of the proposed draft of Part P.

Alan Chaset recommended including LSD and PCP as aggravating factors in §P214.

Commissioner Block recommended placing the base offense levels in §P211 in descending order.

Alan Chaset stated that the guidelines were higher than current sentencing practice due to the lack of parole time a prisoner can earn in prison under the new guidelines.  He stated that most of the deterrent effect will be placed on the guidelines.  Judge Breyer recommended that the commentary explain this departure from current practice.

Commissioner Corrothers moved to adopt Part P as amended. Commissioner Block seconded.  The motion passed by a vote of 6-0. Commissioner Robinson was absent.

## Part S:  Money Laundering

David Lombardero compared the base offense level for §S211 with current sentencing practice.  He stated that the statute required the higher guideline offense levels.

Judge Breyer recommended that the base offense for §S211 be changed to 10 with a 4 level increase if known unlawful activity was involved and a 6 level increase if narcotics were involved.

The Commission discussed the application of the guidelines for money laundering.  Judge Breyer stated that the guideline contained an excessive penalty for essentially record keeping offenses.  Suzanne Conlon stated that the guideline was roughly similar to current practice.

6

**Defense Exhibit 13-6**

Judge Breyer moved to approve §S211 as amended. Commissioner Block seconded. The motion passed by a vote of 5-0. Judge MacKinnon and Commissioner Robinson were absent.

## Part T:  Taxes

Suzanne Conlon discussed the term "tax deficiency" used in §T211. She stated that it was not an element of a tax evasion case and the amount of the tax deficiency is rarely litigated in criminal prosecutions.

Judge Breyer recommended removing specific offense characteristic (1), concerning organized tax evasion schemes, because it may serve to punish minor offenders too severely. Judge Wilkins suggested language other than "organized movement" be used. Commissioner Nagel stated that the general provision for leading role in the offense, §Z211, may replace this specific offense characteristic. David Lombardero suggested that role in the offense would not apply where the offense is personal income tax evasion.

Judge MacKinnon moved to delete the term "organized movement" from §T211. Commissioner Block seconded. The motion passed by a vote of 5-1. Judges Wilkins and MacKinnon and Commissioners Block, Corrothers and Nagel voted yes. Judge Breyer voted no. Commissioner Robinson was absent.

Judge Breyer moved to delete specific offense characteristic (1) in §S211. The motion failed for lack of a second.

The Commission discussed the application of §T213. David Lombardero discussed the reasoning behind using 30% of the amount by which the income was understated. Judge Breyer recommended that the figure be 25%.

Judge Breyer moved to adopt Part T as amended. Commissioner Block seconded. The motion passed by a vote of 6-0. Commissioner Robinson was absent.

## Part R:  Antitrust violations

Judge Wilkins stated that the base offense levels are too low. Judge Breyer suggested a mandatory one month of incarceration in antitrust offenses. Commissioner Block stated that the proposed offense levels would result in some type of restraint. He noted that currently only 30% of antitrust violators serve any time in jail.

7

**Defense Exhibit 13-7**

Judge Breyer moved to approve Part R.  Commissioner Block seconded.  Judges MacKinnon and Wilkins recommended changes in the commentary to §R211.  The motion passed by a vote of 6-0.  Commissioner Robinson was absent.

## Part S:  Money Laundering (continued)

David Lombardero suggested that specific offense characteristic (1)(A), involving narcotics, in §S211 be an increase of 5 levels and (1)(B), involving other unlawful activity, be an increase of 3 levels.  He made this recommendation to be consistent with guidelines that follow.

Judge Breyer moved to adopt the numbers suggested by Mr. Lombardero.  Commissioner Block seconded.  The motion passed by a vote of 5-1.  Judges Breyer and MacKinnon and Commissioners Block, Corrothers and Nagel voted yes.  Judge Wilkins voted no. Commissioner Robinson abstained.

Judge Wilkins stated that §S212 covers a serious offense and the base offense level should reflect that severity.  He stated that the property table may increase the offense level significantly, but in cases of money laundering it is often difficult to adequately determine the amount of money involved. Judge Wilkins stated that bank robbery could be used as a suitable analogy to set the base offense level for §S212.

Judge Breyer moved to raise the base offense level for §S212 to 20 with commentary to state that this is consistent with the Parole Commission guidelines.  Commissioner Corrothers seconded. The motion passed by a vote of 6-0.  Commissioner Robinson abstained.

Judge Wilkins recommended that the base offense level for §S213 be 18 to be consistent with §S212.  The Commission discussed the application of §S213 and the statute which it is intended to cover, 18 U.S.C. § 1956.

Commissioner Corrothers moved to change the base offense level for §S213 to 18.  Judge MacKinnon seconded.  The motion passed by a vote of 4-1.  Judges Wilkins and MacKinnon and Commissioners Corrothers and Nagel voted yes.  Judge Breyer voted no.  Commissioners Block and Robinson abstained.

Commissioner Nagel moved to adopt Part S as amended. Commissioner Corrothers seconded.  The motion passed by a vote of 6-0.  Commissioner Robinson abstained.

8

# Defense Exhibit 13-8

## Chapter 5:    Determining the Sentence

Commissioner Nagel recommended that stylistic changes be left to a single team of staff members because it was too time consuming at this point.

Judge Breyer recommended language stating that a term of probation may be imposed in sentencing a defendant who has an offense level greater than 6 only when the court is willing to depart and state its reasons for imposing probation.

Peter Hoffman noted that a change had been made to §A532 to allow the judge the discretion of giving lesser amounts of supervised release to defendants convicted of Class C, D or E felonies and misdemeanors.

Judge MacKinnon moved to delete "not more than" from §A532 (a)(2) and (3).  Judge Breyer seconded.  The motion passed by a vote of 4-1.  Judges Wilkins, Breyer and MacKinnon and Commissioner Block voted yes.  Commissioner Nagel voted no. Commissioner Robinson abstained. Commissioner Corrothers was absent.

Peter Hoffman discussed the addition of language in §A541 (a) concerning the manner in which restitution is ordered. Commissioner Nagel stated that she was not certain of the statutory need for this language.  Judge Wilkins recommended omitting the language, but retaining the reference to 18 U.S.C. § 3663(d).

The Commission discussed language that had been proposed to be added to §A542 (g) concerning terms of probation.  Judge Wilkins stated that it should not be mandatory that a court impose a condition prohibiting defendants from incurring new credit charges unless he is in compliance with the payment schedule.  Judge Breyer recommended substituting "may" for "shall" in all appropriate places.

## Chapter 6:    Violations of Probation and Supervised Release

The Commission discussed stylistic and substantive changes recommended by Russell Burress.  Mr. Burress recommended adding a provision to §A614 (a)(1) to encourage the judge to depart up to the statutory maximum if the defendant committed a category 1 violation of probation.  Judge Breyer suggested that language be added to limit such departures to offenses which are unusually serious.

Judge MacKinnon moved to approve Chapter 6 as amended. Judge Breyer seconded.  The motion passed by a vote of 5-0. Commissioner Robinson abstained.  Commissioner Corrothers was absent.

9

**Defense Exhibit 13-9**

<u>Part Y:  General Provisions</u>

The Commission discussed the introduction to Part Y.  Judge Wilkins stated that the general provisions are not only for the unusual cases.  He recommended that the introduction merely specify that Part Y is divided into factors that may be grounds for departure and factors that are adjustments.

Commissioner Nagel stated that "unusual" referred only to grounds for departure.  She stated that if those factors were not unusual, the Commission should have placed them in the guidelines as specific offense characteristics.

Judge Wilkins recommended that bases for departure be discretionary and adjustments be mandatory.  Judge Breyer suggested making all of Part Y discretionary.  He stated that this would avoid litigation.  Commissioner Nagel supported making adjustments mandatory.

Judge Wilkins asked the staff to make all the changes agreed on by the Commission and edit the draft carefully for distribution to the Commissioners on Monday morning.

The meeting was adjourned.

**Defense Exhibit 13-10**