

Government Exhibit
25-18



J. SAFRA SARASIN
Sustainable Private Banking since 1841

**KNOW YOUR CUSTOMER MEMORANDUM:     GROUP 1501279**

CRM:   Frank van den Biezenbos
Date:   25.07.2019

Name of the client / contracting partners :  Delphine Le Dain, Bluestone Ltd, Rosbelt Ltd, Bluestone Netherlands BV, Comporta BV, Lanius Holding BV, Lanius BV, Lightair Ltd

Name of the Beneficial Owner(s) : Delphine Le Dain

**1/ Source of Wealth: origin of the client's current total wealth**

a) Please provide a detail of how the wealth (i.e if the origin of the wealth comes from family/own business: when company was founded, size of the business, turnover, annual profits..).

*Delphine Le Dain (DLD) is born in 1966 and married to Douglas Edelman (1952) – 3 children; daughter (2002), son (2006) and daughter (2009). She is educated in France and went on to further education (supported financially by her parents):*
- *Business school Esc Ceram in Nice, where she got her bachelor degree*
- *MBA from Arizona State University and American Graduate school of International Management in Thunderbird*
- *DESS of International Relations at Dauphine University in Paris*
- *Documentary film research at London College of Printing*

*After her studies DLD worked in a number of working environments:*
- *1990/1992 Consultant Information Systems and Organisation Management for Spicer Oppenheim / Calan Ramolino in Paris (Average annual pay E100k)*
- *1994/1999 Business journalist for Noah agency, publishing emerging country profiles for mainstream media around the world. Travelled extensively in the former Soviet Union, South-East Asia, western and South Africa (average annual pay USD 135k including country risk allowances and excluding travel expenses).*
- *1998/2001 Freelance journalist for the Times of Central Asia (Average annual pay USD 65k including country risk allowances and excluding travel expenses) – next to Noah agency work.*

*Douglas Edelman is a US Passport holder who left the US in order to live in Europe and Central Asia more than 40 years ago. He was born in California and in the 70s he decided to move to Europe (i.e. Ibiza and Formentera). Early 90s – when the markets in Eastern and Central Asia were opened for foreign investors. He relocated to Bishkek (Kyrgyzstan) where he founded his own American Pub and Grill restaurant. He got help from a Kyrgyzian Oligarch named Erkin Bekbolotov (EB). EB suggested to help him opening an American Grill Pub in Bishkek. As EB was*

Banque J. Safra Sarasin (Luxembourg) SA
17 - 21, Boulevard Joseph II, L-1840 Luxembourg, P.O. Box 887, L-2018 Luxembourg
T: +352 45 47 81-1, F: +352 45 47 81-555, www.jsafrasarasin.lu
Registre de Commerce B 157239

1 | 4

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

USA-1036694



This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

*owner of a real estate portfolio in Bishkek he arranged the location and building for this pub. In the years after Mr DE and Mr EB became close business friends.*

*DLD met DE in 1993 during her work as a journalist in the former Sovjet Union / Central Asia. They fell in love in Bishkek. They got married in 1997. During these Bishkek years DLD met DE's closest friend EB. It was DE who stimulated DLD in the late 90s to make a relatively (compared to the future gains) small seed investment in Central Asia (today Red Star). The relatively small amounts of this seed investment added up to USD 250k to USD 300k max. The investment was made together with EB (50%) in a Central Asia Oil trading and logistic firm. The firm was operated by people around EB. The investment was used to rent office space, fuel trucks and storage capacity. DE acted as advisor for both his wife as the company. Also he acted as an advising mediator in between the deals.*

*In 2001 the US military arrived in Kyrgyzstan, building their biggest Central Asian air base at Bishkek's Airport, called Manas. This airbase was used for the Afghan war after 9/11. The turnover of DE's American style pub exploded as his pub became a well know place for great American food in Bishkek.*

*In the years from 2001 (arrival of US Air base) to 2003 the company Red Star Enterprises Ltd showed a stable growth. Trading profits were maximized to USD 1mio annually and reinvested again. From 2003 to 2004 due to the work for the Airbase profits were around USD 3,5mio. In 2004 they decided to make their first dividend distribution because of the winning contract with the US Army which exploded their business from 2005 and on. In 2009/2010 the contract was extended and they became the main supplier for fuel. After this extended contract was favoured to Redstar a Senate hearing took place in 2010 by request of the opposition and the competition. The result of the Senate hearing was positive for Redstar. This Senate hearing report is present in client's file.*

*From 2002 DLD got her first child. The years after she was mainly preoccupied in bringing up her children (3). She left the running of the business to a local professional team. Now the first child was born she was advised by lawyers (and advised by her husband) to set up a wealth structure in order to protect this foreign asset for her and her children.*

*The current structure where Red Star is part of is available in the file. Also visible is the name Mina Group which is an integrated energy services and infrastructure company that provides comprehensive solutions to defense, government, and commercial customers around the world. Mina Group specializes in commodity trading and full-cycle logistics for delivery of petroleum products to remote regions and locations anywhere in the world, for short or long term needs, through a global energy and logistics network.*

2 | 4

USA-1036694



This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

*Today DLD is on top of a trust structure, which is headed by professional trustees and advisors who are responsible for the management of investments and who report regularly to DLD and the trust Protector.*

b) Other main revenues received (i.e sale of real estate property, investments, dividend…). Please detail and provide approximate estimation.
*SEE Client file – several investments are made. Main revenues still come from dividends from Red Star*

c) Other asset & value (i.e art/car collection, property, boat, shareholding…)

*Real estate (book values):*

- *Main residence Ibiza*           *EUR 5 million*
- *2nd Residence in London*    *GBP 35 million*
- *Flat in London*                      *GBP 1 million*
- *House in Austria (Lech)*       *USD 4 million*

**2/ Source of Funds: origin of the funds being deposited in the account (i.e sale of a real estate property, sale of company, inheritance/gift…).**

*The BO of the "Le Dain Group" (1501279) is an entrepreneur/investor; she is BO of a corporate structure in which the substantial shareholdings are held in Oil & Gas distribution companies, Media & Entertainment companies and real estate companies.*

**Note: SOF is the same as SOW no need to complete point 2. It is important Figures have to be consistent and justify the total wealth of the client**

**3/ Supporting documentation provided in annex to this memo**
X YES   ☐ NO

Please detail:   *Trust structure; summary information*
                       *Trust structure and management information*
                       *General chart*

Note: documents of SOW/SOF has to be provided for high risk clients

**4/ Purpose of the account and expected transactions in the account.**

Please indicate the purpose of the account and type of incoming/outgoing expected (i.e payment of dividends, payment of invoice, credit card expenses,,), third parties involved and link with them (i.e business partners) as well as countries or jurisdictions involved.

3 | 4



*The Bluestone Ltd account has been set up as a "Treasury" account for all companies and trusts in the name of the UBO. Bluestone pays invoices and fund requests which are covered by loans granted by Rosbelt Ltd.*

*The Bluestone Netherlands BV account has been set up as an onshore subsidiary Treasury account of Bluestone Ltd.*

*The Rosbelt Ltd account has been set up as an holding company for investments in operating entities. Robelts is the 50% joint venture partner of De Witt Art SA (third party) in the Oil & Gas business.Rosbelt Ltd receives dividends paid out by Red Star Ltd. Rosbelt also grants loans to i.e. Bluestone Ltd and other group companies.*

*Light Air Capital Ltd account has been set up as an holding company for investments in us real estate.*

*Lanius Holding BV account has been set up as a holding company of Lanius BV.*

*Lanius BV account has been set up as a company for investments in Mexico. It owns land and the rights for oil/gas exploration and distribution rights (mid stream activities).*

*Comporta BV account has been set up as a company for investments in real estate in Portugal and Spain (buy land and development of real estate).*

Regarding the first funding of the account, please provide for which bank and country/jurisdiction.. Note the first payment has to be done through an account in the customer's name from a credit institution subject to equivalent AML obligations.

Incoming funds for Rosbelt Ltd will come from Red Star Ltd (dividend payments).
Bluestone Ltd will always be funded by Rosbelt Ltd
The other companies will be funded by Bluestone Ltd.

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

USA-1036694

# J. SAFRA SARASIN
Sustainable Private Banking since 1841

**Declaration about US-Withholding Taxes / partnerships, trusts and foundations**

## Withholding Statement/Written Agreement/Owner Reporting Statement

Reference number (for internal use only): ▉▉▉▉ 4577

### Account Holder

Name: BLUESTONE INTERNATIONAL INVESTING LIMITED

Permanent residence address (no "P.O. Box" or "in care" of address)
Street/house no.: TRINITY CHAMBERS PO BOX 4301, ROAD TOWN

Postal code/place: TORTOLA VG1110    Country: BRITISH VIRGIN ISLANDS

In this Declaration the singular shall include the plural and vice-versa, as appropriate.

I, the undersigned, acting for or on behalf of the Account Holder that I represent and am empowered to sign for (the "Undersigned"), hereby declare the following:

**1. Owners[1]** (please fill in the list below and complete a W-9 Form for each US owner listed)

| | Name | Address | US TIN (if any) | Document provided[2] | Type of owner[3] | Intermediary/ flow-through entity? (Y/N) | Status[4] | Owner-ship %[5] |
|---|---|---|---|---|---|---|---|---|
| 1 | DELPHINE ANNE LE DAIN | STA GERTRUDIS IBIZA 07814 SPAIN | N/A | W-8 BEN | 01 | Y | ☐ US ☒ Non-US | 100% |
| 2 | | | | | | | ☐ US ☐ Non-US | |
| 3 | | | | | | | ☐ US ☐ Non-US | |
| 4 | | | | | | | ☐ US ☐ Non-US | |
| 5 | | | | | | | ☐ US ☐ Non-US | |
| 6 | | | | | | | ☐ US ☐ Non-US | |

**2. Applicable withholding rates**

With respect to non-US partnerships/trusts/foundations, Banque J. Safra Sarasin (Luxembourg) SA (the "Bank") does not support any claims for benefits under applicable Double Tax Treaties. The Undersigned agrees be withheld at the full applicable withholding rate of 30%, or the then applicable rate.

Please note that the Bank does not provide any support in connection with a claim for refunds of US withholding tax including the provision of separate reports.

**3. Production of documentation**

The partnership/trust/foundation, upon request, agrees to make available to the Bank's auditors records that establish that the partnership/trust/foundation has provided the Bank with documentation of all its owners. In the case of failure to supply the

---

[1] The term "owner" includes individuals that hold a direct or indirect equity or debt interest in the entity (e.g. shareholders, partners, members) or, in the case of trusts or similar structures, the settlor or founder, or in some cases, for instance simple trusts, the beneficiaries. Please consult a tax adviser if you are unsure as to whether you have included all your owners for FATCA purposes. A full Overview of Key FATCA Terms is available upon request.
[2] W-8BEN, documentary evidence, W-9.
[3] Use codes of IRS Form 1042-S: Individual=01, Corporation=02, Trust=05 (for a full list of codes, please, refer to http://www.irs.gov/pub/irs-pdf/i1042s.pdf)
[4] Status "US" includes all persons considered US Persons for US tax purposes. This includes US citizens (including persons born in the US), US nationals (including persons with dual nationality), permanent US residents, temporary US residents ("substantial presence test"), including US green card holders.
[5] Enter your ownership allocation. If you have equal ownership or final ownership is not yet known, please, divide the ownership equally among all Owners.

20194e - 2015-01

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

necessary documentation within 90 days of the initial request the partnership/trust/foundation expressly consents, and represents that it has obtained the express consent of each individual owner, to the Bank applying 30% withholding on all US source income and filing corrected forms 1042 and 1042-S disclosing the identity of each partner to the US tax authorities (the Internal Revenue Service - "IRS") and/or the Luxembourg authorities.

### 4. Release from Banking Secrecy – Applicable where US owners exist

The Undersigned hereby confirms that the Undersigned and all US owners, if any, irrevocably agree that the Bank may: a) forward the submitted W-9 forms to the Bank's custodians to report all required information to the IRS, and/or b) report all required information to the Luxembourg authorities, including but not limited to the name, address, account number, account balance, payments made with respect to the account and income earned on the account.

The Undersigned is aware that the Account Holder's identity (and that of any US owners) will be disclosed to the IRS and/or the Luxembourg authorities. With this declaration the Undersigned and the US owners irrevocably waive any protection under Luxembourg banking secrecy and data protection laws and release the Bank from the provisions of such laws. The Undersigned also acknowledges that the Bank cannot be held liable for any consequences affecting the Undersigned or the US owners that may arise from disclosing the above data to the IRS and/or the Luxembourg authorities.

This authorization expressly applies to any forms the Undersigned has submitted which contain information about third parties or which were signed by third parties (e.g. owners). The Undersigned accepts and acknowledges that this waiver is a condition of the account to be opened and/or maintained by the Bank. The Bank reserves the right to terminate the account shall this condition not be respected.

### 5. Obligations of the Bank

The Undersigned acknowledges that by accepting this Declaration the Bank agrees to report to the IRS and/or to the Luxembourg authorities all of the information required by the FATCA regulations with respect to any specified US persons that are identified above.

### 6. Change in Circumstances

During the contractual relationship with the Bank the Undersigned hereby undertakes to notify the Bank immediately and at his own initiative of any change in status or ownership as declared above, and agrees to provide the Bank with an updated Declaration no later than 30 days after such change.

If the declarations made above become invalid after the filing of this Declaration with the Bank due to either a change in the Account Holder's status, and/or a late discovery of the fact that, notwithstanding this Declaration, the Account Holder's status has been misrepresented and if the Account Holder or its owners are determined to be US persons and fail to submit valid IRS Forms W-9 to the Bank, the Account Holder hereby irrevocably agrees that the Bank has the right, without prior notice, to sell all US investments held in the account and to deduct and pay to the IRS a Withholding Tax of 30% (or the then applicable rate) on the income and the gross sale proceeds of such investments, and the Account Holder agrees that the Bank may not invest in US investments on the Account Holder's behalf.

The Undersigned hereby expressly releases the Bank from any liability in respect of the sale of US investments and of the Bank ceasing further US investments pursuant to the application of this provision and undertakes to indemnify the Bank for any liability incurred under US tax rules or any agreement (QI/FFI) that the Bank has in place with the IRS in connection with the Bank's late discovery of the status as US of the Account Holder or its owners.

The Undersigned confirms being aware that if the Undersigned fails to submit the documentation required to determine whether the account is a US or non-US account the above mentioned relationship with the Bank will be treated as a "NPFFI" or recalcitrant account pursuant to the terms of the "Agreement between the Government of the Grand Duchy of Luxembourg and the Government of the United States of America to Improve International Tax Compliance and with respect to The United States information reporting provisions commonly known as the Foreign Account Tax Compliance Act" (the "Luxembourg IGA"). In such case the account will be reported on an aggregated basis to the IRS and/or the Luxembourg authorities. The provision of this aggregate information may give rise to a group request by the IRS for specific information about the Account Holder and the account. The Bank reserves the right to terminate the account shall this occur.

I have read and understood the content of this Section 'Change in Circumstances'.

*To the best of my/our knowledge and belief the information contained herein is true, correct and complete.*

*This Declaration will be kept in the records of the Bank and forms an integral part of the account opening documentation.*

| The partnership confirms that it is in possession of the explicit consent to this declaration and the procedures/ consequences described herein of each individual partner. |
|---|

Place/Date: Geneva, 18 March 2016

Signature: [signature]
for Salamanca Management Ltd
Luis Grande Freitor

20194e - 2015-01

*This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.*

Form **W-8BEN-E**
(Rev. April 2016)
Department of the Treasury
Internal Revenue Service

**Certificate of Status of Beneficial Owner for United States Tax Withholding and Reporting (Entities)**

▶ For use by entities. Individuals must use Form W-8BEN. ▶ Section references are to the Internal Revenue Code.
▶ Information about Form W-8BEN-E and its separate instructions is at *www.irs.gov/formw8bene*.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

**Do NOT use this form for:** | **Instead use Form:**
--- | ---
• U.S. entity or U.S. citizen or resident | W-9
• A foreign individual | W-8BEN (Individual) or Form 8233
• A foreign individual or entity claiming that income is effectively connected with the conduct of trade or business within the U.S. (unless claiming treaty benefits) | W-8ECI
• A foreign partnership, a foreign simple trust, or a foreign grantor trust (unless claiming treaty benefits) (see instructions for exceptions) | W-8IMY
• A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession claiming that income is effectively connected U.S. income or that is claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b) (unless claiming treaty benefits) (see instructions for other exceptions) | W-8ECI or W-8EXP
• Any person acting as an intermediary | W-8IMY

**Part I  Identification of Beneficial Owner**

1  Name of organization that is the beneficial owner
Bluestone International Investing Limited

2  Country of incorporation or organization
British Virgin Islands

3  Name of disregarded entity receiving the payment (if applicable, see instructions)

4  Chapter 3 Status (entity type) (Must check one box only):
☑ Corporation  ☐ Disregarded entity  ☐ Partnership
☐ Simple trust  ☐ Grantor trust  ☐ Complex trust  ☐ Estate  ☐ Government
☐ Central Bank of Issue  ☐ Tax-exempt organization  ☐ Private foundation  ☐ International organization

If you entered disregarded entity, partnership, simple trust, or grantor trust above, is the entity a hybrid making a treaty claim? If "Yes" complete Part III.  ☐ Yes  ☐ No

5  Chapter 4 Status (FATCA status) (See instructions for details and complete the certification below for the entity's applicable status).
☐ Nonparticipating FFI (including a limited FFI or an FFI related to a Reporting IGA FFI other than a deemed-compliant FFI, participating FFI, or exempt beneficial owner).
☐ Participating FFI.
☐ Reporting Model 1 FFI.
☐ Reporting Model 2 FFI.
☐ Registered deemed-compliant FFI (other than a reporting Model 1 FFI, sponsored FFI, or nonreporting IGA FFI covered in Part XII). See instructions.
☑ Sponsored FFI. Complete Part IV.
☐ Certified deemed-compliant nonregistering local bank. Complete Part V.
☐ Certified deemed-compliant FFI with only low-value accounts. Complete Part VI.
☐ Certified deemed-compliant sponsored, closely held investment vehicle. Complete Part VII.
☐ Certified deemed-compliant limited life debt investment entity. Complete Part VIII.
☐ Certified deemed-compliant investment advisors and investment managers. Complete Part IX.
☐ Owner-documented FFI. Complete Part X.
☐ Restricted distributor. Complete Part XI.
☐ Nonreporting IGA FFI. Complete Part XII.
☐ Foreign government, government of a U.S. possession, or foreign central bank of issue. Complete Part XIII.
☐ International organization. Complete Part XIV.
☐ Exempt retirement plans. Complete Part XV.
☐ Entity wholly owned by exempt beneficial owners. Complete Part XVI.
☐ Territory financial institution. Complete Part XVII.
☐ Nonfinancial group entity. Complete Part XVIII.
☐ Excepted nonfinancial start-up company. Complete Part XIX.
☐ Excepted nonfinancial entity in liquidation or bankruptcy. Complete Part XX.
☐ 501(c) organization. Complete Part XXI.
☐ Nonprofit organization. Complete Part XXII.
☐ Publicly traded NFFE or NFFE affiliate of a publicly traded corporation. Complete Part XXIII.
☐ Excepted territory NFFE. Complete Part XXIV.
☐ Active NFFE. Complete Part XXV.
☐ Passive NFFE. Complete Part XXVI.
☐ Excepted inter-affiliate FFI. Complete Part XXVII.
☐ Direct reporting NFFE.
☐ Sponsored direct reporting NFFE. Complete Part XXVIII.
☐ Account that is not a financial account.

6  Permanent residence address (street, apt. or suite no., or rural route). Do not use a P.O. box or in-care-of address (other than a registered address).
Trinity chambers
City or town, state or province. Include postal code where appropriate.
Road Town, Tortola
Country
British Virgin Islands

7  Mailing address (if different from above)
c/o Salamander Suisse - Rue Jean-Gabriel Eynard 8
City or town, state or province. Include postal code where appropriate.
1205 Geneva
Country
Switzerland

8  U.S. taxpayer identification number (TIN), if required
9a  GIIN
b  Foreign TIN

10  Reference number(s) (see instructions)

**Note:** Please complete remainder of the form including signing the form in Part XXX.

For Paperwork Reduction Act Notice, see separate instructions.  Cat. No. 59689N  Form **W-8BEN-E** (Rev. 4-2016)

*This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.*

USA-1036859

Form W-8BEN-E (Rev. 4-2016) Page **2**

| Part II | Disregarded Entity or Branch Receiving Payment. (Complete only if a disregarded entity with a GIIN or a branch of an FFI in a country other than the FFI's country of residence. See instructions.) |

**11** Chapter 4 Status (FATCA status) of disregarded entity or branch receiving payment
☐ Limited Branch (see instructions). ☐ Reporting Model 1 FFI. ☐ U.S. Branch.
☐ Participating FFI. ☐ Reporting Model 2 FFI.

**12** Address of disregarded entity or branch (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).

City or town, state or province. Include postal code where appropriate.

Country

**13** GIIN (if any)

| Part III | Claim of Tax Treaty Benefits (if applicable). (For chapter 3 purposes only.) |

**14** I certify that (check all that apply):
**a** ☐ The beneficial owner is a resident of _____ within the meaning of the income tax treaty between the United States and that country.
**b** ☐ The beneficial owner derives the item (or items) of income for which the treaty benefits are claimed, and, if applicable, meets the requirements of the treaty provision dealing with limitation on benefits. The following are types of limitation on benefits provisions that may be included in an applicable tax treaty (check only one; see instructions):

☐ Government
☐ Tax exempt pension trust or pension fund
☐ Other tax exempt organization
☐ Publicly traded corporation
☐ Subsidiary of a publicly traded corporation
☐ Company that meets the ownership and base erosion test
☐ Company that meets the derivative benefits test
☐ Company with an item of income that meets active trade or business test
☐ Favorable discretionary determination by the U.S. competent authority received
☐ Other (specify Article and paragraph): _____

**c** ☐ The beneficial owner is claiming treaty benefits for U.S. source dividends received from a foreign corporation or interest from a U.S. trade or business of a foreign corporation and meets qualified resident status (see instructions).

**15** Special rates and conditions (if applicable—see instructions):
The beneficial owner is claiming the provisions of Article and paragraph _____
of the treaty identified on line 14a above to claim a _____ % rate of withholding on (specify type of income): _____
Explain the additional conditions in the Article the beneficial owner meets to be eligible for the rate of withholding:
_____
_____

| Part IV | Sponsored FFI |

**16** Name of sponsoring entity: Salamander Management Limited
GIIN of sponsoring entity: GS7AWQ.00000.SP.092

**17** Check whichever box applies.
☑ I certify that the entity identified in Part I:
• Is an investment entity;
• Is not a QI, WP, or WT; **and**
• Has agreed with the entity identified above (that is not a nonparticipating FFI) to act as the sponsoring entity for this entity.

☐ I certify that the entity identified in Part I:
• Is a controlled foreign corporation as defined in section 957(a);
• Is not a QI, WP, or WT;
• Is wholly owned, directly or indirectly, by the U.S. financial institution identified above that agrees to act as the sponsoring entity for this entity; **and**
• Shares a common electronic account system with the sponsoring entity (identified above) that enables the sponsoring entity to identify all account holders and payees of the entity and to access all account and customer information maintained by the entity including, but not limited to, customer identification information, customer documentation, account balance, and all payments made to account holders or payees.

Form **W-8BEN-E** (Rev. 4-2016)

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

USA-1036859

Form W-8BEN-E (Rev. 4-2016) Page **3**

| Part V | Certified Deemed-Compliant Nonregistering Local Bank |

18  ☐ I certify that the FFI identified in Part I:

- Operates and is licensed solely as a bank or credit union (or similar cooperative credit organization operated without profit) in its country of incorporation or organization;
- Engages primarily in the business of receiving deposits from and making loans to, with respect to a bank, retail customers unrelated to such bank and, with respect to a credit union or similar cooperative credit organization, members, provided that no member has a greater than five percent interest in such credit union or cooperative credit organization;
- Does not solicit account holders outside its country of organization;
- Has no fixed place of business outside such country (for this purpose, a fixed place of business does not include a location that is not advertised to the public and from which the FFI performs solely administrative support functions);
- Has no more than $175 million in assets on its balance sheet and, if it is a member of an expanded affiliated group, the group has no more than $500 million in total assets on its consolidated or combined balance sheets; **and**
- Does not have any member of its expanded affiliated group that is a foreign financial institution, other than a foreign financial institution that is incorporated or organized in the same country as the FFI identified in Part I and that meets the requirements set forth in this Part V.

| Part VI | Certified Deemed-Compliant FFI with Only Low-Value Accounts |

19  ☐ I certify that the FFI identified in Part I:

- Is not engaged primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest (including a futures or forward contract or option) in such security, partnership interest, commodity, notional principal contract, insurance contract or annuity contract;
- No financial account maintained by the FFI or any member of its expanded affiliated group, if any, has a balance or value in excess of $50,000 (as determined after applying applicable account aggregation rules); **and**
- Neither the FFI nor the entire expanded affiliated group, if any, of the FFI, have more than $50 million in assets on its consolidated or combined balance sheet as of the end of its most recent accounting year.

| Part VII | Certified Deemed-Compliant Sponsored, Closely Held Investment Vehicle |

20  Name of sponsoring entity: _____

21  ☐ I certify that the entity identified in Part I:

- Is an FFI solely because it is an investment entity described in §1.1471-5(e)(4);
- Is not a QI, WP, or WT;
- Will have all of its due diligence, withholding, and reporting responsibilities (determined as if the FFI were a participating FFI) fulfilled by the sponsoring entity identified on line 20; **and**
- Twenty or fewer individuals own all of the debt and equity interests in the entity (disregarding debt interests owned by U.S. financial institutions, participating FFIs, registered deemed-compliant FFIs, and certified deemed-compliant FFIs and equity interests owned by an entity if that entity owns 100 percent of the equity interests in the FFI and is itself a sponsored FFI).

| Part VIII | Certified Deemed-Compliant Limited Life Debt Investment Entity |

22  ☐ I certify that the entity identified in Part I:

- Was in existence as of January 17, 2013;
- Issued all classes of its debt or equity interests to investors on or before January 17, 2013, pursuant to a trust indenture or similar agreement; **and**
- Is certified deemed-compliant because it satisfies the requirements to be treated as a limited life debt investment entity (such as the restrictions with respect to its assets and other requirements under § 1.1471-5(f)(2)(iv)).

| Part IX | Certified Deemed-Compliant Investment Advisors and Investment Managers |

23  ☐ I certify that the entity identified in Part I:

- Is a financial institution solely because it is an investment entity described in §1.1471-5(e)(4)(i)(A), **and**
- Does not maintain financial accounts.

| Part X | Owner-Documented FFI |

**Note:** This status only applies if the U.S. financial institution, participating FFI, or reporting Model 1 FFI to which this form is given has agreed that it will treat the FFI as an owner-documented FFI (see instructions for eligibility requirements). In addition, the FFI must make the certifications below.

24a ☐ (All owner-documented FFIs check here) I certify that the FFI identified in Part I:

- Does not act as an intermediary;
- Does not accept deposits in the ordinary course of a banking or similar business;
- Does not hold, as a substantial portion of its business, financial assets for the account of others;
- Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account;
- Is not owned by or in an expanded affiliated group with an entity that accepts deposits in the ordinary course of a banking or similar business, holds, as a substantial portion of its business, financial assets for the account of others, or is an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account;
- Does not maintain a financial account for any nonparticipating FFI; **and**
- Does not have any specified U.S. persons that own an equity interest or debt interest (other than a debt interest that is not a financial account or that has a balance or value not exceeding $50,000) in the FFI other than those identified on the FFI owner reporting statement.

Form **W-8BEN-E** (Rev. 4-2016)

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

Form W-8BEN-E (Rev. 4-2016)  Page **4**

| Part X | Owner-Documented FFI *(continued)* |

**Check box 24b or 24c, whichever applies.**

- b ☐ I certify that the FFI identified in Part I:
  - Has provided, or will provide, an FFI owner reporting statement that contains:
    - The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a direct or indirect equity interest in the owner-documented FFI (looking through all entities other than specified U.S. persons);
    - The name, address, TIN (if any), and chapter 4 status of every individual and specified U.S. person that owns a debt interest in the owner-documented FFI (including any indirect debt interest, which includes debt interests in any entity that directly or indirectly owns the payee or any direct or indirect equity interest in a debt holder of the payee) that constitutes a financial account in excess of $50,000 (disregarding all such debt interests owned by participating FFIs, registered deemed-compliant FFIs, certified deemed-compliant FFIs, excepted NFFEs, exempt beneficial owners, or U.S. persons other than specified U.S. persons); **and**
    - Any additional information the withholding agent requests in order to fulfill its obligations with respect to the entity.
  - Has provided, or will provide, valid documentation meeting the requirements of §1.1471-3(d)(6)(iii) for each person identified in the FFI owner reporting statement.

- c ☐ I certify that the FFI identified in Part I has provided, or will provide, an auditor's letter, signed within four years of the date of payment, from an independent accounting firm or legal representative with a location in the United States stating that the firm or representative has reviewed the FFI's documentation with respect to all of its owners and debt holders identified in §1.1471-3(d)(6)(iv)(A)(2), and that the FFI meets all the requirements to be an owner-documented FFI. The FFI identified in Part I has also provided, or will provide, an FFI owner reporting statement of its owners that are specified U.S. persons and Form(s) W-9, with applicable waivers.

**Check box 24d if applicable** (optional, see instructions).

- d ☐ I certify that the entity identified on line 1 is a trust that does not have any contingent beneficiaries or designated classes with unidentified beneficiaries.

| Part XI | Restricted Distributor |

- 25a ☐ (All restricted distributors check here) I certify that the entity identified in Part I:
  - Operates as a distributor with respect to debt or equity interests of the restricted fund with respect to which this form is furnished;
  - Provides investment services to at least 30 customers unrelated to each other and less than half of its customers are related to each other;
  - Is required to perform AML due diligence procedures under the anti-money laundering laws of its country of organization (which is an FATF-compliant jurisdiction);
  - Operates solely in its country of incorporation or organization, has no fixed place of business outside of that country, and has the same country of incorporation or organization as all members of its affiliated group, if any;
  - Does not solicit customers outside its country of incorporation or organization;
  - Has no more than $175 million in total assets under management and no more than $7 million in gross revenue on its income statement for the most recent accounting year;
  - Is not a member of an expanded affiliated group that has more than $500 million in total assets under management or more than $20 million in gross revenue for its most recent accounting year on a combined or consolidated income statement; **and**
  - Does not distribute any debt or securities of the restricted fund to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs.

**Check box 25b or 25c, whichever applies.**

I further certify that with respect to all sales of debt or equity interests in the restricted fund with respect to which this form is furnished that are made after December 31, 2011, the entity identified in Part I:

- b ☐ Has been bound by a distribution agreement that contained a general prohibition on the sale of debt or securities to U.S. entities and U.S. resident individuals and is currently bound by a distribution agreement that contains a prohibition of the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI.

- c ☐ Is currently bound by a distribution agreement that contains a prohibition on the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI and, for all sales made prior to the time that such a restriction was included in its distribution agreement, has reviewed all accounts related to such sales in accordance with the procedures identified in §1.1471-4(c) applicable to preexisting accounts and has redeemed or retired any, or caused the restricted fund to transfer the securities to a distributor that is a participating FFI or reporting Model 1 FFI securities which were sold to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs.

Form **W-8BEN-E** (Rev. 4-2016)

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

Form W-8BEN-E (Rev. 4-2016)                                                                                                               Page **5**

| **Part XII** | **Nonreporting IGA FFI** |

**26** ☐ I certify that the entity identified in Part I:
  • Meets the requirements to be considered a nonreporting financial institution pursuant to an applicable IGA between the United States and _____. The applicable IGA is a ☐ Model 1 IGA or a ☐ Model 2 IGA; and is treated as a _____ under the provisions of the applicable IGA or Treasury regulations (if applicable, see instructions);
  • If you are a trustee documented trust or a sponsored entity, provide the name of the trustee or sponsor whose GIIN is provided on line 9a (if any) _____ ; and your GIIN (if issued to you) _____ .

| **Part XIII** | **Foreign Government, Government of a U.S. Possession, or Foreign Central Bank of Issue** |

**27** ☐ I certify that the entity identified in Part I is the beneficial owner of the payment and is not engaged in commercial financial activities of a type engaged in by an insurance company, custodial institution, or depository institution with respect to the payments, accounts, or obligations for which this form is submitted (except as permitted in §1.1471-6(h)(2)).

| **Part XIV** | **International Organization** |

**Check box 28a or 28b, whichever applies.**

**28a** ☐ I certify that the entity identified in Part I is an international organization described in section 7701(a)(18).
**b** ☐ I certify that the entity identified in Part I:
  • Is comprised primarily of foreign governments;
  • Is recognized as an intergovernmental or supranational organization under a foreign law similar to the International Organizations Immunities Act or that has in effect a headquarters agreement with a foreign government;
  • The benefit of the entity's income does not inure to any private person;
  • Is the beneficial owner of the payment and is not engaged in commercial financial activities of a type engaged in by an insurance company, custodial institution, or depository institution with respect to the payments, accounts, or obligations for which this form is submitted (except as permitted in §1.1471-6(h)(2)).

| **Part XV** | **Exempt Retirement Plans** |

**Check box 29a, b, c, d, e, or f, whichever applies.**

**29a** ☐ I certify that the entity identified in Part I:
  • Is established in a country with which the United States has an income tax treaty in force (see Part III if claiming treaty benefits);
  • Is operated principally to administer or provide pension or retirement benefits; **and**
  • Is entitled to treaty benefits on income that the fund derives from U.S. sources (or would be entitled to benefits if it derived any such income) as a resident of the other country which satisfies any applicable limitation on benefits requirement.

**b** ☐ I certify that the entity identified in Part I:
  • Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;
  • No single beneficiary has a right to more than 5% of the FFI's assets;
  • Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operated; **and**
  • Is generally exempt from tax on investment income under the laws of the country in which it is established or operates due to its status as a retirement or pension plan;
  • Receives at least 50% of its total contributions from sponsoring employers (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, other retirement funds described in an applicable Model 1 or Model 2 IGA, or accounts described in §1.1471-5(b)(2)(i)(A));
  • Either does not permit or penalizes distributions or withdrawals made before the occurrence of specified events related to retirement, disability, or death (except rollover distributions to accounts described in §1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), to retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or to other retirement funds described in this part or in an applicable Model 1 or Model 2 IGA); **or**
  • Limits contributions by employees to the fund by reference to earned income of the employee or may not exceed $50,000 annually.

**c** ☐ I certify that the entity identified in Part I:
  • Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;
  • Has fewer than 50 participants;
  • Is sponsored by one or more employers each of which is not an investment entity or passive NFFE;
  • Employee and employer contributions to the fund (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or accounts described in §1.1471-5(b)(2)(i)(A)) are limited by reference to earned income and compensation of the employee, respectively;
  • Participants that are not residents of the country in which the fund is established or operated are not entitled to more than 20 percent of the fund's assets; **and**
  • Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operates.

Form **W-8BEN-E** (Rev. 4-2016)

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

USA-1036859

Form W-8BEN-E (Rev. 4-2016) Page **6**

| Part XV | Exempt Retirement Plans *(continued)* |
|---|---|

- **d** ☐ I certify that the entity identified in Part I is formed pursuant to a pension plan that would meet the requirements of section 401(a), other than the requirement that the plan be funded by a trust created or organized in the United States.
- **e** ☐ I certify that the entity identified in Part I is established exclusively to earn income for the benefit of one or more retirement funds described in this part or in an applicable Model 1 or Model 2 IGA, accounts described in §1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), or retirement and pension accounts described in an applicable Model 1 or Model 2 IGA.
- **f** ☐ I certify that the entity identified in Part I:
  - Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in §1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are current or former employees of the sponsor (or persons designated by such employees); **or**
  - Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in §1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are not current or former employees of such sponsor, but are in consideration of personal services performed for the sponsor.

| Part XVI | Entity Wholly Owned by Exempt Beneficial Owners |
|---|---|

**30** ☐ I certify that the entity identified in Part I:
- Is an FFI solely because it is an investment entity;
- Each direct holder of an equity interest in the investment entity is an exempt beneficial owner described in §1.1471-6 or in an applicable Model 1 or Model 2 IGA;
- Each direct holder of a debt interest in the investment entity is either a depository institution (with respect to a loan made to such entity) or an exempt beneficial owner described in §1.1471-6 or an applicable Model 1 or Model 2 IGA.
- Has provided an owner reporting statement that contains the name, address, TIN (if any), chapter 4 status, and a description of the type of documentation provided to the withholding agent for every person that owns a debt interest constituting a financial account or direct equity interest in the entity; **and**
- Has provided documentation establishing that every owner of the entity is an entity described in §1.1471-6(b), (c), (d), (e), (f) and/or (g) without regard to whether such owners are beneficial owners.

| Part XVII | Territory Financial Institution |
|---|---|

**31** ☐ I certify that the entity identified in Part I is a financial institution (other than an investment entity) that is incorporated or organized under the laws of a possession of the United States.

| Part XVIII | Excepted Nonfinancial Group Entity |
|---|---|

**32** ☐ I certify that the entity identified in Part I:
- Is a holding company, treasury center, or captive finance company and substantially all of the entity's activities are functions described in §1.1471-5(e)(5)(i)(C) through (E);
- Is a member of a nonfinancial group described in §1.1471-5(e)(5)(i)(B);
- Is not a depository or custodial institution (other than for members of the entity's expanded affiliated group); **and**
- Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle with an investment strategy to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

| Part XIX | Excepted Nonfinancial Start-Up Company |
|---|---|

**33** ☐ I certify that the entity identified in Part I:
- Was formed on (or, in the case of a new line of business, the date of board resolution approving the new line of business) _____ (date must be less than 24 months prior to date of payment);
- Is not yet operating a business and has no prior operating history or is investing capital in assets with the intent to operate a new line of business other than that of a financial institution or passive NFFE;
- Is investing capital into assets with the intent to operate a business other than that of a financial institution; **and**
- Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle whose purpose is to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

| Part XX | Excepted Nonfinancial Entity in Liquidation or Bankruptcy |
|---|---|

**34** ☐ I certify that the entity identified in Part I:
- Filed a plan of liquidation, filed a plan of reorganization, or filed for bankruptcy on _____ ;
- During the past 5 years has not been engaged in business as a financial institution or acted as a passive NFFE;
- Is either liquidating or emerging from a reorganization or bankruptcy with the intent to continue or recommence operations as a nonfinancial entity; **and**
- Has, or will provide, documentary evidence such as a bankruptcy filing or other public documentation that supports its claim if it remains in bankruptcy or liquidation for more than three years.

Form **W-8BEN-E** (Rev. 4-2016)

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

Form W-8BEN-E (Rev. 4-2016)                                                                                                                                         Page **7**

| **Part XXI** | **501(c) Organization** |

35  ☐ I certify that the entity identified in Part I is a 501(c) organization that:
- Has been issued a determination letter from the IRS that is currently in effect concluding that the payee is a section 501(c) organization that is dated _____ ; **or**
- Has provided a copy of an opinion from U.S. counsel certifying that the payee is a section 501(c) organization (without regard to whether the payee is a foreign private foundation).

| **Part XXII** | **Non-Profit Organization** |

36  ☐ I certify that the entity identified in Part I is a non-profit organization that meets the following requirements:
- The entity is established and maintained in its country of residence exclusively for religious, charitable, scientific, artistic, cultural or educational purposes;
- The entity is exempt from income tax in its country of residence;
- The entity has no shareholders or members who have a proprietary or beneficial interest in its income or assets;
- Neither the applicable laws of the entity's country of residence nor the entity's formation documents permit any income or assets of the entity to be distributed to, or applied for the benefit of, a private person or non-charitable entity other than pursuant to the conduct of the entity's charitable activities or as payment of reasonable compensation for services rendered or payment representing the fair market value of property which the entity has purchased; **and**
- The applicable laws of the entity's country of residence or the entity's formation documents require that, upon the entity's liquidation or dissolution, all of its assets be distributed to an entity that is a foreign government, an integral part of a foreign government, a controlled entity of a foreign government, or another organization that is described in this Part XXII or escheats to the government of the entity's country of residence or any political subdivision thereof.

| **Part XXIII** | **Publicly Traded NFFE or NFFE Affiliate of a Publicly Traded Corporation** |

Check box 37a or 37b, whichever applies.

37a  ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution; **and**
- The stock of such corporation is regularly traded on one or more established securities markets, including _____ (name one securities exchange upon which the stock is regularly traded).

b  ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution;
- The entity identified in Part I is a member of the same expanded affiliated group as an entity the stock of which is regularly traded on an established securities market;
- The name of the entity, the stock of which is regularly traded on an established securities market, is _____ ; **and**
- The name of the securities market on which the stock is regularly traded is _____ .

| **Part XXIV** | **Excepted Territory NFFE** |

38  ☐ I certify that:
- The entity identified in Part I is an entity that is organized in a possession of the United States;
- The entity identified in Part I:
  - Does not accept deposits in the ordinary course of a banking or similar business,
  - Does not hold, as a substantial portion of its business, financial assets for the account of others, or
  - Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account; **and**
- All of the owners of the entity identified in Part I are bona fide residents of the possession in which the NFFE is organized or incorporated.

| **Part XXV** | **Active NFFE** |

39  ☐ I certify that:
- The entity identified in Part I is a foreign entity that is not a financial institution;
- Less than 50% of such entity's gross income for the preceding calendar year is passive income; **and**
- Less than 50% of the assets held by such entity are assets that produce or are held for the production of passive income (calculated as a weighted average of the percentage of passive assets measured quarterly) (see instructions for the definition of passive income).

| **Part XXVI** | **Passive NFFE** |

40a  ☐ I certify that the entity identified in Part I is a foreign entity that is not a financial institution (other than an investment entity organized in a possession of the United States) and is not certifying its status as a publicly traded NFFE (or affiliate), excepted territory NFFE, active NFFE, direct reporting NFFE, or sponsored direct reporting NFFE.

Check box 40b or 40c, whichever applies.

b  ☐ I further certify that the entity identified in Part I has no substantial U.S. owners (or, if applicable, no controlling U.S. persons), **or**

c  ☐ I further certify that the entity identified in Part I has provided the name, address, and TIN of each substantial U.S. owner (or, if applicable, controlling U.S. person) of the NFFE in Part XXIX.

Form **W-8BEN-E** (Rev. 4-2016)

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

Form W-8BEN-E (Rev. 4-2016)                                                                                                            Page 8

### Part XXVII — Excepted Inter-Affiliate FFI

**41** ☐ I certify that the entity identified in Part I:
- Is a member of an expanded affiliated group;
- Does not maintain financial accounts (other than accounts maintained for members of its expanded affiliated group);
- Does not make withholdable payments to any person other than to members of its expanded affiliated group that are not limited FFIs or limited branches;
- Does not hold an account (other than a depository account in the country in which the entity is operating to pay for expenses) with or receive payments from any withholding agent other than a member of its expanded affiliated group; **and**
- Has not agreed to report under §1.1471-4(d)(2)(ii)(C) or otherwise act as an agent for chapter 4 purposes on behalf of any financial institution, including a member of its expanded affiliated group.

### Part XXVIII — Sponsored Direct Reporting NFFE (see instructions for when this is permitted)

**42** Name of sponsoring entity: _____

GIIN of sponsoring entity: _____

**43** ☐ I certify that the entity identified in Part I is a direct reporting NFFE that is sponsored by the entity identified on line 42.

### Part XXIX — Substantial U.S. Owners of Passive NFFE

As required by Part XXVI, provide the name, address, and TIN of each substantial U.S. owner of the NFFE. Please see instructions for definition of substantial U.S. owner. If providing the form to an FFI treated as a reporting Model 1 FFI or reporting Model 2 FFI, an NFFE may also use this Part for reporting its controlling U.S. persons under an applicable IGA.

| Name | Address | TIN |
|------|---------|-----|
|      |         |     |
|      |         |     |
|      |         |     |
|      |         |     |
|      |         |     |
|      |         |     |
|      |         |     |

### Part XXX — Certification

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:

- The entity identified on line 1 of this form is the beneficial owner of all the income to which this form relates, is using this form to certify its status for chapter 4 purposes, or is a merchant submitting this form for purposes of section 6050W;
- The entity identified on line 1 of this form is not a U.S. person;
- The income to which this form relates is: (a) not effectively connected with the conduct of a trade or business in the United States, (b) effectively connected but is not subject to tax under an income tax treaty, or (c) the partner's share of a partnership's effectively connected income, **and**
- For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which the entity on line 1 is the beneficial owner or any withholding agent that can disburse or make payments of the income of which the entity on line 1 is the beneficial owner.

I agree that I will submit a new form within 30 days if any certification on this form becomes incorrect.

**Sign Here** ▶ _[signature]_      VINCENT DEGUSINGAND / LEONARD O'BRIEN      10-12-2016

            Signature of individual authorized to sign for beneficial owner      Print Name      Date (MM-DD-YYYY)

☑ I certify that I have the capacity to sign for the entity identified on line 1 of this form.

Form **W-8BEN-E** (Rev. 4-2016)

[SIGNATURE VERIFIED | A.O.]

*Marginal note (right side):* This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.







This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

USA-1036867

**J. SAFRA SARASIN**
Sustainable Private Banking since 1841

1/2

# Tax or Legal Advisor Confirmation Regarding Tax Compliance – Legal Entities

(Please provide one confirmation per Business Partner and for each Beneficial Owner)

Reference number (to be completed by Banque J. Safra Sarasin (Luxembourg) SA ("the Bank")): ▉4577

### 1. The client (the "Client")

Company name
Bluestone International Investing Ltd

### 2. The beneficial owner (the "Beneficial Owner")

Personal details   ☐ Mr   ☐ Mrs

Name: Le Dain
First name: Delphine Anne

Street/house no: ▉

Postcode/place: 07814 Ibiza
sta Gertrudis

Country: Spain

### 3. Information regarding the tax or legal advisor

Personal details   ☐ Mr   ☐ Mrs   ☒ Company name

Company name: Prudence Tax & Consultancy B.V.

Name (or personal contact): Polderman
First name (or personal contact): Remco

Street/house no: De Cuserstraat 89

Postcode/place: 1081 CN Amsterdam
Country: The Netherlands

Homepage (if applicable): www.prudencetc.com

Member of the following professional body/Subject to the following supervisory authority (if applicable): n/a

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

20282

USA-1036867

2/2

## 4. Confirmation

Based on the documentation and information available to me, I confirm that (please tick the appropriate answers)

[x] the Client qualifies as a <u>non-transparent structure</u> for tax purposes in the country of residence of the Beneficial Owner. For this reason and in accordance with applicable tax laws and regulations, the Beneficial Owner is not subject to any tax reporting obligations in his/her country of residence in relation to the assets deposited under the above mentioned reference number, including any capital gain and/or any other income generated from these assets. I furthermore confirm that

    [ ] *(where the Client is subject to a tax reporting duty in the country of residence of the Beneficial Owner)*
    the assets, including any capital gain and/or any other income generated from these assets, have been reported to the competent tax authorities in the country of residence of the Beneficial Owner in accordance with applicable tax laws and regulations, or

    [x] *(where the Client is not subject to a tax reporting duty in the country of residence of the Beneficial Owner)*
    I have no indication that the Beneficial Owner has not fulfilled his/her tax reporting obligations in his/her country of residence in relation to the assets transferred into the Client.

or

[ ] the Client qualifies as a <u>transparent structure</u> for tax purposes in the country of residence of the Beneficial Owner. For this reason and in accordance with applicable tax laws and regulations, the Beneficial Owner is subject to tax reporting obligations in his/her country of residence in relation to the assets deposited under the above mentioned reference number, including any capital gain and/or any other income generated from these assets. I furthermore confirm that the Beneficial Owner has

    [ ] complied with the aforementioned tax reporting obligations towards the competent local tax authorities, or

    [ ] submitted to the competent local tax authorities through a voluntary disclosure program or other type of self-declaration process all relevant documents and information required to disclose or report these assets in order to comply with the aforementioned tax reporting obligations, or

    [ ] informed me about the opening of this business relationship. I am mandated to look after the Beneficial Owner's tax affairs and will therefore file the required tax returns in order to ensure the Beneficial Owner's compliance with the aforementioned tax reporting obligations. I will inform the Bank if I will not be able to ensure the timely filing of the next upcoming tax return in relation to the assets deposited under the above mentioned reference number, including any capital gain and/or any other income generated from these assets.

Place/date: Amsterdam, April 9, 2018

Stamp and Signature of the tax or legal advisor:

Prudence Tax & Consultancy B.V.
Amsterdam, The Netherlands
Trade reg. 66249066

20282

*This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.*

**J. SAFRA SARASIN**
Sustainable Private Banking since 1841

1/2

# Tax or Legal Advisor Confirmation Regarding Tax Compliance – Legal Entities

(Please provide one confirmation per Business Partner and for each Beneficial Owner)

Reference number (to be completed by Banque J. Safra Sarasin (Luxembourg) SA ("the Bank")): ▮4577

### 1. The client (the "Client")

Company name
Bluestone International Investing Ltd

### 2. The beneficial owner (the "Beneficial Owner")

Personal details   ☐ Mr    ☐ Mrs

Name: Le Dain
First name: Delphine Anne

Street/house no: ▮▮▮▮▮▮▮▮▮

Postcode/place: 07814 Ibiza
sta Gertrudis

Country: Spain

### 3. Information regarding the tax or legal advisor

Personal details   , Mr   ☐ Mrs   ☒ Company name

Company name: Prudence Tax & Consultancy B.V.

Name (or personal contact): Polderman
First name (or personal contact): Remco

Street/house no: De Cuserstraat 89

Postcode/place: 1081 CN Amsterdam
Country: The Netherlands

Homepage (if applicable): www.prudencetc.com

Member of the following professional body/Subject to the following supervisory authority (if applicable):
n/a

20282

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

COPY

USA-1036867

2/2

## 4. Confirmation

Based on the documentation and information available to me, I confirm that (please tick the appropriate answers)

[x] the Client qualifies as a <u>non-transparent structure</u> for tax purposes in the country of residence of the Beneficial Owner. For this reason and in accordance with applicable tax laws and regulations, the Beneficial Owner is not subject to any tax reporting obligations in his/her country of residence in relation to the assets deposited under the above mentioned reference number, including any capital gain and/or any other income generated from these assets. I furthermore confirm that

  [ ] (where the Client is subject to a tax reporting duty in the country of residence of the Beneficial Owner)
  the assets, including any capital gain and/or any other income generated from these assets, have been reported to the competent tax authorities in the country of residence of the Beneficial Owner in accordance with applicable tax laws and regulations, or

  [x] (where the Client is not subject to a tax reporting duty in the country of residence of the Beneficial Owner)
  I have no indication that the Beneficial Owner has not fulfilled his/her tax reporting obligations in his/her country of residence in relation to the assets transferred into the Client.

or

[ ] the Client qualifies as a <u>transparent structure</u> for tax purposes in the country of residence of the Beneficial Owner. For this reason and in accordance with applicable tax laws and regulations, the Beneficial Owner is subject to tax reporting obligations in his/her country of residence in relation to the assets deposited under the above mentioned reference number, including any capital gain and/or any other income generated from these assets. I furthermore confirm that the Beneficial Owner has

  [ ] complied with the aforementioned tax reporting obligations towards the competent local tax authorities, or

  [ ] submitted to the competent local tax authorities through a voluntary disclosure program or other type of self-declaration process all relevant documents and information required to disclose or report these assets in order to comply with the aforementioned tax reporting obligations, or

  [ ] informed me about the opening of this business relationship. I am mandated to look after the Beneficial Owner's tax affairs and will therefore file the required tax returns in order to ensure the Beneficial Owner's compliance with the aforementioned tax reporting obligations. I will inform the Bank if I will not be able to ensure the timely filing of the next upcoming tax return in relation to the assets deposited under the above mentioned reference number, including any capital gain and/or any other income generated from these assets.

Place/date

Amsterdam
April 9, 2018

Stamp and Signature of the tax or legal advisor:

Prudence Tax & Consultancy B.V.
Amsterdam, The Netherlands
Trade reg. 66249066
Prudence

This information is furnished under the provisions of an income tax treaty, tax information exchange agreement or other agreement with a foreign government. Its use and disclosure must be governed by the applicable provisions of the agreement.

20282

USA-1036867