**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 24-CR-239 (CKK)** |
| **v.** | : | |
| | : | |
| **DOUGLAS EDELMAN,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The government files this motion requesting that the Court exclude time under the

Speedy Trial Act. Time was excluded from calculation under the Speedy Trial Act from

Edelman's arraignment on September 3, 2024 through the recent hearing on April 29, 2026. The

Court did not reference the Speedy Trial Act in the April 29, 2026 minute entry that followed the

hearing on the government's motion to include later years in the tax loss computation as relevant

conduct for the charges to which Edelman has already pleaded guilty.[1] Therefore, the

government respectfully requests that the Court make findings excluding time from

computation.[2] Specifically, the government requests that the Court:

1) clarify that its previous findings as to time periods related to the determination of tax loss serving the ends of justice remain equally applicable to any period of delay beginning April 29, 2026 under 18 U.S.C. § 3161(h)(7);

2) find that time was excluded through May 31, 2026 while it considered the government's February pre-trial motion regarding relevant conduct under 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(1)(H);

---

[1] The government has not yet viewed the transcript of the April 29, 2026, hearing but does not have record of a Speedy Trial Act finding being made.

[2] While grounds 2-4 do not require factual findings as they are automatic, the Court's determination of these issues will help ensure clarity regarding the status of Edelman's Speedy Trial Act clock.

3) find that any period of delay until Edelman's sentencing on counts 1-10 is excluded as a delay resulting from trial with respect to other charges against the defendant under 18 U.S.C. § 3161(h)(1)(B); and

4) find that any period of delay resulting from the instant proceedings to determine relevant conduct tax loss is excludable under the general language of 18 U.S.C. § 3161(h)(1).

**BACKGROUND**

Edelman was arraigned on September 3, 2024. *See* Minute Entry (Sept. 3, 2024).  Since then, the court has made several exclusions under the Speedy Trial Act. On September 3, 2014, time was excluded to September 13, 2024. *Id.* On September 13, 2024, this Court discussed with Edelman his Speedy Trial rights and excluded time until November 1, 2024. *See* Minute Entry (Sept. 13, 2024). Time was excluded from November 1, 2024 through December 20, 2024, and on that date it was excluded again through January 9, 2025. *See* Minute Entry (Nov. 1, 2024); Minute Entry (Dec. 20, 2024). The Court was closed on January 9, 2025 and the hearing was rescheduled to January 10, 2025. Minute Order (Jan. 2, 2025). On January 10, 2025, time was excluded from computation between January 10, 2025, and March 6, 2025. *See* Minute Entry (Jan. 10, 2025).

On March 13, 2025, the Court excluded the time between March 6, 2025 and March 26, 2025. *See* Minute Entry (March 13, 2025). Time between March 26, 2025 and April 4, 2025 was automatically excluded because the delay resulted from the assessment of Edelman's competency. Minute Order (April 4, 2025). On April 4, 2025, the Court excluded time from April 4, 2025 through June 4, 2025. *Id.*

Edelman pleaded guilty, without a plea agreement, to the first ten counts of the indictment on May 21, 2025. *See* Minute Entry (May 21, 2025). On that date, the Court excluded time from computation under the Speedy Trial Act for the remaining counts until November 17, 2025. *Id.* On November 19, 2025, Edelman filed a speedy trial waiver from November 12, 2025

through March 16, 2026. ECF 102. On December 9, 2025, Edelman filed another waiver from November 12, 2025 through March 24, 2026. ECF 106. The Court also excluded time until March 24, 2026. Minute Order (Dec. 29, 2025). On March 9, 2026, Edelman filed a speedy trial waiver from March 23, 2026 through April 29, 2026. ECF 123.

In light of Edelman's decision to plead guilty to counts 1-10 of the indictment, the parties and the Court agreed on a path forward: the Court would decide on the scope of relevant conduct tax loss for the first ten counts prior to the adjudication of counts 11-30 of the indictment. This delay was reasonable because if the Court determined that the full alleged tax loss from 2006 through 2020 constituted relevant conduct, then this would inform the government's decision as to whether it would go to trial on the remaining charges.

On February 16, 2026, the government filed a "memorandum" on sentencing issues. ECF 116. This document requested that the Court make certain factual findings as to the tax loss and scope of relevant conduct. On April 29, 2026 the Court held a hearing on the government's request for factual findings as to relevant conduct and took the matter under advisement. *See* Minute Entry (April 29, 2026). The docketed minute entry does not mention the Speedy Trial Act, and the government does not have a record indicating that the Court discussed excluding time at that hearing.

### ARGUMENT

The Speedy Trial Act, codified at 18 U.S.C. § 3161, provides that a defendant charged in an indictment shall be tried within 70 days from the date that the defendant has appeared before a judicial officer of the court. 18 U.S.C. § 3161(c)(1). There are a number of reasons for excluding periods of delay from computation of that 70-day clock, several of which are automatic and do not require fact-finding. But fact-finding is required when the court excludes time based on its

assessment that the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

Delays resulting from "other proceedings concerning the defendant" are excluded. 18 U.S.C. § 3161(h)(1). This includes delays resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is also excludable. 18 U.S.C. § 3161(h)(1)(H). In addition, "delay resulting from trial with respect to other charges against the defendant" is similarly excludable. 18 U.S.C. § 3161(h)(1)(B).

1. **The Court's ends-of-justice findings also apply to the period starting April 29, 2026**

The Court has repeatedly made findings that time periods in the adjudication of counts 11-30 were excludable from calculation under the Speedy Trial Act because such time periods served the ends of justice. The Court and the parties discussed on the record the purposes for the relevant conduct litigation and how delaying trial on counts 11-30 served the ends of justice because delaying pending the relevant conduct litigation may obviate the need for a trial. Indeed, this was the reason for the exclusions from May 21, 2025 through April 29, 2026. That reason continues to hold true. While the Court did not specifically reference exclusion of time in its April 29, 2026 minute entry, this does not preclude it from clarifying its previously-made findings on the record also apply to the period after April 29, 2026. *See United States v. Bikundi*, 926 F.3d 761, 778 (D.C. Cir. 2019) ("the court does not understand the statute to require the district court to repeat all of the details of its findings on the record each time it grants an ends-of-justice continuance").

4

**2. Time was excluded through May 31, 2026 while the Court considered the government's pre-trial motion**

The Speedy Trial Act automatically excludes delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. 18 U.S.C. § 3161(h)(1)(D). It also excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

Though not styled as a "motion," the government's February 16, 2026 memorandum requested that the Court make certain findings, was opposed by the defendant, and resulted in a hearing. In *United States v. Harris*, the D.C. Circuit held that the government's notice of intent to impeach the defendant under Rule 609 was not a pretrial motion, but noted that defendant's response requesting that the court preclude the admission of such evidence was one. 491 F.3d 440, 443-44 (D.C. Cir. 2007). The Court of Appeals cited to *Melendez v. United States*, 518 U.S. 120, 126 (1996), for the proposition that "the term motion generally means an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant." (citations and quotations omitted). Therefore, the government's February 16, 2026 filing was a motion because it asked the Court to make a number of factual findings that were opposed by Edelman.

A motion is "actually under advisement" thus triggering the 30-day add-on when the court has held any appropriate hearing and has received all the papers it reasonably expects. *See United States v. Robertson*, 260 F.3d 500, 504-05 & n.1 (6th Cir. 2001); *United States v. Lugo*, 170 F.3d 996, 1001-02 (10th Cir. 1999). These papers may include the transcript of the hearing on the pretrial motion. *See United States v. Blankenship*, 67 F.3d 673, 676-77 (8th Cir. 1995); *United States v. Polan*, 970 F.2d 1280, 1284-85 (3d Cir. 1992) (78 days for which court awaited

5

preparation of transcript of hearing excludable under 3161(h)(1)([D])). Since the transcript for the April 29, 2026 hearing was available on May 1, 2026, ECF 135, the period until May 31, 2026 should be automatically excluded.

3. **Time is excluded until Edelman's sentencing on counts 1-10 as a delay resulting from trial with respect to other charges**

Section 3161(h)(1)(B) automatically excludes "delay resulting from trial with respect to other charges against the defendant." This can include the time spent awaiting sentencing on the other charges. *See United States v. Robinson*, 887 F.2d 651, 656-58 (6th Cir. 1989). Here, Edelman effectively split his case into two tracks, one of which is heading towards sentencing and the other towards trial. Therefore, while this provision typically refers to state or other federal charges, it should apply in the unique circumstances presented here. Indeed, the language of the statute refers to trial with respect to other *charges* against the defendant, not other *cases* and should encompass the instant circumstances.

4. **Time is excluded from April 29, 2026 through the present under the general language of 18 U.S.C. § 3161(h)(1)**

The Speedy Trial Act makes excludable "[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to*" the specified list in 18 U.S.C. § 3161(h)(1)(A-H). *See also United States v. Garrett*, 720 F.2d 705, 709 (D.C. Cir. 1983) ("The list of 'other proceedings,' as this language shows, is merely illustrative and not intended to be exhaustive.").

Here, Edelman had pleaded guilty to only one portion of the indictment, but whether the government pursues trial on the remaining counts depends on the Court's findings as to relevant conduct. In one sense, Edelman's decision to plead guilty to a portion of the indictment split the case into two proceedings, one of which will inform the other. This is precisely the unique

6

circumstance for which the general language of 18 U.S.C. § 3161(h)(1) intended for courts to exclude time. *See Garrett*, 720 F.2d at 705 ("Congress articulated its intent that the 'other proceedings' language be read broadly.") For this reason, the Court could find that time not already excluded from April 29, 2026 until the resolution of the relevant conduct litigation is automatically excluded as an unlisted "other proceeding" under Section 3161(h)(1).

## CONCLUSION

The government respectfully requested that the Court make the findings enumerated above excluding time under the Speedy Trial Act from April 29, 2026 until the resolution of the relevant conduct litigation.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:        /s/ Ezra Spiro
Ezra Spiro (NY Bar No. 5921838)
Trial Attorney
Department of Justice Criminal Division
950 Pennsylvania Avenue NW
Washington, DC 20530
Ezra.K.Spiro@usdoj.gov
(202) 718-7308

Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20579
Sarah.Ranney@usdoj.gov
(202) 252-7051