IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **DOUGLAS EDELMAN** | Case No. 24-cr-239 (CKK) |
| **Defendant.** | |

## DEFENDANT DOUGLAS EDELMAN'S MOTION TO TEMPORARILY MODIFY CONDITIONS OF RELEASE PENDING SENTENCING

Defendant Douglas Edelman respectfully requests that the Court temporarily modify his conditions of release in light of the upcoming visit of his daughter, Juliette "Romy" Edelman ("Romy"). Romy is travelling from Chicago, Illinois to visit and stay with Mr. Edelman in Alexandria, Virginia from August 20 through August 30, 2026. Specifically, Mr. Edelman requests that this Court allow (1) Romy to keep her smartphone with her while staying with Mr. Edelman and (2) Mr. Edelman's outings with Romy for up to four hours a day on each of the days between August 20 through August 30, 2026, both subject to the limitations described below.

### BACKGROUND

On June 18, 2025, following Mr. Edelman's May 21 guilty plea, this Court released him from detention, subject to conditions including that he be subject to home incarceration and be "restricted to 24-hour-a-day lockdown at [his] residence except for . . . activities specifically approved by the court," including that he submit to the supervision of the Pretrial Services Agency. ECF No. 85 (Order Setting Conditions of Release) at 2. Under Mr. Edelman's pre-sentencing release conditions, he "is not allowed to own a smartphone, laptop, or other device with internet access." *Id.* at 3. While he "is permitted to have family members come to his home with prior

1

notification to PSA," his "family may not bring communication devices into his residence." *Id.* On January 30, 2026, this Court modified Mr. Edelman's conditions of release to allow him to spend two hours a day, between 3:00 PM and 5:00 PM, in his apartment building's common areas. ECF No. 112 (Order Granting in Part Motion for Change of Conditions) at 9. Mr. Edelman requested these modifications so that he could exercise in his building's gym to mitigate some health issues he had developed.

Mr. Edelman's daughter Romy plans to stay with Mr. Edelman in his apartment at 750 Port Street, Alexandria, Virginia from August 20 through August 30, 2026. Romy will need her smartphone to travel, as well as for communicating and day-to-day tasks. Unless she keeps her smartphone with her while visiting Mr. Edelman, Romy will have nowhere to store it and will be effectively unable to travel.

This Court previously granted Mr. Edelman's motions requesting his children be allowed to bring their electronic devices into Mr. Edelman's apartment subject to the conditions that they not permit Mr. Edelman to use their devices, they not use the devices in his presence, and they keep their devices in their closed bags when not using them. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release); ECF No. 96 (Order Temporarily Modifying Conditions of Release); Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026). Mr. Edelman complied with those conditions.

This Court has temporarily modified Mr. Edelman's conditions of release to allow him to spend two to four hours outside of his apartment building with his children and grandchildren when they visited him in the past. *See, e.g.*, Minute Order (Feb. 20, 2026) (four hours); Minute Order (Apr. 3, 2026) (two hours). These sojourns have been permitted so long as Mr. Edelman was accompanied by his children at all times during the outings, he provided the location of those

2

proposed outings to the Pretrial Services officer, received the officer's approval before each outing, that he venture no further than two miles from his apartment, and that he comply with all other conditions of his release. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release); ECF No. 96 (Order Temporarily Modifying Conditions of Release); Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026). For five of his family's six visits, the Court allowed Mr. Edelman to be outside for two hours. For the sixth visit in February when China came with her small children, the Court granted four hours outside in light of the additional time needed to travel with two toddlers to playgrounds or parks.

While Mr. Edelman has been overall compliant with all pre-sentencing conditions of release, on March 15, 2026, Mr. Edelman exceeded his authorized two hours per day by approximately 25 minutes. It was the last day of his son's visit and Mr. Edelman acknowledged his violation to the Pretrial Services officer, who did not recommend any modifications to his conditions of release. With the exception of that one violation, Mr. Edelman has been fully compliant with all pre-sentencing release conditions, including temporary conditions, imposed by this Court.

## **ANALYSIS**

If the Court finds by clear and convincing evidence that a defendant awaiting sentencing "is not likely to flee or pose a danger to the safety of any other person or the community," the Court "shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a). Under section 3142(c), "[t]he judicial officer may at any time amend the order to impose . . . different conditions of release." 18 U.S.C. § 3142(c)(3). Courts shall only subject a defendant to "the least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.

3

§ 3142(c)(1)(B).

On August 20, 2026, Mr. Edelman's daughter will travel from Chicago to visit him in Virginia. Because Romy needs her smartphone for the reasons explained above, Mr. Edelman requests that the Court allow his daughter to bring her phone into Mr. Edelman's apartment during her stay with Mr. Edelman, subject to the same conditions as in prior orders. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release) at 2; ECF No. 96 (Order Temporarily Modifying Conditions of Release) at 2; Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026).

During his visit, Mr. Edelman would like to spend some quality time with Romy outside of his apartment. Because Mr. Edelman lives in a somewhat suburban area of Alexandria, most parks, restaurants, shopping, and other attractions are a substantial walk. For example, Old Town Alexandria Waterfront, which is approximately 1.8 miles from Mr. Edelman's apartment, is a 40-to-45-minute walk as shown on the following google Maps excerpt:



4

When the Court has previously allowed only two hours outside, Mr. Edelman and his family would arrive at a destination only to be forced to immediately turn around afterwards. This will be even more likely to occur during Romy's upcoming visit because the summer heat (currently forecast to be between 83 to 95 degrees Fahrenheit) makes it difficult to walk quickly, particularly for a 74-year-old. This Court has previously approved four hours under similar extenuating circumstances. *See* Minute Order (Feb. 20, 2026) (approving four hours because of toddlers).

Mr. Edelman respectfully asks for this Court's approval to allow him outside of his apartment for up to four hours a day on August 20 through August 30, 2026 for outings within a two-mile radius of his apartment, provided that he adheres to the same restrictions that the Court previously ordered. *See, e.g.*, Minute Order (Mar. 6, 2026). Mr. Edelman requests that these outings be in addition to the two hours a day Mr. Edelman is permitted to spend outside in his apartment building's common areas (such as the gym). *See* ECF No. 112 (Order Setting Conditions of Release) at 9.

Pretrial Services defers to the Court. The government objects to Mr. Edelman having four hours outside his apartment building, even pursuant to the conditions described above. The government does not object to Mr. Edelman's having two hours outside his apartment building or Romy being allowed to keep her phone with her, both subject to the conditions described above.

## CONCLUSION

Mr. Edelman respectfully moves for an order to temporarily modify his release conditions to allow Romy to bring her smartphone into Mr. Edelman's apartment from August 20 through August 30, 2026, and to allow his outings with Romy on each of the days between August 20 through August 30, 2026, under the above terms.

5

Respectfully submitted,

/S/ George M. Clarke, III
GEORGE M. CLARKE, III
D.D.C. Bar No. 480073
George.clarke@bakermckenzie.com
BAKER & McKENZIE LLP
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 835-6184

*Counsel for Defendant Douglas Edelman.*
Dated: August 7, 2026

/S/ Sonya C. Bishop
SONYA C. BISHOP
D.D.C. Bar No. NY0568
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812