**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 24-CR-239 (CKK)** |
| **v.** | : | |
| | : | |
| **DOUGLAS EDELMAN,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' CONSENTED-TO MOTION FOR ENTRY OF AN ORDER TO EXCLUDE TIME IN THE INTERESTS OF JUSTICE**

The government files this motion respectfully requesting that the Court enter the attached Proposed Order to exclude time under the Speedy Trial Act. On July 8, 2026, the government filed a motion to exclude time under the Speedy Trial Act, requesting findings about the automatic exclusion of time and exclusion of time in the interests of justice through the next status date. *See* ECF No. 136. On July 10, the Court entered an order requesting that Defendant Douglas Edelman ("Defendant") indicate his response to the government's motion and set a status conference for October 1, 2026. *See* Minute Entry July 10, 2026; Minute Order July 15, 2026.

On July 14, 2026, Defendant proposed that 1) the Court set a hearing date, 2) Defendant would file a waiver of his Speedy Trial Act rights from then to the to-be-scheduled hearing date, and 3) time would be excluded during that period.[1] The Court confirmed that the government did not object to this proposal. On July 15, 2026, as discussed, the Court set a status conference for October 1, 2026, and Defendant filed a Notice of Speedy Trial Waiver, indicating that he had

[1] Defendant also agreed that time under the Speedy Trial Act was excluded until May 31, 2026, and proposed that the government's motion would be unnecessary since under his proposal the Speedy Trial Act clock would not exceed 70 days.

been apprised of his rights under the Speedy Trial Act and waived them. *See* ECF No. 137. The Court did not explicitly find that time should be excluded in the interests of justice from July 15, 2026 through October 1, 2026. The government now requests, out of an abundance of caution, that the Court clarify that earlier finding on the record.[2] The government consulted with counsel for Defendant and Defendant consents to entry of this Proposed Order.

**CONCLUSION**

The government respectfully requests that the Court enter the consented-to Proposed Order appended to this filing, clarifying its finding that it was in the interests of justice to toll time under the Speedy Trial Act from July 15, 2026, through October 1, 2026.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: /s/ Ezra Spiro

Ezra Spiro (NY Bar No. 5921838)
Trial Attorney
Department of Justice
National Fraud Enforcement Division
950 Pennsylvania Ave NW
Washington, DC 20530
Ezra.K.Spiro@usdoj.gov
(202) 718-7308

Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20579
Sarah.Ranney@usdoj.gov
(202) 252-7051

[2] As set forth in the government's July 8 filing, the government also believes there are automatic exclusions of time under 18 U.S.C. § 3161(h)(1)(B) (exclusion for delay of trial on the charges still pending against Defendant) and 18 U.S.C. § 3161(h)(1) (exclusion for delay resulting from the instant proceedings to determine relevant conduct tax loss).