**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DOUGLAS EDELMAN**<br><br>**Defendant.** | Case No. 24-cr-239 (CKK) |

**DEFENDANT DOUGLAS EDELMAN'S MOTION TO TEMPORARILY MODIFY CONDITIONS OF RELEASE PENDING SENTENCING**

Defendant Douglas Edelman respectfully requests that the Court temporarily modify his conditions of release in light of the upcoming visit of his son, Josef Edelman ("Joe"). Joe is travelling from Chicago, Illinois to visit and stay with Mr. Edelman in Alexandria, Virginia from October 23 through November 1, 2026. Specifically, Mr. Edelman requests that this Court allow (1) Joe to keep his smartphone with him while staying with Mr. Edelman and (2) Mr. Edelman's outings with Joe for up to four hours a day on each of the days between October 23 through November 1, 2026, both subject to the limitations described below.

## BACKGROUND

On June 18, 2025, following Mr. Edelman's May 21 guilty plea, this Court released him from detention, subject to conditions including that he be subject to home incarceration and be "restricted to 24-hour-a-day lockdown at [his] residence except for . . . activities specifically approved by the court," including that he submit to the supervision of the Pretrial Services Agency. ECF No. 85 (Order Setting Conditions of Release) at 2. Under Mr. Edelman's pre-sentencing release conditions, he "is not allowed to own a smartphone, laptop, or other device with internet access." *Id.* at 3. While he "is permitted to have family members come to his home with prior

notification to PSA," his "family may not bring communication devices into his residence." *Id.* On January 30, 2026, this Court modified Mr. Edelman's conditions of release to allow him to spend two hours a day, between 3:00 PM and 5:00 PM, in his apartment building's common areas. ECF No. 112 (Order Granting in Part Motion for Change of Conditions) at 9. Mr. Edelman requested these modifications in order to exercise in his building's gym to mitigate some health issues he had developed.

Mr. Edelman's son, Joe, plans to stay with Mr. Edelman in his apartment at 750 Port Street, Apartment 2127, Alexandria, VA 22314 from October 23 through November 1, 2026. Joe will need his smartphone to travel, as well as for communicating and day-to-day tasks. Unless he keeps his smartphone with him while visiting Mr. Edelman, Joe will have nowhere to store it and will be effectively unable to travel.

This Court previously granted Mr. Edelman's motions requesting his children be allowed to bring their electronic devices into Mr. Edelman's apartment subject to the conditions that they not permit Mr. Edelman to use their devices, they not use the devices in his presence, and they keep their devices in their closed bags when not using them. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release); ECF No. 96 (Order Temporarily Modifying Conditions of Release); Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026); Minute Order (Aug. 12, 2026).

This Court has temporarily modified Mr. Edelman's conditions of release to allow him to spend two to four hours outside of his apartment building with his children and grandchildren when they visited him in the past. *See, e.g.*, Minute Order (Feb. 20, 2026) (four hours); Minute Order (Apr. 3, 2026) (two hours). These sojourns have been permitted so long as Mr. Edelman was accompanied by his children at all times during the outings, he provided the location of those

proposed outings to the Pretrial Services officer, received the officer's approval before each outing, that he venture no further than two miles from his apartment, and that he comply with all other conditions of his release. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release); ECF No. 96 (Order Temporarily Modifying Conditions of Release); Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026); Minute Order (Aug. 12, 2026).

On March 15, 2026, on the last day of his visit with his son, Mr. Edelman exceeded his authorized two hours per day by approximately 25 minutes. Mr. Edelman acknowledged his violation to the Pretrial Services officer. Mr. Edelman's PSA officer did not recommend any modifications to his conditions of release and has not objected to any temporary modifications Mr. Edelman has sought. With the exception of that one violation, Mr. Edelman has been fully compliant with all pre-sentencing release conditions, including temporary conditions, imposed by this Court.

## ANALYSIS

If the Court finds by clear and convincing evidence that a defendant awaiting sentencing "is not likely to flee or pose a danger to the safety of any other person or the community," the Court "shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a). Under section 3142(c), "[t]he judicial officer may at any time amend the order to impose . . . different conditions of release." 18 U.S.C. § 3142(c)(3). Courts shall only subject a defendant to "the least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

On August 20, 2026, Mr. Edelman's son will travel from Chicago to visit him in Virginia.

Because Joe needs his smartphone for the reasons explained above, Mr. Edelman requests that the Court allow his son to bring his phone into Mr. Edelman's apartment during his stay with Mr. Edelman, subject to the same conditions as in prior orders. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release) at 2; ECF No. 96 (Order Temporarily Modifying Conditions of Release) at 2; Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026); Minute Order (Aug. 12, 2026).

During his visit, Mr. Edelman would like to spend some quality time with Joe outside of his apartment. Mr. Edelman respectfully asks for this Court's approval to allow him outside of his apartment for up to four hours a day on October 23 through November 1, 2026 for outings within a two-mile radius of his apartment, provided that he adheres to the same restrictions that the Court previously ordered. *See, e.g.*, Minute Order (Mar. 6, 2026). This Court has previously approved four hours. *See* Minute Order (Feb. 20, 2026) (approving four hours). Mr. Edelman requests that these outings be in addition to the two hours a day Mr. Edelman is permitted to spend outside in his apartment building's common areas (such as the gym). *See* ECF No. 112 (Order Setting Conditions of Release) at 9.

Pretrial Services defers to the Court. The government does not object to Mr. Edelman's requests, subject to the conditions above.

## **CONCLUSION**

Mr. Edelman respectfully moves for an order to temporarily modify his release conditions to allow Joe to bring his smartphone into Mr. Edelman's apartment from October 23 through November 1, 2026, and to allow his outings with Joe on each of the days between October 23 through November 1, under the above terms.

Respectfully submitted,

/S/ George M. Clarke, III
GEORGE M. CLARKE, III
D.D.C. Bar No. 480073
George.clarke@bakermckenzie.com
BAKER & McKENZIE LLP
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 835-6184

/S/ Sonya C. Bishop
SONYA C. BISHOP
D.D.C. Bar No. NY0568
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812

*Counsel for Defendant Douglas Edelman.*
Dated: October 15, 2026