**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**DOUGLAS EDELMAN**

**Defendant.**

Case No. 24-cr-239 (CKK)

**DEFENDANT DOUGLAS EDELMAN'S MOTION TO TEMPORARILY MODIFY CONDITIONS OF RELEASE PENDING SENTENCING**

Defendant Douglas Edelman respectfully requests that the Court temporarily modify his conditions of release in light of the upcoming visits of his daughters, Margot Edelman, Juliette "Romy" Edelman, P.E.,[1] China Edelman, and Rivkah "Rivi" Hubbard, from December 12 through December 23, 2026. Margot, Romy, and P.E. are travelling from Europe; China and Rivi are travelling from Chicago, Illinois and Austin, Texas, respectively, to visit and stay with Mr. Edelman in Alexandria, Virginia. Specifically, Mr. Edelman requests that this Court allow (1) his daughters to keep their smartphones with them while staying with him; (2) outings with his daughters for up to four hours a day on each of the days between December 12 through December 23, 2026; and (3) flexibility in the two hours a day he is permitted to spend in the apartment's common areas while his family is visiting, subject to the limitations described below. The government and Pretrial Services do not object to these requested modifications.

[1] Mr. Edelman's youngest daughter is under 18 years of age. Pursuant to Fed. R. Crim. Proc. 49.1(a), this motion uses only her initials.

## BACKGROUND

On June 18, 2025, following Mr. Edelman's May 21 guilty plea, this Court released him from detention, subject to conditions including that he be subject to home incarceration and be "restricted to 24-hour-a-day lockdown at [his] residence except for . . . activities specifically approved by the court," including that he submit to the supervision of the Pretrial Services Agency. ECF No. 85 (Order Setting Conditions of Release) at 2. Under Mr. Edelman's pre-sentencing release conditions, he "is not allowed to own a smartphone, laptop, or other device with internet access." *Id.* at 3. While he "is permitted to have family members come to his home with prior notification to PSA," his "family may not bring communication devices into his residence." *Id.* On January 30, 2026, this Court modified Mr. Edelman's conditions of release to allow him to spend two hours a day, between 3:00 PM and 5:00 PM, in his apartment building's common areas. ECF No. 112 (Order Granting in Part Motion for Change of Conditions) at 9. Mr. Edelman requested these modifications in order to exercise in his building's gym to mitigate some health issues he had developed.

Mr. Edelman's daughters plan to stay with Mr. Edelman in his apartment at 750 Port Street, Apartment 2127, Alexandria, VA 22314 from December 12 through December 23, 2026. His daughters will need their smartphones to travel, as well as for communicating and day-to-day tasks. Unless they keep their smartphones with them while visiting Mr. Edelman, his daughters will have nowhere to store them and will be effectively unable to travel.

This Court previously granted Mr. Edelman's motions requesting his children be allowed to bring their electronic devices into Mr. Edelman's apartment subject to the conditions that they not permit Mr. Edelman to use their devices, they not use the devices in his presence, and they keep their devices in their closed bags when not using them. *See* ECF No. 92 (Order Temporarily

Modifying Conditions of Release); ECF No. 96 (Order Temporarily Modifying Conditions of Release); Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026); Minute Order (Aug. 12, 2026); ECF No. 144 (Order Temporarily Modifying Conditions of Release) at 1.

This Court has temporarily modified Mr. Edelman's conditions of release to allow him to spend two to four hours outside of his apartment building with his children and grandchildren when they visited him in the past. *See, e.g.*, ECF No. 144 (Order Temporarily Modifying Conditions of Release) at 1 (four hours); Minute Order (Apr. 3, 2026) (two hours). These sojourns have been permitted so long as Mr. Edelman was accompanied by one of his children at all times during the outings, he provided the location of those proposed outings to the Pretrial Services officer, received the officer's approval before each outing, that he venture no further than two miles from his apartment, and that he comply with all other conditions of his release. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release); ECF No. 96 (Order Temporarily Modifying Conditions of Release); Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026); Minute Order (Aug. 12, 2026); ECF No. 144 (Order Temporarily Modifying Conditions of Release) at 1.

On March 15, 2026, on the last day of his visit with his son, Mr. Edelman exceeded his authorized two hours per day by approximately 25 minutes. Mr. Edelman acknowledged his violation to the Pretrial Services officer. Mr. Edelman's Pretrial Services officer did not recommend any modifications to his conditions of release and has not objected to any temporary modifications Mr. Edelman has sought. With the exception of that one violation, Mr. Edelman has been fully compliant with all pre-sentencing release conditions, including temporary conditions, imposed by this Court.

## ANALYSIS

If the Court finds by clear and convincing evidence that a defendant awaiting sentencing "is not likely to flee or pose a danger to the safety of any other person or the community," the Court "shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a). Under section 3142(c), "[t]he judicial officer may at any time amend the order to impose . . . different conditions of release." 18 U.S.C. § 3142(c)(3). Courts shall only subject a defendant to "the least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

Mr. Edelman's daughters will be travelling from Europe, Chicago, and Austin to visit him in Virginia. Because they need their smartphones for the reasons explained above, Mr. Edelman requests that the Court allow his daughters to bring their phones into Mr. Edelman's apartment during their stay with Mr. Edelman, subject to the same conditions as in prior orders. *See* ECF No. 92 (Order Temporarily Modifying Conditions of Release) at 2; ECF No. 96 (Order Temporarily Modifying Conditions of Release) at 2; Minute Order (Nov. 21, 2025); Minute Order (Feb. 20, 2026); Minute Order (Mar. 6, 2026); Minute Order (Apr. 3, 2026); Minute Order (Aug. 12, 2026); ECF No. 144 (Order Temporarily Modifying Conditions of Release) at 1.

During his visit, Mr. Edelman would like to spend some quality time with his daughters outside of his apartment. Mr. Edelman respectfully asks for this Court's approval to allow him outside of his apartment for up to four hours a day on December 12 through December 23, 2026 for outings within a two-mile radius of his apartment, provided that he adheres to the same restrictions that the Court previously ordered. *See, e.g.*, Minute Order (Mar. 6, 2026). This Court has previously approved four hours. *See* Minute Order (Feb. 20, 2026) (approving four hours);

ECF No. 144 (Order Temporarily Modifying Conditions of Release) at 1 (same). Mr. Edelman requests that these outings be in addition to the two hours a day Mr. Edelman is permitted to spend in his apartment building's common areas (such as the gym). *See* ECF No. 112 (Order Granting in Part Motion for Change of Conditions) at 9.

Mr. Edelman is currently permitted to spend time in his apartment building's common areas between 3:00 PM and 5:00 PM. *Id.* Mr. Edelman requests that, while his daughters are visiting, he be permitted to spend time in his apartment building's common areas during any 2-hour period throughout the day, provided that he notifies his Pretrial Services officer before leaving for the common areas and upon his return. Should the Court grant Mr. Edelman time outside of his apartment building subject to the conditions above, this flexible gym time would allow him and his daughters to spend the entire amount of time outside the apartment, regardless of the weather conditions, while also being able to spend two full hours at the gym in his building.

Pretrial Services defers to the Court. The government does not object to Mr. Edelman's requests, subject to the conditions above.

## CONCLUSION

Mr. Edelman respectfully moves for an order to temporarily modify his release conditions to allow his daughters to bring their smartphones into Mr. Edelman's apartment from December 12 through December 23, 2026, to allow his outings with his daughters on each of the days between December 12 through December 23, 2026, and to allow flexibility in his two daily hours in the building's common areas under the above terms.

Respectfully submitted,

/S/ George M. Clarke, III

/S/ Sonya C. Bishop

GEORGE M. CLARKE, III
D.D.C. Bar No. 480073
George.clarke@bakermckenzie.com
BAKER & McKENZIE LLP
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 835-6184

SONYA C. BISHOP
D.D.C. Bar No. NY0568
Sonya.bishop@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Ave.
New York, N.Y. 10018
(332) 215-5812

*Counsel for Defendant Douglas Edelman.*
Dated: November 25, 2026